# EXHIBIT A

# CERTIFICATE OF INSURANCE

| Certificate issued to<br>BANK OF AMERICA NT & SA<br>110 E. WEBER<br>STOCKTON, CALIFORNIA | Name and address of Insured<br>STOCKTON PLATING, INC., ETAL.<br>632 SO. EL DORADO STREET<br>STOCKTON, CALIFORNIA |
|---|---|

| Perils insured against<br>[X] Fire and Lightning<br>[X] Extended Coverage<br>[X] Vandalism & Malicious Mischief  [ ] Sprinkler Leakage  [ ] | $ 100. deductible, applying to<br>**EACH LOSS** |
|---|---|

Location of property covered
(1)   PER SCHEDULE OF LOCATIONS ATTACHED.
(2)
(3)
(4)

| Policy Number | Insurer | Term From | To | Coverage & Locations | Amount of Insurance |
|---|---|---|---|---|---|
| PYA 920360 | ROYAL GLOBE INS. CO. | 4/1/76 | 4/1/79 | BL-B-A | 363,000. |

Legend:
SP —Specific insurance
BL—Blanket insurance
R —Reporting form—amount of ins.
  shown is limit of liability for all
  contributing insurance

B  —Building(s)
BE —Building(s) & Equipment
E  —Equipment
ES —Equipment & Stock
S  —Stock

1—Location #1
2—Location #2
3—Location #3
4—Location #4
A—All locations

[ ] Mortgagee Clause (requires 10 day written notice of cancellation to mortgagee)
[X] Lenders Loss Payable Endorsement (policy continues in force 10 days after written notice of cancellation is received by lender)
[ ] Other payee clause (copy attached to this Certificate)
Policies contain clause indicated above. Loss, if any, payable to the party to whom this Certificate is issued, unless otherwise noted below.

I certify that the above described policies exist and cover only in accordance with the policy terms.

(SIGNATURE)             (TITLE)
PEIRANO BROTHERS & COMPANY, P. O. BOX 897, STOCKTON, CA. 95204
ROYAL GLOBE INS. CO., 2422 ARDEN WAY, SACRAMENTO, CA. 95825
(FIRM AND ADDRESS)

THIS CERTIFICATE IS FOR INFORMATION ONLY; IT IS NOT A CONTRACT OF INSURANCE BUT ATTESTS THAT A POLICY AS NUMBERED HEREIN, AND AS IT STANDS AT THE DATE OF THIS



Section Part 212
FIRE AND EXTENDED COVERAGE
INSURANCE (BUSINESS INCOME)

**ROYAL-GLOBE INSURANCE COMPANIES**

This coverage PART, the DECLARATIONS and other coverage PART(S), or endorsements referred to herein, and the GENERAL PROVISIONS complete the contract of insurance.

## SCHEDULE OF ITEMS

| ITEM NO. | AMOUNT OF INSURANCE | % OF COINS. | DESCRIPTION AND LOCATION OF PROPERTY COVERED (SHOW CONSTRUCTION, TYPE OF ROOF AND OCCUPANCY OF BUILDING(S) COVERED OR CONTAINING THE PROPERTY COVERED) |
|---|---|---|---|
| 1 | 10,000. | - - - | BLANKET ON EXTRA EXPENSE |
|  |  |  | 1) 642 SO. EL DORADO ST., STOCKTON, CA. |
|  |  |  | 2) 632 SO. EL DORADO ST., STOCKTON, CA. |
|  |  |  | 3) ADJ. 632 SO. EL DORADO ST., STOCKTON, CA. |
|  |  |  | 4) 632 1/4 SO. EL DORADO ST., STOCKTON, CA. |
|  |  |  | 5) 632½ SO. EL DORADO ST., STOCKTON, CA. |
|  |  |  | 6) 642 SO. EL DORADO ST., STOCKTON, CA. |
|  |  |  | 7) W. 642 SO. EL DORADO ST., STOCKTON, CA. |
|  |  |  | 8) W. 50 FT.-642 SO. EL DORADO ST., STOCKTON, CA. |
|  |  |  | 9) ADJ. LEFT 642 SO. EL DORADO ST., STOCKTON, CA. |
|  |  |  | 10) 305 GOLDEN LANE, RENO, NEVADA |
| 2 | 60,000. |  | EXTRA EXPENSE |
|  |  |  | SITUATED: 104 E. SCOTTS STOCKTON, CALIFORNIA |
| 3 | 10,000. |  | EXTRA EXPENSE |
|  |  |  | SITUATED: 319 3RD STREET BRODERICK, CALIFORNIA |

SUBJECT TO FORM NO's

78DNS(7/70)

attached hereto

Attach Coverage Form(s) Here

X 69046

COMPANY COPY

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations*

| | | |
|---|---|---|
| ROYAL-GLOBE INSURANCE | Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective. | COUNTERSIGNED BY:<br><br>_____<br>AUTHORIZED REPRESENTATIVE |

COMPANY

| PRODUCER CODE | ADDITIONAL PREMIUM<br>$ | ENDORSEMENT (MO., DAY, YR.)<br>EFFECTIVE<br>DATE | POLICY SYMBOL & NUMBER<br>PYA 92 03 60 |
|---|---|---|---|
| Named Insured (and address, zip code when necessary for mailing) | | | Producer (and address, zip code, for mailing) |

*This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:*

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE**
**OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE**
**STOREKEEPER'S INSURANCE**

Description of Property
**319   3RD STREET**
**BRODERICK, CA.**

Limit of Liability
$ **25,000.**        each occurrence

It is agreed that the Property Damage Liability Coverage applies to **property damage** to structures or portions thereof rented to or occupied by the **named insured** and described in this endorsement, including fixtures permanently attached thereto, if such **property damage** arises out of fire, subject to the following additional provisions:

1. With respect to the insurance provided by this endorsement, all of the exclusions of the policy, other than the Nuclear Energy Liability Exclusion (Broad Form), are deleted and replaced by the following:

   This insurance does not apply to liability assumed by the **insured** under any contract or agreement.

2. The limit of liability stated in this endorsement applies separately to the insurance under this endorsement and is in lieu of any other limit of liability stated in the policy.

# CONTRACTUAL LIABILITY INSURANCE (Blanket Coverage)

*Type policy number only, in section above the heavy line, IF issued with policy and attachment stated in policy declarations.*

ROYAL-GLOBE INSURANCE

Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, providing such attachment is stated in the policy declarations. Otherwise this endorsement is issued for attachment to and forms a part of the below numbered policy, effective on the date indicated, at 12:01A.M. Standard Time as stated in the policy.

| SIGNED BY: | |
| --- | --- |
| AUTHORIZED REPRESENTATIVE | |

| COMPANY | ADDITIONAL PREMIUM $ | END. EFF. DATE (MO., DAY, YR.) | POLICY NUMBER PYA 92 03 60 |
| --- | --- | --- | --- |

Named Insured (and address when necessary for mailing)

Producer (and address for mailing)

## Schedule

– The insurance afforded for **contractual liability** is only with respect to such of the following Coverages as are indicated by entry of limits of liability below. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| COVERAGES | LIMITS OF LIABILITY | |
| --- | --- | --- |
| Contractual Bodily Injury Liability | EACH OCCURRENCE 500,000. | |
| Contractual Property Damage Liability | EACH OCCURRENCE 500,000. | AGGREGATE 500,000. |

The following exclusions do not apply with respect to any "construction agreement":

| DESIGNATION OF CONTRACTS COVERED | CODE | PREMIUM BASES | RATES | | ADVANCE PREMIUM | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | BI | PD | BI | PD |
| All written agreements except labor union agreements, Incidental contracts, agreements with railroads | | (R) COST-PER $100. (S) SALES-PER $1000. | | | | |
| BLANKET | 17985 | R ) 10% OF PRODUCTS | | | INCL | |
| | | | | Total | INCL | |

The company, in consideration of the payment of the premium and subject to all of the provisions of the policy not expressly modified herein, agrees with the named insured as follows:

**I. COVERAGES—CONTRACTUAL BODILY INJURY LIABILITY**
**CONTRACTUAL PROPERTY DAMAGE LIABILITY**

The company will pay on behalf of the insured all sums which the insured, by reason of contractual liability assumed by him under any written contract of the type designated in the schedule for this insurance, shall become legally obligated to pay as damages because of

**bodily injury** or

**property damage**

to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend

(1) any arbitration proceeding wherein the company is not entitled to exercise the insured's rights in the choice of arbitrators and in the conduct of such proceedings, or

(2) any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

**xclusions**

This insurance does not apply:

(a) to liability of the indemnitee resulting from his sole negligence;

(b) (1) if the insured is an architect, engineer or surveyor, to bodily injury or property damage arising out of professional services performed by such insured, including

   (i) the preparation or approval of maps, contracts, drawings, plans, opinions reports, tests, surveys, change orders, designs or specifications, and

   (ii) supervisory, inspection or engineering services;

  (2) if the indemnitee of the insured is an architect, engineer or surveyor, to the liability of the indemnitee, his agents or employees, arising out of

   (i) the preparation or approval of contracts, maps, plans, drawings, opinions reports, tests, surveys, change orders, designs or specifications, or

   (ii) the giving of or the failure to give directions or instructions by th indemnitee, his agents or employees, provided such giving or failure t give is the primary cause of the bodily injury or property damage;

(c) to bodily injury or property damage due to war, whether or not declared, civ war, insurrection, rebellion or revolution or to any action or condition incider to any of the foregoing;

(d) to bodily injury or property damage for which the indemnitee may be held liabl

  (1) as a person or organization engaged in the business of manufacturing distributing, selling or serving alcoholic beverages, or

  (2) if not so engaged, as an owner or lessor of premises used for such purposes if such liability is imposed

B Ed. 1-1-73
o. No. CL68314D)

(Over)



## SPECIAL INDUSTRIAL PROPERTY ENDORSEMENT

(With respect to the following item(s) .................2................. of this policy to which this endorsement applies, The Extended Coverage Endorsement (if any) attached to this policy is superseded by this endorsement as hereinafter provided.)

## I. INSURING AGREEMENT:

In consideration of the premium for this coverage, and subject to provisions herein and in Section I of the policy to which this endorsement is attached including endorsements thereon, THIS POLICY IS EXTENDED TO INSURE AGAINST ALL OTHER RISKS OF DIRECT PHYSICAL LOSS, EXCEPT AS HEREINAFTER PROVIDED.

## II. DEDUCTIBLE CLAUSE:

**Special Loss Deductible Clause:** Each loss shall be adjusted separately and from the amount of each such adjusted loss the sum of $100 shall be deducted. When loss is between $100 and $500 the Company shall be liable for 125% of loss in excess of $100; and when loss is $500 or more, this deductible shall not apply. This deductible clause shall apply separately (a) to each building or structure including Contents or other property therein, (b) to Contents or other personal property covered hereunder which are within a building or structure not covered hereunder and (c) to personal property in the open including property on railroad

cars, vehicles and platforms; but the aggregate amount to be deducted in respect to any one occurrence shall not exceed $250.

This Deductible Clause shall not apply to loss by fire, lightning, aircraft, explosion, riot, civil commotion, smoke, vehicles, windstorm or hail, vandalism and malicious mischief, leakage or accidental discharge from automatic sprinkler systems, burglary or robbery, nor to insurance covering Business Interruption, Tuition Fees, Extra Expense, Riot or Rental Value or Leasehold Interest.

## III. EXCLUSIONS

This policy does not insure under this endorsement against:

A. **Loss occasioned directly or indirectly by:**

1. enforcement of any local or state ordinance or law regulating the construction, repair or demolition of buildings or structures unless such liability is otherwise specifically assumed by endorsement;

2. electrical currents artificially generated unless loss by fire or explosion not otherwise excluded as insured against hereunder ensues, and then the Company shall be liable for only such ensuing loss.

B. Loss caused by or resulting from power, heating or cooling failure, unless such failure results from physical damage to power, heating or cooling equipment situated on premises where the property covered is located, caused by perils not otherwise excluded. Also, the Company shall not be liable under this clause for any loss resulting from riot, riot attending a strike, civil commotion, or vandalism and malicious mischief.

C. **Loss caused by, resulting from, contributed to or aggravated by any of the following:**

1. earth movement, including but not limited to earthquake, landslide, mudflow, earth sinking, earth rising or shifting;

2. flood, surface water, waves, tidal water or tidal wave, overflow of streams or other bodies of water, or spray from any of the foregoing, all whether driven by wind or not;

3. water which backs up through sewers or drains;

4. water below the surface of the ground including that which exerts pressure on or flows, seeps or leaks through sidewalks, driveways, foundations, walls, basement or other floors, or through doors, windows or any other openings in such sidewalks, driveways, foundations, walls or floors;

unless loss by fire or explosion not otherwise excluded ensues, and then the Company shall be liable for only such ensuing loss.

D. **Loss caused by:**

1. Wear and tear, deterioration, rust or corrosion, mould, wet or dry rot; inherent or latent defect, smog, smoke, vapor or gas from agricultural or industrial operations, mechanical breakdown, including rupture or bursting caused by centrifugal force, settling, cracking, shrinkage, bulging or expansion of pavements, foundations, walls, floors, roofs or ceilings; animals, birds, vermin, termites or other insects; unless loss by a peril not otherwise excluded ensues and then the Company shall be liable for only such ensuing loss.

2. Delay, loss of market, interruption of business, or consequential loss of any nature unless specifically covered in the policy and then only to the extent provided.

3. Vandalism, malicious mischief, theft or attempted theft, if the described building had been vacant or unoccupied beyond a period of 30 consecutive days immediately preceding the loss, unless loss by a peril not excluded in this policy ensues, and then the Company shall be liable for only such ensuing loss.

Definitions: "Vacant"—Containing no contents pertaining to operations or activities customary to occupancy of the building;

"Unoccupied"—Containing contents pertaining to occupancy of the building while operations or other customary activities are suspended.

4. Leakage or overflow from plumbing, heating, air conditioning or other equipment or appliances (except fire protective systems) caused by or resulting from freezing while the described building is vacant or unoccupied, unless the insured shall have exercised due diligence with respect to maintaining heat in the building or unless such equipment and appliances had been drained and the water supply shut off during such vacancy or unoccupancy.

5. Explosion of steam boilers, steam pipes, steam turbines or steam engines (except direct loss resulting from the explosion of accumulated gases or unconsumed fuel within the firebox, or combustion chamber, of any fired vessel or within the flues or passages which conduct the gases of combustion therefrom) if owned by, leased by or operated under the control of the insured, or for any ensuing loss except by fire or explosion not otherwise excluded in this policy, and then the Company shall be liable for only such ensuing loss.

6. Unexplained or mysterious disappearance of any property, or shortage as disclosed on taking inventory, or caused by any willful or dishonest act of omission of the insured or any associate, employee or agent of any insured.

7. Actual work upon or installation of property covered, latent defect, failure, breakdown or derangement of machines or machinery, faulty materials or workmanship, unless loss by fire or explosion not otherwise excluded ensues and then the Company shall be liable for only such ensuing loss;

8. Voluntary parting with title or possession of any property by the insured or others to whom the property may be entrusted if induced to do so by any fraudulent scheme, trick, device or false pretense.

9. Any fraudulent, dishonest or criminal act done by or at the instigation of any insured, partner or joint adventurer in or of any insured, and an officer, director or trustee of any insured; pilferage, appropriation or concealment of any property covered due to any fraudulent, dishonest or criminal act of any employee while working or otherwise, or agent of any insured, or any person to whom the property covered may be entrusted.

10. Rain, snow, sleet or cold weather to property in the open.

11. Any legal proceeding.

E. **Loss to:**

1. Fences, pavements, swimming pools, and related equipment, retaining walls, bulkheads, piers, wharves or docks, when covered under this policy, caused by freezing or thawing, impact of water craft, or by the pressure or weight of ice or water whether driven by wind or not.

2. Metal smokestacks nor, when outside of buildings, to cloth awnings, signs, radio or television antennas including their lead-in wiring, masts or towers, caused by ice, snow or sleet, nor by wind or hail unless liability therefore is assumed in the form attached to this policy or by endorsement hereon.

**THE PROVISIONS PRINTED ON THE BACK OF THIS ENDORSEMENT ARE HEREBY REFERRED TO AND MADE A PART HEREOF.**

## LOSS DEDUCTIBLE CLAUSE

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.*

| ROYAL-GLOBE INSURANCE | Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective. | SIGNED BY: | |
|---|---|---|---|
| | | AUTHORIZED REPRESENTATIVE | |
| COMPANY | | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
| | | | PYA 92 03 60 |

Named Insured (and address, zip code when necessary for mailing)

Producer (and address, zip code, for mailing)

In consideration of the reduced premium at which this policy is written any deductible clause which may be made a part of any form or endorsement attached to and made a part of Section I of this policy is deleted and the following substituted therefor:

### LOSS DEDUCTIBLE CLAUSE

With respect to loss by any of the perils insured against this company shall be liable only for the amount of loss which exceeds $ **100 .** . This deductible clause shall apply separately (a) to each building or structure including contents or other property therein, (b) to contents or other personal property covered hereunder which are within a building or structure not covered hereunder and (c) to personal property in the open including property on railroad cars, vehicles and platforms.

X69094

# GENERAL LIABILITY WORKSHEET/SCHEDULE

ROYAL-GLOBE INSURANCE COMPANIES

| NAMED INSURED | EFFECTIVE DATE | POLICY SYMBOL & NUMBER |
|---|---|---|
| | | PYA 92 03 60 |

## HAZARDS

1. PREMISES-OPERATIONS
   a) Area—per 100 square feet
   b) Frontage—per linear foot
   c) Remuneration—per $100.
   d) Receipts—per $100.
   e) Admissions—per 100 admissions
   f) Units—per unit

2. ESCALATORS
   g) Number insured—per landing

3. INDEPENDENT CONTRACTORS
   h) Cost—per $100.

4. STRUCTURAL ALTERATIONS
   k) Remuneration—per $100.
   m) Cost—per $100.

5. PRODUCTS-COMPLETED OPERATIONS
   n) Sales—per $1000.
   p) Receipts—per $1000.

6. CONTRACTUAL
   q) Number insured—per contract
   r) Cost—per $100.

| HAZARD NO. | DESCRIPTION OF HAZARD & CODE | | PREMIUM BASES* | RATES BI | RATES PD | ADVANCE PREMIUMS BI | ADVANCE PREMIUMS PD |
|---|---|---|---|---|---|---|---|
| 1 | ELECTROPLATING | 34702 | C) 1,100,000. | | | INCL | |
| | ADDITIONAL INSURED | | | | | INCL | |
| | PERSONAL INJURY | 99980 | 15% | | | INCL | |
| 5 | ELECTROPLATING | 34702 | P) 2,500,000. | | | INCL | |
| 6 | BLANKET CONTRACTUAL | 17985 | | | | INCL | |
| | BFPD | 99982 | | | | | INCL |
| | FIRE LEGAL | 73800 | | | | | INCL |
| | EXCESS LIMITS | 99901 | | | | INCL | |

* CODE & NUMBER OF UNITS, E.G. 100,000 SQ. FT. OF AREA = a-100,000

| | | | Totals $ | INCL |
|---|---|---|---|---|

| If policy period is more than one year, premium is payable as follows: | EFFECTIVE DATE $ | 1st ANNIVERSARY $ | 2nd ANNIVERSARY $ | Total Advance Premium $ | INCL |
|---|---|---|---|---|---|

CL 67903A

COMPANY COPY

**ENDORSEMENT**

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.*

| | SIGNED BY | |
|---|---|---|
| Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective. | | AUTHORIZED REPRESENTATIVE |

| COMPANY | PREMIUM | | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
|---|---|---|---|---|
| | ☐ Add'l.   ☐ Return $ | | | PYA 92 03 60 |

| Named Insured (and address, zip code, when necessary for mailing) | Producer (and address, zip code, for mailing) |
|---|---|

**ENDORSEMENTS ATTACHED TO POLICY:**

FC652B, SF196, 81007, X69984, X69044-1, PART 101, 78DNS, FGE-15, X68590A, X68831A, X69094, 438BFUNS, SF99, PART 102, 468NS, PART 201, PART 216, CL68079, CL68086, CL68011C, CL68314D, CL20798, CL67903A, PART 301, X68779, X68630, PART 403, PART 403-AGRMT V.

CL 20029Q—Sets

---

**AUTOMATIC INCREASE IN INSURANCE ENDORSEMENT**

**Form FGE-15**
(Ed. 1-75)

The amount of insurance (exclusive of this endorsement) applicable to the items of this policy shall be automatically increased by the percentage specified below of such amounts at the end of each period of three months after the inception date of this policy.

| | | |
|---|---|---|
| **2** | % | Building items only |
| | % | Contents items only |
| | % | Building and Contents items |

This endorsement applies to all such items covered under this policy unless specific items are described in the Schedule of Items below, in which event this endorsement shall apply only to those items described below:

**SCHEDULE OF ITEMS**

| Item No. | Location |
|---|---|
| | |
| | |
| | |
| | |

**This Endorsement must be attached to Change Endorsement when issued after the Policy is written.**

Form FGE-15 (Ed. 1-75)

| ROYAL-GLOBE INSURANCE | *Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in poli declarations.* | |
|---|---|---|
| | Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations or schedule. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective. | SIGNED BY: |
| COMPANY | | AUTHORIZED REPRESENTATIVE |

| END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
|---|---|
| | PYA 92 03 60 |

| Named Insured (and address, zip code when necessary for mailing) | Producer (and address, zip code, for mailing) |
|---|---|

## TIME OF ATTACHMENT

If coverages in the endorsement(s) listed below replace coverages in other policies which terminate at 12:01 A.M. on the inception date of this (these) endorsement(s), this (these) endorsement(s) shall be construed to attach at 12:01 A.M. Standard Time, on its (their) inception date as respects such replaced coverages only, instead of at Noon, Standard Time.

The Policy Part(s) **ALL**                                    is amended as follows:

## NAMED INSURED ENDORSEMENT

THE NAMED INSURED IS:

STOCKTON PLATING, INC., AND NICH J. SMITH AND AUDREY SMITH, HUSBAND AND WIFE AS JOINT TENANTS, AND RICHARD L. LELAND AND SHARON LELAND, HUSBAND AND WIFE AS JOINT TENANTS AS TO AN UNDIVIDED ONE-HALF ($\frac{1}{2}$) INTEREST.

## PREMIUM RECAPITULATION

| DUE AT ENDORSEMENT EFFECTIVE DATE ► | ADD'L PREMIUM DUE COMPANY | RETURN PREMIUM DUE INSURED | |
|---|---|---|---|
| | $ | $ | |

### PREMIUM ADJUSTMENT IF THE PREMIUM IS PAYABLE IN ANNUAL INSTALLMENTS

| DATES DUE | ORIGINAL INSTALLMENTS | INCREASE | DECREASE | REVISED INSTALLMENTS |
|---|---|---|---|---|
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| Total Premium to Policy Expiration ► | $ | | $ | |

X68590A



Section 1   Part 101
**FIRE AND EXTENDED COVERAGE**
**INSURANCE (PROPERTY DAMAGE)**

**ROYAL-GLOBE INSURANCE COMPANIES**

This coverage PART, the DECLARATIONS and other coverage PART(S), or endorsements referred to herein, and the GENERAL PROVISIONS complete the contract of insurance.

## SCHEDULE OF ITEMS

| ITEM NO. | AMOUNT OF INSURANCE | % OF COINS. | DESCRIPTION AND LOCATION OF PROPERTY COVERED (SHOW CONSTRUCTION, TYPE OF ROOF AND OCCUPANCY OF BUILDING(S) COVERED OR CONTAINING THE PROPERTY COVERED) |
|---|---|---|---|
| 1 | 363,000. | 90 | BLANKET ON BUILDINGS |
| 2 | 490,000. | 90 | BLANKET ON EQUIPMENT & STOCK (X68831A) |
| | | | ALL SITUATED: |
| | | | 1)   642 SO. EL DORADO ST., STOCKTON, CA. |
| | | | 2)   632 SO. EL DORADO ST., STOCKTON, CA. |
| | | | 3)   ADJACENT 632 SO. EL DORADO ST., STOCKTON, CA. |
| | | | 4)   632 1/4 SO. EL DORADO ST., STOCKTON, CA. |
| | | | 5)   632½ SO. EL DORADO ST., STOCKTON, CA. |
| | | | 6)   642 SO. EL DORADO ST.(R), STOCKTON, CA. |
| | | | 7)   W. 642 SO. EL DORADO ST., STOCKTON, CA. |
| | | | 8)   W 50 FT. 642 SO. ELDORADO ST., STOCKTON, CA. |
| | | | 9)   ADJ. LEFT 642 SO. EL DORADO ST., STOCKTON, CA. |
| | | | 10)  104 E. SCOTTS, STOCKTON, CA. |

Deductible Clause (Specify)   **$100   (X69094)**

SUBJECT TO FORM NO'S
**78DNS(7/70),  X68831A,  81007,  SF99,  438BFUNS(5/42)**

Attach Coverage Form(s) Here

attached hereto

X 89045

COMPANY COPY

BUSINESS COMPREHENSIVE POLICY

ROYAL-GLOBE INSURANCE COMPANIES

POLICY SYMBOL NUMBER

PYA 92 03 60

NAMED INSURED

Case 2:21-cv-00397-WBS-JDP Document 1-1 Filed 03/08/21 Page 12 of 104

LOCATION OF PREMISES, as stated in the Declarations, page 1, is extended to include the following locations.

| ITEM NO. | LOCATION OF PREMISES | OCCUPANCY | PART OCCUPIED BY NAMED INSURED | NAMED INSURED'S INTEREST |
|---|---|---|---|---|
| 1 | 642 SO. EL DORADO STREET STOCKTON, CALIFORNIA | OFFICES & WAREHOUSE | ENTIRE | OWNER |
| 2 | 632 SO. ELDORADO STREET STOCKTON, CALIFORNIA | BUFF & GRINDING WAREHOUSE | ENTIRE | OWNER |
| 3 | ADJACENT 632 SO. EL DORADO ST. STOCKTON, CALIFORNIA | ELECTRO-PLATING | ENTIRE | OWNER |
| 4 | 632 1/4 SO. EL DORADO ST. STOCKTON, CALIFORNIA | COPPER-PLATING SHOP | ENTIRE | OWNER |
| 5 | 632½ SO. EL DORADO ST. STOCKTON, CALIFORNIA | STRAIGHT & BURN SHOP | ENTIRE | OWNER |
| 6 | 642 SO. EL DORADO ST. (R) STOCKTON, CALIFORNIA | WHEEL STORAGE SHOP | ENTIRE | OWNER |
| 7 | W. 642 SO. EL DORADO ST. STOCKTON, CALIFORNIA | NEW ELECTRO-PLATING SHOP | ENTIRE | OWNER |
| 8 | W. 50 FT. - 642 SO. ELDORADO ST. STOCKTON, CALIFORNIA | MAINTENANCE BLDG. | ENTIRE | OWNER |
| 9 | ADJ. LEFT - 642 SO. EL DORADO ST. STOCKTON, CALIFORNIA | BUMPER STORAGE SHOP | ENTIRE | OWNER |
| 0 | 104 E. SCOTTS STOCKTON, CALIFORNIA | OFFICE | ENTIRE | OWNER |
| 1 | 319 3RD STREET BRODERICK, CALIFORNIA | ELECTRO-PLATING | ENTIRE | TENANT |
| 2 | 305 GOLDEN LANE RENO, NEVADA | METAL SHOP | ENTIRE | TENANT |

X 89044-1

Countersignature Date

Agency at

_____ Agent

COMPANY COPY



CALIFORNIA AMENDATO. ENDORSEMENT                                    BUSINESS COMPREHENSIVE POLICY

**POLICY NUMBER**
PYA 92 03 60

## CALIFORNIA STANDARD FORM FIRE INSURANCE POLICY

It is understood and agreed that, as respects property insured hereunder located in the State of California, the coverage provided by this policy against the perils of fire and lightning shall be subject to the California Standard Form Fire Insurance Policy.

Subject to Form No(s).   196(1/72), 78DNS(7/70), X68831A, 81007, 438BFUNS(5/42),   attached hereto.
D7NS(11/69)
INSERT FORM NUMBER(S) AND EDITION DATE(S)

**Mortgage Clause:** Subject to the provisions of the mortgage clause attached hereto, loss, if any, on building items, shall be payable to:

ANK OF AMERICA NT & SA, 110 EAST WEBER ST., STOCKTON, CA. 95202
INSERT NAME(S) OF MORTGAGEE(S) AND MAILING ADDRESS(ES)

Countersignature Date   APR. 1, 1976                Agency at   STOCKTON, CA.

_____        _____Agent

IN  CONSIDERATION  OF  THE  PROVISIONS  AND  STIPULATIONS  THEREIN  OR  ADDED  THERETO
AND OF the above specified dollars premium, this Company, for the term of years specified above from inception date shown above AT 12:01 A.M. (Standard Time)
to expiration date shown above AT 12:01 A.M. (Standard Time) at location of property involved, to an amount not exceeding the above specified dollars, has
insured the insured named above and legal representatives, to the actual cash value of the property at the time of loss, but not exceeding the amount which
it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, without allowance for any
increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair, and without compensation for loss resulting from
interruption of business or manufacture, nor in any event for more than the interest of the insured, against all LOSS BY FIRE, LIGHTNING AND BY REMOVAL FROM
PREMISES ENDANGERED BY THE PERILS INSURED AGAINST IN THE POLICY, EXCEPT AS THEREINAFTER PROVIDED, to the property described therein while located
or contained as described in the policy, or pro rata for five days at each proper place to which any of the property shall necessarily be removed for preservation
from the perils insured against in the policy, but not elsewhere.

X69984



FIRE AND EXTENDED COVERAGE
INSURANCE (BUSINESS INCOME)

**ROYAL-GLOBE INSURANCE COMPANIES**

This coverage PART, the DECLARATIONS and other coverage PART(S), or endorsements referred to herein, and the GENERAL PROVISIONS complete the contract of insurance.

SCHEDULE OF ITEMS   AMENDED

| ITEM NO. | AMOUNT OF INSURANCE | % OF COINS. | DESCRIPTION AND LOCATION OF PROPERTY COVERED (SHOW CONSTRUCTION, TYPE OF ROOF AND OCCUPANCY OF BUILDING(S) COVERED OR CONTAINING THE PROPERTY COVERED) |
|---|---|---|---|
| 1 | 60,000. | - | BLANKET ON EXTRA EXPENSE<br>SITUATE:  S/E CORNER SO. EL DORADO & SCOTT STREETS<br>STOCKTON, CALIFORNIA |
| 2 | 1,000. | - | ON EXTRA EXPENSE<br>SITUATE:  305 GOLDEN LANE<br>RENO, NEVADA |
| 3 | 10,000. | - | ON EXTRA EXPENSE<br>SITUATE:  319 THIRD STREET & REAR<br>319 THIRD STREET<br>BRODERICK, CALIFORNIA |

SUBJECT TO FORM NO'S  **78DNS(7-70), 207NS(11-69)**                    attached hereto

Attach Coverage Form(s) Here



PRODUCER'S COPY

## ADDITIONAL INSURED (Premis̲ ̲eased to the Named Insured)

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.*

| | | |
|---|---|---|
| Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, providing such attachment is stated in the policy declarations. Otherwise this endorsement is issued for attachment to and forms a part of the below numbered policy, effective on the date indicated, at 12:01A.M. Standard Time as stated in the policy. | SIGNED BY: | |
| | | AUTHORIZED REPRESENTATIVE |

| COMPANY | ADDITIONAL PREMIUM $ | END. EFF. DATE (MO., DAY, YR.) | POLICY NUMBER PYA 92 03 60 |
|---|---|---|---|

Named Insured (and address when necessary for mailing)                   Producer (and address for mailing)

*This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:*

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**MANUFACTURER'S AND CONTRACTORS' LIABILITY INSURANCE**
**OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE**
**STOREKEEPER'S INSURANCE**

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) |
|---|---|
| **319  3RD STREET**<br>**BRODERICK, CALIFORNIA** | **JOHN REUTER**<br>**C/O LEO GRANUCCI**<br>**1318 C STREET, SACRAMENTO, CA.** |

It is agreed that the "Persons Insured" provision is amended to include as an **Insured** the person or organization designated above, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated above leased to the **named Insured**, and subject to the following additional exclusions:

The insurance does not apply:

1. to any **occurence** which takes place after the named **Insured** ceases to be a tenant in said premises;

2. to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated above.

G109   Ed. 10-1-66
(Co. No. CL68079B)



## Section IV Part 403—BURGLARY ENDORSEMENT

**INSURING AGREEMENT** (Safe Burglary) **ROYAL-GLOBE INSURANCE COMPANIES**

This coverage PART, the DECL... .TIONS and other coverage PART(S), or endorsements re.....d to herein, and the GENERAL PROVISIONS complete th... contract of insurance.

POLICY SYMBOL & NUMBER

PYA 92 03 60

It is agreed that the policy is amended by adding to the Table of Limits of Liability the following:
The insurance afforded is only with respect to such of the following coverages as are indicated by a specific limit of insurance applicable thereto.

| LOC. NO. | LOCATION OF PREMISES | LIMITS OF INSURANCE | | |
| --- | --- | --- | --- | --- |
| | | COVERAGE A ROBBERY INSIDE | COVERAGE B ROBBERY OUTSIDE | COVERAGE C SAFE BURGLARY |
| 1. | 632 SO. EL DORADO ST., STOCKTON, CA. | $ 500. | $ 500. | $ |
| 2. | | $ | $ | $ |
| 3. | | $ | $ | $ |
| | TOTALS | $ 500. | $ 500. | $ |

2. Custodian and_____other persons shall be on duty at all times when the premises are open for business.

3. Not more than one messenger shall have custody of the insured property outside the premises at any one time, unless otherwise stated herein.

4. Each messenger while outside the premises shall be accompanied by at least_____guard(s).

5. The insured property while outside the premises in the custody of a messenger shall be conveyed in_____employed for the exclusive use of the messenger and his guard, if any, throughout the entire trip.

**6. DESCRIPTION OF SAFE**

| LOC. NO. | (a) MAKER'S NAME | (b) NUMBER STYLE OR LETTER | (c) MANUAL CLASS | DOOR | (d) Type door & thickness of steel in each door exclusive of bolt work in inches | | | (e) Each door is equipped with a combination lock unless otherwise stated below |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | ROUND | SCREW | SQUARE | |
| 1. | | | | Outer | | | | |
| | | | | Inner | | | | |
| | | | | Chest | | | | |
| 2. | | | | Outer | | | | |
| | | | | Inner | | | | |
| | | | | Chest | | | | |
| 3. | | | | Outer | | | | |
| | | | | Inner | | | | |
| | | | | Chest | | | | |

7. During the policy period, the burglar alarm system described below shall be maintained in proper working order and connected at all times when the premises are not open for business.

| LOC. NO. | NAME OF ALARM COMPANY | CLASSIFIED BY UNDERWRITERS' LABORATORIES, INC. | | | CONNECTED WITH OUTSIDE CENTRAL STATION | CONNECTED WITH GONG OUTSIDE OF PREMISES | KEYS TO PREMISES IN POSSESSION OF ALARM COMPANY |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | CLASS | INSTALLATION | CERTIFICATE | | | |
| 1. | | | | NUMBER | Yes ☐ No ☐ | Yes ☐ No ☐ | Yes ☐ No ☐ |
| | | | | EFFECTIVE \| EXPIRES | | | |
| 2. | | | | NUMBER | Yes ☐ No ☐ | Yes ☐ No ☐ | Yes ☐ No ☐ |
| | | | | EFFECTIVE \| EXPIRES | | | |
| 3. | | | | NUMBER | Yes ☐ No ☐ | Yes ☐ No ☐ | Yes ☐ No ☐ |
| | | | | EFFECTIVE \| EXPIRES | | | |

( 68589-3

Over



Section IV   Part 403
BURGLARY INSURANCE

ROYAL-GLOBE INSURANCE COMPANIES

This coverage PART, the DECLARATIONS and other coverage PART(S), or endorsements referred to herein, and the GENERAL PROVISIONS complete the contract of insurance.

POLICY SYMBOL & NUMBER

## PYA 92 03 60

## DECLARATIONS

| ITEM 1 | TOTAL LIMITS OF LIABILITY | COVERAGES |
|---|---|---|
| | AS PER SCHEDULE IN ITEM A <br> $ | Insuring Agreement    I    Loss Inside the Premises Coverage |
| | AS PER SCHEDULE IN ITEM A <br> $ | Insuring Agreement    II    Loss Outside the Premises Coverage |
| | AS PER SCHEDULE ON ENDORSEMENT <br> $ | Insuring Agreement    III    Burglary Coverage on Merchandise |
| | AS PER SCHEDULE ON ENDORSEMENT <br> $ | Insuring Agreement    IV    Burglary and Theft Coverage on Merchandise |
| | AS PER SCHEDULE ON ENDORSEMENT <br> $ 1,000. | Insuring Agreement    V    Robbery and Safe Burglary |

**ITEM 2** THE LIABILITY OF THE COMPANY IS SUBJECT TO THE TERMS OF THE FOLLOWING ENDORSEMENTS ATTACHED HERETO

**ITEM 3** THE EFFECTIVE DATE OF THIS ENDORSEMENT IS THE INCEPTION DATE OF THE POLICY, AS SHOWN ON PAGE 1, UNLESS OTHERWISE STATED.

**ITEM 4** NOT MORE THAN ONE MESSENGER WILL HAVE CUSTODY OF THE INSURED PROPERTY OUTSIDE THE PREMISES AT ANY ONE TIME, UNLESS OTHERWISE STATED HEREIN.

**ITEM 5** EACH MESSENGER WHILE OUTSIDE THE PREMISES WILL BE ACCOMPANIED BY AT LEAST
  Guards

**ITEM 6** THE INSURED PROPERTY WHILE OUTSIDE THE PREMISES IN THE CUSTODY OF A MESSENGER WILL BE CONVEYED IN
  employed for the exclusive use of the messenger and his guard, if any, throughout the entire trip.

**ITEM 7** THE INSURED PROPERTY WILL NOT BE CONVEYED OUTSIDE THE PREMISES BY ANY ARMORED MOTOR VEHICLE, UNLESS STATED HEREIN.
  ← (enter maximum number of such vehicles as of any one time).

**ITEM 8**

## SCHEDULE

| | LOCATIONS | LIMITS OF INSURANCE | |
|---|---|---|---|
| | | INSURING AGREEMENT I | INSURING AGREEMENT II |
| 1 | | $ | $ |
| 2 | | $ | $ |
| 3 | | $ | $ |
| 4 | | $ | $ |
| 5 | | $ | $ |

X 68589

TRANSPORTATION ENDO~~EMENT
(ALL RISK     F  ~)

For Attachment to SMP Policies

| NAMED INSURED | | POLICY SYMBOL & NO. |
|---|---|---|
| | | PYA 92 03 60 |

| LIMITS OF LIABILITY | RATE | PREMIUM |
|---|---|---|
| AS PER FORM | $ | $ |

1. The provisions and stipulations of this endorsement shall apply only to the property covered hereunder and none of the provisions and stipulations otherwise applicable to Section I of this policy, including any other endorsement made a part thereof except the Cancellation provision, shall apply to the insurance hereunder:

2. **THIS ENDORSEMENT COVERS:**
   Goods and merchandise, (including packages) consisting of

   being property of the Insured, their own or held by them in trust, or on commission, or on consignment, or on which they have made advances, or sold but not delivered. Loss, if any, payable to Insured or order.

3. **THIS INSURANCE COVERS ONLY WHILE THE PROPERTY INSURED IS IN THE CUSTODY OF:**
   (a) Any railroad, railway express and/or railroad express company (including the risk while on ferries and/or in cars or transfers or lighters);
   (b) Public truckmen, land transfer and/or land transportation companies.
   (c) The Insured while in or on vehicles owned, leased or hired by the Insured.
   (d) Scheduled Airlines for Air Express or Air Cargo.
   This endorsement also covers while on docks, wharves, piers, bulkheads, in depots, stations and/or on platforms, but only while in the custody of a common carrier incidental to transportation.
   This insurance attaches from the time the goods leave the factory, store or warehouse at initial point of shipment, and covers thereafter continuously, in due course of transportation, until same are delivered at store or warehouse at destination.

4. **LIMITS OF LIABILITY:** The liability of this Company shall in no event exceed the individual limits of liability set forth in the following schedule of limits.
   (1) By carriers specified in (a) above  - - - - - - - - - - - - $....**2,500**...........
   (2) By conveyances specified in (b) above  - - - - - - - - - - $....**2,500**...........
   (3) By conveyances specified in (c) above  - - - - - - - - - - $....**2,500**...........
   (4) By carriers specified in (d) above  - - - - - - - - - - - $....**2,500**...........
   Nor shall this Company be liable for more than $**2,500**...........in any one casualty, either in case of partial or total loss, or salvage charges, or any other charges, or expenses, or all combined.

5. **THIS ENDORSEMENT INSURES AGAINST:**
   ALL RISKS OF DIRECT PHYSICAL LOSS OF OR DAMAGE TO THE INSURED PROPERTY FROM ANY EXTERNAL CAUSE EXCEPT AS HEREINAFTER EXCLUDED.

6. **THIS ENDORSEMENT DOES NOT INSURE AGAINST DIRECT LOSS OR DAMAGE CAUSED BY OR RESULTING FROM:**
   (a) Delay, loss of market, indirect or consequential loss of any kind;
   (b) Unexplained loss, mysterious disappearance; nor loss or shortage disclosed upon taking inventory;
   (c) Strikes, Lockouts, labor disturbances, riots, civil commotions or the acts of any person or persons taking part in any such occurrence or disorder;
   (d) Wear, tear, gradual deterioration, inherent vice, insects and/or vermin, contamination;
   (e) Neglect of the insured to use all reasonable means to save and preserve the property at and after any disaster insured against;
   (f) Misappropriation, secretion, conversion, infidelity or any dishonest act on part of the insured or other party of interest, his or their employees or agents, or others to whom the property may be entrusted (carriers for hire excepted);
   (g) Leakage, breakage, marring, scratching, wet or dry rot; or by being spotted, discolored, moulded, rusted, frosted, soured, steamed or changed in flavor un-less any such loss or damage is directly caused by fire, lightning, cyclone, tornado, windstorm, flood, earthquake, or by collision, derailment or overturning of conveyance, collapse of bridges, burning, stranding, sinking or collision of a vessel;
   (h) Loss or damage to accounts, bills, currency, bullion, jewelry, watches, precious stones, furs, deeds, evidence of debt, money, notes, securities, and salesmen's samples;
   (i) Loss or damage to shipments that have been either refused or are returned by the receiver thereof;
   (j) Loss or damage to export or import shipments, or to risks by mail;
   (k) Loss or damage caused by or resulting from: (1) hostile or warlike action in time of peace or war, including action in hindering, combating or defending against an actual, impending or expected attack, (a) by any government or sovereign power (de jure or de facto), or by any authority maintaining or using military, naval or air forces; or (b) by military, naval or air forces; or (c) by an agent of any such government, power, author-ity or forces; (2) any weapon of war employing atomic fission or radio-active force whether in time of peace or war; (3) insurrection, rebellion, rev-olution, civil war, usurped power, or action taken by governmental authority in hindering, combating or defending against such an occurrence, seizure or destruction under quarantine or customs regulations, confiscation by order of any government or public authority; or risks of contraband or illegal transportation or trade.
   (l) Loss by nuclear reaction or nuclear radiation or radioactive contamination, all whether controlled or uncontrolled, and whether such loss be direct or indirect, proximate or remote or be in whole or in part caused by, contributed to, or aggravated by the peril(s) insured against in this policy; however, subject to the foregoing and all provisions of this policy, direct loss by fire resulting from nuclear reaction or nuclear radiation or radio-active contamination is insured against by this endorsement;

7. **REPORT AND PREMIUM ADJUSTMENT PROVISIONS**
   **PREMIUM READJUSTMENT AND REPORT OF SHIPMENTS**
   The premium charged under this endorsement is based on an estimate of $_____, worth of shipments made during the period insured, and the Insured warrants that at the end of_____ will report to this Company the actual value of all ship-ments covered hereunder during the period for which such report is required, and upon the total of all reported shipments exceeding in the aggregate the said estimate of $_____, the Insured agrees to pay to this Company additional premium at the rate of _____ per $100 of value in excess of said estimate of $_____, such additional premium to become due and payable to this Company immediately upon the furnishing of the aforesaid report or reports; but in the event of the actual shipments falling short of the said estimate of $_____, then this Company will return premium at the same rate on the deficiency, but no return premium shall become due or payable until the expiration of this endorsement; it being understood that by the acceptance of this readjustment clause, the reinstatement clause No. 16, in the conditions of this endorsement is waived.

   **RECORD OF SHIPMENT**
   The Insured also agrees to keep a true record of all shipments insured hereunder, and agrees to keep such records open to the inspection of representatives of this Insurance Company at all times during business hours.

   **THIS ENDORSEMENT IS SUBJECT TO ADDITIONAL STIPULATIONS PRINTED ON THE BACK HEREOF.**

S8630A



**Section II Part 301**
**SCHEDULED PROPERTY FLOATER INSURANCE**

This coverage PART, the DECLARATIONS and other coverage PART(S), or endorsements referred to herein, and the **GENERAL PROVISIONS** complete the contract of insurance.

POLICY SYMBOL & NUMBER

**PYA 92 03 60**

In reliance upon the statements in the Declarations made a part hereof, and in consideration of the stipulations herein named, and the payment of premium, this Company agrees with the Named Insured, subject to the limits of liability, exclusions, conditions and other terms of this insurance.

Attach all Forms and Endorsements here:

## TRANSPORTATION - X68630A

This insurance shall not be valid unless ENDORSEMENT ISSUED BY THIS COMPANY IS ATTACHED HERETO, AND IS MADE AND ACCEPTED SUBJECT TO THE FOREGOING STIPULATIONS AND CONDITIONS AND TO THE CONDITIONS PRINTED ON THE BACK HEREOF, **WHICH ARE HEREBY SPECIALLY REFERRED TO AND MADE A PART OF THIS POLICY**, together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto. Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the Company from asserting any right under the terms of this policy, nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy.

This part must be attached to Change Endorsement, Form No. X 68590 when used after the policy is written.

X68584A                                                                                                          Over



PERSONAL INJURY LIAB. .Y INSURANCE                                    ROYAL-GLOBE INSURANCE COMPANIES

This coverage PART, the DECLARATIONS and other coverage PART(S), or endorsements referred to herein, and the GENERAL PROVISIONS complete the contract of insurance.

*Type Policy number and premium only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.*

Unless otherwise stated, this coverage part forms a part of the policy to which attached as of issue, providing such attachment is stated in the policy declarations. Otherwise this coverage part is issued for attachment to and forms a part of the below numbered policy, effective only on the date indicated on this coverage part but at the same time or hour of the day as the policy became effective.

SIGNED BY

_____

Authorized Representative

| COMPANY | | END. EFF. DATE MONTH / DAY / YEAR | ADDITIONAL PREM. $ | POLICY NUMBER PYA 92 03 66 |
|---|---|---|---|---|

| Named Insured (and address when necessary for mailing) | Producer (and address for mailing) |
|---|---|

## Schedule

| COVERAGE | INSURED'S PARTICIPATION | LIMITS OF LIABILITY |
|---|---|---|
| P. Personal Injury Liability | **0** % | AGGREGATE $ **500,000.** |

The insurance afforded is only with respect to personal injury arising out of an offense included within such of the following groups of offenses as are indicated by entry of an "X" below.

### GROUPS OF OFFENSES

X☐ A. False Arrest, Detention or Imprisonment, or Malicious Prosecution

X☐ B. Libel, Slander, Defamation or Violation of Right of Privacy

☒ C. Wrongful Entry or Eviction or Other Invasion of Right of Private Occupancy

**EXCLUSION "C" DELETED.**

K68598A



# ROYAL GLOBE

## INSURANCE COMPANIES

### CERTIFICATE OF INSURANCE

| | |
|---|---|
| Named Insured & Address | STOCKTON PLATING, INC., ETAL.<br>632 SO. EL DORADO STREET<br>STOCKTON, CALIFORNIA |
| Producer | PEIRANO BROTHERS & CO.<br>P. O. BOX 897<br>STOCKTON, CALIFORNIA 95204 |

The policies indicated herein apply with respect to the hazards and for the coverage and limits of liability indicated by specific entry herein, subject to all the terms and conditions of such policies. This certificate is issued as a matter of information only, and confers no rights on the holder. It imposes no liability upon the Company and does not amend, extend, or alter in any way the coverage or the limits of liability afforded by any of the policies designated herein.

**COMPANY:** ROYAL GLOBE INS. CO.

**DATE:** 4/1/76

| HAZARDS | POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE | BODILY INJURY LIABILITY | | PROPERTY DAMAGE LIABILITY | |
|---|---|---|---|---|---|---|---|
| | | | | EACH PERSON | EACH OCCURRENCE | EACH OCCURRENCE | AGGREGATE |
| **General Liability**<br>Premises-Operations | PYA 92 03 60 | 4/1/76 | 4/1/79 | ///// | $ 500 ,000 | $ 500 ,000 | $ 500 ,000 |
| Elevators | | | | $ ,000 | $ ,000 | $ ,000 | |
| Independent Contractors | | | | $ ,000 | $ ,000 | $ ,000 | $ ,000 |
| **Products-Completed Operations** | PYA 92 03 60 | 4/1/76 | 4/1/79 | $ ,000<br>AGGREGATE → | $ 500 ,000<br>$ 500 ,000 | $ 500 ,000 | $ 500 ,000 |
| Contractual-as described below | | | | $ ,000 | $ ,000 | $ ,000 | $ ,000 |
| | | | | | | | |
| **Automobile Liability**<br>Owned Automobiles | | | | $ ,000 | $ ,000 | $ ,000 | |
| Hired Automobiles | | | | $ ,000 | $ ,000 | $ ,000 | |
| Non-Owned Automobiles | | | | $ ,000 | $ ,000 | $ ,000 | |
| | | | | | | | |
| **Workmen's Compensation** | | | | COMPENSATION STATUTORY STATE(S) | | | |

LOCATION AND DESCRIPTION OF OPERATIONS, AUTOMOBILES, CONTRACTS, ETC. (FOR CONTRACTS, INDICATE TYPE OF AGREEMENT, PARTY AND DATE.)

*IF LIMITS OF LIABILITY DIFFER FROM POLICY LIMITS, CHECK HERE: ☐

| | |
|---|---|
| Issued At The Request Of | JOHN REUTER<br>C/O LEO GRANUCCI<br>1318 "C" STREET<br>SACRAMENTO, CALIFORNIA |

This is to certify that the Company named herein has issued to the Named Insured the policies listed above

PEIRANO BROS. & CO. *Authorized Representative*

C L 20798 G

## ENDORSEMENT 201

Edition of March, 1977

To be attached to and form part of Policy No.

issued to

It is agreed that:

1. In addition to the existing Exclusions applicable to the attached Policy, the Policy, except as may be specifically stated to the contrary in the Policy or any applicable Endorsement, does not apply to the defense of any legal proceeding brought against the Insured, or to fees, costs or expenses incurred or paid by the Insured in prosecuting or defending any legal proceeding whether or not such proceeding results or would result in a loss to the Insured covered by this Policy.

2. This endorsement is effective as of 12:01 a.m. on standard time as specified in the attached Policy.

Accepted:

**LEGAL FEES EXCLUSION**
FOR USE WITH COMPREHENSIVE 3-D AND BLANKET CRIME POLICIES.

SR 6057  Printed in U.S.A.

CHANGE AND ATTACH CLAUSE ENDORSEMENT — FOR CB ___ N ___ P   4-26-76 ACS/lh

Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.

| | Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations or schedule. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective. | SIGNED BY: | |
|---|---|---|---|

ROYAL-GLOBE INSURANCE

COMPANY

AUTHORIZED REPRESENTATIVE

**ROYAL GLOBE INSURANCE COMPANY**

| END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
|---|---|
| **4-1-76** | **PYA 92 03 60** |

Named Insured (and address, zip code when necessary for mailing)

**STOCKTON PLATING, INC., ET AL**

Producer (and address, zip code, for mailing)

**PEIRANO BROTHERS & COMPANY
P. O. BOX 897
STOCKTON, CALIFORNIA 95204**

---

## TIME OF ATTACHMENT

If coverages in the endorsement(s) listed below replace coverages in other policies which terminate at 12:01 A.M. on the inception date of this (these) endorsement(s), this (these) endorsement(s) shall be construed to attach at 12:01 A.M. Standard Time, on its (their) inception date as respects such replaced coverages only, instead of at Noon, Standard Time.

The Policy Part(s) **102**                                              is amended as follows:

**ADDING AMENDED PART 102 AS PER ATTACHED.**
———————

**NO ADJUSTMENT IN PREMIUM NECESSARY.**

REG  COMPANY COPY TO BUREAU _____  COPY
S. F. OFF. 4-28-76

---

### PREMIUM RECAPITULATION

| | ADD'L PREMIUM DUE COMPANY | RETURN PREMIUM DUE INSURED | |
|---|---|---|---|
| DUE AT ENDORSEMENT EFFECTIVE DATE ▶ | $ | $ | |

### PREMIUM ADJUSTMENT IF THE PREMIUM IS PAYABLE IN ANNUAL INSTALLMENTS

| DATES DUE | ORIGINAL INSTALLMENTS | INCREASE | DECREASE | REVISED INSTALLMENTS |
|---|---|---|---|---|
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| Total Premium to Policy Expiration ▶ | $ | | $ | $ |

REGIONAL COPY

X68590A

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.*

| | |
|---|---|
| Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations or schedule. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective. | SIGNED BY: |

ROYAL GLOBE INSURANCE

COMPANY

**ROYAL GLOBE INSURANCE COMPANY**

| AUTHORIZED REPRESENTATIVE | |
|---|---|
| END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
| 4-1-76 | PYA 92 03 60 |

Named Insured (and address, zip code when necessary for mailing)

STOCKTON PLATING, INC., ET AL

Producer (and address, zip code, for mailing)

PEIRANO BROTHERS & COMPANY
P. O. BOX 897
STOCKTON, CALIFORNIA 95204

## TIME OF ATTACHMENT

If coverages in the endorsement(s) listed below replace coverages in other policies which terminate at 12:01 A.M. on the inception date of this (these) endorsement(s), this (these) endorsement(s) shall be construed to attach at 12:01 A.M. Standard Time, on its (their) inception date as respects such replaced coverages only, instead of at Noon, Standard Time.

The Policy Part(s) **ALL** is amended as follows:

**THE ABOVE ADDITIONAL PREMIUM IS TO CORRECT AN ERROR IN PREMIUM COMPUTATION.**

| CASH ADJUSTMENT | PREMIUM RECAPITULATION | | |
|---|---|---|---|
| | DUE AT ENDORSEMENT EFFECTIVE DATE | ADD'L PREMIUM DUE COMPANY | RETURN PREMIUM DUE INSURED |
| P/R 1.00 | | $ 20.00 | $ |

### PREMIUM ADJUSTMENT IF THE PREMIUM IS PAYABLE IN ANNUAL INSTALLMENTS

| DATES DUE | ORIGINAL INSTALLMENTS | INCREASE | DECREASE | REVISED INSTALLMENTS |
|---|---|---|---|---|
| 4-1-77 | $ 10,377.00 | $ 20.00 | $ | $ 10,397.00 |
| 4-1-78 | $ 10,377.00 | $ 20.00 | $ | $ 10,397.00 |
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| Total Premium to Policy Expiration ▶ | $ | $ | $ | |

X68590A



# PREMIUM PAYMENT ENDORSEMENT

| Policy Symbol and Number | Name of Company | Policy Effective (or Continuation) Date | Policy Expiration Date |
|---|---|---|---|
| PYA 92 03 60 | ROYAL GLOBE INS. CO. | 4/1/76 | 4/1/79 |

| Name and Address of Insured | Name and Address of Producer | Complete for policy changes only: |
|---|---|---|
| STOCKTON PLATING, INC., ETAL. 632 SO. EL DORADO ST. STOCKTON, CALIFORNIA | PEIRANO BROTHERS & COMPANY P. O. BOX 897 STOCKTON, CALIFORNIA 95204 | ☐ Additional Premium   ☐ Reduction in Premium   Date of Change |

Name and Address of Premium Payer if other than Insured.

| Insured's Account Number | Producer Code 3390000 | ☒ Check if this is Insured's first policy under Plan |

PAYMENT PLAN SELECTED AND CHARGE PER $100.00 OF ANNUAL PREMIUM 6% SIMPLE INTEREST PER ANNUM

| ☒ Monthly $2.25/$100 | ☐ Quarterly $1.88/$100 |

DUE DATE FOR FUTURE PAYMENTS
☒ 1st of Month *For policies effective from the 1st through the 15th of the month*
☐ 16th of Month *For policies effective from the 16th through the end of the month*

| | FIRST OR CURRENT YEAR | FOR USE WITH TERM POLICIES ONLY | |
|---|---|---|---|
| | | SECOND YEAR | THIRD AND SUBSEQUENT YEARS |
| 1. Premium (Actual, Provisional or Deposit) | 10,377 00 | 10,377 00 | 10,377 00 |
| 2. Premium Payment Charge *(Refer to Table)* | 233 48 | 233 48 | 233 48 |
| 3. Adjusted Premium *(Line 1 plus Line 2)* | 10,610 48 | 10,610 48 | 10,610 48 |
| 4. Initial Payment *(Compute from Table)* | 1,768 48 | | |
| 5. Total amount to be paid in subsequent payments *(Line 3 minus Line 4)* *(Second and subsequent years shown on line 3)* | 8,842 00 | | |

This endorsement is issued for attachment to and is hereby made a part of the policy designated above and is effective as of the date indicated, said endorsement in the case of a term policy being supplementary to the endorsement already appearing on such policy providing for payment of premium in annual installments.

It is agreed that the premium shall be adjusted as indicated above to include a charge for the privilege of extended payments under this endorsement and shall be payable in accordance with one of the following plans as indicated above. (For this purpose the word "premium" is understood to mean the annual premium or, in the case of a term policy, each annual installment of premium or, in the case of a reporting or auditable form of policy, the amount of provisional or deposit premium required under the terms of the policy.)

Monthly Plan - The adjusted premium shall be divided into twelve parts, the first two of which shall be paid on or before inception date and the remainder one part at a time at successive monthly intervals on the due date specified above.

Quarterly Plan-The adjusted premium shall be divided into twelve parts, the first four of which shall be paid on or before inception date and the remainder three parts at a time at successive quarterly intervals on the due date specified above.

If the Insured is in default with respect to any required payment and the company elects to cancel the policy for that stated reason, the cancellation notice shall be made effective as of the end of the period for which the last payment was made and all collected premium payments (except those received on a provisional or deposit basis) shall be deemed to have been earned as of the end of said period, subject to the requirements of law and all provisions of the cancellation clause of the policy to which this endorsement is attached.

Additional or reduced coverage during the policy term and other modifications resulting in a change of the total premium shall be evidenced by further endorsements of the policy, including endorsements amending this Premium Payment Endorsement.

Nothing herein contained shall be held to waive, alter, vary or extend any of the terms or provisions of the policy except as herein stated.

IF ANNUAL PREMIUM IS BELOW $100, INDICATE OTHER POLICIES ENDORSED OR TO BE ENDORSED UNDER PLAN:

Signed by:

TYPE OF POLICY          EFFECTIVE DATE

AUTHORIZED REPRESENTATIVE

FC652B 20M 5/69                    COMPANY COPY



RED SHIELD
# PREMIUM PAYMENT ENDORSEMENT

5-17-76 ACS/CT

| Policy Symbol and Number | Name of Company | Policy Effective (or Continuation) Date | Policy Expiration Date |
|---|---|---|---|
| PYA 92 03 60 | ROYAL GLOBE INSURANCE CO. | 4-1-76 | 4-1-79 |

| Name and Address of Insured | Name and Address of Producer | Complete for policy changes only: |
|---|---|---|
| STOCKTON PLATING, INC., ET. AL., 632 S. EL DORADO STREET STOCKTON, CALIFORNIA | PEIRANO BROTHERS & CO. P.O. BOX 897 STOCKTON, CA. 95204 | [X] Additional Premium [ ] Reduction in Premium |

Date of Change
4-1-76

Name and Address of Premium Payer if other than Insured.

| Insured's Account Number | Producer Code | | |
|---|---|---|---|
| A 11367 | 3390000 | | |

PAYMENT PLAN SELECTED AND CHARGE PER $100.00 OF ANNUAL PREMIUM 6% SIMPLE INTEREST PER ANNUM

[X] Monthly $2.25/$100
[ ] Quarterly $1.88/$100

DUE DATE FOR FUTURE PAYMENTS
[X] 1st of Month — For policies effective from the 1st through the 15th of the month
[ ] 16th of Month — For policies effective from the 16th through the end of the month

[ ] Check if this is Insured's first policy under Plan

| | | FIRST OR CURRENT YEAR | FOR USE WITH TERM POLICIES ONLY | |
|---|---|---|---|---|
| | | | SECOND YEAR | THIRD AND SUBSEQUENT YEARS |
| 1. Premium (Actual, Provisional or Deposit) | | CASH | 20 00 | 20 00 |
| 2. Premium Payment Charge (Refer to Table) | | ADJUSTMENT | 45 | 45 |
| 3. Adjusted Premium (Line 1 plus Line 2) | | | 20 45 | 20 45 |
| 4. Initial Payment (Compute from Table) | | | | |
| 5. Total amount to be paid in subsequent payments (Line 3 minus Line 4) (Second and subsequent years shown on line 3) | | | | |

REG   COMPANY COPY TO BUREAU   COPY
S.F. OF. 5-19-76

This endorsement is issued for attachment to and is hereby made a part of the policy designated above and is effective as of the date indicated, said endorsement in the case of a term policy being supplementary to the endorsement already appearing on such policy providing for payment of premium in annual installments.

It is agreed that the premium shall be adjusted as indicated above to include a charge for the privilege of extended payments under this endorsement and shall be payable in accordance with one of the following plans as indicated above. (For this purpose the word "premium" is understood to mean the annual premium or, in the case of a term policy, each annual installment of premium or, in the case of a reporting or auditable form of policy, the amount of provisional or deposit premium required under the terms of the policy.)

Monthly Plan - The adjusted premium shall be divided into twelve parts, the first two of which shall be paid on or before inception date and the remainder one part at a time at successive monthly intervals on the due date specified above.

Quarterly Plan-The adjusted premium shall be divided into twelve parts, the first four of which shall be paid on or before inception date and the remainder three parts at a time at successive quarterly intervals on the due date specified above.

If the Insured is in default with respect to any required payment and the company elects to cancel the policy for that stated reason, the cancellation notice shall be made effective as of the end of the period for which the last payment was made and all collected premium payments (except those received on a provisional or deposit basis) shall be deemed to have been earned as of the end of said period, subject to the requirements of law and all provisions of the cancellation clause of the policy to which this endorsement is attached.

Additional or reduced coverage during the policy term and other modifications resulting in a change of the total premium shall be evidenced by further endorsements of the policy, including endorsements amending this Premium Payment Endorsement.

Nothing herein contained shall be held to waive, alter, vary or extend any of the terms or provisions of the policy except as herein stated.

IF ANNUAL PREMIUM IS BELOW $100, INDICATE OTHER POLICIES ENDORSED OR TO BE ENDORSED UNDER PLAN:

TYPE OF POLICY          EFFECTIVE DATE

Signed by:

REGIONAL COPY

AUTHORIZED REPRESENTATIVE

FC652B 20M 5/69

COMPANY COPY

CHANGE AND ATTACH CLAUSE ENDORSEMENT - FOR CB R P   7-23-76 ACS/rfl

Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.

| | |
|---|---|
| Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations or schedule. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective. | SIGNED BY: |
| | AUTHORIZED REPRESENTATIVE |

**COMPANY**

ROYAL GLOBE INSURANCE COMPANY

| END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
|---|---|
| 4-1-76 | PYA 92 03 60 |

Named Insured (and address, zip code when necessary for mailing)

STOCKTON PLATING, INC., ET AL

Producer (and address, zip code, for mailing)

PEIRANO BROTHERS & COMPANY
P. O. BOX 897
STOCKTON, CALIFORNIA 95204

## TIME OF ATTACHMENT

If coverages in the endorsement(s) listed below replace coverages in other policies which terminate at 12:01 A.M. on the inception date of this (these) endorsement(s), this (these) endorsement(s) shall be construed to attach at 12:01 A.M. Standard Time, on its (their) inception date as respects such replaced coverages only, instead of at Noon, Standard Time.

The Policy Part(s) SECTION III, PART 301                    is amended as follows:

AS PER TRANSPORTATION ENDORSEMENT (X68630), ITEM 4,

LIMIT OF LIABILITY, #3 - BY CONVEYANCES SPECIFIED IN (C)

ABOVE IS AMENDED TO $2,500.

NO PREMIUM CHANGE.

### PREMIUM RECAPITULATION

| | ADD'L PREMIUM DUE COMPANY | RETURN PREMIUM DUE INSURED | |
|---|---|---|---|
| DUE AT ENDORSEMENT EFFECTIVE DATE ► | $ | $ | |

### PREMIUM ADJUSTMENT IF THE PREMIUM IS PAYABLE IN ANNUAL INSTALLMENTS

| DATES DUE | ORIGINAL INSTALLMENTS | INCREASE | DECREASE | REVISED INSTALLMENTS |
|---|---|---|---|---|
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| Total Premium to Policy Expiration ► | $ | | $ | |

X68590A



# RED SHIELD
## PREMIUM PAYMENT ENDORSEMENT

7-23-76 ACS/rfl

| POLICY SYMBOL AND NUMBER | NAME OF COMPANY | POLICY EFFECTIVE (OR CONTINUATION) DATE | POLICY EXPIRATION DATE |
|---|---|---|---|
| PYA 92 03 60 | ROYAL GLOBE INSURANCE COMPANY | 4-1-76 | 4-1-79 |

| NAME AND ADDRESS OF INSURED | NAME AND ADDRESS OF PRODUCER | Complete for policy changes only: |
|---|---|---|
| STOCKTON PLATING, INC.ETAL 632 SO. EL DORADO STREET STOCKTON, CALIFORNIA | PEIRANO BROTHERS & COMPANY P. O. BOX 897 STOCKTON, CALIF. 95204 | [X] ADDITIONAL PREMIUM    [ ] REDUCTION IN PREMIUM    DATE OF CHANGE |

NAME AND ADDRESS OF PREMIUM PAYER IF OTHER THAN INSURED.

| INSURED'S ACCOUNT NUMBER | PRODUCER CODE | |
|---|---|---|
| A 11367 | 3390000 | [ ] Check if this is Insured's first policy under Plan |

PAYMENT PLAN SELECTED AND CHARGE PER $100.00 OF ANNUAL PREMIUM
[X] Monthly **2.25**
[ ] Quarterly

DUE DATE FOR FUTURE PAYMENTS
[ ] 1st of Month — For policies effective from the 1st through the 15th of the month
[ ] 16th of Month — For policies effective from the 16th through the end of the month

| | FIRST OR CURRENT YEAR | FOR USE WITH TERM POLICIES ONLY | |
|---|---|---|---|
| | | SECOND YEAR | THIRD AND SUBSEQUENT YEARS |
| 1. Premium (Actual, Provisional or Deposit) | 455 00 | | |
| 2. Premium Payment Charge *(Refer to Table)* | 10 23 | | |
| 3. Adjusted Premium *(Line 1 plus Line 2)* | 465 23 | | |
| 4. Initial Payment *(Compute from Table)* | | | |
| 5. Total amount to be paid in subsequent payments *(Line 3 minus Line 4)* *(Second and subsequent years shown on line 3)* | | | |

This endorsement is issued for attachment to and is hereby made a part of the policy designated above and is effective as of the date indicated, said endorsement in the case of a term policy being supplementary to the endorsement already appearing on such policy providing for payment of premium in annual installments.

It is agreed that the premium shall be adjusted as indicated above to include a charge for the privilege of extended payments under this endorsement and shall be payable in accordance with one of the following plans as indicated above. (For this purpose the word "premium" is understood to mean the annual premium or, in the case of a term policy, each annual installment of premium or, in the case of a reporting or auditable form of policy, the amount of provisional or deposit premium required under the terms of the policy.)

**Monthly Plan** — The adjusted premium shall be divided into twelve parts, the first two of which shall be paid on or before inception date and the remainder one part at a time at successive monthly intervals on the due date specified above.

**Quarterly Plan** — The adjusted premium shall be divided into twelve parts, the first four of which shall be paid on or before inception date and the remainder three parts at a time at successive quarterly intervals on the due date specified above.

If the Insured is in default with respect to any required payment and the company elects to cancel the policy for that stated reason, the cancellation notice shall be made effective as of the end of the period for which the last payment was made and all collected premium payments (except those received on a provisional or deposit basis) shall be deemed to have been earned as of the end of said period, subject to the requirements of law and all provisions of the cancellation clause of the policy to which this endorsement is attached.

Additional or reduced coverage during the policy term and other modifications resulting in a change of the total premium shall be evidenced by further endorsements of the policy, including endorsements amending this Premium Payment Endorsement.

Nothing herein contained shall be held to waive, alter, vary or extend any of the terms or provisions of the policy except as herein stated.

IF ANNUAL PREMIUM IS BELOW $100. INDICATE OTHER POLICIES ENDORSED OR TO BE ENDORSED UNDER PLAN.

Signed by:

| TYPE OF POLICY | EFFECTIVE DATE |
|---|---|

AUTHORIZED REPRESENTATIVE

81829

COMPANY COPY

TO

FROM

*Laura Strauss*

**ACCOUNTS DEPARTMENT**

DEPARTMENT
*P S C*

COMPANY
*P*

DATE
*9 - 23 - 76*

### ENTRY REQUIRED

| ADDITIONAL PREMIUM | RETURN PREMIUM |
|---|---|
| COMPANY 5 | COMPANY 5 *P* |
| POLICY SYMBOL AND NUMBER 6-13 | POLICY SYMBOL AND NUMBER 6-13 *YA920360* |
| PRODUCER CODE 14-20 | PRODUCER CODE 14-20 *3390000* |

| Effective Date | Amount | Effective Date | Amount |
|---|---|---|---|
| | | *7-1-76* | *$10.23* |

| | Entered As | | Should Be |
|---|---|---|---|
| A/P | R/P | A/P | R/P |
| | | | |

ENTRY DATE OF ITEM BEING CORRECTED
*8 - 25 - 76*

### TYPE OF ERROR

**ENTRY**
- ☐ PRODUCER CODE ERROR
- ☐ PREMIUM ERROR
- ☐ ENTERED IN DUPLICATE – ONE RECORD
- ☐ STAMPED "ENTERED", BUT ENTRY CANNOT BE LOCATED
- ☐ TOTAL PREMIUM ENTERED INSTEAD OF INSTALLMENT

**UNDERWRITING SERVICE**
- ☐ PRODUCER CODE ERROR
- ☐ PREMIUM ERROR
- ☐ STAMPED "NO ENTRY" IN ERROR
- ☐ ENDORSEMENT ATTACHED TO WRONG DAILY (APP.)
- ☐ TOTAL PREMIUM CODED INSTEAD OF INSTALLMENT
- ☐ INCORRECT DATE (INCEPTION, INSTALLMENT, CANCELLATION)
- ☐ POLICY TYPING ERROR

**☐ MONEY TRANSACTION NOT ENTERED**

**OTHER**
- ☐ DUPLICATE ENTRY FROM DUPLICATE RECORD
- ☐ INSTALLMENT PREMIUM NOT RECEIVED (DAILY O.K.)
- ☐ ELECTRONIC AUTO POLICY
- ☒ MISC. *see over*

| ADDITIONAL PREMIUM | | | | | | | RETURN PREMIUM | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| End't. Date | Current Installment | Comm | Next Date | Installment | Comm | | End't. Date | Current Installment | Comm | Next Install. Date | Next Installment | Comm |
| Mo | | | Mo | | | | Mo | | | Mo | | |
| Day | | | Day | | | | Day | | | Day | | |
| Yr | | | Yr | | | | Yr | | | Yr | | |

### AUTO-GENERAL LIABILITY, B.I., P.D

| ENTRY | | | N/R | TRANS. | | | DEP | L I N E | F O R M | CLASS | INDUS | FLT.DIS | | EXPOSURE | TAX STATE | SZ TERR | PT M.L. | ACP PER | AUD | TE-RM | EFF. | | EXPIR. | | PREMIUM EXCEPT P.D. | COMM | P.D. PREMIUM | COMM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KD | TYP | SPL | 4 | ID | TYP | SUP | 24 | 25-26 | 27-28 | CLASS DISC | BIL | SF | DR | UMI | | | | | | | MO | YR | MO | YR | | | | |
| 1 | 2 | 3 | | 21 | 22 | 23 | | | | 29 - 32 | 33 | 34 | 35 | - 36 37 | - 41 | 42-43 | 44-45 | 46 | 47 | 48 | 49 | 50-51 | 52 | 53-54 | 55 - 60 | 61-63 | 64 - 69 | 70-72 |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | |

### AUTO-PHYS. DAMAGE

| ENTRY | | | N/R | TRANS. | | | DEP | L I N E | F O R M | SPEC DISC | EXPOS | CLASS | AGE | COV. | TERR. | S.D. | TAX STATE | LOCATION | TE-RM | EFF. | | EXPIR. | | PREMIUM | COMM | ENTRY STAMP |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KD | TYP | SPL | 4 | ID | TYP | SUP | 24 | 25-26 | 27-28 | 29 | 30-31 | 32-34 | 35 | 36-37 | 38 - 39 | 40-41 | 42-43 | 44 - 47 | 48 | 49 | 50-51 | 52 | 53-54 | 55 - 60 | 61-63 | |
| 1 | 2 | 3 | | 21 | 22 | 23 | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | |

### BOND

| ENTRY | | | N/R | TRANS. | | | DEP | L I N E | F O R M | CLASS | AMT.OF COV. FID. ALT.OF COV.SUR. | DED FIB. | FORM | NO.OF EMP | COV.RATE OR RULE VAR.CODE | EXP. | TAX STATE | R.I.CODE & MAN. | CO.-SUR. | TE-RM | EFF. | | EXPIR. | | PREMIUM | COMM | RESERVE PREMIUM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KD | TYP | SPL | 4 | ID | TYP | SUP | 24 | 25-26 | 27-28 | 29 - 32 | 33 - 34 | 35-36 | 37-38 | 39 | 40-41 | 42-43 | 44-46 | 47 | 48 | 49 | 50-51 | 52 | 53-54 | 55 - 60 | 61-63 | 73 | 74 |
| 1 | 2 | 3 | | 21 | 22 | 23 | | | | | | | | | | | | | | | | | | | | | |

FC186S



# RED SHIELD

## PREMIUM PAYMENT ENDORSEMENT

4-22-77 ACS/rr

| POLICY SYMBOL AND NUMBER | NAME OF COMPANY | POLICY EFFECTIVE (OR CONTINUATION) DATE | POLICY EXPIRATION DATE |
|---|---|---|---|
| PYA 92 03 60 | ROYAL GLOBE INSURANCE CO. | 4-1-76 | 4-1-79 |

| NAME AND ADDRESS OF INSURED | NAME AND ADDRESS OF PRODUCER | Complete for policy changes only: |
|---|---|---|
| STOCKTON PLATING INC., ETAL<br>632 S. EL DORADO ST.<br>STOCKTON, CA. | PEIRANO BROTHERS & CO.<br>P. O. BOX 897<br>STOCKTON, CA. 95204 | ☐ ADDITIONAL PREMIUM   ☒ REDUCTION IN PREMIUM<br>DATE OF CHANGE<br>7-1-76<br>NAME AND ADDRESS OF PREMIUM PAYER IF OTHER THAN INSURED. |

(TO REVERSE PREVIOUS RSPP ENDT.)

| INSURED'S ACCOUNT NUMBER | PRODUCER CODE |  |  |
|---|---|---|---|
| A11367 | 3390000 | ☐ Check if this is Insured's first policy under Plan | |

PAYMENT PLAN SELECTED AND CHARGE PER $100.00 OF ANNUAL PREMIUM
- ☒ Monthly 2.25
- ☐ Quarterly

DUE DATE FOR FUTURE PAYMENTS
- ☒ 1st of Month — For policies effective from the 1st through the 15th of the month
- ☐ 16th of Month — For policies effective from the 16th through the end of the month

| | FIRST OR CURRENT YEAR | FOR USE WITH TERM POLICIES ONLY | |
|---|---|---|---|
| | | SECOND YEAR | THIRD AND SUBSEQUENT YEARS |
| 1. Premium (Actual, Provisional or Deposit) | ( CASH ADJUST.) | 546.00 | 546.00 |
| 2. Premium Payment Charge (Refer to Table) | | 12.28 | 12.28 |
| 3. Adjusted Premium (Line 1 plus Line 2) | | 558.28 | 558.28 |
| 4. Initial Payment (Compute from Table) | | | |
| 5. Total amount to be paid in subsequent payments (Line 3 minus Line 4) (Second and subsequent years shown on line 3) | | | |

This endorsement is issued for attachment to and is hereby made a part of the policy designated above and is effective as of the date indicated, said endorsement in the case of a term policy being supplementary to the endorsement already appearing on such policy providing for payment of premium in annual installments.

It is agreed that the premium shall be adjusted as indicated above to include a charge for the privilege of extended payments under this endorsement and shall be payable in accordance with one of the following plans as indicated above. (For this purpose the word "premium" is understood to mean the annual premium or, in the case of a term policy, each annual installment of premium or, in the case of a reporting or auditable form of policy, the amount of provisional or deposit premium required under the terms of the policy.)

**Monthly Plan** — The adjusted premium shall be divided into twelve parts, the first two of which shall be paid on or before inception date and the remainder one part at a time at successive monthly intervals on the due date specified above.

**Quarterly Plan** — The adjusted premium shall be divided into twelve parts, the first four of which shall be paid on or before inception date and the remainder three parts at a time at successive quarterly intervals on the due date specified above.

If the Insured is in default with respect to any required payment and the company elects to cancel the policy for that stated reason, the cancellation notice shall be made effective as of the end of the period for which the last payment was made and all collected premium payments (except those received on a provisional or deposit basis) shall be deemed to have been earned as of the end of said period, subject to the requirements of law and all provisions of the cancellation clause of the policy to which this endorsement is attached.

Additional or reduced coverage during the policy term and other modifications resulting in a change of the total premium shall be evidenced by further endorsements of the policy, including endorsements amending this Premium Payment Endorsement.

Nothing herein contained shall be held to waive, alter, vary or extend any of the terms or provisions of the policy except as herein stated.

IF ANNUAL PREMIUM IS BELOW $100, INDICATE OTHER POLICIES ENDORSED OR TO BE ENDORSED UNDER PLAN:

Signed by:

TYPE OF POLICY          EFFECTIVE DATE

AUTHORIZED REPRESENTATIVE

31829



## RED SHIELD
## PREMIUM PAYMENT ENDORSEMENT

| POLICY SYMBOL AND NUMBER | NAME OF COMPANY | POLICY EFFECTIVE (OR CONTINUATION) DATE | POLICY EXPIRATION DATE |
|---|---|---|---|
| PYA 92 03 60 | ROYAL GLOBE INS. CO. | APR. 1, 1976 | APR. 1, 1979 |

| NAME AND ADDRESS OF INSURED | NAME AND ADDRESS OF PRODUCER | Complete for policy changes only: |
|---|---|---|
| STOCKTON PLATING, INC., ETAL<br>632 SO. EL DORADO STREET<br>STOCKTON, CALIFORNIA | PEIRANO BROTHERS & CO.<br>P.O. BOX 897<br>STOCKTON, CA., 95204 | ☐ ADDITIONAL PREMIUM   ☒ REDUCTION IN PREMIUM<br>DATE OF CHANGE<br><br>NAME AND ADDRESS OF PREMIUM PAYER IF OTHER THAN INSURED. |

| INSURED'S ACCOUNT NUMBER | PRODUCER CODE | | |
|---|---|---|---|
| A11367 | 3390000 | ☐ Check if this is Insured's first policy under Plan | (TO REVERSE PREVIOUS R.S.PP.END'T.) |

PAYMENT PLAN SELECTED AND CHARGE PER $100.00 OF ANNUAL PREMIUM   ☒ Monthly   ☐ Quarterly

DUE DATE FOR FUTURE PAYMENTS
☐ 1st of Month — For policies effective from the 1st through the 15th of the month
☐ 16th of Month — For policies effective from the 16th through the end of the month

| | FIRST OR CURRENT YEAR | FOR USE WITH TERM POLICIES ONLY |  |
|---|---|---|---|
| | | SECOND YEAR | THIRD AND SUBSEQUENT YEARS |
| 1. Premium (Actual, Provisional or Deposit) | 455 00 | | |
| 2. Premium Payment Charge (Refer to Table) | 10 23 | | |
| 3. Adjusted Premium (Line 1 plus Line 2) | 465 23 | | |
| 4. Initial Payment (Compute from Table) | | | |
| 5. Total amount to be paid in subsequent payments (Line 3 minus Line 4) (Second and subsequent years shown on line 3) | 09-23-76/KH | | |

This endorsement is issued for attachment to and is hereby made a part of the policy designated above and is effective as of the date indicated, said endorsement in the case of a term policy being supplementary to the endorsement already appearing on such policy providing for payment of premium in annual installments.

It is agreed that the premium shall be adjusted as indicated above to include a charge for the privilege of extended payments under this endorsement and shall be payable in accordance with one of the following plans as indicated above. (For this purpose the word "premium" is understood to mean the annual premium or, in the case of a term policy, each annual installment of premium or, in the case of a reporting or auditable form of policy, the amount of provisional or deposit premium required under the terms of policy.)

**Monthly Plan** —— The adjusted premium shall be divided into twelve parts, the first two of which shall be paid on or before inception date and the remainder one part at a time at successive monthly intervals on the due date specified above.

**Quarterly Plan** —— The adjusted premium shall be divided into twelve parts, the first four of which shall be paid on or before inception date and the remainder three parts at a time at successive quarterly intervals on the due date specified above.

If the Insured is in default with respect to any required payment and the Company elects to cancel the policy for that stated reason, the cancellation notice shall be made effective as of the end of the period for which the last payment was made and all collected premium payments (except those received on a provisional or deposit basis) shall be deemed to have been earned as of the end of said period, subject to the requirements of law and all provisions of the cancellation clause of the policy to which this endorsement is attached.

Additional or reduced coverage during the policy term and other modifications resulting in a change of the total premium shall be evidenced by further endorsements of the policy, including endorsements amending this Premium Payment Endorsement.

Nothing herein contained shall be held to waive, alter, vary or extend any of the terms or provisions of the policy except as herein stated.

IF ANNUAL PREMIUM IS BELOW $100, INDICATE OTHER POLICIES ENDORSED OR TO BE ENDORSED UNDER PLAN:

TYPE OF POLICY          EFFECTIVE DATE

Signed by:

AUTHORIZED REPRESENTATIVE

81829



# RED SHIELD
## PREMIUM PAYMENT ENDORSEMENT

| POLICY SYMBOL AND NUMBER | NAME OF COMPANY | POLICY EFFECTIVE (OR CONTINUATION) DATE | POLICY EXPIRATION DATE |
|---|---|---|---|
| PYA 92 03 60 | ROYAL GLOBE INS.CO. | APR.1,1976 | APR.1,1979 |

| NAME AND ADDRESS OF INSURED | NAME AND ADDRESS OF PRODUCER | Complete for policy changes only: |
|---|---|---|
| STOCKTON PLATING,INC.,ETAL 632 SO. EL DORADO STREET STOCKTON, CA. | PEIRANO BROTHERS & CO. P.O. BOX 897 STOCKTON,CA.,95204 | [X] ADDITIONAL PREMIUM   [ ] REDUCTION IN PREMIUM  DATE OF CHANGE  NAME AND ADDRESS OF PREMIUM PAYER IF OTHER THAN INSURED. |

| INSURED'S ACCOUNT NUMBER | PRODUCER CODE | | Check if this is Insured's first policy under Plan | | FOR USE WITH TERM POLICIES ONLY | |
|---|---|---|---|---|---|---|
| A11367 | 3390000 | | [ ] | FIRST OR CURRENT YEAR | SECOND YEAR | THIRD AND SUBSEQUENT YEARS |

PAYMENT PLAN SELECTED AND CHARGE PER $100.00 OF ANNUAL PREMIUM: [X] Monthly **2.25** [ ] Quarterly

DUE DATE FOR FUTURE PAYMENTS: [X] 1st of Month *For policies effective from the 1st through the 15th of the month*  [ ] 16th of Month *For policies effective from the 16th through the end of the month*

| | FIRST OR CURRENT YEAR | SECOND YEAR | THIRD AND SUBSEQUENT YEARS |
|---|---|---|---|
| 1. Premium (Actual, Provisional or Deposit) | (CASH ADJUST ) | 546 00 | 546 00 |
| 2. Premium Payment Charge *(Refer to Table)* | | 12 28 | 12 28 |
| 3. Adjusted Premium *(Line 1 plus Line 2)* | | 558 28 | 558 28 |
| 4. Initial Payment *(Compute from Table)* | | | |
| 5. Total amount to be paid in subsequent payments *(Line 3 minus Line 4)* *(Second and subsequent years shown on line 3)* | 09-23-76/KH | | |

This endorsement is issued for attachment to and is hereby made a part of the policy designated above and is effective as of the date indicated, said endorsement in the case of a term policy being supplementary to the endorsement already appearing on such policy providing for payment of premium in annual installments.

It is agreed that the premium shall be adjusted as indicated above to include a charge for the privilege of extended payments under this endorsement and shall be payable in accordance with one of the following plans as indicated above. (For this purpose the word "premium" is understood to mean the annual premium or, in the case of a term policy, each annual installment of premium or, in the case of a reporting or auditable form of policy, the amount of provisional or deposit premium required under the terms of the policy.)

**Monthly Plan** — The adjusted premium shall be divided into twelve parts, the first two of which shall be paid on or before inception date and the remainder one part at a time at successive monthly intervals on the due date specified above.

**Quarterly Plan** — The adjusted premium shall be divided into twelve parts, the first four of which shall be paid on or before inception date and the remainder three parts at a time at successive quarterly intervals on the due date specified above.

If the Insured is in default with respect to any required payment and the company elects to cancel the policy for that stated reason, the cancellation notice shall be made effective as of the end of the period for which the last payment was made and all collected premium payments (except those received on a provisional or deposit basis) shall be deemed to have been earned as of the end of said period, subject to the requirements of law and all provisions of the cancellation clause of the policy to which this endorsement is attached.

Additional or reduced coverage during the policy term and other modifications resulting in a change of the total premium shall be evidenced by further endorsements of the policy, including endorsements amending this Premium Payment Endorsement.

Nothing herein contained shall be held to waive, alter, vary or extend any of the terms or provisions of the policy except as herein stated.

IF ANNUAL PREMIUM IS BELOW $100, INDICATE OTHER POLICIES ENDORSED OR TO BE ENDORSED UNDER PLAN:

TYPE OF POLICY          EFFECTIVE DATE

Signed by: REG

AUTHORIZED REPRESENTATIVE

81829

**CHANGE AND ATTACHING USE ENDORSEMENT — FOR CBP AN** 7-23-76 A0S/zf1

Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in poli declarations.

| | |
|---|---|
| Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations or schedule. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective. | SIGNED BY: |
| | AUTHORIZED REPRESENTATIVE |

| COMPANY | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
|---|---|---|
| ROYAL GLOBE INSURANCE COMPANY | 7-1-76 | PYA 92 03 60 |

**Named Insured (and address, zip code when necessary for mailing)**

STOCKTON PLATING, INC., ET AL

**Producer (and address, zip code, for mailing)**

PEIRANO BROTHERS & COMPANY
P. O. BOX 897
STOCKTON, CALIFORNIA 95204

## TIME OF ATTACHMENT

If coverages in the endorsement(s) listed below replace coverages in other policies which terminate at 12:01 A.M. on the inception date of this (these) endorsement(s), this (these) endorsement(s) shall be construed to attach at 12:01 A.M. Standard Time, on its (their) inception date as respects such replaced coverages only, instead of at Noon, Standard Time.

The Policy Part(s)   SECTION I, PART 101   is amended as follows:

BLANKET IN BUILDINGS IS INCREASED FROM $363,000.

TO $413,000.

ADD LOCATION #11)  319 – 3RD STREET
BRODERICK, CALIFORNIA

ADDITIONAL INSURED FOR LOCATION #11, BLDG. #1 IS:

LINDA SCHNEIDER & JUDY SCHNEIDER
929 – 44TH STREET
SACRAMENTO, CALIFORNIA 95819



RE  COMPANY COPY TO  COPY
2/29/

CASH ADJUSTMENT

### PREMIUM RECAPITULATION

| DUE AT ENDORSEMENT EFFECTIVE DATE ► | ADD'L PREMIUM DUE COMPANY | RETURN PREMIUM DUE INSURED | |
|---|---|---|---|
| | $ 455 | $ | |

### PREMIUM ADJUSTMENT IF THE PREMIUM IS PAYABLE IN ANNUAL INSTALLMENTS

| DATES DUE | ORIGINAL INSTALLMENTS | INCREASE | DECREASE | REVISED INSTALLMENTS |
|---|---|---|---|---|
| 4-1-77 | $10,397. | $ 546 | $ | $ 10,943. |
| 4-1-78 | $10,397. | $ 546 | $ | $ 10,943. |
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| Total Premium to Policy Expiration ► | $ | | $ | |

X68590A

## CHANGE AND ATTACHING CLAUSE ENDORSEMENT

ROYAL-GLOBE INSURANCE COMPANIES

This endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective.

SIGNED BY:

AUTHORIZED REPRESENTATIVE

| NAME OF COMPANY | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
|---|---|---|
| ROYAL GLOBE INSURANCE CO. | 7-1-76 | PYA 92 03 60 |

NAMED INSURED (AND ADDRESS, ZIP CODE WHEN NECESSARY FOR MAILING)

STOCKTON PLATING INC., ETAL.

PRODUCER (AND ADDRESS, ZIP CODE, FOR MAILING)

PEIRANO BROTHERS & CO.
P. O. BOX 897
STOCKTON, CA. 95204

TIME OF ATTACHMENT        **"REVISED"**

If coverages in the endorsement(s) listed below replace coverages in other policies which terminate at 12:01 A.M. on the inception date of this (these) endorsement(s), this (these) endorsement(s) shall be construed to attach at 12:01 A.M. Standard Time, on its (their) inception date as respects such replaced coverages only, instead of at Noon, Standard Time.

The Policy Part **SECT. 1**
**PART 101**        is amended as follows:

BLANKET IN BUILDINGS IS INCREASED FROM $363,000. TO $413,000.

ADD LOCATION #11)    319 - 3RD ST.
                     BRODERICK, CA.

ADDITIONAL INSURED FOR LOCATION #11, BLDG. #1 IS:

LINDA SCHNEIDER & JUDY SCHNEIDER
929 - 44TH ST.
SACRAMENTO, CA. 95819

**"CASH ADJUSTMENT"**

(P/R .833)                 PREMIUM RECAPITULATION

| | ADDITIONAL PREMIUM | RETURN PREMIUM | |
|---|---|---|---|
| Due at Endorsement Effective Date ▶ | $ 152.00 | $ | |

PREMIUM ADJUSTMENT IF THE PREMIUM IS PAYABLE IN ANNUAL INSTALLMENTS

| DATES DUE | ORIGINAL INSTALLMENTS | INCREASE | DECREASE | REVISED INSTALLMENTS |
|---|---|---|---|---|
| 4-1-77 | $ 10,397.00 | $ 182.00 | $ | $ 10,579.00 |
| 4-1-78 | $ 10,397.00 | $ 182.00 | $ | $ 10,579.00 |
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| Total Premium to Policy Expiration ▶ | $ | $ | | |

81097

COMPANY COPY

CBP



# RED SHIELD
## PREMIUM PAYMENT ENDORSEMENT

**4-22-77 ACS/rr**

| POLICY SYMBOL AND NUMBER | NAME OF COMPANY | POLICY EFFECTIVE (OR CONTINUATION) DATE | POLICY EXPIRATION DATE |
|---|---|---|---|
| PYA 92 03 60 | ROYAL GLOBE INS. CO. | 4-1-76 | 4-1-79 |

| NAME AND ADDRESS OF INSURED | NAME AND ADDRESS OF PRODUCER | Complete for policy changes only: |
|---|---|---|
| STOCKTON PLATING INC. ETAL. 532 S. EL DORADO ST. STOCKTON, CA. | PEIRANO BROTHERS & CO. P. O. BOX 897 STOCKTON, CA. 95204 | [X] ADDITIONAL PREMIUM   [ ] REDUCTION IN PREMIUM |

DATE OF CHANGE
**7-1-76**

NAME AND ADDRESS OF PREMIUM PAYER IF OTHER THAN INSURED.

| INSURED'S ACCOUNT NUMBER | PRODUCER CODE | Check if this is Insured's first policy under Plan | **(REVISED)** |
|---|---|---|---|
| A11367 | 3390000 | [ ] | |

PAYMENT PLAN SELECTED AND CHARGE PER $100.00 OF ANNUAL PREMIUM — [X] Monthly **2.25**   [ ] Quarterly

DUE DATE FOR FUTURE PAYMENTS
[X] 1st of Month — For policies effective from the 1st through the 15th of the month
[ ] 16th of Month — For policies effective from the 16th through the end of the month

|  | FIRST OR CURRENT YEAR | FOR USE WITH TERM POLICIES ONLY |  |
|---|---|---|---|
|  |  | SECOND YEAR | THIRD AND SUBSEQUENT YEARS |
| 1. Premium (Actual, Provisional or Deposit) | (CASH ADJUSTMENT) | 182.00 | 182.00 |
| 2. Premium Payment Charge (Refer to Table) | | 4.09 | 4.09 |
| 3. Adjusted Premium (Line 1 plus Line 2) | | 186.09 | 186.09 |
| 4. Initial Payment (Compute from Table) | | | |
| 5. Total amount to be paid in subsequent payments (Line 3 minus Line 4) (Second and subsequent years shown on line 3) | | | |

This endorsement is issued for attachment to and is hereby made a part of the policy designated above and is effective as of the date indicated, said endorsement in the case of a term policy being supplementary to the endorsement already appearing on such policy providing for payment of premium in annual installments.

It is agreed that the premium shall be adjusted as indicated above to include a charge for the privilege of extended payments under this endorsement and shall be payable in accordance with one of the following plans as indicated above. (For this purpose the word "premium" is understood to mean the annual premium or, in the case of a term policy, each annual installment of premium, or, in the case of a reporting or auditable form of policy, the amount of provisional or deposit premium required under the terms of the policy.)

**Monthly Plan** — The adjusted premium shall be divided into twelve parts, the first two of which shall be paid on or before inception date and the remainder one part at a time at successive monthly intervals on the due date specified above.

**Quarterly Plan** — The adjusted premium shall be divided into twelve parts, the first four of which shall be paid on or before inception date and the remainder three parts at a time at successive quarterly intervals on the due date specified above.

If the Insured is in default with respect to any required payment and the company elects to cancel the policy for that stated reason, the cancellation notice shall be made effective as of the end of the period for which the last payment was made and all collected premium payments except those received on a provisional or deposit basis) shall be deemed to have been earned as of the end of said period, subject to the requirements of law and all provisions of the cancellation clause of the policy to which this endorsement is attached.

Additional or reduced coverage during the policy term and other modifications resulting in a change of the total premium shall be evidenced by further endorsements of the policy, including endorsements amending this Premium Payment Endorsement.

Nothing herein contained shall be held to waive, alter, vary or extend any of the terms or provisions of the policy except as herein stated.

IF ANNUAL PREMIUM IS BELOW $100, INDICATE OTHER POLICIES ENDORSED OR TO BE ENDORSED UNDER PLAN:

Signed by:

TYPE OF POLICY        EFFECTIVE DATE

AUTHORIZED REPRESENTATIVE

1829

COMPANY COPY

4-22477 ACS/rr

## CHANGE AND ATTACHING CLAUSE ENDORSEMENT

ROYAL-GLOBE INSURANCE COMPANIE

This endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective.

SIGNED BY:

AUTHORIZED REPRESENTATIVE

| NAME OF COMPANY | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
|---|---|---|
| ROYAL GLOBE INSURANCE CO. | 7-1-76 | PYA 92 03 60 |

NAMED INSURED (AND ADDRESS, ZIP CODE WHEN NECESSARY FOR MAILING)

STOCKTON PLATING, INC., ETAL.

PRODUCER (AND ADDRESS, ZIP CODE, FOR MAILING)

PEIRANO BROTHERS & CO.
P. O. BOX 897
STOCKTON, CA. 95204

TIME OF ATTACHMENT          "REVERSING"

If coverages in the endorsement(s) listed below replace coverages in other policies which terminate at 12:01 A.M. on the inception date of this (these) endorsement(s), this (these) endorsement(s) shall be construed to attach at 12:01 A.M. Standard Time, on its (their) inception date as respects such replaced coverages only, instead of at Noon, Standard Time.

The Policy Part **SECT. 1**
**PART 101**          is amended as follows:

BLANKET IN BUILDINGS IS INCREASED FROM $363,000. to $413,000.

ADD LOCATION #11)     319 - 3RD ST.
                      BRODERICK, CA.

ADDITIONAL INSURED FOR LOCATION #11, BLDG. #1 IS:
                LINDA SCHNEIDER & JUDY SCHNEIDER
                929 - 44TH ST.
                SACRAMENTO, CA. 95819

"CASH ADJUSTMENT"

### PREMIUM RECAPITULATION

| | ADDITIONAL PREMIUM | RETURN PREMIUM | |
|---|---|---|---|
| Due at Endorsement Effective Date ▶ | $ | $ 455.00 | |

### PREMIUM ADJUSTMENT IF THE PREMIUM IS PAYABLE IN ANNUAL INSTALLMENTS

| DATES DUE | ORIGINAL INSTALLMENTS | INCREASE | DECREASE | REVISED INSTALLMENTS |
|---|---|---|---|---|
| 4-1-77 | $ 10,943.00 | $ | $ 546.00 | $ 10,397.00 |
| 4-1-78 | $ 10,943.00 | $ | $ 546.00 | $ 10,397.00 |
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| Total Premium to Policy Expiration ▶ | $ | $ | | |

81097

COMPANY COPY

CBP

PYA 92 03 60

| B | PROD. | ENTRY | COMP. 20% |
| SUBPRODUCER NAME | | RENEWS OR REPLACES | OF PRODUCER |
| B | 3390000 | | BXR | LIC | REG | BORO | S.F. ENTRY |
| | | NEW | | ENTD | |

SYMBOL & NUMBER  YA 92 03 60     COMPANY  ROYAL GLOBE INSURANCE COMPANY  WRITTEN IN _____ OFFICE

MAY 26 1976

Named Insured & Address

STOCKTON PLATING, INC., ETAL.
632 SO. EL DORADO STREET
STOCKTON, CALIFORNIA

PEIRANO BROTHERS & COMPANY
P. O. BOX 897
STOCKTON, CALIFORNIA 95204

The NAMED INSURED is: ☐ Individual  ☒ Corporation  ☐ Partnership  ☐ Joint Venture  ☐ Other

POLICY PERIOD  From: APR. 1, 1976  To APR. 1, 1979    12:00 Noon (Standard Time) at Location of Described Property    BUSINESS OF NAMED INSURED  ELECTROPLATING

| ITEM | LOCATION OF PREMISES ☒ SUPPLEMENTAL DECLARATIONS ENDORSEMENT IS ATTACHED IF INDICATED BY ENTRY OF AN "X" | OCCUPANCY | PART OCCUPIED BY NAMED INSURED | NAMED INSURED'S INTEREST |

REG COMPANY COPY TO BUREAU S.F. OFF 4-7-76 COPY

Insurance is provided only with respect to the premises described above and only under those Sections and Parts, against those perils and those coverages for which an amount of insurance or Limit of Liability is shown in these Declarations or in other Declarations or schedules incorporated in the policy, subject to all the terms of the policy and endorsements made a part hereof. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of the policy, having reference thereto.  COVERAGES HEREUNDER ARE SUBJECT TO DEDUCTIBLE CLAUSES, IF ANY, CONTAINED IN THE POLICY.

| SECTION I | PART(S) (INSERT NUMBER) | COVERAGES | OTHER PERILS IF ANY | COINS. % | AMOUNTS OF INSURANCE |
|---|---|---|---|---|---|
| PROPERTY COVERAGES | 101 | { Buildings BLANKET { Contents BLANKET Add'l Coverage (Specify) | V & M M ALL & RISK | 90 90 | $ 363,000. 490,000. |
| PERILS INSURED AGAINST LIGHTNING AND EXTENDED COVERAGE | 102 | EXTRA EXPENSE | V & M M | -- | PER PART 102 |

MORTGAGE CLAUSE:  SUBJECT TO THE PROVISIONS OF THE MORTGAGE CLAUSE ATTACHED HERETO, LOSS, IF ANY, ON BUILDING ITEMS SHALL BE PAYABLE TO: BANK OF AMERICA NT & SA, 110 E. WEBER, STOCKTON, CA. 95202

| SECTION II | PART(S) | COVERAGES | LIMITS OF LIABILITY | | | | |
|---|---|---|---|---|---|---|---|
| | | | BODILY INJURY | | | PROPERTY DAMAGE | |
| | | | EACH PERSON $ | EACH OCCURRENCE* $ | AGGREGATE $ | EACH OCCURRENCE $ | AGGREGATE $ |
| GENERAL LIABILITY, AUTOMOBILE LIABILITY AND PHYSICAL DAMAGE | 201 | COMP. GENERAL LIAB. | ---,000 | 500,000 | 500,000 | 500,000 | 500,000 |
| | | | ,000 | ,000 | ,000 | ,000 | ,000 |
| | | | ,000 | ,000 | ,000 | ,000 | ,000 |
| | | | ,000 | ,000 | ,000 | ,000 | ,000 |
| | | | ,000 | ,000 | ,000 | ,000 | ,000 |
| | | | ,000 | ,000 | ,000 | ,000 | ,000 |
| OTHER | | | ,000 | ,000 | ,000 | ,000 | ,000 |

| SECTION III | PART(S) | COVERAGES | AMOUNTS OF INSURANCE |
|---|---|---|---|
| INLAND MARINE AND GLASS | 301 | TRANSPORTATION | $ PER X68630A |

RECEIVED

| SECTION IV | PART(S) | COVERAGES | LIMITS OF LIABILITY |
|---|---|---|---|
| CRIME | 403 | BURGLARY | ☒ Limits as stated in the Part and Endorsement, if indicated by entry of an "X". |

SEE SEC.

| SECTION V | PART(S) | COVERAGES | LIMIT PER ACCIDENT |
|---|---|---|---|
| BOILER AND MACHINERY | | The insurance afforded under Section V of the policy is only with respect to Boiler and Machinery Form (X68760), including the Schedule (X68761), subject to all terms of the insurance having reference thereto. | ☐ Limits as stated in the Schedule(s) if indicated by entry of an "X". |

SCHEDULES, FORMS AND ENDORSEMENTS ATTACHED AT TIME OF ISSUANCE

PER FORM CL20029 ATTACHED.

| | | AMOUNT PAYABLE | AMOUNT PAYABLE |
|---|---|---|---|
| PREMIUM | $ 31,131.00 | $ 10,377.00 at inception | $ 10,377.00 each anniversary |

countersignature date  APRIL 1, 1976    Agency at  STOCKTON, CALIFORNIA

Agent

*"EACH ACCIDENT" as respects "PREMISES MEDICAL PAYMENTS"

P69044A

6/22/78 WB(STH)

# PREMIUM ADJUSTMENT ENDORSEMENT

ROYAL-GLOBE INSURANCE COMPANIES

| POLICY SYMBOL & NUMBER | NAME OF COMPANY |
|---|---|
| PYA 92 03 60 | ROYAL GLOBE INSURANCE CO. |

NAME OF INSURED

STOCKTON PLATING, INC., ETAL.

ADDRESS OF INSURED

632 SO. EL DORADO STREET, STOCKTON, CA.

PRODUCER

ROLLINS, BURDICK, HUNTER OF NO. CALIF.

ADJUSTMENT PERIOD COVERED

FROM 4/1/77 TO 4/1/78

| SECTION | COVERAGE | DESCRIPTION OF CHANGE |
|---|---|---|
| I | XX Property Damage<br>XX Business Income<br>☐ Glass | AUDIT BILLING<br>NO CHARGE<br>NO CHARGE<br>EXCLUDED |
| II | XX General Liability | $1,450. A/P |
| III | ☐ Automobile Liability and Physical Damage | EXCLUDED<br>EXCLUDED |
| IV | ☐ Boiler and Machinery | EXCLUDED |
| V | XX Inland Marine | NO CHARGE<br>REG COMPANY COPY TO BUREAU S.F. CFH JUN 2 2 1978 COPY |
| VI | ☐ Crime | EXCLUDED |

In accordance with the provisions of your Business Comprehensive Policy, the following premium adjustment has been made as a result of the changes indicated above.

## Premium Recapitulation

| ☐ Due Insured for Premium Adjustment Period $ | ☒ Due Company for Premium Adjustment Period $ | 1,450. |
|---|---|---|

Premium adjustment if the Premium is payable in annual installments

| Dates Due | Current Installments | Increase | Decrease | Revised Installments |
|---|---|---|---|---|
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| | Total Premium to Policy Expiration $ | | $ | $ |

DATE _____    SIGNED BY (AUTHORIZED REPRESENTATIVE) _____

81096 A

# PREMIUM ADJUSTING T ENDORSEMENT

**ROYAL-GLOBE INSURANCE COMPANII**

| POLICY SYMBOL & NUMBER | NAME OF COMPANY | |
|---|---|---|
| PYA 92 03 60 | ROYAL GLOBE INS.CO. | (4-19-78/KH/SS) |

NAME OF INSURED

STOCKTON PLATING,INC.,ETAL

ADDRESS OF INSURED

632 SO. EL DORADO ST.,STOCKTON,CA.

PRODUCER

ROLLINS,BURDICK,HUNTER OF NO.CALIFORNIA

ADJUSTMENT PERIOD COVERED

FROM 4-1-78   TO 4-1-79

| SECTION | COVERAGE | ANNIVERSARY BILLING    DESCRIPTION OF CHANGE |
|---|---|---|
| I | [X] Property Damage | PROP.DAM.--------NO CHANGE |
| | [X] Business Income | BUS.INC.--------NO CHANGE |
| | [ ] Glass | |
| II | [X] General Liability | GEN. LIAB.--------$3,268.00 A/P |
| III | [ ] Automobile Liability and Physical Damage | AUTO LIAB.-----EXCLUDED |
| | | PHY. DAM.------EXCLUDED |
| IV | [ ] Boiler and Machinery | EXCLUDED |
| V | [X] Inland Marine | INLAND MAR.-----NO CHANGE |
| VI | [X] Crime | CRIME-----NO CHANGE |

REGIONAL COPY

REG BURDICK S.F. OFFICE 10 1978 COPY

In accordance with the provisions of your Business Comprehensive Policy, the following premium adjustment has been made as a result of the changes indicated above.

**Premium Recapitulation**

[ ] Due Insured for Premium Adjustment Period $          [ ] Due Company for Premium Adjustment Period $

Premium adjustment if the Premium is payable in annual installments

| Dates Due | Current Installments | Increase | Decrease | Revised Installments |
|---|---|---|---|---|
| 4-1-78 | $ 12,169.00 | $ 3,268.00 | $ | $ 15,437.00 |
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| | Total Premium to Policy Expiration | $ | $ | $ |

DATE

SIGNED BY (AUTHORIZED REPRESENTATIVE)

81096 A

BCP

COMPANY COPY



# RED SHIELD
## PREMIUM PAYMENT ENDORSEMENT

| POLICY SYMBOL AND NUMBER | NAME OF COMPANY | | POLICY EFFECTIVE (OR CONTINUATION) DATE | POLICY EXPIRATION DATE |
|---|---|---|---|---|
| PYA 92 03 60 | ROYAL GLOBE INS.CO. | | 4-1-76 | 4-1-79 |

| NAME AND ADDRESS OF INSURED | NAME AND ADDRESS OF PRODUCER | Complete for policy changes only: |
|---|---|---|
| STOCKTON PLATING,INC.,ETAL 632 SO.EL DORADO ST. STOCKTON,CA. | ROLLINS,BURDICK & HUNTER OF NO. CALIFORNIA P.O. BOX 897 STOCKTON,CA.,95204 | [X] ADDITIONAL PREMIUM   [ ] REDUCTION IN PREMIUM  DATE OF CHANGE  4-1-78  NAME AND ADDRESS OF PREMIUM PAYER IF OTHER THAN INSURED. |

| INSURED'S ACCOUNT NUMBER | PRODUCER CODE | Check if this is Insured's first policy under Plan |
|---|---|---|
| A11367 | 3390000 | [ ] |

| PAYMENT PLAN SELECTED AND CHARGE PER $100.00 OF ANNUAL PREMIUM | [X] Monthly 2.25  [ ] Quarterly | DUE DATE FOR FUTURE PAYMENTS  [X] 1st of Month *For policies effective from the 1st through the 15th of the month*  [ ] 16th of Month *For policies effective from the 16th through the end of the month* |
|---|---|---|

| | FIRST OR CURRENT YEAR | FOR USE WITH TERM POLICIES ONLY | |
|---|---|---|---|
| | | SECOND YEAR | THIRD AND SUBSEQUENT YEARS |
| 1. Premium (Actual, Provisional or Deposit) | | | 3,268 00 |
| 2. Premium Payment Charge *(Refer to Table)* | | | 73 53 |
| 3. Adjusted Premium *(Line 1 plus Line 2)* | | | 3,341 53 |
| 4. Initial Payment *(Compute from Table)* | | | |
| 5. Total amount to be paid in subsequent payments *(Line 3 minus Line 4)* *(Second and subsequent years shown on line 3)* | | (4-19-78/KH/SS) | |

This endorsement is issued for attachment to and is hereby made a part of the policy designated above and is effective as of the date indicated, said endorsement in the case of a term policy being supplementary to the endorsement already appearing on such policy providing for payment of premium in annual installments.

It is agreed that the premium shall be adjusted as indicated above to include a charge for the privilege of extended payments under this endorsement and shall be payable in accordance with one of the following plans as indicated above. (For this purpose the word "premium" is understood to mean the annual premium or, in the case of a term policy, each annual installment of premium or, in the case of a reporting or auditable form of policy, the amount of provisional or deposit premium required under the terms of the policy.)

    **Monthly Plan** — The adjusted premium shall be divided into twelve parts, the first two of which shall be paid on or before inception date and the remainder one part at a time at successive monthly intervals on the due date specified above.

    **Quarterly Plan** — The adjusted premium shall be divided into twelve parts, the first four of which shall be paid on or before inception date and the remainder three parts at a time at successive quarterly intervals on the due date specified above.

If the Insured is in default with respect to any required payment and the company elects to cancel the policy for that stated reason, the cancellation notice shall be made effective as of the end of the period for which the last payment was made and all collected premium payments (except those received on a provisional or deposit basis) shall be deemed to have been earned as of the end of said period, subject to the requirements of law and all provisions of the cancellation clause of the policy to which this endorsement is attached.

Additional or reduced coverage during the policy term and other modifications resulting in a change of the total premium shall be evidenced by further endorsements of the policy, including endorsements amending this Premium Payment Endorsement.

Nothing herein contained shall be held to waive, alter, vary or extend any of the terms or provisions of the policy except as herein stated.

| IF ANNUAL PREMIUM IS BELOW $100, INDICATE OTHER POLICIES ENDORSED OR TO BE ENDORSED UNDER PLAN: | Signed by: |
|---|---|
| TYPE OF POLICY     EFFECTIVE DATE | |

AUTHORIZED REPRESENTATIVE

1829

**PREMIUM ADJUSTMENT ENDORSEMENT**

ROYAL-GLOBE INSURANCE COMPANY

| POLICY SYMBOL & NUMBER | NAME OF COMPANY |
|---|---|
| PYA 92 03 60 | ROYAL GLOBE INS. CO. |

NAME OF INSURED
STOCKTON PLATING, INC., ETAL.

ADDRESS OF INSURED
632 S. EL DORADO ST., STOCKTON, CA.

PRODUCER
ROLLINS, BURDICK, HUNTER

ADJUSTMENT PERIOD COVERED
FROM **4-1-76**  TO **4-1-77**

| SECTION | COVERAGE | DESCRIPTION OF CHANGE |
|---|---|---|
| I | ☒ Property Damage ☒ Business Income | **AUDIT BILLING** PROPERTY DAMAGE     NO CHARGE BUSINESS INCOME     NO CHARGE |
| II | ☒ General Liability | **GENERAL LIABILITY**     $367.00 AP |
| III | ☐ Automobile Liability and Physical Damage | **EXCLUDED** |
| IV | ☐ Boiler and Machinery | **EXCLUDED** |
| V | ☒ Inland Marine ☐ Glass | **INLAND MARINE**     NO CHARGE |
| VI | ☒ Crime | COMPANY COPY TO COPY     NO CHARGE |

In accordance with the provisions of your Business Comprehensive Policy, the following premium adjustment has been made as a result of the changes indicated above.

**Premium Recapitulation**

☐ Due Insured for Premium Adjustment Period $          ☒ Due Company for Premium Adjustment Period $ **367.00**

Premium adjustment if the Premium is payable in annual installments

| Dates Due | Current Installments | Increase | Decrease | Revised Installments |
|---|---|---|---|---|
|  | $ | $ | $ | $ |
|  | $ | $ | $ | $ |
|  | $ | $ | $ | $ |
|  | $ | $ | $ | $ |
|  | Total Premium to Policy Expiration $ | $ | $ | $ |

DATE

SIGNED BY (AUTHORIZED REPRESENTATIVE)

81096

COMPANY COPY

BCP

7-19-77   ACS/C

**CHANGE AND ATTACHING CLAUSE ENDORSEMENT**   ROYAL-GLOBE INSURANCE COMPANI

This endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective.

SIGNED BY:

AUTHORIZED REPRESENTATIVE

| NAME OF COMPANY | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
|---|---|---|
| ROYAL GLOBE INSURANCE COMPANY | 4-1-77 | PYA 92 03 60 |

NAMED INSURED (AND ADDRESS, ZIP CODE WHEN NECESSARY FOR MAILING)

STOCKTON PLATING INC., ET. AL.

PRODUCER (AND ADDRESS, ZIP CODE, FOR MAILING)

ROLLINS, BURDICK, HUNTER
P.O. BOX 897
STOCKTON, CA.   95204

---

**TIME OF ATTACHMENT**

If coverages in the endorsement(s) listed below replace coverages in other policies which terminate at 12:01 A.M. on the inception date of this (these) endorsement(s), this (these) endorsement(s) shall be construed to attach at 12:01 A.M. Standard Time, on its (their) inception date as respects such replaced coverages only, instead of at Noon, Standard Time.

The Policy Part **201** is amended as follows:

ADD CODE 42250 - WAREHOUSE

PREMIUM BASE - C) 19,513. AND ENDORSEMENT G610.

(NEVADA EXPOSURE)

REG COMPANY COPY TO BUREAU
S. F. Off. JUL 2 1 1977
COPY

---

**PREMIUM RECAPITULATION**

| | ADDITIONAL PREMIUM | RETURN PREMIUM | |
|---|---|---|---|
| Due at Endorsement Effective Date ▶ | $ AT AUDIT | $ | |

**PREMIUM ADJUSTMENT IF THE PREMIUM IS PAYABLE IN ANNUAL INSTALLMENTS**

| DATES DUE | ORIGINAL INSTALLMENTS | INCREASE | DECREASE | REVISED INSTALLMENTS |
|---|---|---|---|---|
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| | $ | $ | $ | |
| Total Premium to Policy Expiration ▶ | $ | | | |

81097   CBP

PREMIUM ADJUSTMENT ENDORSEMENT     4-22-77 ACu/rr ROYAL-GLOBE INSURANCE COMPANIES

| POLICY SYMBOL & NUMBER | NAME OF COMPANY |
|---|---|
| PYA 92 03 60 | ROYAL GLOBE INSURANCE CO. |

NAME OF INSURED

STOCKTON PLATING, INC., ET AL.

ADDRESS OF INSURED

632 S. EL DORADO ST., STOCKTON, CA.

PRODUCER

PEIRANO BROTHERS & CO., STOCKTON, CA.

ADJUSTMENT PERIOD COVERED

FROM 4-1-77   TO 4-1-79

| SECTION | COVERAGE | DESCRIPTION OF CHANGE |
|---|---|---|
| I | ☐ Property Damage  ☐ Business Income | **ANNIVERSARY BILLING**  $111.00 A/P |
| II | ☒ General Liability | IIA - GENERAL LIABILITY     $1,479.00 A/P |
| III | ☐ Automobile Liability and Physical Damage | |
| IV | ☒ Boiler and Machinery | EXCLUDED |
| V | ☐ Inland Marine  ☐ Glass | NO CHANGE |
| VI | ☐ Crime | NO CHANGE   REG COMPANY COPY TO BUREAU_____ S.F. OFF APR 2 6 1977 COPY |

In accordance with the provisions of your Business Comprehensive Policy, the following premium adjustment has been made as a result of the changes indicated above.

**Premium Recapitulation**

☐ Due Insured for Premium Adjustment Period $ ___          ☐ Due Company for Premium Adjustment Period $ ___

Premium adjustment if the Premium is payable in annual installments

| Dates Due | Current Installments | Increase | Decrease | Revised Installments |
|---|---|---|---|---|
| 4-1-77 | $ 10,579.00 | $ 1,590.00 | $ | $ 12,169.00 |
| 4-1-78 | $ 10,579.00 | $ 1,590.00 | $ | $ 12,169.00 |
|  | $ | $ | $ | $ |
|  | $ | $ | $ | $ |
|  | Total Premium to Policy Expiration | $ | $ | $ |

DATE                    SIGNED BY (AUTHORIZED REPRESENTATIVE)

81096                                                              COMPANY COPY                                    BCP



# RED SHIELD

## PREMIUM PAYMENT ENDORSEMENT

4-22-77 ACS/rr

| POLICY SYMBOL AND NUMBER | NAME OF COMPANY | POLICY EFFECTIVE (OR CONTINUATION) DATE | POLICY EXPIRATION DATE |
|---|---|---|---|
| PYA 92 03 60 | ROYAL GLOBE INS. CO. | 4-1-76 | 4-1-79 |

| NAME AND ADDRESS OF INSURED | NAME AND ADDRESS OF PRODUCER | Complete for policy changes only: |
|---|---|---|
| STOCKTON PLATING, INC., ETAL. 632 S. EL DORADO ST. STOCKTON, CA. | PEIRANO BROTHERS & CO. P. O. BOX 897 STOCKTON, CA. 95204 | ☐ ADDITIONAL ☒ PREMIUM   ☐ REDUCTION IN PREMIUM |

DATE OF CHANGE

4-1-77

NAME AND ADDRESS OF PREMIUM PAYER IF OTHER THAN INSURED.

| INSURED'S ACCOUNT NUMBER | PRODUCER CODE | Check if this is Insured's first policy under Plan |
|---|---|---|
| A 11367 | 3390000 | ☐ |

PAYMENT PLAN SELECTED AND CHARGE PER $100.00 OF ANNUAL PREMIUM   ☒ Monthly **2.25**   ☐ Quarterly

DUE DATE FOR FUTURE PAYMENTS
☒ 1st of Month  *For policies effective from the 1st through the 15th of the month*
☐ 16th of Month  *For policies effective from the 16th through the end of the month*

| | FIRST OR CURRENT YEAR | FOR USE WITH TERM POLICIES ONLY | |
|---|---|---|---|
| | | SECOND YEAR | THIRD AND SUBSEQUENT YEARS |
| 1. Premium (Actual, Provisional or Deposit) | | 1,590.00 | 1,590.00 |
| 2. Premium Payment Charge *(Refer to Table)* | | 35.77 | 35.77 |
| 3. Adjusted Premium *(Line 1 plus Line 2)* | | 1,625.77 | 1,625.77 |
| 4. Initial Payment *(Compute from Table)* | | | |
| 5. Total amount to be paid in subsequent payments *(Line 3 minus Line 4)* *(Second and subsequent years shown on line 3)* | | | |

This endorsement is issued for attachment to and is hereby made a part of the policy designated above and is effective as of the date indicated, said endorsement in the case of a term policy being supplementary to the endorsement already appearing on such policy providing for payment of premium in annual installments.

It is agreed that the premium shall be adjusted as indicated above to include a charge for the privilege of extended payments under this endorsement and shall be payable in accordance with one of the following plans as indicated above. (For this purpose the word "premium" is understood to mean the annual premium or, in the case of a term policy, each annual installment of premium or, in the case of a reporting or auditable form of policy, the amount of provisional or deposit premium required under the terms of the policy.)

**Monthly Plan —** The adjusted premium shall be divided into twelve parts, the first two of which shall be paid on or before inception date and the remainder one part at a time at successive monthly intervals on the due date specified above.

**Quarterly Plan —** The adjusted premium shall be divided into twelve parts, the first four of which shall be paid on or before inception date and the remainder three parts at a time at successive quarterly intervals on the due date specified above.

If the Insured is in default with respect to any required payment and the company elects to cancel the policy for that stated reason, the cancellation notice shall be made effective as of the end of the period for which the last payment was made and all collected premium payments except those received on a provisional or deposit basis) shall be deemed to have been earned as of the end of said period, subject to the requirements of law and all provisions of the cancellation clause of the policy to which this endorsement is attached.

Additional or reduced coverage during the policy term and other modifications resulting in a change of the total premium shall be evidenced by further endorsements of the policy, including endorsements amending this Premium Payment Endorsement.

Nothing herein contained shall be held to waive, alter, vary or extend any of the terms or provisions of the policy except as herein stated.

IF ANNUAL PREMIUM IS BELOW $100, INDICATE OTHER POLICIES ENDORSED OR TO BE ENDORSED UNDER PLAN:

Signed by:

TYPE OF POLICY          EFFECTIVE DATE

AUTHORIZED REPRESENTATIVE

COMPANY COPY

G610
(Ed. 7-66)

7-19-77 ACS

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.

**(The following information is required only when this endorsement is issued subsequent to preparation of policy.)**

Endorsement effective   **4-1-77**      Policy No. **PYA 92 03 60**      Endorsement No.

Named Insured   **STOCKTON PLATING, INC., ET. AL.**

Countersigned by _____
(Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

### COMPREHENSIVE GENERAL LIABILITY INSURANCE
### MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE
### OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE

---

**PRODUCTS HAZARD EXCEPTIONS**

BUREAU
S. F. CFB   JUL 2 1 1977

It is agreed that the **products hazard** does not include **bodily injury** or **property damage** arising out of the **named insured's products** manufactured, sold, handled or distributed in connection with (1) the use of any premises described in this endorsement, owned by or rented to the **named insured** or (2) any operation, described in this endorsement, conducted by or on behalf of the **named insured.**

**Description of Premises and Operations:**

WAREHOUSE   CODE 42250

REGIONAL COPY

**G610**  (Ed. 7-66)

# CORRECTION MEMORANDUM
ATTACH ORIGINAL COPY OF THIS CORRECTION MEMO TO FACE OF DOCUMENT

| TO | FROM |
|---|---|
| *Processing* (7) | *Holloway* |
| DEPARTMENT | ACCOUNTS DEPARTMENT |

| COMPANY | DATE | TYPE OF ERROR |
|---|---|---|

**ENTRY REQUIRED**

| ADDITIONAL PREMIUM | RETURN PREMIUM |
|---|---|
| COMPANY 5 | COMPANY 5 |
| POLICY SYMBOL AND NUMBER 6-13 | POLICY SYMBOL AND NUMBER 6-13 |
| YH 920360 | YH 920360 |
| PRODUCER CODE 14-20 | PRODUCER CODE 14-20 |
| 3390000 | 3390000 |

| Effective Date | Amount | Effective Date | Amount |
|---|---|---|---|
| 4/76 | 20.00  20% | 4/76 | 20.45  20% |
| | Entered As | | Should Be |

| R/P | R/P | A/P | R/P |
|---|---|---|---|
| ENTRY DATE OF ITEM BEING CORRECTED | *Year Only* | | |

**TYPE OF ERROR**

**ENTRY**
- [ ] PRODUCER CODE ERROR
- [ ] PREMIUM ERROR
- [ ] ENTERED IN DUPLICATE – ONE RECORD
- [ ] STAMPED "ENTERED", BUT ENTRY CANNOT BE LOCATED
- [ ] TOTAL PREMIUM ENTERED INSTEAD OF INSTALLMENT

**UNDERWRITING SERVICE**
- [ ] PRODUCER CODE ERROR
- [X] PREMIUM ERROR   *money*
- [ ] STAMPED "NO ENTRY" IN ERROR
- [ ] ENDORSEMENT ATTACHED TO WRONG DAILY (APP.)
- [ ] TOTAL PREMIUM CODED INSTEAD OF INSTALLMENT
- [ ] INCORRECT DATE (INCEPTION, INSTALLMENT, CANCELLATION)
- [ ] POLICY TYPING ERROR

- [ ] **MONEY TRANSACTION NOT ENTERED**

**OTHER**
- [ ] DUPLICATE ENTRY FROM DUPLICATE RECORD
- [ ] INSTALLMENT PREMIUM NOT RECEIVED (DAILY O.K.)
- [ ] ELECTRONIC AUTO POLICY
- [ ] MISC.   *1st year 2000 was Cash not financed*

| | ADDITIONAL PREMIUM | | | | | RETURN PREMIUM | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| End't. Date | Current Installment | Comm | Next Date | Installment | Comm | End't. Date | Current Installment | Comm | Next Install. Date | Next Installment | Comm |
| Mo | | | Mo | | | Mo | | | Mo | | |
| Day | | | Day | | | Day | | | Day | | |
| Yr | | | Yr | | | Yr | | | Yr | | |

**AUTO-GENERAL LIABILITY, B.I., P.D.**

| ENTRY | | | N/R | TRANS. | | | DEP | L I N E | F O R M | CLASS | INDUS | FLT. DIS | EXPOSURE | | TAX STATE | SZ TERR. | AT CAP M.L. | AUD PER | TE-RM | EFF. | | | EXPIR. | | | PREMIUM EXCEPT P.D. | COMM | P.D. PREMIUM | COMM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KD | TYP | SPL | | ID | TYP | SUP | | | | CLASS DISC | BIL PDL | SF DR | UM | | | | | | | MO | YR | | MO | YR | | | | | | |
| 1 | 2 | 3 | 4 | 21 | 22 | 23 | 24 | 25-26 | 27-28 | 29 | - | 32 | 33 | 34 | 35 | - | 36 | 37 | - | 41 | 42-43 | 44-45 | 46 | 47 | 48 | 49 | 50-51 | 52 | 53-54 | 55 | 60 | 61-63 | 64 | - | 69 | 70-72 |

**AUTO-PHYS. DAMAGE**

| ENTRY | | | N/R | TRANS. | | | DEP | L I N E | F O R M | SPEC DISC | EXPOS | CLASS | AGE | COV. | TERR. | S.O. | TAX STATE | LOCATION | TE-RM | EFF. | | EXPIR. | | PREMIUM | COMM | ENTRY STAMP |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KD | TYP | SPL | 4 | ID | TYP | SUP | 24 | 25-26 | 27-28 | 29 | 30-31 | 32-34 | 35 | 36-37 | 38 | - 39 | 40-41 | 42-43 | 44 | - 47 | 48 | 49 | 50-51 | 52 | 53-54 | 55 | 60 | 61-63 |

**BOND**

| ENTRY | | | N/R | TRANS. | | | DEP | L I N E | F O R M | CLASS | AMT. OF COV. FD. | DED COV. | FIL ED | FORM | NO. OF EMP | COV. RATE OR RULE VAR. CODE | EXP. | TAX STATE | RJ. CODE MAN | CO. SUR. | CO. | R | EFF. | | EXPIR. | | PREMIUM | COMM | RESERVE PREMIUM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KD | 1 2 | 3 | 4 | 21 | TYP | SUP | 23 | 24 | 25-26 | 27-28 | 29 | - 33 | 34 | 35-36 | 37-38 | 39 | 40-41 | 42-43 | 44-45 | 47 | 48 | 49 | 50-51 | 52 | 53-54 | 55 | 60 | 61-63 | 73 | 76 |

## C.A.R. CODING SPREADER

| REC | ENTRY 1-2 | 3-4 | CO. 5 | POLICY SYMBOL & NUMBER 6 — 13 | PRODUCER CODE 14 — 20 | ID 21 | ACCOUNT NUMBER 22 — 30 | I.C.C. 31 — 33 | POLICY* 34 | UNDERWRITER'S EVALUATION FOR CODING PKG., POL. ONLY FIRE 35 | LIAB 36 | AUTO 37 | IMNR 38 | CRIME 39 | AVIAT 40 | B&M 41 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | P Y | A 9 2 0 3 6 0 | 3 3 9 0 0 0 0 | M | 3 3 C 0 1 1 7 1 1 | 34702 | | C | C | | | C | | |

| REC 2 | ENTER ABOVE | FOR COML. MASS. MERCH. ONLY RISK NUMBER 22 — 30 | ENTER ABOVE |
|---|---|---|---|
| | | | |

| REC | EXPIR. DATE MO. 42 | DAY 43 | YEAR 44 | ACCOUNT NAME COMPLETE ONLY IF NEW ACCOUNT OR CHANGE IN ACCOUNT NAME 45 — 61 | ACCOUNT MO. 62 | YEAR 63-64 | PER 65 | SERVICE MO. 66 | YEAR 67-68 | PER 69 | 70 — 75 | MESSAGE 76 — 80 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 4 | | 7 9 | S T O C K T O N   P L A T I N G | | | | 4 | 7 | 1 | | 2 2 0 5 9 |

| REC 2 | ENTER ABOVE | FOR COML. MASS. MERCH. ONLY - RISK NAME COMPLETE ONLY IF NEW RISK OR CHANGE IN RISK NAME 45 — 61 | ENTER ABOVE |
|---|---|---|---|
| | | | |

* To be used when a single evaluation applies to the entire policy.

68794E

**BUSINESS COMPREHENS    POLICY**

DECLARATIONS

EXECUTIVE OFFICE:
150 WILLIAM STREET
NEW YORK, N. Y. 10038

COMPANY SYMBOL **P**    POLICY SYMBOL AND NUMBER **YA15  45  15**

PREVIOUS POLICY NUMBER **PYA 92 03 60**

THIS POLICY IS ISSUED BY THE COMPANY (A STOCK COMPANY) INDICATED BY X BEFORE THE COMPANY NAME BELOW

[ ] Newark Insurance Company
(A New Jersey Stock Company)

[X] Royal Globe Insurance Company
(An Illinois Stock Company)

[ ] Royal Indemnity Company
(A New York Stock Company)

[ ] Safeguard Insurance Company
(A Connecticut Stock Company)

[ ] American and Foreign Insurance Company
(A New York Stock Company)

INSURED'S NAME AND MAILING ADDRESS

STOCKTON PLATING, INC., ETAL.
632 SO. EL DORADO STREET
STOCKTON, CALIFORNIA

Rollins Burdick Hunter of Northern California
Insurance Brokers
949 North Center Street, P.O. Box 897
Stockton, California 95201 / Telephone 209 948-2772

ROLLINS BURDICK HUNTER

R

The Named INSURED is: [ ] Individual  [ ] Partnership  [X] Corporation  [ ] Joint Venture  [ ] Other

POLICY PERIOD   From **APRIL 1, 1979** to **APRIL 1, 1982**   12:01 A.M. Standard Time at location of Described Property

BUSINESS OF NAMED INSURED
**ELECTROPLATING**

PROVISIONAL PREMIUM   IF PAID IN ADVANCE  $  *    EACH INSTALLMENT, IF PAID IN INSTALLMENTS  $ **15,030.** *

Insurance is afforded only under those sections of the policy designated by the word "Included" opposite such section below. The insurance afforded under any section is only in the amounts and to the extent set forth in that section, subject to all the terms of the policy having reference hereto.

| | | |
|---|---|---|
| INCLUDED | SECTION I | Property Damage |
| INCLUDED | SECTION I | Business Income |
| INCLUDED | SECTION II | General Liability |
| EXCLUDED | SECTION III | Automobile Insurance — As provided in the Business Auto Policy, Garage Policy, or Truckers Policy attached hereto. Note: None of the Terms, Conditions, Declarations, Forms or Endorsements forming a part of the Business Comprehensive Policy apply to Section III—Automobile Insurance. |
| EXCLUDED | SECTION IV | Boiler and Machinery |
| INCLUDED | SECTION V | Inland Marine |
| INCLUDED | SECTION VI | Crime |

MORTGAGE CLAUSE: SUBJECT TO THE PROVISIONS OF THE MORTGAGE CLAUSE ATTACHED HERETO, LOSS, IF ANY, ON BUILDING ITEMS SHALL BE PAYABLE TO:

COUNTERSIGNATURE DATE **APRIL 1, 1979**   At **STOCKTON, CALIFORNIA**

ROLLINS BURDICK HUNTER OF NORTHERN CALIFORNIA INSURANCE BROKERS

By _Henry J. Dubois Jr._                                                                 Agent

## *SUBJECT TO ADJUSTMENT PER IL0003

**IN CONSIDERATION OF THE PROVISIONS AND STIPULATIONS HEREIN OR ADDED HERETO** AND OF the premium above specified, this Company, for the term of **years specified above** from inception date shown above. At 12:01 A.M. (Standard Time) to **expiration date shown above** At 12:01 A.M. (Standard Time) at location of property involved, to an amount not exceeding the amount(s) above specified, does insure **the insured named above** and legal representatives, to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair, and without compensation for loss resulting from interruption of business or manufacture, nor in any event for more than the interest of the insured, against all **DIRECT LOSS BY FIRE, LIGHTNING AND BY REMOVAL FROM PREMISES ENDANGERED BY THE PERILS INSURED AGAINST IN THIS POLICY, EXCEPT AS HEREINAFTER PROVIDED,** to the property described herein while located or contained as described in this policy, or pro rata for five days at each proper place to which any of the property shall necessarily be removed for preservation from the perils insured against, but not elsewhere. Assignment of this policy shall not be valid except with the written consent of this Company.

This policy is made and accepted subject to the foregoing provisions and stipulations and those hereinafter stated, which are hereby made a part of this policy, together with such other provisions, stipulations and agreements as may be added hereto, as provided in this policy.

82741                                    Page 1                                    BCP

Case 2:04-cv-09049-WBS-LDF Document 1-1 Filed 03/03/04 Page 49 of 104

1 **Concealment.** This entire policy shall be void if, whether
2 **fraud.** before or after a loss, the insured has wil-
3 fully concealed or misrepresented any ma-
4 terial fact or circumstance concerning this insurance or the
5 subject thereof, or the interest of the insured therein, or in case
6 of any fraud or false swearing by the insured relating thereto.
7 **Uninsurable** This policy shall not cover accounts, bills,
8 **and** currency, deeds, evidences of debt, money or
9 **excepted property.** securities; nor, unless specifically named
10 herein in writing, bullion or manuscripts.
11 **Perils not** This Company shall not be liable for loss by
12 **included.** fire or other perils insured against in this
13 policy caused, directly or indirectly, by: (a)
14 enemy attack by armed forces, including action taken by mili-
15 tary, naval or air forces in resisting an actual or an immediately
16 impending enemy attack; (b) invasion; (c) insurrection; (d)
17 rebellion; (e) revolution; (f) civil war; (g) usurped power; (h)
18 order of any civil authority except acts of destruction at the time
19 of and for the purpose of preventing the spread of fire, provided
20 that such fire did not originate from any of the perils excluded
21 by this policy; (i) neglect of the insured to use all reasonable
22 means to save and preserve the property at and after a loss, or
23 when the property is endangered by fire in neighboring prem-
24 ises; (j) nor shall this Company be liable for loss by theft.
25 **Other insurance.** Other insurance may be prohibited or the
26 amount of insurance may be limited by en-
27 dorsement attached hereto.
28 **Conditions suspending or restricting insurance.** Unless other-
29 wise provided in writing added hereto this Company shall not
30 be liable for loss occurring
31 (a) while the hazard is increased by any means within the con-
32 trol or knowledge of the insured; or
33 (b) while a described building, whether intended for occupancy
34 by owner or tenant, is vacant or unoccupied beyond a period of
35 sixty consecutive days; or
36 (c) as a result of explosion or riot, unless fire ensue, and in
37 that event for loss by fire only.
38 **Other perils** Any other peril to be insured against or sub-
39 **or subjects.** ject of insurance to be covered in this policy
40 shall be by endorsement in writing hereon or
41 added hereto.
42 **Added provisions.** The extent of the application of insurance
43 under this policy and of the contribution to
44 be made by this Company in case of loss, and any other pro-
45 vision or agreement not inconsistent with the provisions of this
46 policy, may be provided for in writing added hereto, but no pro-
47 vision may be waived except such as by the terms of this policy
48 is subject to change.
49 **Waiver** No permission affecting this insurance shall
50 **provisions.** exist, or waiver of any provision be valid,
51 unless granted herein or expressed in writing
52 added hereto. No provision, stipulation or forfeiture shall be
53 held to be waived by any requirement or proceeding on the part
54 of this Company relating to appraisal or to any examination
55 provided for herein.
56 **Cancellation** This policy shall be cancelled at any time
57 **of policy.** at the request of the insured, in which case
58 this Company shall, upon demand and sur-
59 render of this policy, refund the excess of paid premium above
60 the customary short rates for the expired time. This pol-
61 icy may be cancelled at any time by this Company by giving
62 to the insured a five days' written notice of cancellation with
63 or without tender of the excess of paid premium above the pro
64 rata premium for the expired time, which excess, if not ten-
65 dered, shall be refunded on demand. Notice of cancellation shall
66 state that said excess premium (if not tendered) will be re-
67 funded on demand.
68 **Mortgagee** If loss hereunder is made payable, in whole
69 **interests and** or in part, to a designated mortgagee not
70 **obligations.** named herein as the insured, such interest in
71 this policy may be cancelled by giving to such
72 mortgagee a ten days' written notice of can-
73 cellation.
74 If the insured fails to render proof of loss such mortgagee, upon
75 notice, shall render proof of loss in the form herein specified
76 within sixty (60) days thereafter and shall be subject to the pro-
77 visions hereof relating to appraisal and time of payment and of
78 bringing suit. If this Company shall claim that no liability ex-
79 isted as to the mortgagor or owner, it shall, to the extent of pay-
80 ment of loss to the mortgagee, be subrogated to all the mort-
81 gagee's rights of recovery, but without impairing mortgagee's
82 right to sue; or it may pay off the mortgage debt and require
83 an assignment thereof and of the mortgage. Other provisions

84 relating to the interests and obligations of such mortgagee may
85 be added hereto by agreement in writing.
86 **Pro rata liability.** This Company shall not be liable for a greater
87 proportion of any loss than the amount
88 hereby insured shall bear to the whole insurance covering the
89 property against the peril involved, whether collectible or not.
90 **Requirements in** The insured shall give immediate written
91 **case loss occurs.** notice to this Company of any loss, protect
92 the property from further damage, forthwith
93 separate the damaged and undamaged personal property, put
94 it in the best possible order, furnish a complete inventory of
95 the destroyed, damaged and undamaged property, showing in
96 detail quantities, costs, actual cash value and amount of loss
97 claimed; and within sixty days after the loss, unless such time
98 is extended in writing by this Company, the insured shall render
99 to this Company a proof of loss, signed and sworn to by the
100 insured, stating the knowledge and belief of the insured as to
101 the following: the time and origin of the loss, the interest of the
102 insured and of all others in the property, the actual cash value of
103 each item thereof and the amount of loss thereto, all encum-
104 brances thereon, all other contracts of insurance, whether valid
105 or not, covering any of said property, any changes in the title,
106 use, occupation, location, possession or exposures of said prop-
107 erty since the issuing of this policy, by whom and for what
108 purpose any building herein described and the several parts
109 thereof were occupied at the time of loss and whether or not it
110 then stood on leased ground, and shall furnish a copy of all the
111 descriptions and schedules in all policies and, if required, verified
112 plans and specifications of any building, fixtures or machinery
113 destroyed or damaged. The insured, as often as may be reason-
114 ably required, shall exhibit to any person designated by this
115 Company all that remains of any property herein described, and
116 submit to, examinations under oath by any person named by this
117 Company, and subscribe the same; and, as often as may be
118 reasonably required, shall produce for examination all books of
119 account, bills, invoices and other vouchers, or certified copies
120 thereof if originals be lost, at such reasonable time and place as
121 may be designated by this Company or its representative, and
122 shall permit extracts and copies thereof to be made.
123 **Appraisal.** In case the insured and this Company shall
124 fail to agree as to the actual cash value or
125 the amount of loss, then, on the written demand of either, each
126 shall select a competent and disinterested appraiser and notify
127 the other of the appraiser selected within twenty days of such
128 demand. The appraisers shall first select a competent and dis-
129 interested umpire; and failing for fifteen days to agree upon
130 such umpire, then, on request of the insured or this Company,
131 such umpire shall be selected by a judge of a court of record in
132 the state in which the property covered is located. The ap-
133 praisers shall then appraise the loss, stating separately actual
134 cash value and loss to each item; and, failing to agree, shall
135 submit their differences, only, to the umpire. An award in writ-
136 ing, so itemized, of any two when filed with this Company shall
137 determine the amount of actual cash value and loss. Each
138 appraiser shall be paid by the party selecting him and the ex-
139 penses of appraisal and umpire shall be paid by the parties
140 equally.
141 **Company's** It shall be optional with this Company to
142 **options.** take all, or any part, of the property at the
143 agreed or appraised value, and also to re-
144 pair, rebuild or replace the property destroyed or damaged with
145 other of like kind and quality within a reasonable time, on giv-
146 ing notice, of its intention so to do within thirty days after the
147 receipt of the proof of loss herein required.
148 **Abandonment.** There can be no abandonment to this Com-
149 pany of any property.
150 **When loss** The amount of loss for which this Company
151 **payable.** may be liable shall be payable sixty days
152 after proof of loss, as herein provided, is
153 received by this Company and ascertainment of the loss is made
154 either by agreement between the insured and this Company ex-
155 pressed in writing or by the filing with this Company of an
156 award as herein provided.
157 **Suit.** No suit or action on this policy for the recov-
158 ery of any claim shall be sustainable in any
159 court of law or equity unless all the requirements of this policy
160 shall have been complied with, and unless commenced within
161 twelve months next after inception of the loss.
162 **Subrogation.** This Company may require from the insured
163 an assignment of all right of recovery against
164 any party for loss to the extent that payment therefor is made
165 by this Company.

**In Witness Whereof,** this Company has executed and attested these presents; but this policy shall not be valid unless countersigned by the duly authorized Agent of this Company.

Corporate Secretary

President

**BUSINESS COM... ⸢EHENSIVE POLICY**
**GENERAL PROVISIONS**

ROYAL-GLOBE INSURANCE COMPANIES

The GENERAL PROVISIONS, the DECLARATIONS and the coverage PART(S) and endorsements referred to in the DECLARATIONS complete the contract of insurance.

## GENERAL PROVISIONS
### (Applying to all Sections)

**1. Premium** All premiums for this policy shall be computed in accordance with the company's rules, rates, rating plans, premiums and minimum premiums applicable to the insurance afforded herein.

The named Insured shall maintain records of such information as is necessary for premium computation and shall send copies of such records to the company at the end of the policy period and at such times during the policy period as the company may direct.

**2. Inspection and Audit** The company shall be permitted but not obligated to inspect the named Insured's property and operations at any time. Neither the company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the named Insured or others, to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule or regulation.

The company may examine and audit the named Insured's books and records at any time during the policy period and extensions thereof and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

**3. Cancellation** (Not applicable in the states of Maine, Massachusetts and Minnesota): The words "five days" in the cancellation provision on page 2 of the policy are deleted and the words "ten days" are substituted therefor.

**4. Conformity with Statute** The terms of this policy and forms attached hereto which are in conflict with the statutes of the state wherein this policy is issued are hereby amended to conform to such statutes.

**5. Time of Inception** To the extent that coverage in this policy replaces coverage in other policies terminating at 12:01 A.M. (Standard Time) on the inception date of this policy, this policy shall be effective at 12:01 A.M. (Standard Time) instead at noon Standard Time.

**6. Insurance Under More Than One Part** In the event of loss or damage to property covered hereunder, this Company shall not, under any circumstances be liable for more than the actual loss sustained by the Insured, even though more than one Part applies to such loss.

**7. Declarations** By acceptance of this policy, the named Insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance.

## GENERAL PROVISIONS
### (Applying to Section I)

1. It is agreed that the premium, term of insurance, and the name of the insured shall be as provided by the declarations on page 1, unless otherwise specifically stated.

## GENERAL PROVISIONS
### (Applying to Sections II and III)

The company designated in the DECLARATIONS made a part hereof, (a stock insurance company, herein called the company), in consideration of the payment of the premium, in reliance upon the statements in the DECLARATIONS, and subject to all the terms of this policy and its designated coverage PART(S), agrees with the named Insured as follows and as contained in the PART(S) designated in the declarations.

### SUPPLEMENTARY PAYMENTS

The company will pay, in addition to the applicable limit of liability:

(a) all expenses incurred by the company, all costs taxed against the insured in any suit defended by the company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon;

(b) premiums on appeal bonds required in any such suit, premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this policy, and the cost of bail bonds required of

the insured because of accident or traffic law violation arising out of the use of any vehicle to which this policy applies, not to exceed $250 per bail bond, but the company shall have no obligation to apply for or furnish any such bonds;

(c) expenses incurred by the insured for first aid to others at the time of an accident, for bodily injury to which this policy applies;

(d) reasonable expenses incurred by the insured at the company's request in assisting the company in the investigation or defense of any claim or suit, including actual loss of earnings not to exceed $25 per day.

### SPECIAL ADDITIONAL EXCLUSION

The following exclusion modifies the provisions of the policy relating to ALL LIABILITY AND MEDICAL PAYMENTS INSURANCE OTHER THAN COMPREHENSIVE PERSONAL AND FARMER'S COMPREHENSIVE PERSONAL INSURANCE.

### NUCLEAR ENERGY LIABILITY EXCLUSION
#### (Broad Form)

It is agreed that:

I. The policy does not apply:

A. Under any Liability Coverage, to bodily injury or property damage

(1) with respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(2) resulting from the hazardous properties of nuclear material and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered

into by the United States of America, or any agency thereof, with any person or organization.

B. Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to first aid, to expenses incurred with respect to bodily injury resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.

C. Under any Liability Coverage, to bodily injury or property damage resulting from the hazardous properties of nuclear material, if

(1) the nuclear material (a) is at any nuclear facility owned by, or operated by or on behalf of, an insured or (b) has been discharged or dispersed therefrom;

(2) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or

(3) the bodily injury or property damage arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to property damage to such nuclear facility and any property thereat.

II. As used in this endorsement:

"hazardous properties" includes radioactive, toxic or explosive properties;

"nuclear material" means source material, special nuclear material or byproduct material;

"source material," "special nuclear material," and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

"waste" means any waste material (1) containing byproduct material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof;

"nuclear facility" means

(a) any nuclear reactor,

(b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,

(c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

"property damage" includes all forms of radioactive contamination of property.

**NEW YORK EXCEPTION: This exclusion does not apply to Automobile Liability Insurance in New York State.**

## DEFINITIONS

When used in this policy (including endorsements forming a part hereof):

"automobile" means a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include mobile equipment;

"bodily injury" means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;

"completed operations hazard" includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. "Operations" include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

1) when all operations to be performed by or on behalf of the named insured under the contract have been completed.

2) when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed, or

3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.

The completed operations hazard does not include bodily injury or property damage arising out of

a) operations in connection with the transportation of property, unless the bodily injury or property damage arises out of a condition in or on a vehicle created by the loading or unloading thereof,

b) the existence of tools, uninstalled equipment or abandoned or unused materials, or

c) operations for which the classification stated in the policy or in the company's manual specifies "including completed operations";

"elevator" means any hoisting or lowering device to connect floors or landings whether or not in service, and all appliances thereof including any car, platform, shaft, hoistway, stairway, runway, power equipment and machinery; but does not include an automobile servicing hoist, or a hoist without a platform outside a building if without mechanical power or if not attached to building walls, or a hod or material hoist used in alteration, construction or demolition operations or an inclined conveyor used exclusively for carrying property or a dumbwaiter used exclusively for carrying property and having a compartment height not exceeding four feet;

"incidental contract" means any written (1) lease of premises, (2) easement agreement, except in connection with construction or demolition operations on or adjacent to a railroad, (3) undertaking to indemnify a municipality required by

municipal ordinance, except in connection with work for the municipality, (4) sidetrack agreement, or (5) elevator maintenance agreement;

"insured" means any person or organization qualifying as an insured in the "Persons Insured" provision of the applicable insurance coverage. The insurance afforded applies separately to each insured against whom claim is made or suit is brought, except with respect to the limits of the company's liability;

"mobile equipment" means a land vehicle (including any machinery or apparatus attached thereto), whether or not self-propelled, (1) not subject to motor vehicle registration, or (2) maintained for use exclusively on premises owned by or rented to the named insured, including the ways immediately adjoining, or (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle: power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in-transit type); graders, scrapers, rollers and other road construction or repair equipment; air-compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well servicing equipment;

"named insured" means the person or organization named in Item 1. of the declarations of this policy;

"named insured's products" means goods or products manufactured, sold, handled or distributed by the named insured or by others trading under his name, including any container thereof, but "named insured's products" shall not include a vending machine or any property other than such container, rented to or located for use of others but not sold;

"occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured;

"policy territory" means:

(1) the United States of America, its territories or possessions, or Canada, or

(2) international waters or air space, provided the bodily injury or property damage does not occur in the course of travel or transportation to or from any other country, state or nation, or

(3) anywhere in the world with respect to damages because of bodily injury or property damage arising out of a product which was sold for use or consumption within the territory described in paragraph (1) above, provided the original suit for such damages is brought within such territory;

"products hazard" includes bodily injury and property damage arising out of the named insured's products or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs away from premises owned by or rented to the named insured and after physical possession of such products has been relinquished to others;

"property damage" means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period.

## CONDITIONS

1. **Premium** Premium designated in this policy as "advance premium" is a deposit premium only which shall be credited to the amount of the earned premium due at the end of the policy period. At the close of each audit period the earned premium shall be computed for such period and, upon notice thereof to the named insured, shall become due and payable. If the total earned premium for the policy period is less than the premium previously paid, the company shall return to the named insured the unearned portion paid by the named insured.

2. **Modification of Terms** Standard Fire Provisions on page 2, other than those pertaining to waiver, cancellation, concealment and fraud, do not apply hereto.

3. **Financial Responsibility Laws** When this policy is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is

afforded by this policy for **bodily injury** liability or for **property** damage liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law. The **insured** agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.

**4.  Insured's Duties in the Event of Occurrence, Claim or Suit**

(a)  In the event of an **occurrence**, written notice containing particulars sufficient to identify the **insured** and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the **insured** to the company or any of its authorized agents as soon as practicable.

(b)  If claim is made or suit is brought against the **insured**, the **insured** shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

(c)  The **insured** shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the **insured** because of **injury** or **damage** with respect to which insurance is afforded under this policy; and the **insured** shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The **insured** shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

**5.  Action Against Company**  No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the **insured's** obligation to pay shall have been finally determined either by judgment against the **insured** after actual trial or by written agreement of the **insured**, the claimant and the company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against the **insured** to determine the **insured's** liability, nor shall the company be impleaded by the **insured** or his legal representative. Bankruptcy or insolvency of the **insured** or of the **insured's** estate shall not relieve the company of any of its obligations hereunder.

**6.  Other Insurance**  The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the **insured** has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the company's liability under this policy shall not be reduced by the existence of such other insurance.

When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

(a)  **Contribution by Equal Shares.** If all of such other valid and collectible insurance provides for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid, and with respect to any amount of loss not so paid the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.

(b)  **Contribution by Limits.** If any of such other insurance does not provide for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

**7.  Subrogation**  In the event of any payment under this policy, the company shall be subrogated to all the **insured's** rights of recovery therefor against any person or organization and the **insured** shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The **insured** shall do nothing after loss to prejudice such rights.

**8.  Changes**  Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed except by endorsement issued to form a part of this policy.

**9.  Assignment**  Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon; if, however, the **named insured** shall die, such insurance as is afforded by this policy shall apply (1) to the **named insured's** legal representative, as the **named insured**, but only while acting within the scope of his duties as such, and (2) with respect to the property of the **named insured**, to the person having proper temporary custody thereof, as **insured**, but only until the appointment and qualification of the legal representative.

**10.  Three Year Policy**  If this policy is issued for a period of three years any limit of the company's liability stated in this policy as "aggregate" shall apply separately to each consecutive annual period thereof.

**GENERAL PROVISIONS**
**(Applying to Sections V and VI)**

1.  **Modification of Terms**  The General Provisions shall also apply hereunder. The Standard Fire Provisions on page 2, other than those pertaining to waiver, cancellation, concealment and fraud do not apply hereunder.

2.  It is agreed that the premium, term of insurance, and name of the **insured** shall be as provided by the Declarations on page 1, unless otherwise specifically stated, for application in the designated section and part of the policy.

**AMENDMENT OF CANCELLATION CONDITIONS**
**Applicable to policies issued or delivered in Michigan**

It is agreed that with respect to the "Cancellation" provisions of the policy:

1.  Line 62, Page 2 of the policy is deleted and the following line is substituted therefor "to the insured a five days' written notice of cancellation at his address last known to the Company or its authorized agent with"

2.  The provisions (if forming a part of the policy) of the endorsement entitled "Amendment of Termination Provisions (Michigan)" apply as stated therein.

3.  The provisions, if any, forming a part of the policy which (by endorsement or otherwise) amend the "Cancellation" provisions of the policy other than as stated or designated in this endorsement are deleted.

81098

## ENDORSEMENT

**Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.**

| | |
|---|---|
| Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective. | SIGNED BY |
| | AUTHORIZED REPRESENTATIVE |

| COMPANY | PREMIUM | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
|---|---|---|---|
| | ☐ Add'l.   ☐ Return $ | | PYA 15 45 15 |

Named Insured (and address, zip code, when necessary for mailing)   Producer (and address, zip code, for mailing)

### ENDORSEMENTS ATTACHED TO POLICY:

82741, 81001, CL20029, 81007, IL0003, 81829, 81003, CF0011, CF0013, CF0014,
CF0420, CF1215, 81005, 438BFUNS, 99, 81097, 81003-1, CF1506, CF1001, CF1021,
81020, 81021, CL67903, 81029, CL68314, CL68524, G109, G209,81085, X68630,
CN67518, 81092, 81095

CL 20029Q—Sets

ENDORSEMENT(S) PAGE

(Attach Endorsements Here)

ROYAL-GLOBE INSURANCE COMPANIES

BCP



## Section I
# EXTENSIONS OF COVERAGE

ROYAL-GLOBE INSURANCE COMPANIES

In consideration of the premium charged for this policy, and subject to all its terms and provisions, this policy is amended to afford the following extensions of coverage on the property and against the perils described and insured against in the policy for additional amounts as indicated below. Where like or substantially similar extensions of coverage are provided elsewhere under this policy or by endorsement attached to this policy, the following extensions shall apply as excess insurance over such other extensions, but for not more than the amount by which the extensions provided under this endorsement exceed the amount recoverable under such other extensions; but nothing contained herein shall serve to limit in any way extensions of coverage provided elsewhere under this policy or by endorsement attached to this policy.

**A. Automatic Coverage for Newly Acquired Buildings:** Up to 15% of the total amount of insurance on buildings or structures covered under this policy on any building or structure acquired by the Insured at any location within the states in which this policy covers provided the Insured's interest is not covered under any other policy. Coverage under this extension shall not exceed $100,000 and shall cease 60 days from the date of acquisition or on the date the values of such newly acquired property are reported to the Company or on the expiration date of this policy whichever first occurs. The Insured shall report to the Company values of newly acquired property and additional premium shall be payable from the date of acquisition.

**B. Automatic Coverage for Contents at Newly Acquired Locations:** When this policy covers contents, up to $25,000 on contents of the kind and description covered under this policy without regard to the provisions of this endorsement at any location acquired by the insured within the states in which this policy covers, provided the Insureds interest is not covered under any other policy. Coverage under this extension shall cease 60 days from the date of acquisition of such locations, or on the date the values of such contents are reported to the company, or on the expiration date of this policy, whichever first occurs. The Insured shall report to the Company values of contents at newly acquired locations, and additional premium shall be payable from the date of acquisition. This extension does not apply to contents at locations covered in Extension C below.

**C. Off Premises Contents Coverage:** When this policy covers contents, up to $10,000 on personal property of the kind and description covered under this policy without regard to the provisions of this endorsement while temporarily located elsewhere than at locations described in the policy, but in no event, however does this endorsement apply to: (1) personal property while in transit; (2) property at locations covered under Extension B above; (3) property at locations not within the territorial limits of this policy; (4) salesmen's samples or display items; or (5) property covered by insurance under any other policy.

**D. Personal Property of Tenants and Employees:** When this policy covers contents, up to $100 on personal property of the kind and description covered under this policy without regard to the provisions of this endorsement belonging to each tenant or employee of the insured while such property is on the described premises, subject to an aggregate limit of $500 in any one loss, but this extension shall not apply if such property is covered by insurance under any other policy.

**E. Extra Expense:** Up to $1,000 at any one location to cover the necessary extra expense incurred by the insured in order to continue as nearly as practicable the normal operation of the insured's business following damage by a peril insured against to the buildings or contents covered by this policy.

"extra expense" means the excess of the total cost incurred during the period of restoration chargeable to the operation of the insured's business over and above the total cost that would normally have been incurred to conduct the business during the same period had no loss occurred. Any salvage value of property obtained for temporary use during the period of restoration, which remains after the resumption of normal operations, shall be taken into consideration in the adjustment of any loss hereunder. "Period of Restoration" means that period of time commencing with the date of damage and not limited by the date of expiration of this policy, as would be

required with the exercise of due diligence and dispatch to repair, rebuild or replace such part of said buildings or contents thereof as has been damaged.

The Company shall not be liable under this extension for:

1. Loss of income;

2. The cost of repairing or replacing any of the described property, or the cost of research or other expense necessary to replace or restore damaged books of account, abstracts, drawings, card index systems of other records (including film, tape, disc, drum, cell and other magnetic recording or storage media for electronic data processing), that have been damaged by the perils insured against, except cost in excess of the normal cost of such repair, replacement or restoration necessarily incurred for the purpose of reducing the total amount of extra expense. In no event shall the Company be liable for any excess cost which exceeds the amount by which the total extra expense otherwise payable under this extension of coverage is reduced;

3. Any other consequential or remote loss.

**F. Valuable Papers and Records:** When this policy covers contents, up to $1,000 in the aggregate for loss by a peril insured against to cover the cost of research and other expenses necessarily incurred to reproduce, replace or restore books of account, abstracts, drawings, card index systems and other business records, including film, tape, wire or other recording media, all the property of the insured. This extension does not apply if such loss is covered by insurance under any other policy.

**G. Trees, Shrubs and Plants:** Up to $1,000 in the aggregate on trees, shrubs and plants not grown for commercial purposes while on the premises of a building covered by this policy, only against the perils of Fire, Lightning, Explosion, Riot, Riot Attending a Strike, Civil Commotion and Aircraft, and for not more than $250 on any one tree, shrub or plant, including expense incurred in the removal of debris thereof. This extension does not apply if the loss to such property is covered under any other policy.

**H. Replacement Cost:** In the event of loss to a building structure covered under this policy, when the full cost of repair or replacement is less than $1,000, the coverage of this policy is extended to cover the full cost of repair or replacement (without deduction for depreciation). Coverage shall be applicable only to a building structure covered hereunder, but excluding carpeting, cloth awnings, air-conditioners, domestic appliances and outdoor equipment, all whether permanently attached to the building structure or not.

The Company shall not be liable under this Extension of Coverage:

1. unless and until the damaged property is actually repaired or replaced on the same premises with due diligence and dispatch and, in no event, unless repair or replacement is completed within a reasonable time after such loss.

2. unless the whole amount of insurance applicable to the building structure for which claim is made is equal to or in excess of the amount produced by multiplying the co-insurance percentage applicable (specified in this policy) by the actual cash value of such property at the time of the loss.

**CALCULATION OF PREMIUM**

**IL 00 03**
(Ed. 12 75)

All premiums for this policy shall be computed in accordance with the Company's rules, rates, rating plans, premiums and minimum premiums applicable to the insurance afforded herein.

If this policy is issued for a period in excess of one year and a premium is payable at each anniversary, such premium shall be determined annually on the basis of the rates in effect at the anniversary date.

ENDORSEMENT(S) PAGE

(Attach Endorsements Here)

ROYAL-GLOBE INSURANCE COMPANIES



**RED SHIELD**

**PREMIUM PAYMENT ENDORSEMENT**

| POLICY SYMBOL AND NUMBER | NAME OF COMPANY | POLICY EFFECTIVE (OR CONTINUATION) DATE | POLICY EXPIRATION DATE |
|---|---|---|---|
| PYA 15 45 15 | ROYAL GLOBE INSURANCE COMPANY | 4/1/79 | 4/1/82 |

| NAME AND ADDRESS OF INSURED | NAME AND ADDRESS OF PRODUCER | Complete for policy changes only: |
|---|---|---|
| STOCKTON PLATING, INC,ETAL.<br>632 SO. EL DORADO STREET<br>STOCKTON, CALIFORNIA | ROLLINS, BURDICK, HUNTER<br>OF NORTHERN CALIFORNIA<br>P.O. BOX 897<br>STOCKTON, CALIFORNIA<br>95204 | ☐ ADDITIONAL PREMIUM   ☐ REDUCTION IN PREMIUM<br>DATE OF CHANGE<br><br>NAME AND ADDRESS OF PREMIUM PAYER IF OTHER THAN INSURED. |

| INSURED'S ACCOUNT NUMBER | PRODUCER CODE | | |
|---|---|---|---|
| A11367 | 3390000 | Check if this is Insured's first policy under Plan ☐ | * SUBJECT TO ANNUAL ADJUSTMENT |

PAYMENT PLAN SELECTED AND CHARGE PER $100.00 OF ANNUAL PREMIUM

☒ Monthly **3.38**   ☐ Quarterly

DUE DATE FOR FUTURE PAYMENTS

☒ 1st of Month — *For policies effective from the 1st through the 15th of the month*

☐ 16th of Month — *For policies effective from the 16th through the end of the month*

| | FIRST OR CURRENT YEAR | FOR USE WITH TERM POLICIES ONLY | |
|---|---|---|---|
| | | SECOND YEAR * | THIRD AND SUBSEQUENT YEARS * |
| 1. Premium (Actual, Provisional or Deposit) | 15,030. 00 | 15,030. 00 | 15,030. 00 |
| 2. Premium Payment Charge *(Refer to Table)* | 507. 62 | 507. 62 | 507. 62 |
| 3. Adjusted Premium *(Line 1 plus Line 2)* | 15,537. 62 | 15,537. 62 | 15,537. 62 |
| 4. Initial Payment *(Compute from Table)* | 2,589. 62 | | |
| 5. Total amount to be paid in subsequent payments *(Line 3 minus Line 4)* *(Second and subsequent years shown on line 3)* | 12,948. 00 | | |

This endorsement is issued for attachment to and is hereby made a part of the policy designated above and is effective as of the date indicated, said endorsement in the case of a term policy being supplementary to the endorsement already appearing on such policy providing for payment of premium in annual installments.

It is agreed that the premium shall be adjusted as indicated above to include a charge for the privilege of extended payments under this endorse-ment and shall be payable in accordance with one of the following plans as indicated above. (For this purpose the word "premium" is understood to mean the annual premium or, in the case of a term policy, each annual installment of premium or, in the case of a reporting or auditable form of policy, the amount of provisional or deposit premium required under the terms of the policy.)

**Monthly Plan** — The adjusted premium shall be divided into twelve parts, the first two of which shall be paid on or before inception date and the remainder one part at a time at successive monthly intervals on the due date specified above.

**Quarterly Plan** — The adjusted premium shall be divided into twelve parts, the first four of which shall be paid on or before inception date and the remainder three parts at a time at successive quarterly intervals on the due date specified above.

If the Insured is in default with respect to any required payment and the company elects to cancel the policy for that stated reason, the can-cellation notice shall be made effective as of the end of the period for which the last payment was made and all collected premium payments (except those received on a provisional or deposit basis) shall be deemed to have been earned as of the end of said period, subject to the requirements of law and all provisions of the cancellation clause of the policy to which this endorsement is attached.

Additional or reduced coverage during the policy term and other modifications resulting in a change of the total premium shall be evidenced by further endorsements of the policy, including endorsements amending this Premium Payment Endorsement.

Nothing herein contained shall be held to waive, alter, vary or extend any of the terms or provisions of the policy except as herein stated.

IF ANNUAL PREMIUM IS BELOW $100, INDICATE OTHER POLICIES ENDORSED OR TO BE ENDORSED UNDER PLAN:

| TYPE OF POLICY | EFFECTIVE DATE |
|---|---|
| | |
| | |

Signed by:

ROLLINS BURDICK HUNTER OF NORTHERN CALIFORNIA INSURANCE BROKERS

By _Harry J Schubschild_

AUTHORIZED REPRESENTATIVE

81829

Section I  Part 4

# FIRE AND EXTENDED COVERAGE
# INSURANCE (PROPERTY DAMAGE)

ROYAL-GLOBE INSURANCE COMPANIES

## SCHEDULE OF ITEMS

| ITEM NO. | AMOUNT OF INSURANCE | % OF COINS. | DESCRIPTION AND LOCATION OF PROPERTY COVERED |
|---|---|---|---|
| 1 | 555,000. | 90% | BLANKET ON BUILDINGS. |

SITUATES: 642 SO. EL DORADO ST.
632 SO. EL DORADO ST.
ADJ. REAR 632 SO. EL DORADO ST.
632¼ SO EL DORADO ST.
632½ SO EL DORADO ST.
REAR 642 SO. EL DORADO ST.
WEST OF 642 SO ELDORADO ST.
WEST 50' OF 642 SO ELDORADO ST.
ADJ. LEFT OF 642 SO. EL DORADO ST.
40' WEST OF 642 SO. EL DORADO ST.
104 EAST SCOTTS
EAST OF 104 E. SCOTTS
ALL IN STOCKTON, CALIF. AND
319 3RD ST., BRODERICK, CALIF.

PAGE 1

DEDUCTIBLE CLAUSE (SPECIFY)
81005   $100. DED.

SUBJECT TO THE FOLLOWING FORMS ATTACHED HERETO:

CF0011, CF0013, CF0014, CF1215, CF0420, 99, 438BFUNS

81003

BCP

**FIRE AND EXTEN    ) COVERAGE**
**INSURANCE (PROPERTY DAMAGE)**

ROYAL-GLOBE INSURANCE COMPANIES

SCHEDULE OF ITEMS

| ITEM NO. | AMOUNT OF INSURANCE | % OF COINS. | DESCRIPTION AND LOCATION OF PROPERTY COVERED |
|---|---|---|---|
| 2. | 582,000. | 90% | BLANKET ON EQUIPMENT AND STOCK. |
| | | | SITUATES: |
| | | | 642 SO. EL DORADO ST. |
| | | | 632 SO. EL DORADO ST. |
| | | | ADJ. REAR 632 SO. EL DORADO ST. |
| | | | 632¼ SO EL DORADO ST. |
| | | | 632½ SO EL DORADO ST. |
| | | | REAR 642 SO EL DORADO ST. |
| | | | WEST OF 642 SO EL DORADO ST. |
| | | | WEST 50' OF 642 SO EL DORADO ST. |
| | | | ADJ. LEFT OF 642 SO EL DORADO ST. |
| | | | WEST 40' OF 642 SO EL DORADO ST. |
| | | | EAST OF 104 E. SCOTTS AVE. |
| | | | ALL IN STOCKTON, CALIF. AND |
| | | | 319 3RD ST., BRODERICK, CALIF. |
| | | | 305 GOLDEN LANE, RENO, NEV. |
| 3. | 10,000. | 90% | OFFICE CONTENTS SPECIAL FORM. |
| | | | SITUATE: 104 EAST SCOTTS AVE. |
| | | | STOCKTON, CALIFORNIA |

DEDUCTIBLE CLAUSE (SPECIFY)

SUBJECT TO THE FOLLOWING FORMS ATTACHED HERETO:

**SEE PAGE I**

**GENERAL PROPERTY FORM**

CF 00 11
(Ed. 04 77)

Insurance applies only to item(s) specifically described in this policy for which an amount of insurance is shown and, unless otherwise provided, all provisions and stipulations of this form and policy shall apply separately to each such item.

## SECTION I—PROPERTY COVERED

When the insurance under this policy covers "Building(s)", "Personal Property of the Insured", or "Personal Property of Others" such insurance shall cover in accordance with the following description(s) of coverage.

**COVERAGE A—BUILDING(S):** Building(s) or structure(s) shall include attached additions and extensions; fixtures, machinery and equipment constituting a permanent part of and pertaining to the service of the building; yard fixtures; personal property of the named insured used for the maintenance or service of the described building(s), including fire extinguishing apparatus, outdoor furniture, floor coverings and appliances for refrigerating, ventilating, cooking, dishwashing and laundering (BUT NOT INCLUDING OTHER PERSONAL PROPERTY IN APARTMENTS OR ROOMS FURNISHED BY THE NAMED INSURED AS LANDLORD); all while at the described locations.

**COVERAGE B—PERSONAL PROPERTY OF THE INSURED:** Personal property of the insured means only business personal property, owned by the named insured usual to the occupancy of the named insured, including bullion, manuscripts, furniture, fixtures, equipment and supplies, not otherwise covered under this policy, and shall also include the named insured's interest in personal property owned by others to the extent of the value of labor, materials and charges furnished, performed or incurred by the named insured; all while (1) in or on the described buildings, or (2) in the open (including within vehicles) on or within 100 feet of the described premises.

This coverage shall also include Tenant's Improvements and Betterments, when not otherwise specifically covered. Tenant's Improvements and Betterments means the named insured's use interest in fixtures, alterations, installations or additions comprising a part of the buildings occupied but not owned by the named insured and made or acquired at the expense of the named insured exclusive of rent paid by the named insured, but which are not legally subject to removal by the named insured.

**COVERAGE C—PERSONAL PROPERTY OF OTHERS:** This insurance shall cover for the account of the owner(s) (other than the named insured) personal property belonging to others in the care, custody or control of the named insured, while (1) in or on the described buildings, or (2) in the open (including within vehicles) on or within 100 feet of the described premises.

Loss shall be adjusted with the named insured for the account of the owner(s) of the property, except the right to adjust such loss with the owner(s) is reserved to this Company and the receipt(s) of the owner(s) in satisfaction thereof shall be in full satisfaction of any claim by the named insured for which payment(s) has been made. THIS COVERAGE SHALL NOT OTHERWISE BENEFIT THE NAMED INSURED NOR ANY CARRIER OR OTHER BAILEE.

**DEBRIS REMOVAL:** This insurance covers expense incurred in the removal of debris of the property covered, which may be occasioned by loss caused by any of the perils insured against in this policy.

THE TOTAL LIABILITY UNDER THIS POLICY FOR BOTH LOSS TO PROPERTY AND DEBRIS REMOVAL EXPENSE SHALL NOT EXCEED THE AMOUNT OF INSURANCE APPLYING UNDER THIS POLICY TO THE PROPERTY COVERED.

THIS COMPANY SHALL NOT BE LIABLE FOR A GREATER PROPORTION OF SUCH DEBRIS REMOVAL EXPENSE THAN THE AMOUNT OF INSURANCE UNDER THIS POLICY BEARS TO THE WHOLE AMOUNT OF INSURANCE COVERING THE PROPERTY AGAINST THE PERIL CAUSING THE LOSS, WHETHER OR NOT OTHER INSURANCE COVERS SUCH EXPENSE.

## SECTION II—PROPERTY NOT COVERED

A. THIS POLICY DOES NOT COVER:

1. ANIMALS AND PETS;

2. AIRCRAFT, WATERCRAFT, INCLUDING MOTORS, EQUIPMENT AND ACCESSORIES (EXCEPT ROWBOATS AND CANOES WHILE OUT OF WATER AND ON THE DESCRIBED PREMISES);

3. GROWING CROPS AND LAWNS;

4. PERSONAL PROPERTY WHILE WATERBORNE;

5. PROPERTY WHICH IS MORE SPECIFICALLY COVERED IN WHOLE OR IN PART BY THIS OR ANY OTHER CONTRACT OF INSURANCE, EXCEPT FOR THE AMOUNT OF LOSS WHICH IS IN EXCESS OF THE AMOUNT DUE FROM SUCH MORE SPECIFIC INSURANCE;

6. PERSONAL PROPERTY IN WHICH PARTIES OTHER THAN THE NAMED INSURED ALSO HAVE AN INSURABLE INTEREST, WHEN THE NAMED INSURED'S INTEREST IN SAID PROPERTY IS OTHERWISE COVERED BY INSURANCE.

B. THIS POLICY DOES NOT COVER THE FOLLOWING PROPERTY UNLESS SPECIFICALLY DESCRIBED ON THE FIRST PAGE OF THIS POLICY OR BY ENDORSEMENT:

1. VEHICLES DESIGNED FOR USE ON PUBLIC THOROUGHFARES;

2. OUTDOOR SIGNS, WHETHER OR NOT ATTACHED TO A BUILDING OR STRUCTURE;

3. OUTDOOR TREES, SHRUBS AND PLANTS, EXCEPT AS PROVIDED IN SECTION III—EXTENSIONS OF COVERAGE;

4. OUTDOOR SWIMMING POOLS; FENCES; PIERS, WHARVES AND DOCKS; BEACH OR DIVING PLATFORMS OR APPURTENANCES; RETAINING WALLS NOT CONSTITUTING A PART OF BUILDINGS; WALKS, ROADWAYS AND OTHER PAVED SURFACES.

C. THIS POLICY DOES NOT COVER THE FOLLOWING PROPERTY WHEN SECTION IV—COINSURANCE CLAUSE APPLIES, UNLESS ADDED BY ENDORSEMENT:

1. COST OF EXCAVATIONS, GRADING OR FILLING;

2. FOUNDATIONS OF BUILDINGS, MACHINERY, BOILERS OR ENGINES WHICH FOUNDATIONS ARE BELOW THE UNDERSURFACE OF THE LOWEST BASEMENT FLOOR, OR WHERE THERE IS NO BASEMENT, BELOW THE SURFACE OF THE GROUND;

3. PILINGS, PIERS, PIPES, FLUES AND DRAINS WHICH ARE UNDERGROUND;

4. FILINGS WHICH ARE BELOW THE LOW WATER MARK.

THE ABOVE EXCLUSIONS SHALL NOT APPLY TO THE FOLLOWING PROPERTY WHEN HELD FOR SALE OR SOLD BUT NOT DELIVERED:

1. Animals and pets;

2. Watercraft, including motors, equipment and accessories, while on afloat;

3. Outdoor trees, shrubs and plants.

## SECTION III—EXTENSIONS OF COVERAGE

### (THIS SECTION IS APPLICABLE ONLY WHEN 80% OR HIGHER COINSURANCE CLAUSE APPLIES)

WHEN THE NAMED INSURED ELECTS TO APPLY THE FOLLOWING EXTENSIONS OF COVERAGE:

A. THE LIABILITY OF THIS COMPANY FOR LOSS IN ANY ONE OCCURRENCE, INCLUDING LOSS UNDER THESE EXTENSIONS, SHALL NOT EXCEED THE AMOUNT OF INSURANCE APPLICABLE TO THE COVERAGE(S) BEING EXTENDED, EXCEPT AS PROVIDED UNDER EXTENSION NO. 1.

B. THIS COMPANY SHALL NOT BE LIABLE FOR A GREATER PROPORTION OF ANY LOSS THAN WOULD HAVE BEEN THE CASE IF ALL FIRE INSURANCE POLICIES COVERING THE DESCRIBED PROPERTY HAD CONTAINED AN IDENTICAL EXTENSION OF COVERAGE AND THE SAME ELECTION WERE MADE UNDER ALL SUCH POLICIES.

C. WHEN THERE IS OTHER INSURANCE, WHETHER COLLECTIBLE OR NOT, THIS COMPANY SHALL NOT BE LIABLE FOR MORE THAN ITS PRO RATA SHARE OF THE AMOUNTS SET FORTH IN THESE EXTENSIONS OF COVERAGE.

1. **PERSONAL PROPERTY OF OTHERS:** The named insured may apply at each location up to 2%, BUT NOT EXCEEDING $2,000, of the amount of insurance for Coverage B—Personal Property of the Insured at such location, as an additional amount of insurance, to cover for the account of the owner(s) (other than the named insured), direct loss by a peril insured against to personal property similar to that covered by this policy, belonging to others in the care, custody or control of the named insured, while (1)

in or on the described buildings, or (2) in the open (including within vehicles) on or within 100 feet of the described premises.

Loss shall be adjusted with the named insured for the account of the owner(s) of the property, except that the right to adjust such loss with the owner(s) is reserved to this Company and the receipt(s) of the owner(s) in satisfaction thereof shall be in full satisfaction of any claim by the named

CF 00 11 (Ed. 04 77)

insured for which payment(s) has been made. THIS EXTENSION OF COVERAGE SHALL NOT OTHERWISE BENEFIT THE NAMED INSURED NOR ANY CARRIER OR OTHER BAILEE.

**2. OFF-PREMISES:** The named Insured may apply up to 2%, BUT NOT EXCEEDING $5,000, of the sum of the amount(s) of insurance for Coverage A—Building(s) and Coverage B—Personal Property of the Insured at a described location, to cover direct loss by a peril insured against to such property, OTHER THAN MERCHANDISE OR STOCK (RAW, IN PROCESS, OR FINISHED) owned by the named Insured, while such property is temporarily removed for purposes of cleaning, repairing, reconstruction or restoration.

THIS EXTENSION OF COVERAGE SHALL: (A) NOT APPLY TO PROPERTY IN TRANSIT NOR TO PROPERTY ON ANY PREMISES OWNED, LEASED, OPERATED OR CONTROLLED BY THE NAMED INSURED; (B) NOT APPLY EXCEPT AS EXCESS OVER THE AMOUNT DUE FROM ANY OTHER INSURANCE COVERING THE PROPERTY, WHETHER COLLECTIBLE OR NOT; (C) NOT DIRECTLY OR INDIRECTLY BENEFIT ANY CARRIER OR OTHER BAILEE.

**3. NEWLY ACQUIRED PROPERTY:**

A. The named Insured may apply up to 10%, BUT NOT EXCEEDING $25,000, of the amount of insurance for Coverage A—Building(s) to cover direct loss by a peril insured against to the following described property:

(1) New buildings and new structures being constructed on the described premises and intended for similar occupancy. THIS COVERAGE SHALL CEASE 30 DAYS FROM THE DATE CONSTRUCTION BEGINS OR ON THE DATE THE VALUES OF NEW CONSTRUCTION ARE REPORTED TO THIS COMPANY, OR ON THE EXPIRATION DATE OF THE POLICY, WHICHEVER OCCURS FIRST.

(2) Buildings acquired by the named Insured at any location, elsewhere than at the described premises, within the fifty states of the United States of America and the District of Columbia and used by him for similar occupancies or warehouse purposes. THIS COVERAGE SHALL CEASE 30 DAYS FROM THE DATE OF SUCH ACQUISITION OR ON THE DATE VALUES OF THE BUILDINGS ARE REPORTED TO THIS COMPANY, OR ON THE EXPIRATION DATE OF THE POLICY, WHICHEVER OCCURS FIRST.

B. The named Insured may apply up to 10%, BUT NOT EXCEEDING $10,000, of the amount of insurance for Coverage B—Personal Property of the Insured to cover direct loss in any one occurrence by a peril insured against to such property at any location (EXCEPT FAIRS AND EXHIBITIONS) acquired by the named Insured, elsewhere than at the described premises, within the fifty states of the United States of America and the District of Columbia. THIS COVERAGE SHALL CEASE 30 DAYS FROM THE DATE VALUES AT SUCH LOCATIONS ARE REPORTED TO THIS COMPANY, OR ON THE EXPIRATION DATE OF THE POLICY, WHICHEVER OCCURS FIRST.

ADDITIONAL PREMIUM SHALL BE DUE AND PAYABLE FOR VALUES SO REPORTED FROM THE DATE CONSTRUCTION BEGINS OR THE PROPERTY IS ACQUIRED.

**4. PERSONAL EFFECTS:** The named Insured may apply up to 5%, BUT NOT EXCEEDING $500, of the amount of insurance for Coverage B—Personal Property of the insured to cover direct loss by a peril insured against to personal effects while located on the described premises, belonging to the named Insured, officers, partners or employees thereof, AND LIMITED TO $100 ON PERSONAL EFFECTS OWNED BY ANY ONE INDIVIDUAL. THIS EXTENSION OF COVERAGE DOES NOT APPLY IF THE LOSS IS COVERED BY ANY OTHER INSURANCE, WHETHER COLLECTIBLE OR NOT, OR WHICH WOULD HAVE BEEN COVERED BY SUCH OTHER INSURANCE IN THE ABSENCE OF THIS POLICY. At the option of this Company, loss under this Extension of Coverage may be adjusted with and payable to the named Insured.

**5. VALUABLE PAPERS AND RECORDS:** The named Insured may apply up to 5%, BUT NOT EXCEEDING $500, of the amount of insurance for Coverage B—Personal Property of the Insured at a described location to cover direct loss by a peril insured against under this policy to valuable papers and records. THIS EXTENSION OF COVERAGE COVERS ONLY THE COST OF RESEARCH AND OTHER EXPENSE NECESSARILY INCURRED BY THE NAMED INSURED TO REPRODUCE, REPLACE, OR RESTORE SUCH VALUABLE PAPERS AND RECORDS CONSISTING OF BOOKS OF ACCOUNT, MANUSCRIPTS, ABSTRACTS, DRAWINGS, CARD INDEX SYSTEMS, FILM, TAPE, DISC, DRUM, CELL AND OTHER MAGNETIC RECORDING OR STORAGE MEDIA FOR ELECTRONIC DATA PROCESSING, AND OTHER RECORDS, ALL THE PROPERTY OF THE NAMED INSURED AT SUCH LOCATION(S).

**6. OUTDOOR TREES, SHRUBS AND PLANTS:** The named Insured may apply up to 5%, but not exceeding $1,000, of the sum of the amount(s) of insurance for Coverage A—Building(s) and Coverage B—Personal Property of the Insured to cover outdoor trees, shrubs and plants at the location(s) described in this policy against direct loss in any one occurrence by the perils of fire, lightning, explosion, riot, civil commotion or aircraft, BUT ONLY TO THE EXTENT SUCH PERILS ARE INSURED AGAINST. THIS COMPANY SHALL NOT BE LIABLE FOR MORE THAN $250 ON ANY ONE TREE, SHRUB OR PLANT, INCLUDING DEBRIS REMOVAL EXPENSE.

## SECTION IV—COINSURANCE CLAUSE

**(THIS CLAUSE VOID UNLESS A PERCENTAGE IS SPECIFIED IN THE APPROPRIATE SPACE ON THE FIRST PAGE OF THIS POLICY OR BY ENDORSEMENT)**

THIS COMPANY SHALL NOT BE LIABLE FOR A GREATER PROPORTION OF ANY LOSS TO THE PROPERTY COVERED THAN THE AMOUNT OF INSURANCE UNDER THIS POLICY FOR SUCH PROPERTY BEARS TO THE AMOUNT PRODUCED BY MULTIPLYING THE ACTUAL CASH VALUE OF SUCH PROPERTY AT THE TIME OF THE LOSS BY THE COINSURANCE PERCENTAGE APPLICABLE (SPECIFIED ON THE FIRST PAGE OF THIS POLICY, OR BY ENDORSEMENT).

IN THE EVENT THAT THE AGGREGATE CLAIM FOR ANY LOSS IS BOTH LESS THAN $10,000 AND LESS THAN 5% OF THE TOTAL AMOUNT OF INSURANCE APPLICABLE TO THE PROPERTY INVOLVED AT THE TIME SUCH LOSS OCCURS, NO

SPECIAL INVENTORY OR APPRAISEMENT OF THE UNDAMAGED PROPERTY SHALL BE REQUIRED, PROVIDING THAT NOTHING HEREIN SHALL BE CONSTRUED TO WAIVE THE APPLICATION OF THE FIRST PARAGRAPH OF THIS CLAUSE.

THE VALUE OF PROPERTY COVERED UNDER EXTENSIONS OF COVERAGE, AND THE COST OF THE REMOVAL OF DEBRIS, SHALL NOT BE CONSIDERED IN THE DETERMINATION OF ACTUAL CASH VALUE WHEN APPLYING THE COINSURANCE CLAUSE.

## SECTION V—DEDUCTIBLE CLAUSE

THE SUM OF $100 SHALL BE DEDUCTED FROM THE AMOUNT OF LOSS TO PROPERTY IN ANY ONE OCCURRENCE RESULTING FROM ANY OF THE PERILS INSURED AGAINST. THIS DEDUCTIBLE SHALL APPLY SEPARATELY TO EACH BUILDING (INCLUDING PERSONAL PROPERTY THEREIN), SEPARATELY TO PERSONAL PROPERTY IN EACH BUILDING IF NO COVERAGE IS PROVIDED ON THE CONTAINING BUILDING AND SEPARATELY TO PERSONAL PROPERTY IN THE

OPEN (INCLUDING WITHIN VEHICLES). THE AGGREGATE AMOUNT OF THIS DEDUCTIBLE IN ANY ONE OCCURRENCE SHALL NOT EXCEED $1,000.

This deductible shall not apply to insurance covering Business Interruption, Tuition Fees, Extra Expense, Additional Living Expense, Rent or Rental Value or Leasehold Interest.

## SECTION VI—PERILS INSURED AGAINST

This policy insures against all direct loss caused by:

**1. FIRE OR LIGHTNING.**

**2. REMOVAL,** meaning loss by removal of the property covered hereunder from premises endangered by the perils insured against, and the amount of insurance applies pro rata for 5 days at each proper place to which such property shall necessarily be removed for preservation from the perils insured against.

*This policy is extended to insure against direct loss by Windstorm, Hail, Smoke, Explosion, Riot, Riot Attending A Strike, Civil Commotion, Aircraft And Vehicles as hereinafter provided, ONLY WHEN PREMIUM FOR EXTENDED COVERAGE IS SHOWN ON THE FIRST PAGE OF THIS POLICY OR BY ENDORSEMENT.*

**3. WINDSTORM OR HAIL,** EXCLUDING LOSS CAUSED DIRECTLY OR INDIRECTLY BY FROST OR COLD WEATHER, OR ICE (OTHER THAN HAIL), SNOW OR SLEET, WHETHER DRIVEN BY WIND OR NOT.

A. THIS COMPANY SHALL NOT BE LIABLE FOR LOSS TO THE INTERIOR OF THE BUILDING(S) OR THE PROPERTY COVERED THEREIN CAUSED:

(1) BY RAIN, SNOW, SAND OR DUST, WHETHER DRIVEN BY WIND OR NOT, UNLESS THE BUILDING(S) COVERED OR CONTAINING THE PROPERTY COVERED SHALL FIRST SUSTAIN AN ACTUAL DAMAGE TO ROOF OR WALLS BY THE DIRECT ACTION OF WIND OR HAIL AND THEN SHALL BE LIABLE FOR LOSS TO THE INTERIOR OF THE BUILDING(S) OR THE PROPERTY COVERED THEREIN AS MAY BE CAUSED BY RAIN, SNOW, SAND OR DUST ENTERING THE BUILDING(S) THROUGH OPENINGS IN THE ROOF OR WALLS MADE BY DIRECT ACTION OF WIND OR HAIL; OR (2) BY WATER FROM SPRINKLER EQUIPMENT OR FROM OTHER PIPING, UNLESS SUCH EQUIPMENT OR PIPING BE DAMAGED AS A DIRECT RESULT OF WIND OR HAIL.

B. THIS COMPANY SHALL NOT BE LIABLE FOR WINDSTORM OR HAIL DAMAGE TO THE FOLLOWING PROPERTY:

(1) WINDMILLS, WIND PUMPS OR THEIR TOWERS;

(2) CROP SILOS OR THEIR CONTENTS;

(3) METAL SMOKESTACKS; OR

(4) WHEN OUTSIDE OF BUILDINGS,

(a) GRAIN, HAY, STRAW OR OTHER CROPS,

**CF 00 11** (Ed. 04 77)

Page 2 of 5

(b) TREES, SHRUBS OR PLANTS.

the building(s) containing the property covered

(b) TREES, SHRUBS OR PLANTS,

(c) AWNINGS OF FABRIC OR SLAT CONSTRUCTION, CANOPIES OF FABRIC OR SLAT CONSTRUCTION, INCLUDING THEIR SUPPORTS,

(d) RADIO OR TELEVISION ANTENNAS, INCLUDING THEIR LEAD-IN WIRING, MASTS OR TOWERS.

**4. SMOKE,** meaning sudden and accidental damage from smoke, OTHER THAN SMOKE FROM AGRICULTURAL SMUDGING OR INDUSTRIAL OPERATIONS.

**5. EXPLOSION,** including direct loss resulting from the explosion of accumulated gases or unconsumed fuel within the firebox (or combustion chamber) of any fired vessel or within the flues or passages which conduct the gases of combustion therefrom.

    A. THIS COMPANY SHALL NOT BE LIABLE FOR LOSS BY EXPLOSION OF STEAM BOILERS, STEAM PIPES, STEAM TURBINES OR STEAM ENGINES, IF OWNED BY, LEASED BY OR OPERATED UNDER THE CONTROL OF THE INSURED.

    B. THE FOLLOWING ARE NOT EXPLOSIONS WITHIN THE INTENT OR MEANING OF THESE PROVISIONS:

      (1) SHOCK WAVES CAUSED BY AIRCRAFT, GENERALLY KNOWN AS "SONIC BOOM",

      (2) ELECTRIC ARCING,

      (3) RUPTURE OR BURSTING OF ROTATING OR MOVING PARTS OF MACHINERY CAUSED BY CENTRIFUGAL FORCE OR MECHANICAL BREAKDOWN,

      (4) WATER HAMMER,

      (5) RUPTURE OR BURSTING OF WATER PIPES,

      (6) RUPTURE OR BURSTING DUE TO EXPANSION OR SWELLING OF THE CONTENTS OF ANY BUILDING OR STRUCTURE, CAUSED BY OR RESULTING FROM WATER,

      (7) RUPTURE, BURSTING OR OPERATION OF PRESSURE RELIEF DEVICES.

**6. RIOT, RIOT ATTENDING A STRIKE OR CIVIL COMMOTION,** including direct loss by acts of striking employees of the owner or tenant(s) of the described building(s) while occupied by said striking employees and shall also include direct loss from pillage and looting occurring during and at the immediate place of a riot, riot attending a strike or civil commotion. THIS COMPANY SHALL NOT BE LIABLE FOR LOSS RESULTING FROM DAMAGE TO OR DESTRUCTION OF PROPERTY DUE TO CHANGE IN TEMPERATURE OR HUMIDITY OR INTERRUPTION OF OPERATIONS WHETHER OR NOT SUCH LOSS IS COVERED BY THIS POLICY AS TO OTHER PERILS.

**7. AIRCRAFT OR VEHICLES,** meaning only direct loss resulting from actual physical contact of an aircraft or a vehicle with the property covered or with the building(s) containing the property covered, except that loss by aircraft includes direct loss by objects falling therefrom.

THIS COMPANY SHALL NOT BE LIABLE FOR LOSS:

    A. BY ANY VEHICLE OWNED OR OPERATED BY AN INSURED OR BY ANY TENANT OF THE DESCRIBED PREMISES;

    B. BY ANY VEHICLE TO FENCES, DRIVEWAYS, WALKS, OR WHEN OUTSIDE OF BUILDINGS, TO TREES, SHRUBS OR PLANTS;

    C. TO ANY AIRCRAFT OR VEHICLE INCLUDING ITS CONTENTS OTHER THAN STOCKS OF AIRCRAFT OR VEHICLES IN PROCESS OF MANUFACTURE OR FOR SALE.

The word "vehicles" means vehicles running on land or tracks but not aircraft. The word "aircraft" shall include self-propelled missiles and spacecraft.

***This policy is extended to insure against direct loss by Vandalism or Malicious Mischief as hereinafter provided, ONLY WHEN PREMIUM FOR VANDALISM AND MALICIOUS MISCHIEF IS SHOWN ON THE FIRST PAGE OF THIS POLICY OR BY ENDORSEMENT.***

**8. VANDALISM OR MALICIOUS MISCHIEF,** meaning only the willful and malicious damage to or destruction of the property covered.

THIS COMPANY SHALL NOT BE LIABLE FOR LOSS—

    A. TO GLASS (OTHER THAN GLASS BUILDING BLOCKS) CONSTITUTING PART OF A BUILDING, STRUCTURE OR AN OUTSIDE SIGN;

    B. BY PILFERAGE, THEFT, BURGLARY OR LARCENY, EXCEPT THAT THIS COMPANY SHALL BE LIABLE FOR WILLFUL DAMAGE TO THE BUILDING(S) COVERED CAUSED BY BURGLARS IN GAINING ENTRANCE TO OR EXIT FROM THE BUILDING(S) OR ANY PART OF THE BUILDING(S);

    C. BY EXPLOSION OF STEAM BOILERS, STEAM PIPES, STEAM TURBINES OR STEAM ENGINES, IF OWNED BY, LEASED BY, OR OPERATED UNDER THE CONTROL OF THE NAMED INSURED; OR BY RUPTURE OR BURSTING OF ROTATING OR MOVING PARTS OF MACHINERY CAUSED BY CENTRIFUGAL FORCE OR MECHANICAL BREAKDOWN;

    D. FROM DEPRECIATION OR DETERIORATION;

    E. RESULTING FROM CHANGE IN TEMPERATURE OR HUMIDITY;

    F. IF THE DESCRIBED BUILDING(S) HAD BEEN VACANT OR UNOCCUPIED BEYOND A PERIOD OF 30 CONSECUTIVE DAYS IMMEDIATELY PRECEDING THE LOSS, WHETHER OR NOT SUCH PERIOD COMMENCED PRIOR TO THE INCEPTION DATE OF INSURANCE AGAINST THESE PERILS; but a building in process of construction shall not be deemed vacant or unoccupied, nor shall the unoccupancy provision be applicable to private dwelling property. (The words "vacant" and "unoccupied" are defined in Section IX, paragraph 8.)

## SECTION VII—EXCLUSIONS

**1. ELECTRICAL APPARATUS:** THIS COMPANY SHALL NOT BE LIABLE FOR ANY LOSS RESULTING FROM ANY ELECTRICAL INJURY OR DISTURBANCE TO ELECTRICAL APPLIANCES, DEVICES, FIXTURES OR WIRING CAUSED BY ELECTRICAL CURRENTS ARTIFICIALLY GENERATED UNLESS FIRE AS INSURED AGAINST ENSUES, AND THEN THIS COMPANY SHALL BE LIABLE FOR ONLY ITS PROPORTION OF LOSS CAUSED BY THE ENSUING FIRE.

**2. NUCLEAR CLAUSE (NOT APPLICABLE IN NEW YORK):** THE WORD "FIRE" IN THIS POLICY OR ENDORSEMENTS ATTACHED HERETO IS NOT INTENDED TO AND DOES NOT EMBRACE NUCLEAR REACTION OR NUCLEAR RADIATION OR RADIOACTIVE CONTAMINATION, ALL WHETHER CONTROLLED OR UNCONTROLLED, AND LOSS BY NUCLEAR REACTION OR NUCLEAR RADIATION OR RADIOACTIVE CONTAMINATION IS NOT INTENDED TO BE AND IS NOT INSURED AGAINST BY THIS POLICY OR SAID ENDORSEMENTS, WHETHER SUCH LOSS BE DIRECT OR INDIRECT, PROXIMATE OR REMOTE, OR BE IN WHOLE OR IN PART CAUSED BY, CONTRIBUTED TO, OR AGGRAVATED BY "FIRE" OR ANY OTHER PERILS INSURED AGAINST BY THIS POLICY OR SAID ENDORSEMENT; HOWEVER, SUBJECT TO THE FOREGOING AND ALL PROVISIONS OF THIS POLICY, DIRECT LOSS BY "FIRE" RESULTING FROM NUCLEAR REACTION OR NUCLEAR RADIATION OR RADIOACTIVE CONTAMINATION IS INSURED AGAINST BY THIS POLICY.

**3. NUCLEAR CLAUSE (Applicable in New York):** This policy does not cover loss or damage caused by nuclear reaction or nuclear radiation or radioactive contamination, all whether directly or indirectly resulting from an insured peril under this policy.

**4. NUCLEAR EXCLUSION (NOT APPLICABLE IN NEW YORK):** (THIS CLAUSE APPLIES TO ALL PERILS INSURED AGAINST HEREUNDER EXCEPT THE PERILS OF FIRE AND LIGHTNING, WHICH ARE OTHERWISE PROVIDED FOR IN THE NUCLEAR CLAUSE ABOVE): LOSS BY NUCLEAR REACTION OR NUCLEAR RADIATION OR RADIOACTIVE CONTAMINATION, ALL WHETHER CONTROLLED OR UNCONTROLLED, OR DUE TO ANY ACT OR CONDITION INCIDENT TO ANY OF THE FOREGOING, IS NOT INSURED AGAINST BY THIS POLICY, WHETHER SUCH LOSS BE DIRECT OR INDIRECT, PROXIMATE OR REMOTE, OR BE IN WHOLE OR IN PART CAUSED BY, CONTRIBUTED TO, OR AGGRAVATED BY ANY OF THE PERILS INSURED AGAINST BY THIS POLICY; AND NUCLEAR REACTION OR NUCLEAR RADIATION OR RADIOACTIVE CONTAMINATION, ALL WHETHER CONTROLLED OR UNCONTROLLED, IS NOT "EXPLOSION" OR "SMOKE".

**5. ORDINANCE OR LAW:** THIS COMPANY SHALL NOT BE LIABLE FOR LOSS, INCLUDING DEBRIS REMOVAL EXPENSE, OCCASIONED DIRECTLY OR INDIRECTLY BY ENFORCEMENT OF ANY ORDINANCE OR LAW REGULATING THE USE, CONSTRUCTION, REPAIR OR DEMOLITION OF PROPERTY, UNLESS SUCH LIABILITY IS OTHERWISE SPECIFICALLY ASSUMED BY ENDORSEMENT.

**6. POWER FAILURE:** THIS COMPANY SHALL NOT BE LIABLE FOR LOSS CAUSED DIRECTLY OR INDIRECTLY BY THE INTERRUPTION OF POWER OR OTHER UTILITY SERVICE FURNISHED TO THE DESCRIBED PREMISES IF THE INTERRUPTION TAKES PLACE AWAY FROM THE DESCRIBED PREMISES. IF A PERIL INSURED AGAINST ENSUES ON THE DESCRIBED PREMISES, THIS COMPANY SHALL BE LIABLE FOR ONLY ITS PROPORTION OF LOSS CAUSED BY THE ENSUING PERIL.

**7. WAR RISK** (THIS CLAUSE APPLIES TO ALL PERILS INSURED AGAINST HEREUNDER EXCEPT THE PERILS OF FIRE, LIGHTNING AND REMOVAL WHICH ARE OTHERWISE PROVIDED FOR IN THIS POLICY): THIS COMPANY SHALL NOT BE LIABLE FOR LOSS CAUSED DIRECTLY OR INDIRECTLY BY:

    A. HOSTILE OR WARLIKE ACTION IN TIME OF PEACE OR WAR, INCLUDING ACTION IN HINDERING, COMBATING OR DEFENDING AGAINST AN ACTUAL, IMPENDING OR EXPECTED ATTACK,

      (1) BY ANY GOVERNMENT OR SOVEREIGN POWER (DE JURE OR DE FACTO), OR BY ANY AUTHORITY MAINTAINING OR USING MILITARY, NAVAL OR AIR FORCES; OR

      (2) BY MILITARY, NAVAL OR AIR FORCES; OR

      (3) BY AN AGENT OF ANY SUCH GOVERNMENT, POWER, AUTHORITY OR FORCES, IT BEING UNDERSTOOD THAT ANY DISCHARGE, EXPLOSION OR USE OF ANY WEAPON OF WAR EMPLOYING NUCLEAR FISSION OR FUSION SHALL BE CONCLUSIVELY PRESUMED TO BE SUCH A HOSTILE OR WARLIKE ACTION BY SUCH A GOVERNMENT, POWER, AUTHORITY OR FORCES;

    B. INSURRECTION, REBELLION, REVOLUTION, CIVIL WAR, USURPED POWER, OR ACTION TAKEN BY GOVERNMENTAL AUTHORITY IN HINDERING, COMBATING OR DEFENDING AGAINST SUCH AN OCCURRENCE.

**8. WATER EXCLUSION:** THIS COMPANY SHALL NOT BE LIABLE FOR LOSS CAUSED BY, RESULTING FROM, CONTRIBUTED TO OR AGGRAVATED BY ANY OF THE FOLLOWING:

    A. FLOOD, SURFACE WATER, WAVES, TIDAL WATER OR TIDAL WAVE, OVERFLOW OF STREAMS OR OTHER BODIES OF WATER, OR SPRAY FROM ANY OF THE FOREGOING, ALL WHETHER DRIVEN BY WIND OR NOT;

    B. WATER WHICH BACKS UP THROUGH SEWERS OR DRAINS;

    C. WATER BELOW THE SURFACE OF THE GROUND INCLUDING THAT WHICH EXERTS PRESSURE ON OR FLOWS, SEEPS OR LEAKS THROUGH

**CF 00 11** (Ed. 04 77)

SIDEWALKS, DRIVEWAYS, FOUNDATIONS, WALLS, BASEMENT OR OTHER FLOORS, OR THROUGH DOORS, WINDOWS OR ANY OTHER OPENINGS IN SUCH UNLESS FIRE OR EXPLOSION AS INSURED AGAINST ENSUES, AND THEN THIS

WALKS, DRIVEWAYS, FOUNDATIONS, WALLS, BASEMENT OR OTHER JRS, OR THROUGH DOORS, WINDOWS, OR ANY OTHER OPENING IN SUCH SIDEWALKS, DRIVEWAYS, FOUNDATIONS, WALLS OR FLOORS;

FIRE OR EXPLOSION AS INSURED AGAINST ENSUES, AND THEN THIS ANY SHALL BE LIABLE FOR ONLY ITS PROPORTION OF LOSS CAUSED BY THE ENSUING FIRE OR EXPLOSION.

## SECTION VIII—VALUATION

The following bases are established for valuation of property:

1. ALL PROPERTY AT ACTUAL CASH VALUE, EXCEPT AS PROVIDED BELOW OR BY ENDORSEMENT.

2. THE VALUE OF ALL STOCK ACTUALLY SOLD BUT NOT DELIVERED SHALL BE THE PRICE AT WHICH IT WAS SOLD, LESS ALL DISCOUNTS AND UNINCURRED EXPENSES.

3. TENANT'S IMPROVEMENTS AND BETTERMENTS:

A. IF REPAIRED OR REPLACED AT THE EXPENSE OF THE NAMED IN-SURED WITHIN A REASONABLE TIME AFTER LOSS, THE ACTUAL CASH VALUE OF THE DAMAGED OR DESTROYED IMPROVEMENTS AND BETTER-MENTS.

B. IF NOT REPAIRED OR REPLACED WITHIN A REASONABLE TIME AFTER LOSS, THAT PROPORTION OF THE ORIGINAL COST AT TIME OF INSTALLA-TION OF THE DAMAGED OR DESTROYED PROPERTY WHICH THE UNEX-PIRED TERM OF THE LEASE OR RENTAL AGREEMENT, WHETHER WRITTEN OR ORAL, IN EFFECT AT THE TIME OF LOSS BEARS TO THE PERIODS

FROM THE DATES SUCH IMPROVEMENTS OR BETTERMENTS WERE MADE TO THE EXPIRATION DATE OF THE LEASE.

C. IF REPAIRED OR REPLACED AT THE EXPENSE OF OTHERS FOR THE USE OF THE NAMED INSURED, THERE SHALL BE NO LIABILITY HERE-UNDER.

4. VALUABLE PAPERS AND RECORDS:

A. BOOKS OF ACCOUNT, MANUSCRIPTS, ABSTRACTS, DRAWINGS, CARD INDEX SYSTEMS AND OTHER RECORDS (EXCEPT FILM, TAPE, DISC, DRUM, CELL AND OTHER MAGNETIC RECORDING OR STORAGE MEDIA FOR ELECTRONIC DATA PROCESSING) FOR NOT EXCEEDING THE COST OF BLANK BOOKS, CARDS OR OTHER BLANK MATERIAL PLUS THE COST OF LABOR INCURRED BY THE NAMED INSURED FOR TRANSCRIB-ING OR COPYING SUCH RECORDS.

B. FILM, TAPE, DISC, DRUM, CELL AND OTHER MAGNETIC RECORDING OR STORAGE MEDIA FOR ELECTRONIC DATA PROCESSING FOR NOT EXCEEDING THE COST OF SUCH MEDIA IN UNEXPOSED OR BLANK FORM.

## SECTION IX—OTHER PROVISIONS

1. **APPORTIONMENT:** THIS COMPANY SHALL NOT BE LIABLE FOR A GREATER PROPORTION OF ANY LOSS LESS THE AMOUNT OF THE DEDUCTIBLE, IF ANY, FROM ANY PERIL OR PERILS INCLUDED IN THIS POLICY THAN (A) THE AMOUNT OF INSURANCE UNDER THIS POLICY BEARS TO THE WHOLE AMOUNT OF FIRE INSURANCE COVERING THE PROPERTY, OR WHICH WOULD HAVE COVERED THE PROPERTY EXCEPT FOR THE EXISTENCE OF THIS INSURANCE, WHETHER COL-LECTIBLE OR NOT, AND WHETHER OR NOT SUCH OTHER FIRE INSURANCE COVERS AGAINST THE ADDITIONAL PERIL OR PERILS INSURED AGAINST HERE-UNDER, NOR (B) FOR A GREATER PROPORTION OF ANY LOSS LESS THE AMOUNT OF THE DEDUCTIBLE, IF ANY, THAN THE AMOUNT HEREBY INSURED BEARS TO ALL INSURANCE, WHETHER COLLECTIBLE OR NOT, COVERING IN ANY MANNER SUCH LOSS, OR WHICH WOULD HAVE COVERED SUCH LOSS EXCEPT FOR THE EXISTENCE OF THIS INSURANCE; EXCEPT IF ANY TYPE OF INSURANCE OTHER THAN FIRE EXTENDED TO COVER ADDITIONAL PERILS OR WINDSTORM INSURANCE APPLIES TO ANY LOSS TO WHICH THIS INSURANCE ALSO APPLIES, OR WOULD HAVE APPLIED TO ANY SUCH LOSS EXCEPT FOR THE EXISTENCE OF THIS INSURANCE, THE LIMIT OF LIABILITY OF EACH TYPE OF INSURANCE FOR SUCH LOSS, HEREBY DESIGNATED AS "JOINT LOSS," SHALL FIRST BE DETERMINED AS IF IT WERE THE ONLY INSURANCE, AND THIS TYPE OF INSURANCE SHALL BE LIABLE FOR NO GREATER PROPORTION OF JOINT LOSS THAN THE LIMIT OF ITS LIABILITY FOR SUCH LOSS BEARS TO THE SUM OF ALL SUCH LIMITS. THE LIABILITY OF THIS COMPANY (UNDER THIS POLICY) FOR SUCH JOINT LOSS SHALL BE LIMITED TO ITS PROPORTIONATE PART OF THE AGGREGATE LIMIT OF THIS AND ALL OTHER INSURANCE OF THE SAME TYPE. THE WORDS "JOINT LOSS", AS USED IN THE FOREGOING, MEAN THAT PORTION OF THE LOSS IN EXCESS OF THE HIGHEST DEDUCTIBLE, IF ANY, TO WHICH THIS POLICY AND OTHER TYPES OF INSURANCE ABOVE REFERRED TO BOTH APPLY.

2. **CONTROL OF PROPERTY:** This insurance shall not be prejudiced by any act or neglect of any person (other than the named Insured), when such act or neglect is not within the control of the named Insured.

3. **DIVISIBLE CONTRACT CLAUSE:** If this policy covers two or more build-ings or the contents of two or more buildings, the breach of any condition of the policy in any one or more of the buildings covered or containing the property covered shall not prejudice the right to recover for loss occurring in any building covered or containing the property covered, where at the time of loss a breach of condition does not exist.

4. **INSPECTION OF PROPERTY AND OPERATIONS:** This Company and any person or organization making inspections on the Company's behalf shall be permitted but not obligated to inspect the named Insured's property and operations at any time. Neither the right of this Company and any person or organization to make such inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the named Insured or others, to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule or regulation.

5. **LIBERALIZATION:** If during the period that insurance is in force under this policy, or within 45 days prior to the inception date thereof, on behalf of this Company there be adopted or filed with and approved or accepted by the insurance supervisory authorities, all in conformity with law, any changes in the form attached to this policy by which this form of insurance could be extended or broadened without increased premium charge by endorsement or substitution of form, then such extended or broadened insurance shall inure to the benefit of the named Insured hereunder as though such endorsement or substitution of form had been made.

6. **LOSS CLAUSE:** Any loss hereunder shall not reduce the amount of this policy.

7. **MORTGAGE CLAUSE (Not applicable in Minnesota):** (APPLIES ONLY TO BUILDING ITEMS AND IS EFFECTIVE ONLY WHEN POLICY IS MADE PAYABLE TO A NAMED MORTGAGEE OR TRUSTEE.)

Loss or damage, if any, under this policy, shall be payable to the mort-gagee (or trustee) named on the first page of this policy, as interest may appear, under all present or future mortgages upon the property herein described in which the aforesaid may have an interest as mortgagee (or trustee) in order of precedence of said mortgages, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invali-dated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same.

PROVIDED, ALSO, THAT THE MORTGAGEE (OR TRUSTEE) SHALL NOTIFY THIS COMPANY OF ANY CHANGE OF OWNERSHIP OR OCCUPANCY OR INCREASE OF HAZARD WHICH SHALL COME TO THE KNOWLEDGE OF SAID MORTGAGEE (OR TRUSTEE) AND, UNLESS PERMITTED BY THIS POLICY, IT SHALL BE NOTED THEREON AND THE MORTGAGEE (OR TRUSTEE) SHALL, ON DEMAND, PAY THE PREMIUM FOR SUCH INCREASED HAZARD FOR THE TERM OF THE USE THEREOF; OTHERWISE THIS POLICY SHALL BE NULL AND VOID.

THIS COMPANY RESERVES THE RIGHT TO CANCEL THIS POLICY AT ANY TIME AS PROVIDED BY ITS TERMS, BUT IN SUCH CASE THIS POLICY SHALL CON-TINUE IN FORCE FOR THE BENEFIT ONLY OF THE MORTGAGEE (OR TRUSTEE) FOR 10 DAYS AFTER NOTICE TO THE MORTGAGEE (OR TRUSTEE) OF SUCH CANCELLATION AND SHALL THEN CEASE, AND THIS COMPANY SHALL HAVE THE RIGHT, ON LIKE NOTICE, TO CANCEL THIS AGREEMENT.

Whenever this Company shall pay the mortgagee (or trustee) any sum for loss under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this Company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may, at its option, pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of said mortgagee's (or trustee's) claim.

8. **PERMITS AND USE:** Except as otherwise provided, permission is granted:

A. to make additions, alterations and repairs. This policy insofar as it covers building(s) or structure(s), is extended to cover additions, alterations and repairs, WHEN NOT OTHERWISE COVERED BY INSUR-ANCE, including temporary structures constructed on site, materials, equipment and supplies therefor on or within 100 feet of the described premises; and this policy, insofar as it covers contents, is extended to cover in such additions. This provision does not waive or modify any of the conditions of the Automatic Sprinkler Clause, if any, attached to this policy;

B. for such unoccupancy as is usual or incidental to the described occupancy; BUT VACANCY IS LIMITED TO THE 60 DAY PERIOD PERMIT-TED BY THE POLICY CONDITIONS ("Vacant" or "Vacancy" means con-taining no contents pertaining to operations or activities customary to occupancy of the building. "Unoccupied" or "Unoccupancy" means containing contents pertaining to occupancy of the building while operations or other customary activities are suspended);

C. in the event of loss hereunder, to make reasonable repairs, temporary or permanent, PROVIDED SUCH REPAIRS ARE CONFINED SOLELY TO THE PROTECTION OF THE PROPERTY FROM FURTHER DAM-AGE, AND PROVIDED FURTHER THAT THE NAMED INSURED SHALL KEEP AN ACCURATE RECORD OF SUCH REPAIR EXPENDITURES. The cost of any such repairs directly attributable to damage by any peril insured hereunder shall be included in determining the amount of loss here-

**CF 00 11**   (Ed. 04 77)

under. NOTHING HEREIN CONTAINED IS INTENDED TO MODIFY THE POLICY REQUIREMENTS APPLICABLE IN CASE LOSS OCCURS, AND IN PARTICULAR THE REQUIREMENT THAT, IN CASE LOSS OCCURS, THE NAMED INSURED SHALL PROTECT THE PROPERTY FROM FURTHER DAMAGE.

**9.  PROTECTIVE SAFEGUARDS:** IT IS A CONDITION OF THIS INSURANCE THAT THE INSURED SHALL MAINTAIN SO FAR AS IS WITHIN HIS CONTROL SUCH PROTECTIVE SAFEGUARDS AS ARE SET FORTH BY ENDORSEMENT HERETO.

FAILURE TO MAINTAIN SUCH PROTECTIVE SAFEGUARDS SHALL SUSPEND THIS INSURANCE, ONLY AS RESPECTS THE LOCATION OR SITUATION AFFECTED, FOR THE TIME OF SUCH DISCONTINUANCE.

**10.  PROVISIONS APPLICABLE ONLY WHEN THIS POLICY COVERS BUSINESS INTERRUPTION, TUITION FEES, EXTRA EXPENSE, ADDITIONAL LIVING EX-** PENSE, RENT OR RENTAL VALUE, LEASEHOLD INTEREST OR OTHER CONSE-QUENTIAL LOSS: THE TERM "DIRECT", AS APPLIED TO LOSS, MEANS LOSS, AS LIMITED AND CONDITIONED IN THIS POLICY, RESULTING FROM DIRECT LOSS TO DESCRIBED PROPERTY FROM THE PERIL(S) INSURED AGAINST. IF THE BUSINESS OF THE OWNER OR TENANT(S) OF THE DESCRIBED BUILDING(S) IS INTERRUPTED BY A STRIKE AT THE DESCRIBED LOCATION, THIS COMPANY SHALL NOT BE LIABLE FOR ANY LOSS DUE TO INTERFERENCE BY ANY PER-SON(S) WITH REBUILDING, REPAIRING OR REPLACING THE PROPERTY DAM-AGED OR DESTROYED OR WITH THE RESUMPTION OR CONTINUATION OF BUSINESS.

**11.  SUBROGATION:** This insurance shall not be invalidated should the named Insured waive in writing prior to a loss any or all right of recovery against any party for loss occurring to the property described.



## SPECIAL BUILDING FORM

CF 00 13
(Ed. 04 77)

THIS FORM CANCELS AND REPLACES ANY COVERAGE ON BUILDINGS PROVIDED UNDER ANY OTHER FORM MADE A PART OF THIS POLICY, BUT ONLY WITH RESPECT TO BUILDINGS TO WHICH THIS FORM IS SHOWN TO BE APPLICABLE.

Insurance applies only to item(s) specifically described in this policy for which an amount of insurance is shown and, unless otherwise provided, all provisions and stipulations of this form and policy shall apply separately to each such item.

### SECTION I—PROPERTY COVERED

When insurance under this policy covers "Building(s)", such insurance shall cover in accordance with the following description of coverage.

**COVERAGE A—BUILDING(S):** Building(s) or structure(s) shall include attached additions and extensions; fixtures, machinery and equipment constituting a permanent part of and pertaining to the service of the building(s); materials and supplies intended for use in construction, alteration or repair of the building(s) or structure(s); yard fixtures; personal property of the named insured used for the maintenance or service of the described building(s), including fire extinguishing apparatus, outdoor furniture, floor coverings and appliances for refrigerating, ventilating, cooking, dishwashing and laundering (BUT NOT INCLUDING OTHER PERSONAL PROPERTY IN

APARTMENTS OR ROOMS FURNISHED BY THE NAMED INSURED AS LANDLORD); all while at the described premises.

**DEBRIS REMOVAL:** This policy covers expense incurred in the removal of debris of the property covered hereunder which may be occasioned by loss by a peril not otherwise excluded. THE TOTAL AMOUNT RECOVERABLE UNDER THIS POLICY FOR BOTH LOSS TO PROPERTY AND DEBRIS REMOVAL EXPENSE SHALL NOT EXCEED THE AMOUNT OF INSURANCE APPLYING TO THE DESCRIBED PROPERTY.

### SECTION II—PROPERTY NOT COVERED

THIS POLICY DOES NOT COVER:

A. OUTDOOR SWIMMING POOLS; FENCES; PIERS, WHARVES AND DOCKS, BEACH OR DIVING PLATFORMS OR APPURTENANCES; RETAINING WALLS NOT CONSTITUTING A PART OF A BUILDING; WALKS, ROADWAYS AND OTHER PAVED SURFACES.

B. THE COST OF EXCAVATIONS, GRADING OR FILLING; FOUNDATIONS OF BUILDINGS, MACHINERY, BOILERS OR ENGINES WHICH FOUNDATIONS ARE BELOW THE UNDERSURFACE OF THE LOWEST BASEMENT FLOOR, OR WHERE THERE IS NO BASEMENT, BELOW THE SURFACE OF THE GROUND; PILINGS,

PIERS, PIPES, FLUES AND DRAINS WHICH ARE UNDERGROUND; PILINGS WHICH ARE BELOW THE LOW WATER MARK.

C. OUTDOOR SIGNS, WHETHER OR NOT ATTACHED TO A BUILDING OR STRUCTURE.

D. LAWNS, OUTDOOR TREES, SHRUBS AND PLANTS, EXCEPT AS PROVIDED IN THE EXTENSIONS OF COVERAGE.

E. PROPERTY WHICH IS MORE SPECIFICALLY COVERED IN WHOLE OR IN PART BY THIS OR ANY OTHER CONTRACT OF INSURANCE, EXCEPT FOR THE AMOUNT OF LOSS WHICH IS IN EXCESS OF THE AMOUNT DUE FROM SUCH MORE SPECIFIC INSURANCE.

### SECTION III—PROPERTY SUBJECT TO LIMITATIONS

THE FOLLOWING PROPERTY IS SUBJECT TO THESE ADDITIONAL LIMITATIONS:

A. PLUMBING, HEATING, AIR CONDITIONING OR OTHER EQUIPMENT OR APPLIANCES (EXCEPT FIRE PROTECTIVE SYSTEMS) ARE NOT COVERED AGAINST LOSS CAUSED BY OR RESULTING FROM FREEZING WHILE THE DESCRIBED BUILDINGS ARE VACANT OR UNOCCUPIED, UNLESS THE NAMED INSURED SHALL HAVE EXERCISED DUE DILIGENCE WITH RESPECT TO MAINTAINING HEAT IN THE BUILDINGS OR UNLESS SUCH EQUIPMENT AND APPLIANCES HAD BEEN DRAINED AND THE WATER SUPPLY SHUT OFF DURING SUCH VACANCY OR UNOCCUPANCY.

B. STEAM BOILERS, STEAM PIPES, STEAM TURBINES OR STEAM ENGINES ARE NOT COVERED AGAINST LOSS CAUSED BY ANY CONDITION OR OCCURRENCE WITHIN SUCH BOILERS, PIPES, TURBINES OR ENGINES (EXCEPT DIRECT LOSS RESULTING FROM THE EXPLOSION OF ACCUMULATED GASES OR UNCONSUMED FUEL WITHIN THE FIREBOX, OR COMBUSTION CHAMBER, OF ANY FIRED VESSEL OR WITHIN THE FLUES OR PASSAGES WHICH CONDUCT THE GASES OF COMBUSTION THEREFROM).

C. HOT WATER BOILERS OR OTHER EQUIPMENT FOR HEATING WATER ARE NOT COVERED AGAINST LOSS CAUSED BY ANY CONDITION OR OCCURRENCE WITHIN SUCH BOILERS OR EQUIPMENT, OTHER THAN AN EXPLOSION.

D. GLASS IS NOT COVERED AGAINST LOSS FOR MORE THAN $50 PER PLATE, PANE, MULTIPLE PLATE, INSULATING UNIT, RADIANT HEATING PANEL, JALOUSIE, LOUVER OR SHUTTER, NOR FOR MORE THAN $250 IN ANY ONE OCCURRENCE, UNLESS CAUSED BY FIRE, LIGHTNING, WINDSTORM, HAIL, AIRCRAFT, VEHICLES, DISCHARGE FROM FIRE PROTECTION OR BUILDING SERVICE EQUIPMENT, EXPLOSION, RIOT OR CIVIL COMMOTION, AND THEN THIS COMPANY SHALL BE LIABLE ONLY TO THE EXTENT THAT SUCH PERILS ARE INSURED AGAINST IN THIS POLICY.

E. FENCES, PAVEMENTS, OUTDOOR SWIMMING POOLS AND RELATED EQUIPMENT, RETAINING WALLS, BULKHEADS, PIERS, WHARVES OR DOCKS, WHEN COVERED UNDER THIS POLICY, ARE NOT COVERED AGAINST LOSS CAUSED BY

FREEZING OR THAWING, IMPACT OF WATERCRAFT, OR BY THE PRESSURE OR WEIGHT OF ICE OR WATER WHETHER DRIVEN BY WIND OR NOT.

F. METAL SMOKESTACKS AND, WHEN OUTSIDE OF BUILDINGS (1) AWNINGS OF FABRIC OR SLAT CONSTRUCTION, CANOPIES OF FABRIC OR SLAT CONSTRUCTION, INCLUDING THEIR SUPPORTS, AND (2) RADIO OR TELEVISION ANTENNAS, INCLUDING THEIR LEAD-IN WIRING, MASTS OR TOWERS ARE NOT COVERED AGAINST LOSS CAUSED BY ICE, SNOW, SLEET, WINDSTORM OR HAIL.

G. THE INTERIOR OF BUILDINGS IS NOT COVERED AGAINST LOSS CAUSED BY RAIN, SNOW, SAND OR DUST, WHETHER DRIVEN BY WIND OR NOT, UNLESS (1) THE BUILDINGS SHALL FIRST SUSTAIN AN ACTUAL DAMAGE TO ROOF OR WALLS BY THE DIRECT ACTION OF WIND OR HAIL, AND THEN THIS COMPANY SHALL BE LIABLE FOR LOSS TO THE INTERIOR OF THE BUILDINGS AS MAY BE CAUSED BY RAIN, SNOW, SAND OR DUST ENTERING THE BUILDINGS THROUGH OPENINGS IN THE ROOF OR WALLS MADE BY DIRECT ACTION OF WIND OR HAIL; OR (2) SUCH LOSS RESULTS FROM FIRE, LIGHTNING, AIRCRAFT, VEHICLES, EXPLOSION, RIOT, CIVIL COMMOTION, VANDALISM, MALICIOUS MISCHIEF, WEIGHT OF ICE, SNOW OR SLEET TO THE EXTENT THAT SUCH PERILS ARE INSURED AGAINST IN THIS POLICY.

H. BUILDINGS OR STRUCTURES IN PROCESS OF CONSTRUCTION, INCLUDING MATERIALS AND SUPPLIES THEREOF, WHEN COVERED UNDER THIS POLICY, ARE NOT COVERED AGAINST LOSS UNLESS CAUSED BY FIRE, LIGHTNING, WINDSTORM, HAIL, AIRCRAFT, VEHICLES, SMOKE, EXPLOSION, RIOT, CIVIL COMMOTION, VANDALISM OR MALICIOUS MISCHIEF, AND THEN THIS COMPANY SHALL BE LIABLE ONLY TO THE EXTENT THAT SUCH PERILS ARE INSURED AGAINST IN THIS POLICY.

I. PROPERTY UNDERGOING ALTERATIONS, REPAIRS, INSTALLATIONS OR SERVICING IS NOT COVERED AGAINST LOSS IF SUCH LOSS IS DIRECTLY ATTRIBUTABLE TO THE OPERATIONS OR WORK BEING PERFORMED THEREON, UNLESS A PERIL NOT EXCLUDED BY THIS POLICY ENSUES, AND THEN THIS COMPANY SHALL BE LIABLE FOR ONLY LOSS CAUSED BY SUCH ENSUING PERIL.

### SECTION IV—EXTENSIONS OF COVERAGE

Except with respect to Extension D, Replacement Cost:

(A) Each of the limits of liability specified for the following Extensions of Coverage applies as an additional amount of insurance.

(B) The Coinsurance Clause shall not apply to loss under the Extensions of Coverage.

THE TOTAL AMOUNT RECOVERABLE UNDER THE EXTENSIONS OF COVERAGE IN THIS FORM AND EXTENSIONS OF COVERAGE IN ANY OTHER FORM MADE A PART OF THIS POLICY ARE NOT CUMULATIVE AND SHALL NOT EXCEED THE LARGEST AMOUNT RECOVERABLE UNDER ANY SINGLE FORM MADE A PART OF THIS POLICY.

WHEN, IN ACCORDANCE WITH THE OTHER INSURANCE CONDITION, THERE IS CONTRIBUTING INSURANCE, THIS COMPANY SHALL NOT BE LIABLE FOR MORE THAN ITS PRO RATA SHARE OF THE LIMITS SET FORTH IN THE FOLLOWING EXTENSIONS OF COVERAGE.

A. Newly Acquired Property: The named insured may apply up to 25% of the amount of insurance specified for Building(s), BUT NOT EXCEEDING $100,000, TO COVER DIRECT LOSS IN ANY ONE OCCURRENCE BY A PERIL NOT OTHERWISE EXCLUDED TO THE FOLLOWING DESCRIBED PROPERTY:

1. New buildings and new structures being constructed on the described premises and intended for similar occupancy when not otherwise covered by insurance. THIS COVERAGE SHALL CEASE 30 DAYS FROM THE DATE CONSTRUCTION BEGINS OR ON THE DATE THE

CF 00 13 (Ed. 04 77)

VALUES OF NEW CONSTRUCTION ARE REPORTED TO THIS COMPANY, OR ON THE EXPIRATION DATE OF THE POLICY, WHICHEVER OCCURS FIRST.

2. Buildings acquired by the named Insured at any location, elsewhere than at the described premises, within or between the fifty states of the United States of America, the District of Columbia and Puerto Rico and used for similar occupancies or warehouse purposes. THIS COVERAGE SHALL CEASE 30 DAYS FROM THE DATE OF SUCH ACQUISITION OR ON THE DATE VALUES OF THE BUILDINGS ARE REPORTED TO THIS COMPANY, OR ON THE EXPIRATION DATE OF THE POLICY, WHICHEVER OCCURS FIRST.

3. Additional premium shall be due and payable for values so reported from the date construction begins or the property is acquired.

**B. Off-Premises:** The named Insured may apply up to 2% of the amount of insurance specified for Building(s), BUT NOT EXCEEDING $5,000, at a described location to cover direct loss IN ANY ONE OCCURRENCE by a peril not otherwise excluded to property covered under Building(s) while removed from the described premises for purposes of cleaning, repairing, reconstruction or restoration. THIS EXTENSION OF COVERAGE SHALL NOT APPLY TO PROPERTY IN TRANSIT, NOR TO PROPERTY ON ANY PREMISES OWNED, LEASED, OPERATED OR CONTROLLED BY THE NAMED INSURED.

**C. Outdoor Trees, Shrubs and Plants:** The named Insured may apply up to $1,000 to cover outdoor trees, shrubs and plants at the described premises against direct loss in any one occurrence by the perils of fire, lightning, explosion, riot, civil commotion or aircraft, BUT ONLY TO THE EXTENT SUCH PERILS ARE INSURED AGAINST HEREIN. THIS COMPANY SHALL NOT BE LIABLE FOR MORE THAN $250 ON ANY ONE TREE, SHRUB OR PLANT, INCLUDING EXPENSE INCURRED FOR REMOVING DEBRIS THEREOF.

**D. Replacement Cost:** In the event of loss to a building or structure covered under this policy, when the full cost of repair or replacement is less than $1,000, the coverage of this policy is extended to cover the full cost of repair or replacement (without deduction for depreciation). COVERAGE SHALL BE ONLY APPLICABLE ONLY TO A BUILDING OR STRUCTURE COVERED HEREUNDER, BUT EXCLUDING OUTDOOR FURNITURE, OUTDOOR EQUIPMENT, FLOOR COVERINGS, AWNINGS, AND APPLIANCES FOR REFRIGERATING, VENTILATION, COOKING, DISHWASHING AND LAUNDERING, ALL WHETHER OR NOT PERMANENTLY ATTACHED TO THE BUILDING OR STRUCTURE.

THIS COMPANY SHALL NOT BE LIABLE UNDER THIS EXTENSION OF COVERAGE UNLESS THE WHOLE AMOUNT OF INSURANCE APPLICABLE TO THE BUILDING OR STRUCTURE FOR WHICH CLAIM IS MADE IS EQUAL TO OR IN EXCESS OF THE AMOUNT PRODUCED BY MULTIPLYING THE ACTUAL CASH VALUE OF SUCH PROPERTY AT THE TIME OF THE LOSS BY THE COINSURANCE PERCENTAGE APPLICABLE (SPECIFIED ON THE FIRST PAGE OF THIS POLICY, OR BY ENDORSEMENT).

## SECTION V—DEDUCTIBLE CLAUSE

THE SUM OF $100 SHALL BE DEDUCTED FROM THE AMOUNT OF LOSS TO PROPERTY IN ANY ONE OCCURRENCE. THIS DEDUCTIBLE SHALL APPLY SEPARATELY TO EACH BUILDING. THE AGGREGATE AMOUNT OF THIS DEDUCTIBLE IN ANY ONE OCCURRENCE SHALL NOT EXCEED $1,000.

## SECTION VI—PERILS INSURED AGAINST

This policy insures against all risks of direct physical loss subject to the provisions and stipulations herein and in the policy of which this form is made a part.

## SECTION VII—COINSURANCE CLAUSE

THIS COMPANY SHALL NOT BE LIABLE FOR A GREATER PROPORTION OF ANY LOSS TO THE PROPERTY COVERED THAN THE AMOUNT OF INSURANCE UNDER THIS POLICY FOR SUCH PROPERTY BEARS TO THE AMOUNT PRODUCED BY MULTIPLYING THE ACTUAL CASH VALUE OF SUCH PROPERTY AT THE TIME OF THE LOSS BY THE COINSURANCE PERCENTAGE APPLICABLE (SPECIFIED ON THE FIRST PAGE OF THIS POLICY, OR BY ENDORSEMENT).

IN THE EVENT THAT THE AGGREGATE CLAIM FOR ANY LOSS IS BOTH LESS THAN $10,000 AND LESS THAN 5% OF THE TOTAL AMOUNT OF INSURANCE APPLICABLE TO THE PROPERTY INVOLVED AT THE TIME SUCH LOSS OCCURS, NO SPECIAL INVENTORY OR APPRAISEMENT OF THE UNDAMAGED PROPERTY SHALL BE REQUIRED, PROVIDING THAT NOTHING HEREIN SHALL BE CONSTRUED TO WAIVE THE APPLICATION OF THE FIRST PARAGRAPH OF THIS CLAUSE.

THE VALUE OF PROPERTY COVERED UNDER EXTENSIONS OF COVERAGE, AND THE COST OF THE REMOVAL OF DEBRIS, SHALL NOT BE CONSIDERED IN THE DETERMINATION OF ACTUAL CASH VALUE WHEN APPLYING THE COINSURANCE CLAUSE.

## SECTION VIII—EXCLUSIONS

**THIS POLICY DOES NOT INSURE UNDER THIS FORM AGAINST:**

A. LOSS OCCASIONED DIRECTLY OR INDIRECTLY BY ENFORCEMENT OF ANY ORDINANCE OR LAW REGULATING THE USE, CONSTRUCTION, REPAIR, OR DEMOLITION OF BUILDINGS OR STRUCTURES INCLUDING DEBRIS REMOVAL EXPENSE.

B. LOSS OCCASIONED DIRECTLY OR INDIRECTLY BY ANY ELECTRICAL INJURY OR DISTURBANCE TO ELECTRICAL APPLIANCES, DEVICES, FIXTURES OR WIRING CAUSED BY ELECTRICAL CURRENTS ARTIFICIALLY GENERATED UNLESS FIRE AS INSURED AGAINST ENSUES, AND THEN THIS COMPANY SHALL BE LIABLE FOR ONLY LOSS CAUSED BY THE ENSUING FIRE.

C. LOSS CAUSED DIRECTLY OR INDIRECTLY BY THE INTERRUPTION OF POWER OR OTHER UTILITY SERVICE FURNISHED TO THE DESCRIBED PREMISES IF THE INTERRUPTION TAKES PLACE AWAY FROM THE DESCRIBED PREMISES. IF A PERIL NOT OTHERWISE EXCLUDED ENSUES ON THE DESCRIBED PREMISES, THIS COMPANY WILL PAY ONLY FOR LOSS CAUSED BY THE ENSUING PERIL.

D. LOSS CAUSED BY, RESULTING FROM, CONTRIBUTED TO OR AGGRAVATED BY ANY OF THE FOLLOWING:

   1. EARTH MOVEMENT, INCLUDING BUT NOT LIMITED TO EARTHQUAKE, LANDSLIDE, MUDFLOW, EARTH SINKING, EARTH RISING OR SHIFTING;

   2. FLOOD, SURFACE WATER, WAVES, TIDAL WATER OR TIDAL WAVE, OVERFLOW OF STREAMS OR OTHER BODIES OF WATER, OR SPRAY FROM ANY OF THE FOREGOING, ALL WHETHER DRIVEN BY WIND OR NOT;

   3. WATER WHICH BACKS UP THROUGH SEWERS OR DRAINS; OR

   4. WATER BELOW THE SURFACE OF THE GROUND INCLUDING THAT WHICH EXERTS PRESSURE ON OR FLOWS, SEEPS OR LEAKS THROUGH SIDEWALKS, DRIVEWAYS, FOUNDATIONS, WALLS, BASEMENT OR OTHER FLOORS, OR THROUGH DOORS, WINDOWS, OR ANY OTHER OPENINGS IN SUCH SIDEWALKS, DRIVEWAYS, FOUNDATIONS, WALLS OR FLOORS;

UNLESS FIRE OR EXPLOSION AS INSURED AGAINST ENSUES, AND THEN THIS COMPANY SHALL BE LIABLE FOR ONLY LOSS CAUSED BY THE ENSUING FIRE OR EXPLOSION; BUT THESE EXCLUSIONS SHALL NOT APPLY TO LOSS ARISING FROM THEFT.

E. LOSS CAUSED BY:

   1. WEAR AND TEAR, DETERIORATION, RUST OR CORROSION, MOLD, WET OR DRY ROT; INHERENT OR LATENT DEFECT; SMOG; SMOKE, VAPOR OR GAS FROM AGRICULTURAL OR INDUSTRIAL OPERATIONS; MECHANICAL BREAKDOWN, INCLUDING RUPTURE OR BURSTING CAUSED BY CENTRIFUGAL FORCE; SETTLING, CRACKING, SHRINKAGE, BULGING OR EXPANSION OF PAVEMENTS, FOUNDATIONS, WALLS, FLOORS, ROOFS OR CEILINGS; ANIMALS, BIRDS, VERMIN, TERMITES OR OTHER INSECTS; UNLESS LOSS BY A PERIL NOT OTHERWISE EXCLUDED ENSUES AND THEN THIS COMPANY SHALL BE LIABLE FOR ONLY SUCH ENSUING LOSS;

   2. EXPLOSION OF STEAM BOILERS, STEAM PIPES, STEAM TURBINES OR STEAM ENGINES (EXCEPT DIRECT LOSS RESULTING FROM THE EXPLOSION OF ACCUMULATED GASES OR UNCONSUMED FUEL WITHIN THE FIREBOX, OR COMBUSTION CHAMBER, OF ANY FIRED VESSEL OR WITHIN THE FLUES OR PASSAGES WHICH CONDUCT THE GASES OF COMBUSTION THEREFROM) IF OWNED BY, LEASED BY OR OPERATED UNDER THE CONTROL OF THE NAMED INSURED, OR FOR ANY ENSUING LOSS EXCEPT BY FIRE OR EXPLOSION NOT OTHERWISE EXCLUDED, AND THEN THIS COMPANY SHALL BE LIABLE FOR ONLY SUCH ENSUING LOSS;

   3. VANDALISM, MALICIOUS MISCHIEF, THEFT OR ATTEMPTED THEFT, IF THE BUILDING HAD BEEN VACANT OR UNOCCUPIED BEYOND A PERIOD OF 30 CONSECUTIVE DAYS IMMEDIATELY PRECEDING THE LOSS, UNLESS LOSS BY A PERIL NOT OTHERWISE EXCLUDED IN THIS POLICY ENSUES, AND THEN THIS COMPANY SHALL BE LIABLE FOR ONLY SUCH ENSUING LOSS;

   4. LEAKAGE OR OVERFLOW FROM PLUMBING, HEATING, AIR CONDITIONING OR OTHER EQUIPMENT OR APPLIANCES (EXCEPT FIRE PROTECTIVE SYSTEMS) CAUSED BY OR RESULTING FROM FREEZING WHILE THE BUILDING IS VACANT OR UNOCCUPIED; UNLESS THE NAMED INSURED SHALL HAVE EXERCISED DUE DILIGENCE WITH RESPECT TO MAINTAINING HEAT IN THE BUILDINGS OR UNLESS SUCH EQUIPMENT AND APPLIANCES HAD BEEN DRAINED AND THE WATER SUPPLY SHUT OFF DURING SUCH VACANCY OR UNOCCUPANCY;

   5. THEFT (INCLUDING BUT NOT LIMITED TO BURGLARY AND ROBBERY) OF ANY PROPERTY WHICH AT THE TIME OF LOSS IS NOT AN INTEGRAL PART OF A BUILDING OR STRUCTURE (EXCEPT DIRECT LOSS BY PILLAGE AND LOOTING OCCURRING DURING AND AT THE IMMEDIATE PLACE OF A RIOT OR CIVIL COMMOTION, UNLESS LOSS BY A PERIL NOT OTHERWISE EXCLUDED IN THIS POLICY ENSUES FROM THEFT OR ATTEMPTED THEFT, AND THEN THIS COMPANY SHALL BE LIABLE FOR ONLY SUCH ENSUING LOSS;

   6. UNEXPLAINED OR MYSTERIOUS DISAPPEARANCE OF ANY PROPERTY, OR SHORTAGE DISCLOSED ON TAKING INVENTORY, OR CAUSED BY ANY WILLFUL OR DISHONEST ACT OR OMISSION OF THE NAMED INSURED OR ANY ASSOCIATE, EMPLOYEE OR AGENT OF ANY INSURED; OR

CF 00 13 (Ed. 04 77)

7. CONTINUOUS OR REPEATED SEEPAGE OR LEAKAGE OF WATER OR STEAM FROM WITHIN A PLUMBING, HEATING OR AIR CONDITIONING SYSTEM OR FROM WITHIN A DOMESTIC APPLIANCE WHICH OCCURS OVER A PERIOD OF WEEKS, MONTHS OR YEARS.

**F. WAR RISK AND GOVERNMENTAL ACTION EXCLUSION:** THIS POLICY SHALL NOT APPLY TO LOSS CAUSED, DIRECTLY OR INDIRECTLY, BY OR DUE TO ANY ACT OR CONDITION INCIDENT TO THE FOLLOWING:

1. HOSTILE OR WARLIKE ACTION IN TIME OF PEACE OR WAR, INCLUDING ACTION IN HINDERING, COMBATING OR DEFENDING AGAINST AN ACTUAL, IMPENDING OR EXPECTED ATTACK (A) BY ANY GOVERNMENT OR SOVEREIGN POWER (DE JURE OR DE FACTO), OR BY ANY AUTHORITY MAINTAINING OR USING MILITARY, NAVAL OR AIR FORCES; OR (B) BY MILITARY, NAVAL OR AIR FORCES; OR (C) BY AN AGENT OF ANY SUCH GOVERNMENT, POWER, AUTHORITY OR FORCES, IT BEING UNDERSTOOD THAT ANY DISCHARGE, EXPLOSION OR USE OF ANY WEAPON OF WAR EMPLOYING NUCLEAR FISSION OR FUSION SHALL BE CONCLUSIVELY PRESUMED TO BE SUCH A HOSTILE OR WARLIKE ACTION BY SUCH A GOVERNMENT, POWER, AUTHORITY OR FORCES;

2. INSURRECTION, REBELLION, REVOLUTION, CIVIL WAR, USURPED POWER, OR ACTION TAKEN BY GOVERNMENTAL AUTHORITY IN HINDERING, COMBATING OR DEFENDING AGAINST SUCH AN OCCURRENCE; SEIZURE OR DESTRUCTION UNDER QUARANTINE OR CUSTOM'S REGULATIONS, CONFISCATION BY ORDER OF ANY GOVERNMENT OR PUBLIC AUTHORITY; OR RISKS OF CONTRABAND OR ILLEGAL TRANSPORTATION OR TRADE.

**G. Nuclear Clause And Nuclear Exclusion:**

1. **NUCLEAR CLAUSE (NOT APPLICABLE IN NEW YORK):** THE WORD "FIRE" IN THIS POLICY IS NOT INTENDED TO AND DOES NOT EMBRACE

NUCLEAR REACTION OR NUCLEAR RADIATION OR RADIOACTIVE CONTAMINATION, ALL WHETHER CONTROLLED OR UNCONTROLLED, AND LOSS BY NUCLEAR REACTION OR NUCLEAR RADIATION OR RADIOACTIVE CONTAMINATION IS NOT INTENDED TO BE AND IS NOT INSURED AGAINST BY THIS POLICY, WHETHER SUCH LOSS BE DIRECT OR INDIRECT, PROXIMATE OR REMOTE, OR BE IN WHOLE OR IN PART CAUSED BY, CONTRIBUTED TO, OR AGGRAVATED BY "FIRE" OR ANY OTHER PERILS INSURED AGAINST BY THIS POLICY. HOWEVER, SUBJECT TO THE FOREGOING AND ALL PROVISIONS OF THIS POLICY, DIRECT LOSS BY "FIRE" RESULTING FROM NUCLEAR REACTION OR NUCLEAR RADIATION OR RADIOACTIVE CONTAMINATION IS INSURED AGAINST BY THIS POLICY.

2. **NUCLEAR CLAUSE (APPLICABLE ONLY IN NEW YORK):** THIS POLICY DOES NOT COVER LOSS OR DAMAGE CAUSED BY NUCLEAR REACTION OR NUCLEAR RADIATION OR RADIOACTIVE CONTAMINATION, ALL WHETHER DIRECTLY OR INDIRECTLY RESULTING FROM AN INSURED PERIL UNDER THIS POLICY.

3. **NUCLEAR EXCLUSION (NOT APPLICABLE IN NEW YORK):** LOSS BY NUCLEAR REACTION OR NUCLEAR RADIATION OR RADIOACTIVE CONTAMINATION, ALL WHETHER CONTROLLED OR UNCONTROLLED, OR DUE TO ANY ACT OR CONDITION INCIDENT TO ANY OF THE FOREGOING IS NOT INSURED AGAINST BY THIS POLICY, WHETHER SUCH LOSS BE DIRECT OR INDIRECT, PROXIMATE OR REMOTE, OR BE IN WHOLE OR IN PART CAUSED BY, CONTRIBUTED TO, OR AGGRAVATED BY ANY OF THE PERILS INSURED AGAINST BY THIS POLICY; AND NUCLEAR REACTION OR NUCLEAR RADIATION OR RADIOACTIVE CONTAMINATION, ALL WHETHER CONTROLLED OR UNCONTROLLED IS NOT "EXPLOSION" OR "SMOKE". THIS CLAUSE APPLIES TO ALL PERILS INSURED AGAINST HEREUNDER EXCEPT THE PERIL OF FIRE, WHICH IS OTHERWISE PROVIDED FOR IN THE NUCLEAR CLAUSE ABOVE.

## SECTION IX—OTHER PROVISIONS

1. **OTHER INSURANCE:**

A. IF AT THE TIME OF LOSS THERE IS OTHER INSURANCE WRITTEN IN THE NAME OF THE INSURED UPON THE SAME PLAN, TERMS, CONDITIONS AND PROVISIONS AS CONTAINED IN THIS POLICY, HEREIN REFERRED TO AS CONTRIBUTING INSURANCE, THIS COMPANY SHALL BE LIABLE FOR NO GREATER PROPORTION OF ANY LOSS THAN THE AMOUNT OF INSURANCE UNDER THIS POLICY BEARS TO THE WHOLE AMOUNT OF INSURANCE COVERING SUCH LOSS.

B. IF AT THE TIME OF LOSS THERE IS OTHER INSURANCE OTHER THAN THAT AS DESCRIBED IN A. ABOVE, THIS COMPANY SHALL NOT BE LIABLE FOR ANY LOSS HEREUNDER UNTIL:

(1) THE LIABILITY OF SUCH OTHER INSURANCE HAS BEEN EXHAUSTED, AND

(2) THEN FOR ONLY SUCH AMOUNT AS MAY EXCEED THE AMOUNT DUE FROM SUCH OTHER INSURANCE, WHETHER COLLECTIBLE OR NOT.

2. **CONTROL OF PROPERTY:** This insurance shall not be prejudiced by any act or neglect of any person (other than the named Insured), when such act or neglect is not within the control of the named Insured.

3. **DIVISIBLE CONTRACT CLAUSE:** If this policy covers two or more buildings, the breach of any condition of the policy in any one or more of the buildings covered or containing the property covered shall not prejudice the right to recover for loss occurring in any building covered or containing the property covered, where at the time of loss a breach of condition does not exist.

4. **INSPECTION OF PROPERTY AND OPERATIONS:** This Company and any person or organization making inspections on this Company's behalf shall be permitted but not obligated to inspect the named Insured's property and operations at any time. Neither the right of this Company and any person or organization to make such inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the named Insured or others, to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule or regulation.

5. **LIBERALIZATION:** If during the period that insurance is in force under this policy, or within 45 days prior to the inception date thereof, on behalf of this Company there be adopted or filed with and approved or accepted by the insurance supervisory authorities, all in conformity with law, any changes in the form attached to this policy by which this form of insurance could be extended or broadened without increased premium charge by endorsement or substitution of form, then such extended or broadened insurance shall inure to the benefit of the named Insured hereunder as though such endorsement or substitution of form had been made.

6. **LOSS CLAUSE:** Any loss hereunder shall not reduce the amount of this policy.

7. **MORTGAGE CLAUSE (Not applicable in Minnesota):** (APPLIES ONLY WHEN POLICY IS MADE PAYABLE TO A NAMED MORTGAGEE OR TRUSTEE.)

Loss or damage, if any, under this policy, shall be payable to the mortgagee (or trustee), named on the first page of this policy, as interest may appear, under all present or future mortgages upon the property herein described in which the aforesaid may have an interest as mortgagee (or trustee) in order of precedence of said mortgages, and this insurance, as to the interest of this mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of

sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same.

Provided, also, that the mortgagee (or trustee) shall notify this Company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void.

THIS COMPANY RESERVES THE RIGHT TO CANCEL THIS POLICY AT ANY TIME AS PROVIDED BY ITS TERMS, BUT IN SUCH CASE THIS POLICY SHALL CONTINUE IN FORCE FOR THE BENEFIT ONLY OF THE MORTGAGEE (OR TRUSTEE) FOR 10 DAYS AFTER NOTICE TO THE MORTGAGEE (OR TRUSTEE) OF SUCH CANCELLATION AND SHALL THEN CEASE, AND THIS COMPANY SHALL HAVE THE RIGHT, ON LIKE NOTICE, TO CANCEL THIS AGREEMENT.

Whenever this Company shall pay the mortgagee (or trustee) any sum for loss under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this Company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may, at its option, pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of said mortgagee's (or trustee's) claim.

8. **PERMITS AND USE:** Except as otherwise provided, permission is granted:

A. to make alterations and repairs;

B. for such unoccupancy as is usual or incidental to the described occupancy; BUT VACANCY IS LIMITED TO THE 60 DAY PERIOD PERMITTED BY THE POLICY CONDITIONS ("Vacant" or "Vacancy" means containing no contents pertaining to operations or activities customary to occupancy of the building. "Unoccupied" or "Unoccupancy" means containing contents pertaining to occupancy of the building while operations or other customary activities are suspended);

C. in the event of loss hereunder, to make reasonable repairs, temporary or permanent, PROVIDED SUCH REPAIRS ARE CONFINED SOLELY TO THE PROTECTION OF THE PROPERTY FROM FURTHER DAMAGE, AND PROVIDED FURTHER THAT THE NAMED INSURED SHALL KEEP AN ACCURATE RECORD OF SUCH REPAIR EXPENDITURES. The cost of any such repairs directly attributable to damage by any peril not otherwise excluded shall be included in determining the amount of loss hereunder. NOTHING HEREIN CONTAINED IS INTENDED TO MODIFY THE POLICY REQUIREMENTS APPLICABLE IN CASE LOSS OCCURS, AND IN PARTICULAR THE REQUIREMENT THAT, IN CASE LOSS OCCURS, THE NAMED INSURED SHALL PROTECT THE PROPERTY FROM FURTHER DAMAGE.

9. **PROTECTIVE SAFEGUARDS:** IT IS A CONDITION OF THIS INSURANCE THAT THE NAMED INSURED SHALL MAINTAIN SO FAR AS IS WITHIN HIS CONTROL SUCH PROTECTIVE SAFEGUARDS AS ARE SET FORTH BY ENDORSEMENT HERETO.

**CF 00 13** (Ed. 04 77)

FAILURE TO MAINTAIN SUCH PROTECTIVE SAFEGUARDS SHALL SUSPEND THIS INSURANCE, ONLY AS RESPECTS THE LOCATION OR SITUATION AFFECTED, FOR THE TIME OF SUCH DISCONTINUANCE.

**10. SUBROGATION:**

A. In the event of any payment under this policy, this Company shall be subrogated to all the named insured's rights or recovery against any person or organization AND THE NAMED INSURED SHALL EXECUTE AND DELIVER INSTRUMENTS AND PAPERS AND DO WHATEVER ELSE IS NECESSARY TO SECURE SUCH RIGHTS. THE NAMED INSURED SHALL DO NOTHING AFTER LOSS TO PREJUDICE SUCH RIGHTS.

B. THIS COMPANY SHALL NOT BE BOUND TO PAY ANY LOSS IF THE NAMED INSURED HAS IMPAIRED ANY RIGHT OF RECOVERY FOR LOSS; however, it is agreed that the named insured may as respects property while on the premises of the named insured, release others in writing from liability for loss prior to loss, and such release shall not affect the right of the named insured to recover hereunder.

**11. NO BENEFIT TO BAILEE:** THIS INSURANCE SHALL NOT INURE DIRECTLY OR INDIRECTLY TO THE BENEFIT OF ANY CARRIER OR OTHER BAILEE.

**12. REPORT TO POLICE:** WHEN EITHER A LOSS OR OCCURRENCE TAKES PLACE, THE NAMED INSURED SHALL GIVE NOTICE THEREOF TO THE PROPER POLICE AUTHORITY IF LOSS OR OCCURRENCE IS DUE TO A VIOLATION OF LAW.



# SPECIAL PERSONAL PROPERTY FORM

**CF 00 14**
(Ed. 04 77)

THIS FORM CANCELS AND REPLACES ANY COVERAGE ON PERSONAL PROPERTY PROVIDED UNDER ANY OTHER FORM MADE A PART OF THIS POLICY, BUT ONLY WITH RESPECT TO PERSONAL PROPERTY TO WHICH THIS FORM IS SHOWN TO BE APPLICABLE.

Insurance applies only to item(s) specifically described in this policy for which an amount of insurance is shown and, unless otherwise provided, all provisions and stipulations of this form and policy shall apply separately to each such item.

## SECTION I—PROPERTY COVERED

When insurance under this policy covers "Personal Property of the Insured" or "Personal Property of Others", such insurance shall cover in accordance with the following description(s) of coverage.

**COVERAGE B—PERSONAL PROPERTY OF THE INSURED:** Business personal property owned by the named Insured and usual to the occupancy of the named Insured, including the named Insured's interest in personal property owned by others, to the extent of the value of labor, materials and charges furnished, performed or incurred by the named Insured; all while (1) in or on the described building(s), or (2) in the open (including within vehicles) on or within 100 feet of the described premises.

This coverage shall also include Tenant's Improvements and Betterments when not otherwise specifically covered. Tenant's Improvements and Betterments means the named Insured's use interest in fixtures, alterations, installations or additions constituting a part of the building(s) occupied but not owned by the named Insured and made or acquired at the expense of the named Insured exclusive of rent paid by the named Insured, but which are not legally subject to removal by the named Insured.

**COVERAGE C—PERSONAL PROPERTY OF OTHERS:** This insurance shall cover for the account of the owner(s) (OTHER THAN THE NAMED INSURED) personal property belonging to others in the care, custody or control of the named Insured, while (1) in or on the described building(s), or (2) in the open (including within vehicles) on or within 100 feet of the described premises.

Loss shall be adjusted with the named Insured for the account of the owners of the property, EXCEPT THAT THE RIGHT TO ADJUST ANY LOSS WITH THE OWNERS IS RESERVED TO THIS COMPANY AND THE RECEIPTS OF THE OWNERS IN SATISFACTION THEREOF SHALL BE IN FULL SATISFACTION OF ANY CLAIM BY THE NAMED INSURED FOR WHICH PAYMENTS HAVE BEEN MADE.

**DEBRIS REMOVAL:** This policy covers expense incurred in the removal of debris of the property covered which may be occasioned by loss by a peril not excluded. THE TOTAL AMOUNT RECOVERABLE UNDER THIS POLICY FOR BOTH LOSS TO PROPERTY AND DEBRIS REMOVAL EXPENSE SHALL NOT EXCEED THE AMOUNT OF INSURANCE APPLYING TO THE DESCRIBED PROPERTY.

## SECTION II—PROPERTY NOT COVERED

THIS POLICY DOES NOT COVER:

A. PROPERTY SOLD BY THE NAMED INSURED UNDER CONDITIONAL SALE, TRUST AGREEMENT, INSTALLMENT PAYMENT OR OTHER DEFERRED PAYMENT PLAN, AFTER DELIVERY TO CUSTOMERS.

B. AIRCRAFT, WATERCRAFT, INCLUDING MOTORS, EQUIPMENT AND ACCESSORIES (EXCEPT ROWBOATS AND CANOES, WHILE OUT OF WATER AND ON THE DESCRIBED PREMISES); AND AUTOMOBILES, TRAILERS, SEMI-TRAILERS OR ANY SELF-PROPELLED VEHICLES OR MACHINES, EXCEPT SUCH PROPERTY NOT LICENSED FOR USE ON PUBLIC THOROUGHFARES AND OPERATED PRINCIPALLY ON THE PREMISES OF THE NAMED INSURED.

THIS PROVISION DOES NOT APPLY TO THE FOLLOWING TYPES OF PROPERTY WHEN HELD FOR SALE OR SOLD BUT NOT DELIVERED.

   1. Watercraft (including motors, equipment and accessories) while not afloat;

   2. Motorcycles, motorscooters and snowmobiles; or

   3. Trailers designed for use with private passenger vehicles for general utility purposes or carrying boats.

This provision does not apply to the following types of property when manufactured, processed or warehoused by the named Insured.

   1. Aircraft;

   2. Watercraft, including motors, equipment and accessories, while not afloat; or

   3. Automobiles, trailers, semi-trailers or any self-propelled vehicles or machines.

C. PERSONAL PROPERTY WHILE WATERBORNE.

D. HOUSEHOLD AND PERSONAL EFFECTS CONTAINED IN LIVING QUARTERS OCCUPIED BY THE NAMED INSURED, ANY OFFICER, DIRECTOR, STOCKHOLDER OR PARTNER OF THE NAMED INSURED OR RELATIVES OF ANY OF THE FOREGOING, EXCEPT AS PROVIDED IN THE EXTENSIONS OF COVERAGE.

E. ACCOUNTS, BILLS, CURRENCY, DEEDS, EVIDENCES OF DEBT, MONEY AND SECURITIES.

F. OUTDOOR SIGNS, WHETHER OR NOT ATTACHED TO A BUILDING OR STRUCTURE.

G. GROWING CROPS AND LAWNS.

H. PROPERTY WHICH IS MORE SPECIFICALLY COVERED IN WHOLE OR IN PART BY THIS OR ANY OTHER CONTRACT OF INSURANCE, EXCEPT FOR THE AMOUNT OF LOSS WHICH IS IN EXCESS OF THE AMOUNT DUE FROM SUCH MORE SPECIFIC INSURANCE.

## SECTION III—PROPERTY SUBJECT TO LIMITATIONS

THE FOLLOWING PROPERTY IS SUBJECT TO THESE ADDITIONAL LIMITATIONS:

1. EXCEPT FOR LOSS COVERED BY THE "SPECIFIED PERILS":

   (A) FUR AND FUR GARMENTS ARE COVERED FOR NOT EXCEEDING LOSS IN THE AGGREGATE OF $1,000 IN ANY ONE OCCURRENCE FOR ALL CONTRIBUTING INSURANCE.

   (B) JEWELRY AND WATCHES, WATCH MOVEMENTS, JEWELS, PEARLS, PRECIOUS AND SEMI-PRECIOUS STONES, BULLION, GOLD, SILVER, PLATINUM AND OTHER PRECIOUS ALLOYS OR METALS ARE COVERED FOR NOT EXCEEDING LOSS IN THE AGGREGATE OF $1,000 IN ANY ONE OCCURRENCE FOR ALL CONTRIBUTING INSURANCE. THIS LIMITATION SHALL NOT APPLY TO JEWELRY AND WATCHES VALUED AT $25 OR LESS PER ITEM.

   (C) PATTERNS, DIES, MOLDS, MODELS AND FORMS ARE COVERED FOR NOT EXCEEDING LOSS IN THE AGGREGATE OF $1,000 IN ANY ONE OCCURRENCE FOR ALL CONTRIBUTING INSURANCE.

   (D) STAMPS, TICKETS AND LETTERS OF CREDIT ARE COVERED FOR NOT EXCEEDING LOSS IN THE AGGREGATE OF $250 IN ANY ONE OCCURRENCE FOR ALL CONTRIBUTING INSURANCE.

2. VALUABLE PAPERS AND RECORDS MEANING BOOKS OF ACCOUNT, MANUSCRIPTS, ABSTRACTS, DRAWINGS, CARD INDEX SYSTEMS AND OTHER RECORDS INCLUDING FILM, TAPE, DISC, DRUM, CELL AND OTHER MAGNETIC RECORDING OR STORAGE MEDIA FOR ELECTRONIC DATA PROCESSING, ARE COVERED ONLY AGAINST LOSS CAUSED BY THE "SPECIFIED PERILS".

3. ANIMALS AND PETS ARE NOT COVERED, EXCEPT WHEN HELD FOR SALE OR SOLD BUT NOT DELIVERED, AND THEN ONLY AGAINST DEATH OR DESTRUCTION DIRECTLY RESULTING FROM OR MADE NECESSARY BY THE "SPECIFIED PERILS".

4. OUTDOOR TREES, SHRUBS AND PLANTS ARE NOT COVERED, EXCEPT WHEN HELD FOR SALE OR SOLD BUT NOT DELIVERED, AND THEN ONLY AGAINST DIRECT LOSS BY THE "SPECIFIED PERILS".

5. GLASS, GLASSWARE, STATUARY, MARBLES, BRIC-A-BRAC, PORCELAINS AND OTHER ARTICLES OF A FRAGILE OR BRITTLE NATURE ARE COVERED AGAINST LOSS BY BREAKAGE ONLY IF DIRECTLY CAUSED BY THE "SPECIFIED PERILS". THIS LIMITATION SHALL NOT APPLY TO BOTTLES OR SIMILAR CONTAINERS OF PROPERTY FOR SALE, OR SOLD BUT NOT DELIVERED, NOR TO LENSES OF PHOTOGRAPHIC OR SCIENTIFIC INSTRUMENTS.

6. STEAM BOILERS, STEAM PIPES, STEAM TURBINES AND STEAM ENGINES ARE NOT COVERED AGAINST LOSS CAUSED BY BURSTING, RUPTURE, CRACKING OR EXPLOSION ORIGINATING THEREIN (OTHER THAN EXPLOSION OF ACCUMULATED GASES OR UNCONSUMED FUEL WITHIN A FIREBOX OR COMBUSTION CHAMBER).

7. MACHINES AND MACHINERY ARE NOT COVERED AGAINST LOSS CAUSED BY RUPTURE, BURSTING OR DISINTEGRATION OF THEIR ROTATING OR MOVING PARTS RESULTING FROM CENTRIFUGAL OR RECIPROCATING FORCE.

THE TERM "SPECIFIED PERILS" SHALL MEAN DIRECT LOSS BY FIRE, LIGHTNING, AIRCRAFT, EXPLOSION, RIOT, CIVIL COMMOTION, SMOKE, VEHICLES, WINDSTORM OR HAIL TO PROPERTY CONTAINED IN ANY BUILDING, VANDALISM, MALICIOUS MISCHIEF AND LEAKAGE OR ACCIDENTAL DISCHARGE FROM AUTOMATIC FIRE PROTECTIVE SYSTEMS.

## SECTION IV—EXTENSIONS OF COVERAGE

Each of the limits of liability specified for the following Extensions of Coverage applies as an additional amount of insurance. The Coinsurance Clause shall not apply to loss under the Extensions of Coverage.

THE TOTAL AMOUNT RECOVERABLE UNDER THE EXTENSIONS OF COVERAGE IN THIS FORM AND EXTENSIONS OF COVERAGE IN ANY OTHER FORM MADE A PART OF THIS POLICY ARE NOT CUMULATIVE AND SHALL NOT EXCEED THE LARGEST AMOUNT RECOVERABLE UNDER ANY SINGLE FORM MADE A PART OF THIS POLICY.

WHEN, IN ACCORDANCE WITH THE OTHER INSURANCE CONDITION, THERE IS CONTRIBUTING INSURANCE, THIS COMPANY SHALL NOT BE LIABLE FOR MORE THAN ITS PRO RATA SHARE OF THE LIMITS SET FORTH IN THE FOLLOWING EXTENSIONS OF COVERAGE.

**A. Property at Newly Acquired Locations:** The named insured may apply up to 10% of the amount of insurance specified for Personal Property of the Insured BUT NOT EXCEEDING $10,000, to cover direct loss IN ANY ONE OCCURRENCE by a peril not otherwise excluded to such property at any location (EXCEPT FAIRS AND EXHIBITIONS) acquired by the named insured for similar occupancies or warehousing purposes, elsewhere than at the described premises within or between the fifty states of the United States of America, the District of Columbia and Puerto Rico. THIS COVERAGE SHALL CEASE 30 DAYS FROM THE DATE OF SUCH ACQUISITION OR ON THE DATE VALUES AT SUCH LOCATIONS ARE REPORTED TO THIS COMPANY, OR ON THE EXPIRATION DATE OF THE POLICY, WHICHEVER OCCURS FIRST. ADDITIONAL PREMIUM SHALL BE DUE AND PAYABLE FOR VALUES SO REPORTED FROM THE DATE THE PROPERTY IS ACQUIRED.

**B. Personal Effects:** The named insured may apply up to $500 to cover direct loss IN ANY ONE OCCURRENCE by the perils not otherwise excluded to personal effects while located on the described premises, belonging to the named insured, officers, partners or employees thereof, AND LIMITED TO $100 ON PERSONAL EFFECTS OWNED BY ANY ONE INDIVIDUAL. THIS EXTENSION OF COVERAGE DOES NOT APPLY IF THE LOSS IS COVERED BY ANY OTHER INSURANCE, WHETHER COLLECTIBLE OR NOT, OR WHICH WOULD HAVE BEEN COVERED BY SUCH OTHER INSURANCE IN THE ABSENCE OF THIS POLICY. AT THE OPTION OF THIS COMPANY, LOSS UNDER THIS EXTENSION OF COVERAGE MAY BE ADJUSTED WITH AND PAYABLE TO THE NAMED INSURED.

**C. Valuable Papers and Records:** The named insured may apply up to $500 to cover direct loss in any one occurrence by a peril not otherwise excluded to valuable papers and records consisting of books of account, manuscripts, abstracts, drawings, card index systems, film, tape, disc, drum, cell and other magnetic recording or storage media for electronic data processing, and other records, all the property of the named insured at the described premises. THIS EXTENSION OF COVERAGE COVERS ONLY THE COST OF RESEARCH AND OTHER EXPENSE NECESSARILY INCURRED BY THE NAMED INSURED TO REPRODUCE, REPLACE OR RESTORE SUCH VALUABLE PAPERS AND RECORDS. THE TOTAL AMOUNT PAYABLE IN ANY ONE OCCURRENCE UNDER THIS EXTENSION OF COVERAGE SHALL NOT EXCEED THE LIMIT SPECIFIED ABOVE, REGARDLESS OF THE NUMBER OF DESCRIBED LOCATIONS.

**D. Extra Expense:** The named insured may apply up to $1,000 to cover the necessary extra expense incurred by the named insured in order to continue as nearly as practicable the normal operations of the named insured's business immediately following damage by a peril not otherwise excluded under this form to the buildings or personal property situated at the described premises.

"Extra expense" means the excess of the total cost incurred during the period of restoration chargeable to the operations of the named insured's business over and above the total cost that would normally have been incurred to conduct the business during the same period had no loss occurred. Any salvage value of property obtained for temporary use during the period of restoration, which remains after the resumption of normal operations, shall be taken into consideration in the adjustment of any loss hereunder.

"Period of restoration" means that period of time, commencing with the date of damage and not limited by the date of expiration of this policy, as would be required within the exercise of due diligence and dispatch to repair, rebuild, or replace such part of said buildings or personal property as have been damaged.

THIS COMPANY SHALL NOT BE LIABLE UNDER THIS EXTENSION OF COVERAGE FOR:

1. LOSS OF INCOME;

2. THE COST OF REPAIRING OR REPLACING ANY OF THE DESCRIBED PROPERTY, OR THE COST OF RESEARCH OR OTHER EXPENSE NECESSARY TO REPLACE OR RESTORE BOOKS OF ACCOUNT, MANUSCRIPTS, ABSTRACTS, DRAWINGS, CARD INDEX SYSTEMS, FILM, TAPE, DISC, DRUM, CELL AND OTHER MAGNETIC RECORDING OR STORAGE MEDIA FOR ELECTRONIC DATA PROCESSING, AND OTHER RECORDS THAT HAVE BEEN DAMAGED BY A PERIL NOT OTHERWISE EXCLUDED, EXCEPT COST IN EXCESS OF THE NORMAL COST OF SUCH REPAIR, REPLACEMENT OR RESTORATION NECESSARILY INCURRED FOR THE PURPOSE OF REDUCING THE TOTAL AMOUNT OF EXTRA EXPENSE. IN NO EVENT SHALL SUCH EXCESS EXCEED THE AMOUNT BY WHICH THE TOTAL EXTRA EXPENSE OTHERWISE PAYABLE UNDER THIS EXTENSION OF COVERAGE IS REDUCED; OR

3. ANY OTHER CONSEQUENTIAL OR REMOTE LOSS.

**E. Damage to Buildings from Theft, Burglary or Robbery:** This policy includes loss (EXCEPT BY FIRE OR EXPLOSION) to that part of the building occupied by the named insured and containing property covered, and to equipment therein pertaining to the service of the building BUT NOT BUILDING PROPERTY OR EQUIPMENT REMOVED FROM PREMISES, DIRECTLY RESULTING FROM THEFT, BURGLARY OR ROBBERY (INCLUDING ATTEMPT THEREAT), PROVIDED THE NAMED INSURED IS THE OWNER OF SUCH BUILDING OR EQUIPMENT OR IS LIABLE FOR SUCH DAMAGE, BUT IN NO EVENT SHALL THIS COVERAGE APPLY TO GLASS (OTHER THAN GLASS BUILDING BLOCKS) OR TO ANY LETTERING OR ORNAMENTATION THERON.

**F. Transportation:** The named insured may apply up to $1,000 to cover insured personal property (OTHER THAN PROPERTY IN THE CARE, CUSTODY OR CONTROL OF SALESMEN) during transportation by motor vehicles owned, leased or operated by the named insured for loss in any one occurrence caused by:

1. fire, lightning, windstorm, hail, explosion, smoke, riot, riot attending a strike, civil commotion, vandalism or malicious mischief; or

2. collision, overturning or upset of the vehicle; meaning thereby the violent and accidental contact of the vehicle conveying the property described herein with any other vehicle or object excluding any loss or damage done by coming in contact with any portion of the road bed or by means other than as expressly indicated; or

3. theft or an entire shipping bale, case or package from a vehicle while such property is contained in a fully enclosed and securely locked body or compartment and theft results from forcible entry, evidenced by visible marks upon such body or compartment.

This Extension of Coverage covers the above described property while in transit within or between the fifty states of the United States of America, the District of Columbia and Puerto Rico.

**G. Non-Owned Personal Property:** The named insured may apply at each location up to 2% of the amount of insurance specified for Personal Property of the named insured at such location, BUT NOT EXCEEDING $2,000, to cover for the account of the owners thereof (OTHER THAN THE NAMED INSURED) direct loss by a peril not otherwise excluded to personal property, similar to that covered by this policy, belonging to others while in the care, custody or control of the named insured and while (1) in or on the described building(s), or (2) in the open (including within vehicles) on or within 100 feet of the described premises.

Loss shall be adjusted with the named insured for the account of the owners of the property, EXCEPT THAT THE RIGHT TO ADJUST ANY LOSS WITH THE OWNERS IS RESERVED TO THIS COMPANY AND THE RECEIPTS OF THE OWNERS IN SATISFACTION THEREOF SHALL BE IN FULL SATISFACTION OF ANY CLAIM BY THE NAMED INSURED FOR WHICH PAYMENTS HAVE BEEN MADE. AS RESPECTS PERSONAL PROPERTY BELONGING TO OTHERS, THIS PROVISION SHALL REPLACE ANY LOSS PAYABLE PROVISION OF THIS POLICY.

## SECTION V—PERILS INSURED AGAINST

This policy insures against all risks of direct physical loss subject to the provisions and stipulations herein and in the policy of which this form is made a part.

## SECTION VI—EXCLUSIONS

**A. THIS POLICY DOES NOT INSURE UNDER THIS FORM AGAINST LOSS CAUSED BY:**

1. ENFORCEMENT OF ANY ORDINANCE OR LAW REGULATING THE USE, CONSTRUCTION, REPAIR, OR DEMOLITION OF PROPERTY, INCLUDING DEBRIS REMOVAL EXPENSE;

2. UNEXPLAINED OR MYSTERIOUS DISAPPEARANCE OF PROPERTY, OR SHORTAGE OF PROPERTY DISCLOSED ON TAKING INVENTORY;

3. ACTUAL WORK UPON, INSTALLATION OR TESTING OF PROPERTY COVERED, FAILURE, BREAKDOWN OR DERANGEMENT OF MACHINES OR MACHINERY, ERROR, OMISSION OR DEFICIENCY IN DESIGN, SPECIFICATIONS, WORKMANSHIP OR MATERIALS; UNLESS LOSS BY FIRE OR

CF 00 14 (Ed. 04 77)                                                          Page 2 of 4

EXPLOSION NOT OTHERWISE EXCLUDED ENSUES AND THEN THIS COMPANY SHALL BE LIABLE FOR ONLY SUCH ENSUING LOSS;

4. ANY ELECTRICAL INJURY OR DISTURBANCE TO ELECTRICAL APPLIANCES, DEVICES, FIXTURES OR WIRING CAUSED BY ELECTRICAL CUR-

**C.** THIS POLICY DOES NOT INSURE UNDER THIS FORM AGAINST LOSS CAUSED BY, RESULTING FROM, CONTRIBUTED TO OR AGGRAVATED BY ANY OF THE FOLLOWING:

1. EARTH MOVEMENT, INCLUDING BUT NOT LIMITED TO

EXPLOSION NOT OTHERWISE EXCLUDED ENSUES AND THEN THIS COMPANY SHALL BE LIABLE FOR ONLY SUCH ENSUING LOSS;

4. ANY ELECTRICAL INJURY OR DISTURBANCE TO ELECTRICAL APPLIANCES, DEVICES, FIXTURES OR WIRING CAUSED BY ELECTRICAL CURRENTS ARTIFICIALLY GENERATED UNLESS FIRE AS INSURED AGAINST ENSUES, AND THEN THIS COMPANY SHALL BE LIABLE FOR ONLY LOSS CAUSED BY THE ENSUING FIRE;

5. LEAKAGE OR OVERFLOW FROM PLUMBING, HEATING, AIR CONDITIONING OR OTHER EQUIPMENT OR APPLIANCES (EXCEPT FIRE PROTECTIVE SYSTEMS) CAUSED BY OR RESULTING FROM FREEZING WHILE THE DESCRIBED BUILDING IS VACANT OR UNOCCUPIED, UNLESS THE NAMED INSURED SHALL HAVE EXERCISED DUE DILIGENCE WITH RESPECT TO MAINTAINING HEAT IN THE BUILDINGS OR UNLESS SUCH EQUIPMENT AND APPLIANCES HAD BEEN DRAINED AND THE WATER SUPPLY SHUT OFF DURING SUCH VACANCY OR UNOCCUPANCY;

6. DELAY, LOSS OF MARKET, INTERRUPTION OF BUSINESS, OR CONSEQUENTIAL LOSS OF ANY NATURE;

7.    (A) WEAR AND TEAR, MARRING OR SCRATCHING;

(B) DETERIORATION, INHERENT VICE, LATENT DEFECT;

(C) RUST, MOLD, WET OR DRY ROT, CONTAMINATION;

(D) DAMPNESS OR DRYNESS OF ATMOSPHERE, CHANGES IN OR EXTREMES OF TEMPERATURE;

(E) SMOG, SMOKE FROM AGRICULTURAL SMUDGING OR INDUSTRIAL OPERATIONS; OR

(F) BIRDS, VERMIN, RODENTS, INSECTS OR ANIMALS;

UNLESS LOSS BY FIRE, SMOKE (OTHER THAN SMOKE FROM AGRICULTURAL SMUDGING OR INDUSTRIAL OPERATIONS), EXPLOSION, COLLAPSE OF A BUILDING, GLASS BREAKAGE OR WATER NOT OTHERWISE EXCLUDED ENSUES, THEN THIS POLICY SHALL COVER ONLY SUCH ENSUING LOSS.

IF LOSS BY WATER NOT OTHERWISE EXCLUDED ENSUES, THIS POLICY SHALL ALSO COVER THE COST OF TEARING OUT AND REPLACING OF ANY PART OF THE BUILDING COVERED REQUIRED TO EFFECT REPAIRS TO THE PLUMBING, HEATING OR AIR CONDITIONING SYSTEM OR DOMESTIC APPLIANCE BUT EXCLUDING LOSS TO THE SYSTEM OR APPLIANCE FROM WHICH THE WATER ESCAPES;

8. EXPLOSION OF STEAM BOILERS, STEAM PIPES, STEAM TURBINES OR STEAM ENGINES (EXCEPT DIRECT LOSS RESULTING FROM THE EXPLOSION OF ACCUMULATED GASES OR UNCONSUMED FUEL WITHIN THE FIREBOX, OR COMBUSTION CHAMBER, OF ANY FIRED VESSEL OR WITHIN THE FLUES OR PASSAGES WHICH CONDUCT THE GASES OF COMBUSTION THEREFROM) IF OWNED BY, LEASED BY OR OPERATED UNDER THE CONTROL OF THE NAMED INSURED OR FOR ANY ENSUING LOSS EXCEPT BY FIRE OR EXPLOSION NOT OTHERWISE EXCLUDED, AND THEN THIS COMPANY SHALL BE LIABLE FOR ONLY SUCH ENSUING LOSS;

9. VOLUNTARY PARTING WITH TITLE OR POSSESSION OF ANY PROPERTY BY THE NAMED INSURED OR OTHERS TO WHOM THE PROPERTY MAY BE ENTRUSTED IF INDUCED TO DO SO BY ANY FRAUDULENT SCHEME, TRICK, DEVICE OR FALSE PRETENSE;

10. ANY FRAUDULENT, DISHONEST OR CRIMINAL ACT DONE BY OR AT THE INSTIGATION OF ANY INSURED, PARTNER OR JOINT ADVENTURER IN OR OF ANY INSURED, AN OFFICER, DIRECTOR OR TRUSTEE OF ANY INSURED, PILFERAGE, APPROPRIATION OR CONCEALMENT OF ANY PROPERTY COVERED DUE TO ANY FRAUDULENT, DISHONEST OR CRIMINAL ACT OF ANY EMPLOYEE WHILE WORKING OR OTHERWISE, OR AGENT OF ANY INSURED, OR ANY PERSON TO WHOM THE PROPERTY COVERED MAY BE ENTRUSTED;

11. CONTINUOUS OR REPEATED SEEPAGE OR LEAKAGE OF WATER OR STEAM FROM WITHIN A PLUMBING, HEATING OR AIR CONDITIONING SYSTEM OR FROM WITHIN A DOMESTIC APPLIANCE WHICH OCCURS OVER A PERIOD OF WEEKS, MONTHS OR YEARS; OR

12. RAIN, SNOW, OR SLEET TO PROPERTY IN THE OPEN.

B. THIS POLICY DOES NOT INSURE UNDER THIS FORM AGAINST LOSS CAUSED DIRECTLY OR INDIRECTLY BY THE INTERRUPTION OF POWER OR OTHER UTILITY SERVICE FURNISHED TO THE DESCRIBED PREMISES IF THE INTERRUPTION TAKES PLACE AWAY FROM THE DESCRIBED PREMISES. IF A PERIL NOT OTHERWISE EXCLUDED ENSUES ON THE DESCRIBED PREMISES, THIS COMPANY WILL PAY ONLY FOR LOSS CAUSED BY THE ENSUING PERIL.

C. THIS POLICY DOES NOT INSURE UNDER THIS FORM AGAINST LOSS CAUSED BY, RESULTING FROM, CONTRIBUTED TO OR AGGRAVATED BY ANY OF THE FOLLOWING:

1. EARTH MOVEMENT, INCLUDING BUT NOT LIMITED TO EARTHQUAKE, LANDSLIDE, MUDFLOW, EARTH SINKING, EARTH RISING OR SHIFTING;

2. FLOOD, SURFACE WATER, WAVES, TIDAL WATER OR TIDAL WAVES, OVERFLOW OF STREAMS OR OTHER BODIES OF WATER, OR SPRAY FROM ANY OF THE FOREGOING, ALL WHETHER DRIVEN BY WIND OR NOT;

3. WATER WHICH BACKS UP THROUGH SEWERS OR DRAINS; OR

4. WATER BELOW THE SURFACE OF THE GROUND INCLUDING THAT WHICH EXERTS PRESSURE ON OR FLOWS, SEEPS OR LEAKS THROUGH SIDEWALKS, DRIVEWAYS, FOUNDATIONS, WALLS, BASEMENT OR OTHER FLOORS, OR THROUGH DOORS, WINDOWS OR ANY OTHER OPENINGS IN SUCH SIDEWALKS, DRIVEWAYS, FOUNDATIONS, WALLS OR FLOORS.

UNLESS FIRE OR EXPLOSION AS INSURED AGAINST ENSUES, AND THEN THIS COMPANY SHALL BE LIABLE FOR ONLY LOSS CAUSED BY THE ENSUING FIRE OR EXPLOSION; BUT THESE EXCLUSIONS SHALL NOT APPLY TO LOSS ARISING FROM THEFT.

D. WAR RISK AND GOVERNMENTAL ACTION EXCLUSIONS: THIS POLICY SHALL NOT APPLY TO LOSS CAUSED, DIRECTLY OR INDIRECTLY, BY OR DUE TO ANY ACT OR CONDITION INCIDENT TO THE FOLLOWING;

1. HOSTILE OR WARLIKE ACTION IN TIME OF PEACE OR WAR, INCLUDING ACTION IN HINDERING, COMBATING OR DEFENDING AGAINST AN ACTUAL, IMPENDING OR EXPECTED ATTACK (A) BY ANY GOVERNMENT OR SOVEREIGN POWER (DE JURE OR DE FACTO), OR BY ANY AUTHORITY MAINTAINING OR USING MILITARY, NAVAL OR AIR FORCES; OR (B) BY MILITARY, NAVAL OR AIR FORCES; OR (C) BY AN AGENT OF SUCH GOVERNMENT, POWER, AUTHORITY OR FORCES, IT BEING UNDERSTOOD THAT ANY DISCHARGE, EXPLOSION OR USE OF ANY WEAPON OF WAR EMPLOYING NUCLEAR FISSION OR FUSION SHALL BE CONCLUSIVELY PRESUMED TO BE SUCH A HOSTILE OR WARLIKE ACTION BY SUCH A GOVERNMENT, POWER, AUTHORITY OR FORCES;

2. INSURRECTION, REBELLION, REVOLUTION, CIVIL WAR, USURPED POWER, OR ACTION TAKEN BY GOVERNMENTAL AUTHORITY IN HINDERING, COMBATING OR DEFENDING AGAINST SUCH AN OCCURRENCE; SEIZURE OR DESTRUCTION UNDER QUARANTINE OR CUSTOM'S REGULATIONS, CONFISCATION BY ORDER OF ANY GOVERNMENT OR PUBLIC AUTHORITY, OR RISKS OF CONTRABAND OR ILLEGAL TRANSPORTATION OR TRADE.

E. NUCLEAR CLAUSE AND NUCLEAR EXCLUSION:

1. NUCLEAR CLAUSE (NOT APPLICABLE IN NEW YORK): THE WORD "FIRE" IN THIS POLICY IS NOT INTENDED TO AND DOES NOT EMBRACE NUCLEAR REACTION OR NUCLEAR RADIATION OR RADIOACTIVE CONTAMINATION, ALL WHETHER CONTROLLED OR UNCONTROLLED, AND LOSS BY NUCLEAR REACTION OR NUCLEAR RADIATION OR RADIOACTIVE CONTAMINATION IS NOT INTENDED TO BE AND IS NOT INSURED AGAINST BY THIS POLICY, WHETHER SUCH LOSS BE DIRECT OR INDIRECT, PROXIMATE OR REMOTE, OR BE IN WHOLE OR IN PART CAUSED BY, CONTRIBUTED TO, OR AGGRAVATED BY "FIRE" OR ANY OTHER PERILS INSURED AGAINST BY THIS POLICY. HOWEVER, SUBJECT TO THE FOREGOING AND ALL PROVISIONS OF THIS POLICY, DIRECT LOSS BY "FIRE" RESULTING FROM NUCLEAR REACTION OR NUCLEAR RADIATION OR RADIOACTIVE CONTAMINATION IS INSURED AGAINST BY THIS POLICY.

2. NUCLEAR CLAUSE (APPLICABLE ONLY IN NEW YORK): THIS POLICY DOES NOT COVER LOSS OR DAMAGE CAUSED BY NUCLEAR REACTION OR NUCLEAR RADIATION OR RADIOACTIVE CONTAMINATION, ALL WHETHER DIRECTLY OR INDIRECTLY RESULTING FROM AN INSURED PERIL UNDER THIS POLICY.

3. NUCLEAR EXCLUSION (NOT APPLICABLE IN NEW YORK): LOSS BY NUCLEAR REACTION OR NUCLEAR RADIATION OR RADIOACTIVE CONTAMINATION, ALL WHETHER CONTROLLED OR UNCONTROLLED, OR DUE TO ANY ACT OR CONDITION INCIDENT TO ANY OF THE FOREGOING IS NOT INSURED AGAINST BY THIS POLICY, WHETHER SUCH LOSS BE DIRECT OR INDIRECT, PROXIMATE OR REMOTE, OR BE IN WHOLE OR IN PART CAUSED BY, CONTRIBUTED TO, OR AGGRAVATED BY ANY OF THE PERILS INSURED AGAINST BY THIS POLICY; AND NUCLEAR REACTION OR NUCLEAR RADIATION OR RADIOACTIVE CONTAMINATION, ALL WHETHER CONTROLLED OR UNCONTROLLED, IS NOT "EXPLOSION" OR "SMOKE". THIS CLAUSE APPLIES TO ALL PERILS INSURED AGAINST HEREUNDER EXCEPT THE PERIL OF FIRE, WHICH IS OTHERWISE PROVIDED FOR IN THE NUCLEAR CLAUSE ABOVE.

# SECTION VII—VALUATION

The following bases are established for valuation of property:

A. THE VALUE OF ALL STOCK ACTUALLY SOLD BUT NOT DELIVERED SHALL BE THE PRICE AT WHICH IT WAS SOLD, LESS ALL DISCOUNTS AND UNINCURRED EXPENSES.

B. TENANTS' IMPROVEMENTS AND BETTERMENTS:

1. IF REPAIRED OR REPLACED AT THE EXPENSE OF THE NAMED INSURED WITHIN A REASONABLE TIME AFTER LOSS, THE ACTUAL CASH VALUE OF THE DAMAGED OR DESTROYED IMPROVEMENTS AND BETTERMENTS.

2. IF NOT REPAIRED OR REPLACED WITHIN A REASONABLE TIME AFTER LOSS, THAT PROPORTION OF THE ORIGINAL COST AT TIME OF INSTALLATION OF THE DAMAGED OR DESTROYED PROPERTY WHICH THE UNEXPIRED TERM OF THE LEASE OR RENTAL AGREEMENT, WHETHER WRITTEN OR ORAL, IN EFFECT AT THE TIME OF LOSS BEARS TO THE PERIODS FROM THE DATES SUCH IMPROVEMENTS OR BETTERMENTS WERE MADE TO THE EXPIRATION DATE OF THE LEASE.

3. IF REPAIRED OR REPLACED AT THE EXPENSE OF OTHERS FOR THE USE OF THE NAMED INSURED, THERE SHALL BE NO LIABILITY HEREUNDER.

C. VALUABLE PAPERS AND RECORDS:

1. BOOKS OF ACCOUNT, MANUSCRIPTS, ABSTRACTS, DRAWINGS, CARD INDEX SYSTEMS AND OTHER RECORDS (EXCEPT FILM, TAPE, DISC, DRUM, CELL AND OTHER MAGNETIC RECORDING OR STORAGE MEDIA FOR ELECTRONIC DATA PROCESSING) FOR NOT EXCEEDING THE COST OF BLANK BOOKS, CARDS OR OTHER BLANK MATERIAL PLUS THE COST OF LABOR INCURRED BY THE NAMED INSURED FOR TRANSCRIBING OR COPYING SUCH RECORDS.

2. FILM, TAPE, DISC, DRUM, CELL AND OTHER MAGNETIC RECORDING OR STORAGE MEDIA FOR ELECTRONIC DATA PROCESSING FOR NOT EXCEEDING THE COST OF SUCH MEDIA IN UNEXPOSED OR BLANK FORM.

D. ALL OTHER PROPERTY AT ACTUAL CASH VALUE AT THE TIME OF LOSS, BUT NOT EXCEEDING THE AMOUNT WHICH IT WOULD COST TO REPAIR OR REPLACE THE PROPERTY WITH MATERIAL OF LIKE KIND AND QUALITY WITHIN A REASONABLE TIME AFTER SUCH LOSS, NOR IN ANY EVENT FOR MORE THAN THE INTEREST OF THE NAMED INSURED.

## SECTION VIII—COINSURANCE CLAUSE

THIS COMPANY SHALL NOT BE LIABLE FOR A GREATER PROPORTION OF ANY LOSS TO THE PROPERTY COVERED THAN THE AMOUNT OF INSURANCE UNDER THIS POLICY FOR SUCH PROPERTY BEARS TO THE AMOUNT PRODUCED BY MULTIPLYING THE ACTUAL CASH VALUE OF SUCH PROPERTY AT THE TIME OF THE LOSS BY THE COINSURANCE PERCENTAGE APPLICABLE (SPECIFIED ON THE FIRST PAGE OF THIS POLICY, OR BY ENDORSEMENT).

IN THE EVENT THAT THE AGGREGATE CLAIM FOR ANY LOSS IS BOTH LESS THAN $10,000 AND LESS THAN 5% OF THE TOTAL AMOUNT OF INSURANCE APPLICABLE TO THE PROPERTY INVOLVED AT THE TIME SUCH LOSS OCCURS, NO

SPECIAL INVENTORY OR APPRAISEMENT OF THE UNDAMAGED PROPERTY SHALL BE REQUIRED, PROVIDING THAT NOTHING HEREIN SHALL BE CONSTRUED TO WAIVE THE APPLICATION OF THE FIRST PARAGRAPH OF THIS CLAUSE.

THE VALUE OF PROPERTY COVERED UNDER EXTENSIONS OF COVERAGE, AND THE COST OF THE REMOVAL OF DEBRIS, SHALL NOT BE CONSIDERED IN THE DETERMINATION OF ACTUAL CASH VALUE WHEN APPLYING THE COINSURANCE CLAUSE.

## SECTION IX—DEDUCTIBLE CLAUSE

THE SUM OF $100 SHALL BE DEDUCTED FROM THE AMOUNT OF LOSS TO PROPERTY IN ANY ONE OCCURRENCE RESULTING FROM ANY OF THE PERILS INSURED AGAINST. THIS DEDUCTIBLE SHALL APPLY SEPARATELY TO PER-

SONAL PROPERTY IN EACH BUILDING AND SEPARATELY TO PERSONAL PROPERTY IN THE OPEN (INCLUDING WITHIN VEHICLES). THE AGGREGATE AMOUNT OF THIS DEDUCTIBLE IN ANY ONE OCCURRENCE SHALL NOT EXCEED $1,000.

## SECTION X—OTHER PROVISIONS

1. OTHER INSURANCE:

(A) IF AT THE TIME OF LOSS THERE IS OTHER INSURANCE WRITTEN IN THE NAME OF THE INSURED UPON THE SAME PLAN, TERMS, CONDITIONS AND PROVISIONS AS CONTAINED IN THIS POLICY, HEREIN REFERRED TO AS CONTRIBUTING INSURANCE, THIS COMPANY SHALL BE LIABLE FOR NO GREATER PROPORTION OF ANY LOSS THAN THE AMOUNT OF INSURANCE UNDER THIS POLICY BEARS TO THE WHOLE AMOUNT OF INSURANCE COVERING SUCH LOSS.

(B) IF AT THE TIME OF LOSS THERE IS OTHER INSURANCE OTHER THAN THAT AS DESCRIBED IN (A) ABOVE, THIS COMPANY SHALL NOT BE LIABLE FOR ANY LOSS HEREUNDER UNTIL:

(1) THE LIABILITY OF SUCH OTHER INSURANCE HAS BEEN EXHAUSTED, AND

(2) THEN FOR ONLY SUCH AMOUNT AS MAY EXCEED THE AMOUNT DUE FROM SUCH OTHER INSURANCE, WHETHER COLLECTIBLE OR NOT.

2. CONTROL OF PROPERTY: This insurance shall not be prejudiced by any act or neglect of any person (other than the named Insured), when such act or neglect is not within the control of the named Insured.

3. DIVISIBLE CONTRACT CLAUSE: If this policy covers personal property in two or more buildings, the breach of any condition of the policy in any one or more of the buildings containing the property covered shall not prejudice the right to recover for loss occurring in any building containing the property covered, where at the time of loss a breach of condition does not exist.

4. INSPECTION OF PROPERTY AND OPERATIONS: This Company and any person or organization making inspections on this Company's behalf shall be permitted but not obligated to inspect the named Insured's property and operations at any time. Neither the right of this Company and any person or organization to make such inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the named Insured or others, to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule or regulation.

5. LIBERALIZATION: If during the period that insurance is in force under this policy, or within 45 days prior to the inception date thereof, on behalf of this Company there be adopted or filed with and approved or accepted by the insurance supervisory authorities, all in conformity with law, any changes in the form attached to this policy by which this form of insurance could be extended or broadened without increased premium charge by endorsement or substitution of form, then such extended or broadened insurance shall inure to the benefit of the named Insured hereunder as though such endorsement or substitution of form had been made.

6. LOSS CLAUSE: Any loss hereunder shall not reduce the amount of this policy.

7. PERMITS AND USE: Except as otherwise provided, permission is granted:

A. to make alterations and repairs;

B. for such unoccupancy as is usual or incidental to the described occupancy; BUT VACANCY IS LIMITED TO THE 60 DAY PERIOD PERMITTED BY THE POLICY CONDITIONS ("Vacant" or "Vacancy" means containing no contents pertaining to operations or activities customary to occupancy of the building; "Unoccupied" or "Unoccupancy" means containing contents pertaining to occupancy of the building while operations or other customary activities are suspended);

C. in the event of loss hereunder, to make reasonable repairs, temporary or permanent, PROVIDED SUCH REPAIRS ARE CONFINED SOLELY TO THE PROTECTION OF THE PROPERTY FROM FURTHER DAMAGE, AND PROVIDED FURTHER THAT THE NAMED INSURED SHALL KEEP AN ACCURATE RECORD OF SUCH REPAIR EXPENDITURES. The cost of any such repairs directly attributable to damage by any peril not excluded hereunder shall be included in determining the amount of loss hereunder. NOTHING HEREIN CONTAINED IS INTENDED TO MODIFY THE POLICY REQUIREMENTS APPLICABLE IN CASE LOSS OCCURS, AND IN PARTICULAR THE REQUIREMENT THAT, IN CASE LOSS OCCURS, THE NAMED INSURED SHALL PROTECT THE PROPERTY FROM FURTHER DAMAGE.

8. PROTECTIVE SAFEGUARDS: IT IS A CONDITION OF THIS INSURANCE THAT THE NAMED INSURED SHALL MAINTAIN SO FAR AS IS WITHIN HIS CONTROL SUCH PROTECTIVE SAFEGUARDS AS ARE SET FORTH BY ENDORSEMENT HERETO.

FAILURE TO MAINTAIN SUCH PROTECTIVE SAFEGUARDS SHALL SUSPEND THIS INSURANCE, ONLY AS RESPECTS THE LOCATION OR SITUATION AFFECTED, FOR THE TIME OF SUCH DISCONTINUANCE.

9. SUBROGATION:

A. In the event of any payment under this policy, this Company shall be subrogated to all the named Insured's rights of recovery against any person or organization and THE NAMED INSURED SHALL EXECUTE AND DELIVER INSTRUMENTS AND PAPERS AND DO WHATEVER ELSE IS NECESSARY TO SECURE SUCH RIGHTS. THE NAMED INSURED SHALL DO NOTHING AFTER LOSS TO PREJUDICE SUCH RIGHTS.

B. THIS COMPANY SHALL NOT BE BOUND TO PAY ANY LOSS IF THE NAMED INSURED HAS IMPAIRED ANY RIGHT OF RECOVERY FOR LOSS, however, it is agreed that the named Insured may:

1. as respects property while on the premises of the named Insured, release others in writing from liability for loss prior to loss, and such release shall not affect the right of the named Insured to recover hereunder, and

2. as respects property in transit, accept such bills of lading, receipts or contracts of transportation as are ordinarily issued by carriers containing a limitation as to the value of such goods or merchandise.

10. NO BENEFIT TO BAILEE: THIS INSURANCE SHALL NOT INURE DIRECTLY OR INDIRECTLY TO THE BENEFIT OF ANY CARRIER OR OTHER BAILEE.

11. REPORT TO POLICE: WHEN EITHER A LOSS OR OCCURRENCE TAKES PLACE, THE NAMED INSURED SHALL GIVE NOTICE THEREOF TO THE PROPER POLICE AUTHORITY IF LOSS OR OCCURRENCE IS DUE TO A VIOLATION OF A LAW.

CF 00 14 (Ed. 04 77)

Page 4 of 4

 **REPLACEMENT COST ENDORSEMENT**  **CF 04 20**
(Ed. 04 77)

This endorsement applies only to item(s) of insurance specified on the first page of this policy or by endorsement as being subject to this Replacement Cost Endorsement.

1. In consideration of $1 and the following Coinsurance Clause being made a part of this policy to apply only to the item(s) to which this endorsement applies, which Coinsurance Clause supersedes and replaces the Coinsurance Clause, if any, otherwise applicable to such item(s), the provisions of this policy applicable only to such item(s) are amended to substitute the term "replacement cost" (without deduction for depreciation) for the term "actual cash value" wherever it appears in this policy, subject, however, in all other respects to the provisions of this endorsement and of the policy to which this endorsement is attached.

2. THIS ENDORSEMENT SHALL NOT APPLY TO STOCK (RAW, IN PROCESS OR FINISHED) OR MERCHANDISE, INCLUDING MATERIALS AND SUPPLIES IN CONNECTION THEREWITH, PROPERTY OF OTHERS, HOUSEHOLD FURNITURE OR RESIDENTIAL CONTENTS; OR TO MANUSCRIPTS; OR TO PAINTINGS, ETCHINGS, PICTURES, TAPESTRIES, STATUARY, MARBLES, BRONZES, ANTIQUE FURNITURE, RARE BOOKS, ANTIQUE SILVER, PORCELAINS, RARE GLASSWARE AND BRIC-A-BRAC, OR OTHER ARTICLES OF ART, RARITY OR ANTIQUITY.

3. THIS COMPANY SHALL NOT BE LIABLE UNDER THIS ENDORSEMENT FOR ANY LOSS—

 A. OCCASIONED DIRECTLY OR INDIRECTLY BY ENFORCEMENT OF ANY ORDINANCE OR LAW REGULATING THE USE, CONSTRUCTION, REPAIR OR DEMOLITION OF PROPERTY UNLESS SUCH LIABILITY HAS BEEN SPECIFICALLY ASSUMED UNDER THIS POLICY;

 B. UNLESS AND UNTIL THE DAMAGED OR DESTROYED PROPERTY IS ACTUALLY REPAIRED OR REPLACED BY THE INSURED WITH DUE DILIGENCE AND DISPATCH.

4. **COINSURANCE CLAUSE:** THIS COMPANY SHALL NOT BE LIABLE FOR A GREATER PROPORTION OF ANY LOSS TO THE PROPERTY COVERED THAN THE AMOUNT OF INSURANCE UNDER THIS POLICY FOR SUCH PROPERTY BEARS TO THE AMOUNT PRODUCED BY MULTIPLYING THE REPLACEMENT COST (WITHOUT DEDUCTION FOR DEPRECIATION) OF SUCH PROPERTY AT THE TIME OF THE LOSS BY THE COINSURANCE PERCENTAGE APPLICABLE (SPECIFIED ON THE FIRST PAGE OF THIS POLICY, OR BY ENDORSEMENT), NOR FOR MORE THAN THE PROPORTION WHICH THIS POLICY BEARS TO THE TOTAL INSURANCE THEREON.

IN THE EVENT THAT THE AGGREGATE CLAIM FOR ANY LOSS IS BOTH LESS THAN $10,000 AND LESS THAN 5% OF THE TOTAL AMOUNT OF INSURANCE APPLICABLE TO THE PROPERTY INVOLVED AT THE TIME SUCH LOSS OCCURS, NO SPECIAL INVENTORY OR APPRAISEMENT OF THE UNDAMAGED PROPERTY SHALL BE REQUIRED, PROVIDING, THAT NOTHING HEREIN SHALL BE CONSTRUED TO WAIVE APPLICATION OF THE FIRST PARAGRAPH OF THIS CLAUSE.

If the coverage under this policy be divided into two or more items, the foregoing shall apply separately to each item to which this endorsement applies.

5. THE INSURED MAY ELECT TO MAKE CLAIM UNDER THIS POLICY IN ACCORDANCE WITH ITS PROVISIONS, DISREGARDING THIS ENDORSEMENT, EXCEPT THAT THE FOREGOING COINSURANCE CLAUSE APPLICABLE TO THE REPLACEMENT COST OF SAID PROPERTY SHALL APPLY; AND THE INSURED MAY MAKE FURTHER CLAIM FOR ANY ADDITIONAL LIABILITY BROUGHT ABOUT BY THIS ENDORSEMENT IN ACCORDANCE WITH ITS PROVISIONS, PROVIDED THIS COMPANY IS NOTIFIED IN WRITING WITHIN 180 DAYS AFTER LOSS OF THE INSURED'S INTENT TO MAKE SUCH FURTHER CLAIM.

6. THIS COMPANY'S LIABILITY FOR LOSS ON A REPLACEMENT COST BASIS SHALL NOT EXCEED THE SMALLEST OF THE FOLLOWING AMOUNTS:

 A. THE AMOUNT OF THIS POLICY APPLICABLE TO THE DAMAGED OR DESTROYED PROPERTY;

 B. THE REPLACEMENT COST OF THE PROPERTY OR ANY PART THEREOF IDENTICAL WITH SUCH PROPERTY ON THE SAME PREMISES AND INTENDED FOR THE SAME OCCUPANCY AND USE; OR

 C. THE AMOUNT ACTUALLY AND NECESSARILY EXPENDED IN REPAIRING OR REPLACING SAID PROPERTY OR ANY PART THEREOF.

7. **APPORTIONMENT CLAUSE:** THIS COMPANY SHALL NOT BE LIABLE UNDER THIS POLICY INCLUDING THIS ENDORSEMENT FOR A GREATER PROPORTION OF ANY LOSS THAN THE AMOUNT OF THIS POLICY APPLYING TO THE PROPERTY TO WHICH THIS ENDORSEMENT APPLIES BEARS TO THE TOTAL AMOUNT OF INSURANCE ON SUCH PROPERTY AGAINST THE PERIL INVOLVED, WHETHER OR NOT SUCH OTHER INSURANCE INCLUDES THE EXTENSION OF COVERAGE PROVIDED UNDER THIS ENDORSEMENT, AND WHETHER SUCH OTHER INSURANCE IS COLLECTIBLE OR NOT.

8. If the coverage on property under this policy be divided into two or more items, all of the foregoing shall apply separately to each item to which this endorsement applies.

**This Endorsement must be attached to Change Endorsement when issued after the Policy is written.**

**CF 04 20** (Ed. 04 77)

## AUTOMATIC INCREASE IN INSURANCE ENDORSEMENT

**CF 12 15**
(Ed. 04 77)

| COMPANY | POLICY NO.<br>PYA 15 45 15 | AGENCY |
|---|---|---|

The amount of insurance (exclusive of this endorsement) applicable to the items of this policy shall be automatically increased by the percentage specified below of such amounts at the end of each period of three months after the inception date of this policy.

_____**2**_____%    Building(s)

_____%    Personal Property of the Insured

_____%    Personal Property of Others

This endorsement applies to all such items covered under this policy UNLESS SPECIFIC ITEMS ARE DESCRIBED IN THE SCHEDULE OF ITEMS BELOW, IN WHICH EVENT THIS ENDORSEMENT SHALL APPLY ONLY TO THOSE ITEMS DESCRIBED BELOW:

### SCHEDULE OF ITEMS

| Item No. | Location |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

This Endorsement must be attached to Change Endorsement when issued after the Policy is written.

**CF 12 15** (Ed. 04 77)

Section I

## LOSS DEDUCTIBLE CLAUSE

ROYAL-GLOBE INSURANCE COMPANIES

In consideration of the reduced premium at which this policy is written any deductible clause which may be made a part of any form or endorsement attached to and made a part of Section I of this policy is deleted and the following substituted therefor:

With respect to loss by any of the perils insured against this company shall be liable only for the amount of loss which exceeds $100. This deductible clause shall apply separately (a) to each building or structure including contents or other property therein, (b) to contents or other personal property covered hereunder which are within a building or structure not covered hereunder and (c) to personal property in the open including property on railroad cars, vehicles and platforms.

S.F. FORM

FORM 99
(Oct. 1968)



## CERTIFICATE OF INSURANCE

| Certificate issued to<br>**BANK OF AMERICA**<br>**110 E. WEBER**<br>**STOCKTON, CALIFORNIA** | Name and address of Insured<br>**STOCKTON PLATING, INC., ETAL.**<br>**632 SO. EL DORADO STREET**<br>**STOCKTON, CALIFORNIA** |
|---|---|

| Perils insured against<br>[X] Fire and Lightning    □ Sprinkler Leakage<br>[X] Extended Coverage    [X] **ALL RISK**<br>[X] Vandalism & Malicious Mischief    □ | $**100.00** deductible, applying to<br>**EACH LOSS** |
|---|---|

Location of property covered
(1) **PER SCHEDULE OF LOCATIONS ATTACHED**
(2)
(3)
(4)

| Policy Number | Insurer | Term From | To | Coverage & Locations | Amount of Insurance |
|---|---|---|---|---|---|
| PYA154515 | ROYAL GLOBE INS. CO. | 4/1/79 | 4/1/82 | BL-B-A | 555,000. |

**Notwithstanding any requirement, term, or condition of any contract or other document with respect to which this certificate is issued, the insurance afforded by the policies listed on the certificate is subject to all the terms of such policies.**

Legend:
SP—Specific insurance
BL—Blanket insurance
R —Reporting form—amount of ins. shown is limit of liability for all contributing insurance

B —Building(s)
BE—Building(s) & Equipment
E —Equipment
ES —Equipment & Stock
S —Stock

1—Location #1
2—Location #2
3—Location #3
4—Location #4
A—All locations

□ Mortgagee Clause (requires 10 day written notice of cancellation to mortgagee)
[X] Lenders Loss Payable Endorsement (policy continues in force 10 days after written notice of cancellation is received by lender)
□ Other payee clause (copy attached to this Certificate)
Policies contain clause indicated above. Loss, if any, payable to the party to whom this Certificate is issued, unless otherwise noted below.

I certify that the above described policies exist and cover only in accordance with the policy terms.

**ROLLINS,BURDICK,HUNTER OF NO. CALIF.,STOCKTON, CALIF.**  **4/1/79**
(SIGNATURE)      (TITLE)      (DATE)

**ROYAL GLOBE INS. CO., 2422 ARDEN WAY, SACRAMENTO, CALIFORNIA 95825**
(FIRM AND ADDRESS)

THIS CERTIFICATE IS FOR INFORMATION ONLY; IT IS NOT A CONTRACT OF INSURANCE BUT ATTESTS THAT A POLICY AS NUMBERED HEREIN, AND AS IT STANDS AT THE DATE OF THIS CERTIFICATE, HAS BEEN ISSUED BY THE INSURER.

S.F. FORM

Form 438BFU NS
(Rev. May 1, 1942) x

## LENDER'S LOSS PAYABLE ENDORSEMENT

1. Loss or damage, if any, under this policy, shall be paid to the Payee named on the first page of this policy, its successors and assigns, hereinafter referred to as "the Lender", in whatever form or capacity its interests may appear and whether said interest be vested in said Lender in its individual or in its disclosed or undisclosed fiduciary or representative capacity, or otherwise, or vested in a nominee or trustee of said Lender.

2. The insurance under this policy, or any rider or endorsement attached thereto, as to the interest only of the Lender, its successors and assigns, shall not be invalidated nor suspended: (a) by any error, omission, or change respecting the ownership, description, possession, or location of the subject of the insurance or the interest therein, or the title thereto; (b) by the commencement of foreclosure proceedings or the giving of notice of sale of any of the property covered by this policy by virtue of any mortgage or trust deed; (c) by any breach of warranty, act, omission, neglect, or non-compliance with any of the provisions of this policy, including any and all riders now or hereafter attached thereto, by the named insured, the borrower, mortgagor, trustor, vendee, owner, tenant, warehouseman, custodian, occupant, or by the agents of either or any of them or by the happening of any event permitted by them or either of them, or their agents, or which they failed to prevent, whether occurring before or after the attachment of this endorsement, or whether before or after a loss, which under the provisions of this policy of insurance or of any rider or endorsement attached thereto would invalidate or suspend the insurance as to the named insured, excluding herefrom, however, any acts or omissions of the Lender while exercising active control and management of the property.

3. In the event of failure of the insured to pay any premium or additional premium which shall be or become due under the terms of this policy or on account of any change in occupancy or increase in hazard not permitted by this policy, this Company agrees to give written notice to the Lender of such non-payment of premium after sixty (60) days from and within one hundred and twenty (120) days after due date of such premium and it is a condition of the continuance of the rights of the Lender hereunder that the Lender when so notified in writing by this Company of the failure of the insured to pay such premium shall pay or cause to be paid the premium due within ten (10) days following receipt of the Company's demand in writing therefor. If the Lender shall decline to pay said premium or additional premium, the rights of the Lender under this Lender's Loss Payable Endorsement shall not be terminated before ten (10) days after receipt of said written notice by the Lender.

4. Whenever this Company shall pay to the Lender any sum for loss or damage under this policy and shall claim that as to the insured no liability therefor exists, this Company, at its option, may pay to the Lender the whole principal sum and interest and other indebtedness due or to become due from the insured, whether secured or unsecured, (with refund of all interest not accrued), and this Company, to the extent of such payment, shall thereupon receive a full assignment and transfer, without recourse, of the debt and all rights and securities held as collateral thereto.

5. If there be any other insurance upon the within described property, this Company shall be liable under this policy as to the Lender for the proportion of such loss or damage that the sum hereby insured bears to the entire insurance of similar character on said property under policies held by, payable to and expressly consented to by the Lender. Any Contribution Clause included in any Fallen Building Clause Waiver or any Extended Coverage Endorsement attached to this contract of insurance is hereby nullified, and also any Contribution Clause in any other endorsement or rider attached to this contract of insurance is hereby nullified except Contribution Clauses for the compliance with which the insured has received reduction in the rate charged or has received extension of the coverage to include hazards other than fire and compliance with such Contribution Clause is made a part of the consideration for insuring such other hazards. The Lender upon the payment to it of the full amount of its claim, will subrogate this Company (pro rata with all other insurers contributing to said payment) to all of the Lender's rights of contribution under said other insurance.

6. This Company reserves the right to cancel this policy at any time, as provided by its terms, but in such case this policy shall continue in force for the benefit of the Lender for ten (10) days after written notice of such cancellation is received by the Lender and shall then cease.

7. This policy shall remain in full force and effect as to the interest of the Lender for a period of ten (10) days after its expiration unless an acceptable policy in renewal thereof with loss thereunder payable to the Lender in accordance with the terms of this Lender's Loss Payable Endorsement, shall have been issued by some insurance company and accepted by the Lender.

8. Should legal title to and beneficial ownership of any of the property covered under this policy become vested in the Lender or its agents, insurance under this policy shall continue for the term thereof for the benefit of the Lender but, in such event, any privileges granted by this Lender's Loss Payable Endorsement which are not also granted the insured under the terms and conditions of this policy and/or under other riders or endorsements attached thereto shall not apply to the insurance hereunder as respects such property.

9. All notices herein provided to be given by the Company to the Lender in connection with this policy and this Lender's Loss Payable Endorsement shall be mailed to or delivered to the Lender at its office or branch described on the first page of the policy.

Approved:
Board of Fire Underwriters of the Pacific,
California Bankers' Association,
     Committee on Insurance.

# CHANGE AND ATTACHING CLAUSE ENDORSEMENT

ROYAL-GLOBE INSURANCE COMPANIES

This endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective.

SIGNED BY:
ROLLINS BURDICK HUNTER OF NORTHERN CALIFORNIA INSURANCE BROKERS
By _Henry J. Mulholland_
AUTHORIZED REPRESENTATIVE

| NAME OF COMPANY | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
|---|---|---|
| | | PYA 15 45 15 |

NAMED INSURED (AND ADDRESS, ZIP CODE WHEN NECESSARY FOR MAILING)

PRODUCER (AND ADDRESS, ZIP CODE, FOR MAILING)

## TIME OF ATTACHMENT

If coverages in the endorsement(s) listed below replace coverages in other policies which terminate at 12:01 A.M. on the inception date of this (these) endorsement(s), this (these) endorsement(s) shall be construed to attach at 12:01 A.M. Standard Time, on its (their) inception date as respects such replaced coverages only, instead of at Noon, Standard Time.

The Policy Part                    is amended as follows:

### NAMED INSURED ENDORSEMENT:

NAMED INSURED: STOCKTON PLATING, INC., AND NICK J. SMITH AND AUDREY SMITH, HUSBAND AND WIFE AS JOINT TENANTS, AND RICHARD L. LELAND AND SHARON LELAND, HUSBAND AND WIFE AS JOINT TENANTS AS TO AN UNDIVIDED ONE-HALF ($\frac{1}{2}$) INTEREST.

## PREMIUM RECAPITULATION

| | ADDITIONAL PREMIUM | RETURN PREMIUM | |
|---|---|---|---|
| Due at Endorsement Effective Date ▶ | $ | $ | |

### PREMIUM ADJUSTMENT IF THE PREMIUM IS PAYABLE IN ANNUAL INSTALLMENTS

| DATES DUE | ORIGINAL INSTALLMENTS | INCREASE | DECREASE | REVISED INSTALLMENTS |
|---|---|---|---|---|
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| | $ | $ | $ | $ |
| Total Premium to Policy Expiration ▶ | $ | | $ | |

81097A

BCP/BGP/CBP



Section I   Part
FIRE AND EXTENDED COVERAGE
INSURANCE (BUSINESS INCOME)

ROYAL-GLOBE INSURANCE COMPANIES

SCHEDULE OF ITEMS

| ITEM NO. | AMOUNT OF INSURANCE | % OF COINS. | DESCRIPTION AND LOCATION OF PROPERTY COVERED |
|---|---|---|---|
| I | 85,000. | --- | BLANKET EXTRA EXPENSE, 40-80-100%. |
| | | | SITUATES:  642 SO. EL DORADO ST. |
| | | | 632 SO. EL DORADO ST. |
| | | | ADJ. REAR 632 SO EL DORADO ST. |
| | | | $632\frac{1}{4}$ SO. EL DORADO ST. |
| | | | $632\frac{1}{2}$ SO. EL DORADO ST. |
| | | | REAR 642 SO EL DORADO ST. |
| | | | WEST OF 642 SO. EL DORADO ST. |
| | | | WEST 50' OF 642 SO. EL DORADO ST. |
| | | | ADJ. LEFT OF 642 SO EL DORADO ST. |
| | | | 40' W. OF 642 SO. EL DORADO ST. |
| | | | 104 E. SCOTTS |
| | | | 30' E. OF 104 E. SCOTTS |
| | | | *Capitol Plating*  ALL IN STOCKTON, CALIF. AND 319 3RD ST., BRODERICK, CALIFORNIA |

SUBJECT TO THE FOLLOWING FORMS ATTACHED HERETO:

CF0011, CF1506, CF1001, CF1021

81003-1A

BCP

**EXTRA EXPENSE INSURANCE**

CF 15 06
(Ed. 04 77)

Insurance applies to this item(s) only when "Extra Expense" and a specific amount are specified therefor in this policy and, unless otherwise provided, all provisions and stipulations of this form and policy shall apply separately to each such item.

## SECTION I—DESCRIPTION OF COVERAGE

1. This policy covers the necessary Extra Expense, as hereinafter defined, incurred by the Insured in order to continue as nearly as practicable the normal operation of the Insured's business following damage to or destruction of real or personal property, by the peril(s) insured against during the term of this policy, which property is on premises occupied by the Insured and situated as herein described.

2. In the event of such damage or destruction, this Company shall be liable for such necessary Extra Expense incurred FOR ONLY SUCH LENGTH OF TIME, HEREINAFTER REFERRED TO AS THE "PERIOD OF RESTORATION", AS WOULD BE REQUIRED WITH THE EXERCISE OF DUE DILIGENCE AND DISPATCH TO REBUILD, REPAIR OR REPLACE SUCH PART OF THE PROPERTY HEREIN DESCRIBED AS HAS BEEN DAMAGED OR DESTROYED, COMMENCING WITH THE DATE OF DAMAGE OR DESTRUCTION AND NOT LIMITED BY THE DATE OF EXPIRATION OF THIS POLICY.

3. **RESUMPTION OF OPERATIONS:** IT IS A CONDITION OF THIS INSURANCE THAT AS SOON AS PRACTICABLE THE INSURED SHALL RESUME NORMAL OPERATION OF THE BUSINESS AND SHALL DISPENSE WITH SUCH EXTRA EXPENSE.

4. **Extra Expense:** The term "Extra Expense", wherever used in this form, is defined as the excess (if any) of the total cost incurred during the period of restoration chargeable to the operation of the Insured's business, over and above the total cost that would normally have been incurred to conduct the business during the same period had no damage or destruction occurred. Any salvage value of property obtained for temporary use during the period of restoration, which remains after the resumption of normal operations, shall be taken into consideration in the adjustment of any loss hereunder.

5. **Definitions:** The following terms wherever used in this contract shall mean:

    A. "Month"—thirty consecutive days.

    B. "Normal"—the condition that would have existed had no loss occurred.

## SECTION II—EXTENSIONS OF COVERAGE

1. **Alterations and New Buildings:** Permission granted to make alterations in or to construct additions to any building described and to construct new buildings on the described premises. This policy is extended to cover, subject to all its provisions and stipulations, Extra Expense resulting from damage to or destruction of such alterations, additions or new buildings while in course of construction and when completed or occupied, provided that, in the event of damage to or destruction of such property (including building materials, supplies, machinery or equipment incident to such construction or occupancy while on the described premises or within 100 feet thereof) so as to delay commencement of business operations of the Insured, the length of time for which this Company shall be liable shall be determined as otherwise provided herein BUT SUCH DETERMINED LENGTH OF TIME SHALL BE APPLIED AND THE LOSS HEREUNDER CALCULATED FROM THE DATE THAT BUSINESS OPERATIONS WOULD HAVE BEGUN HAD NO DAMAGE OR DESTRUCTION OCCURRED.

This clause does not waive or modify any of the conditions of the Automatic Sprinkler Clause, if any, attached to this policy.

2. **Interruption by Civil Authority:** This policy is extended to include necessary Extra Expense incurred by the Insured as covered hereunder during the length of time, NOT EXCEEDING 2 CONSECUTIVE WEEKS, when, as a direct result of damage to or destruction of property adjacent to the premises herein described by the peril(s) insured against, access to such described premises is specifically prohibited by order of civil authority.

## SECTION III—LIMIT OF LIABILITY

THE LIMIT OF LIABILITY HEREUNDER SHALL IN NO EVENT EXCEED THAT PERCENTAGE OF THE AMOUNT OF THIS POLICY WHICH IS STATED BELOW FOR THE DETERMINED PERIOD OF RESTORATION:

    40% WHEN THE PERIOD OF RESTORATION IS NOT IN EXCESS OF ONE MONTH;

    80% WHEN THE PERIOD OF RESTORATION IS IN EXCESS OF ONE MONTH, BUT NOT IN EXCESS OF TWO MONTHS; OR

    100% WHEN THE PERIOD OF RESTORATION IS IN EXCESS OF TWO MONTHS.

## SECTION IV—LIMITATIONS AND EXCLUSIONS

1. **ELECTRICAL APPARATUS:** THIS COMPANY SHALL NOT BE LIABLE FOR ANY EXTRA EXPENSE RESULTING FROM ANY ELECTRICAL INJURY OR DISTURBANCE TO ELECTRICAL APPLIANCES, DEVICES, FIXTURES OR WIRING CAUSED BY ELECTRICAL CURRENTS ARTIFICIALLY GENERATED UNLESS FIRE AS INSURED AGAINST ENSUES, AND THEN THIS COMPANY SHALL BE LIABLE FOR ONLY ITS PROPORTION OF EXTRA EXPENSE CAUSED BY THE ENSUING FIRE.

2. **NUCLEAR CLAUSE (NOT APPLICABLE IN NEW YORK):** THE WORD "FIRE" IN THIS POLICY OR ENDORSEMENTS ATTACHED HERETO IS NOT INTENDED TO AND DOES NOT EMBRACE NUCLEAR REACTION OR NUCLEAR RADIATION OR RADIOACTIVE CONTAMINATION, ALL WHETHER CONTROLLED OR UNCONTROLLED, AND LOSS BY NUCLEAR REACTION OR NUCLEAR RADIATION OR RADIOACTIVE CONTAMINATION IS NOT INTENDED TO BE AND IS NOT INSURED AGAINST BY THIS POLICY OR SAID ENDORSEMENTS, WHETHER SUCH LOSS BE DIRECT OR INDIRECT, PROXIMATE OR REMOTE, OR BE IN WHOLE OR IN PART CAUSED BY, CONTRIBUTED TO, OR AGGRAVATED BY "FIRE" OR ANY OTHER PERILS INSURED AGAINST BY THIS POLICY OR SAID ENDORSEMENTS; HOWEVER, SUBJECT TO THE FOREGOING AND ALL PROVISIONS OF THIS POLICY, LOSS BY "FIRE" RESULTING FROM NUCLEAR REACTION OR NUCLEAR RADIATION OR RADIOACTIVE CONTAMINATION IS INSURED AGAINST BY THIS POLICY.

3. **Nuclear Clause (Applicable in New York):** This policy does not cover loss or damage caused by nuclear reaction or nuclear radiation or radioactive contamination, all whether directly or indirectly resulting from an insured peril under this policy.

4. **SPECIAL EXCLUSIONS AND LIMITATIONS:** THIS COMPANY SHALL NOT BE LIABLE FOR ANY EXTRA EXPENSE RESULTING FROM:

    A. ENFORCEMENT OF ANY ORDINANCE OR LAW REGULATING THE USE, CONSTRUCTION, REPAIR OR DEMOLITION OF PROPERTY; OR

    B. INTERFERENCE AT THE DESCRIBED PREMISES, BY STRIKERS OR OTHER PERSONS, WITH REBUILDING, REPAIRING OR REPLACING THE PROPERTY OR WITH THE RESUMPTION OR CONTINUATION OF BUSINESS;

NOR SHALL THIS COMPANY BE LIABLE FOR:

    C. LOSS OF INCOME;

    D. THE COST OF REPAIRING OR REPLACING ANY OF THE REAL OR PERSONAL PROPERTY HEREIN DESCRIBED, OR THE COST OF RESEARCH OR OTHER EXPENSE NECESSARY TO REPLACE OR RESTORE DAMAGED OR DESTROYED BOOKS OF ACCOUNT, ABSTRACTS, DRAWINGS, CARD INDEX SYSTEMS OR OTHER RECORDS (INCLUDING FILM, TAPE, DISC, DRUM, CELL AND OTHER MAGNETIC RECORDING OR STORAGE MEDIA FOR ELECTRONIC DATA PROCESSING), THAT HAVE BEEN DAMAGED OR DESTROYED BY THE PERIL(S) INSURED AGAINST, EXCEPT COST IN EXCESS OF THE NORMAL COST OF SUCH REPAIR, REPLACEMENT OR RESTORATION NECESSARILY INCURRED FOR THE PURPOSE OF REDUCING LOSS UNDER THIS POLICY. IN NO EVENT SHALL SUCH EXCESS COST EXCEED THE AMOUNT BY WHICH THE TOTAL EXTRA EXPENSE LOSS OTHERWISE PAYABLE UNDER THIS POLICY IS HEREBY REDUCED; OR

    E. ANY OTHER CONSEQUENTIAL OR REMOTE LOSS.

**1. Control of Property:** This insurance shall not be prejudiced by any act or neglect of any person (other than the Insured), when such act or neglect is not within the control of the Insured.

**2. Divisible Contract Clause:** If this policy covers two or more buildings or the contents of two or more buildings, the breach of any condition or warranty of the policy in any one or more of the buildings covered or containing the property covered shall not prejudice the right to recover for loss occurring in any building covered or containing the property covered, where at the time of loss a breach of condition or warranty does not exist.

**3. Inspection of Property and Operations:** This Company and any person or organization making inspections on the Company's behalf shall be permitted but not obligated to inspect the Insured's property and operations at any time. Neither the right of this Company and any person or organization to make such inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the Insured or others, to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule or regulation.

**4. Liberalization Clause:** If during the period that insurance is in force under this policy, or within 45 days prior to the inception date thereof, on behalf of this Company there be adopted, or filed with and approved or accepted by the insurance supervisory authorities, all in conformity with law, any changes in the form attached to this policy by which this form of insurance could be extended or broadened without increased premium charge by endorsement or substitution of form, then such extended or broadened insurance shall inure to the benefit of the Insured hereunder as though such endorsement or substitution of form had been made.

**5. Loss Clause:** Any loss hereunder shall not reduce the amount of this policy.

**6. OTHER INSURANCE:** IT IS A CONDITION OF THIS INSURANCE THAT IF AT THE TIME OF DAMAGE OR DESTRUCTION THERE ARE OTHER KINDS OF INSURANCE WHICH COVER IN ANY MANNER EXTRA EXPENSE AS COVERED BY THIS POLICY, THEN THIS INSURANCE SHALL APPLY ONLY AS EXCESS INSURANCE AND IN NO EVENT AS CONTRIBUTING INSURANCE, AND THEN ONLY TO THE AMOUNT OF EXTRA EXPENSE OVER AND ABOVE THE AMOUNT DUE THE INSURED UNDER SUCH OTHER FORMS OF INSURANCE. IN NO EVENT, HOWEVER, SHALL THE LIABILITY HEREUNDER EXCEED THE AMOUNT OF THIS POLICY NOR A GREATER PROPORTION OF ANY LOSS THAN THE INSURANCE HEREUNDER SHALL BEAR TO ALL INSURANCE OF THE SAME KIND, WHETHER COLLECTIBLE OR NOT.

**7. PROTECTIVE SAFEGUARDS:** IT IS A CONDITION OF THIS INSURANCE THAT THE INSURED SHALL MAINTAIN SO FAR AS IS WITHIN HIS CONTROL SUCH PROTECTIVE SAFEGUARDS AS ARE SET FORTH BY ENDORSEMENT HERETO.

FAILURE TO MAINTAIN SUCH PROTECTIVE SAFEGUARDS SHALL SUSPEND THIS INSURANCE, ONLY AS RESPECTS THE LOCATION OR SITUATION AFFECTED, FOR THE TIME OF SUCH DISCONTINUANCE.

**8. REQUIREMENTS IN CASE LOSS OCCURS:**

A. THE INSURED SHALL GIVE IMMEDIATE WRITTEN NOTICE TO THIS COMPANY OF ANY EXTRA EXPENSE AS COVERED BY THIS POLICY AND PROTECT THE PROPERTY FROM FURTHER DAMAGE THAT MIGHT RESULT IN EXTENSION OF THE PERIOD OF RESTORATION; AND WITHIN 60 DAYS FOLLOWING THE DATE OF DAMAGE TO OR DESTRUCTION OF THE REAL OR PERSONAL PROPERTY DESCRIBED, UNLESS SUCH TIME IS EXTENDED IN WRITING BY THIS COMPANY, THE INSURED SHALL RENDER TO THIS COMPANY A PROOF OF LOSS, SIGNED AND SWORN TO BY THE INSURED, STATING THE KNOWLEDGE AND BELIEF OF THE INSURED AS TO THE FOLLOWING:

(1) THE TIME AND ORIGIN OF THE PROPERTY DAMAGE OR DESTRUCTION CAUSING THE EXTRA EXPENSE AS COVERED BY THIS POLICY,

(2) THE INTEREST OF THE INSURED AND OF ALL OTHERS IN THE BUSINESS,

(3) ALL OTHER CONTRACTS OF INSURANCE, WHETHER VALID OR NOT, COVERING IN ANY MANNER THE LOSS INSURED AGAINST BY THIS POLICY,

(4) ANY CHANGES IN THE TITLE, NATURE, LOCATION, ENCUMBRANCE OR POSSESSION OF SAID BUSINESS SINCE THE ISSUING OF THIS POLICY, AND

(5) BY WHOM AND FOR WHAT PURPOSE ANY BUILDING HEREIN DESCRIBED AND THE SEVERAL PARTS THEREOF WERE OCCUPIED AT THE TIME OF DAMAGE OR DESTRUCTION,

AND SHALL FURNISH A COPY OF ALL THE DESCRIPTIONS AND SCHEDULES IN ALL POLICIES, AND THE ACTUAL AMOUNT OF EXTRA EXPENSE LOSS CLAIMED, ACCOMPANIED BY DETAILED EXHIBITS OF ALL VALUES, COSTS AND ESTIMATES UPON WHICH SUCH AMOUNTS ARE BASED.

B. THE INSURED, AS OFTEN AS MAY BE REASONABLY REQUIRED, SHALL EXHIBIT TO ANY PERSON DESIGNATED BY THIS COMPANY ALL THAT REMAINS OF ANY PROPERTY HEREIN DESCRIBED, AND SUBMIT TO EXAMINATIONS UNDER OATH BY ANY PERSON NAMED BY THIS COMPANY, AND SUBSCRIBE THE SAME; AND, AS OFTEN AS MAY BE REASONABLY REQUIRED, SHALL PRODUCE FOR EXAMINATION ALL BOOKS OF ACCOUNT, BILLS, INVOICES AND OTHER VOUCHERS, OR CERTIFIED COPIES THEREOF IF ORIGINALS BE LOST, AT SUCH REASONABLE TIME AND PLACE AS MAY BE DESIGNATED BY THIS COMPANY OR ITS REPRESENTATIVE, AND SHALL PERMIT EXTRACTS AND COPIES THEREOF TO BE MADE.

**9. Subrogation Clause:** This insurance shall not be invalidated should the Insured waive in writing prior to a loss any or all right of recovery against any party for loss occurring to the property described.



EXTENDED COVERAGE ENDORSEMENT

CF 10 01

(PERILS OF WINDSTORM, HAIL, SMOKE, EXPLOSION, RIOT, RIOT ATTENDING

(Ed. 04 77)

A STRIKE, CIVIL COMMOTION, AIRCRAFT AND VEHICLES)

This policy is extended to insure against direct loss by Windstorm, Hail, Smoke, Explosion, Riot, Riot Attending A Strike, Civil Commotion, Aircraft and Vehicles as hereinafter provided, ONLY WHEN PREMIUM FOR EXTENDED COVERAGE IS SHOWN ON THE FIRST PAGE OF THIS POLICY OR BY ENDORSEMENT.

## SECTION I—PERILS INSURED AGAINST

1. **WINDSTORM OR HAIL**, EXCLUDING LOSS CAUSED DIRECTLY OR INDIRECTLY BY FROST OR COLD WEATHER, OR ICE (OTHER THAN HAIL), SNOW OR SLEET, WHETHER DRIVEN BY WIND OR NOT.

A. THIS COMPANY SHALL NOT BE LIABLE FOR LOSS TO THE INTERIOR OF THE BUILDING(S) OR THE PROPERTY COVERED THEREIN CAUSED:

(1) BY RAIN, SNOW, SAND OR DUST, WHETHER DRIVEN BY WIND OR NOT, UNLESS THE BUILDING(S) COVERED OR CONTAINING THE PROPERTY COVERED SHALL FIRST SUSTAIN AN ACTUAL DAMAGE TO ROOF OR WALLS BY THE DIRECT ACTION OF WIND OR HAIL AND THEN SHALL BE LIABLE FOR LOSS TO THE INTERIOR OF THE BUILDING(S) OR THE PROPERTY COVERED THEREIN AS MAY BE CAUSED BY RAIN, SNOW, SAND OR DUST ENTERING THE BUILDING(S) THROUGH OPENINGS IN THE ROOF OR WALLS MADE BY DIRECT ACTION OF WIND OR HAIL; OR (2) BY WATER FROM SPRINKLER EQUIPMENT OR FROM OTHER PIPING, UNLESS SUCH EQUIPMENT OR PIPING BE DAMAGED AS A DIRECT RESULT OF WIND OR HAIL.

B. THIS COMPANY SHALL NOT BE LIABLE FOR WINDSTORM OR HAIL DAMAGE TO THE FOLLOWING PROPERTY:

(1) WINDMILLS, WIND PUMPS OR THEIR TOWERS;

(2) CROP SILOS OR THEIR CONTENTS;

(3) METAL SMOKESTACKS; OR

(4) WHEN OUTSIDE OF BUILDINGS,

(A) GRAIN, HAY, STRAW OR OTHER CROPS,

(B) LAWNS, TREES, SHRUBS OR PLANTS,

(C) AWNINGS OF FABRIC OR SLAT CONSTRUCTION, CANOPIES OF FABRIC OR SLAT CONSTRUCTION, INCLUDING THEIR SUPPORTS,

(D) SIGNS OR RADIO OR TELEVISION ANTENNAS, INCLUDING THEIR LEAD-IN WIRING, MASTS OR TOWERS.

2. **SMOKE**, meaning sudden and accidental damage from smoke, OTHER THAN SMOKE FROM AGRICULTURAL SMUDGING OR INDUSTRIAL OPERATIONS.

3. **EXPLOSION**, including direct loss resulting from the explosion of accumulated gases or unconsumed fuel within the firebox (or combustion chamber) of any fired vessel or within the flues or passages which conduct the gases of combustion therefrom.

A. THIS COMPANY SHALL NOT BE LIABLE FOR LOSS BY EXPLOSION OF STEAM BOILERS, STEAM PIPES, STEAM TURBINES OR STEAM ENGINES, IF OWNED BY, LEASED BY OR OPERATED UNDER THE CONTROL OF THE INSURED.

B. THE FOLLOWING ARE NOT EXPLOSIONS WITHIN THE INTENT OR MEANING OF THESE PROVISIONS:

(1) SHOCK WAVES CAUSED BY AIRCRAFT, GENERALLY KNOWN AS "SONIC BOOM",

(2) ELECTRIC ARCING,

(3) RUPTURE OR BURSTING OF ROTATING OR MOVING PARTS OF MACHINERY CAUSED BY CENTRIFUGAL FORCE OR MECHANICAL BREAKDOWN,

(4) WATER HAMMER,

(5) RUPTURE OR BURSTING OF WATER PIPES,

(6) RUPTURE OR BURSTING DUE TO EXPANSION OR SWELLING OF THE CONTENTS OF ANY BUILDING OR STRUCTURE, CAUSED BY OR RESULTING FROM WATER,

(7) RUPTURE, BURSTING OR OPERATION OF PRESSURE RELIEF DEVICES.

4. **RIOT, RIOT ATTENDING A STRIKE OR CIVIL COMMOTION**, including direct loss by acts of striking employees of the owner or tenant(s) of the described building(s) while occupied by said striking employees and shall also include direct loss from pillage and looting occurring during and at the immediate place of a riot, riot attending a strike or civil commotion. THIS COMPANY SHALL NOT BE LIABLE FOR LOSS RESULTING FROM DAMAGE TO OR DESTRUCTION OF PROPERTY DUE TO CHANGE IN TEMPERATURE OR HUMIDITY OR INTERRUPTION OF OPERATIONS WHETHER OR NOT SUCH LOSS IS COVERED BY THIS POLICY AS TO OTHER PERILS.

5. **AIRCRAFT OR VEHICLES**, meaning only direct loss resulting from actual physical contact of an aircraft or a vehicle with the property covered or with the building(s) containing the property covered, except that loss by aircraft includes direct loss by objects falling therefrom.

THIS COMPANY SHALL NOT BE LIABLE FOR LOSS:

(1) BY ANY VEHICLE OWNED OR OPERATED BY AN INSURED OR BY ANY TENANT OF THE DESCRIBED PREMISES;

(2) BY ANY VEHICLE TO FENCES, DRIVEWAYS, WALKS, OR WHEN OUTSIDE OF BUILDINGS, TO LAWNS, TREES, SHRUBS OR PLANTS;

(3) TO ANY AIRCRAFT OR VEHICLE INCLUDING ITS CONTENTS OTHER THAN STOCKS OF AIRCRAFT OR VEHICLES IN PROCESS OF MANUFACTURE OR FOR SALE.

The word "vehicles", means vehicles running on land or tracks but not aircraft. The word "aircraft", shall include self-propelled missiles and spacecraft.

## SECTION II—GENERAL EXCLUSIONS—OTHER PROVISIONS

1. **NUCLEAR EXCLUSION (NOT APPLICABLE IN NEW YORK):** THIS CLAUSE APPLIES TO ALL PERILS INSURED AGAINST HEREUNDER EXCEPT THE PERILS OF FIRE AND LIGHTNING, WHICH ARE OTHERWISE PROVIDED FOR IN THIS POLICY: LOSS BY NUCLEAR REACTION OR NUCLEAR RADIATION OR RADIOACTIVE CONTAMINATION, ALL WHETHER CONTROLLED OR UNCONTROLLED, OR DUE TO ANY ACT OR CONDITION INCIDENT TO ANY OF THE FOREGOING, IS NOT INSURED AGAINST BY THIS POLICY, WHETHER SUCH LOSS BE DIRECT OR INDIRECT, PROXIMATE OR REMOTE, OR BE IN WHOLE OR IN PART CAUSED BY, CONTRIBUTED TO, OR AGGRAVATED BY ANY OF THE PERILS INSURED AGAINST BY THIS ENDORSEMENT; AND NUCLEAR REACTION OR NUCLEAR RADIATION OR RADIOACTIVE CONTAMINATION, ALL WHETHER CONTROLLED OR UNCONTROLLED, IS NOT "EXPLOSION" OR "SMOKE".

2. **WATER EXCLUSION:** THIS COMPANY SHALL NOT BE LIABLE FOR LOSS CAUSED BY, RESULTING FROM, CONTRIBUTED TO OR AGGRAVATED BY ANY OF THE FOLLOWING:

A. FLOOD, SURFACE WATER, WAVES, TIDAL WATER OR TIDAL WAVE, OVERFLOW OF STREAMS OR OTHER BODIES OF WATER, OR SPRAY FROM ANY OF THE FOREGOING, ALL WHETHER DRIVEN BY WIND OR NOT;

B. WATER WHICH BACKS UP THROUGH SEWERS OR DRAINS;

C. WATER BELOW THE SURFACE OF THE GROUND INCLUDING THAT WHICH EXERTS PRESSURE ON OR FLOWS, SEEPS OR LEAKS THROUGH SIDEWALKS, DRIVEWAYS, FOUNDATIONS, WALLS, BASEMENT OR OTHER FLOORS, OR THROUGH DOORS, WINDOWS, OR ANY OTHER OPENING IN SUCH SIDEWALKS, DRIVEWAYS, FOUNDATIONS, WALLS OR FLOORS;

UNLESS FIRE OR EXPLOSION AS INSURED AGAINST ENSUES, AND THEN THIS COMPANY SHALL BE LIABLE FOR ONLY ITS PROPORTION OF LOSS CAUSED BY THE ENSUING FIRE OR EXPLOSION.

3. **WAR RISK** (THIS CLAUSE APPLIES TO ALL PERILS INSURED AGAINST HEREUNDER EXCEPT THE PERILS OF FIRE, LIGHTNING AND REMOVAL WHICH ARE OTHERWISE PROVIDED FOR IN THIS POLICY): THIS COMPANY SHALL NOT BE LIABLE FOR LOSS CAUSED DIRECTLY OR INDIRECTLY BY:

A. HOSTILE OR WARLIKE ACTION IN TIME OF PEACE OR WAR, INCLUDING ACTION IN HINDERING, COMBATING OR DEFENDING AGAINST AN ACTUAL, IMPENDING OR EXPECTED ATTACK,

(1) BY ANY GOVERNMENT OR SOVEREIGN POWER (DE JURE OR DE FACTO), OR BY ANY AUTHORITY MAINTAINING OR USING MILITARY, NAVAL OR AIR FORCES; OR

(2) BY MILITARY, NAVAL OR AIR FORCES; OR

(3) BY AN AGENT OF ANY SUCH GOVERNMENT, POWER, AUTHORITY OR FORCES, IT BEING UNDERSTOOD THAT ANY DISCHARGE, EXPLOSION OR USE OF ANY WEAPON OF WAR EMPLOYING NUCLEAR FISSION OR FUSION SHALL BE CONCLUSIVELY PRESUMED TO BE SUCH A HOSTILE OR WARLIKE ACTION BY SUCH A GOVERNMENT, POWER, AUTHORITY OR FORCES;

B. INSURRECTION, REBELLION, REVOLUTION, CIVIL WAR, USURPED POWER, OR ACTION TAKEN BY GOVERNMENTAL AUTHORITY IN HINDERING, COMBATING OR DEFENDING AGAINST SUCH AN OCCURRENCE.

4. **OTHER PROVISIONS:** THIS ENDORSEMENT DOES NOT INCREASE THE AMOUNT(S) OF INSURANCE PROVIDED IN THIS POLICY.

If this policy covers on two or more items, the provisions of this endorsement shall apply to each item separately.

5. **APPORTIONMENT:** THIS COMPANY SHALL NOT BE LIABLE FOR A GREATER PROPORTION OF ANY LOSS LESS THE AMOUNT OF THE DEDUCTIBLE, IF ANY,

FROM ANY PERIL OR PERILS INCLUDED IN THIS POLICY THAN (A) THE AMOUNT OF INSURANCE UNDER THE POLICY BEARS TO THE WHOLE AMOUNT OF FIRE INSURANCE COVERING THE PROPERTY, OR WHICH WOULD HAVE COVERED THE PROPERTY EXCEPT FOR THE EXISTENCE OF THIS INSURANCE, WHETHER COLLECTIBLE OR NOT, AND WHETHER OR NOT SUCH OTHER FIRE INSURANCE COVERS AGAINST THE ADDITIONAL PERIL OR PERILS INSURED AGAINST HEREUNDER, NOR (B) FOR A GREATER PROPORTION OF ANY LOSS LESS THE AMOUNT OF THE DEDUCTIBLE, IF ANY, THAN THE AMOUNT HEREBY INSURED BEARS TO ALL INSURANCE, WHETHER COLLECTIBLE OR NOT, COVERING IN ANY MANNER SUCH LOSS, OR WHICH WOULD HAVE COVERED SUCH LOSS EXCEPT FOR THE EXISTENCE OF THIS INSURANCE; EXCEPT IF ANY TYPE OF INSURANCE OTHER THAN FIRE EXTENDED TO COVER ADDITIONAL PERILS OR WINDSTORM INSURANCE APPLIES TO ANY LOSS TO WHICH THIS INSURANCE ALSO APPLIES, OR WOULD HAVE APPLIED TO ANY SUCH LOSS EXCEPT FOR THE EXISTENCE OF THIS INSURANCE, THE LIMIT OF LIABILITY OF EACH TYPE OF INSURANCE FOR SUCH LOSS, HEREBY DESIGNATED AS "JOINT LOSS", SHALL FIRST BE DETERMINED AS IF IT WERE THE ONLY INSURANCE, AND THIS TYPE OF INSURANCE SHALL BE LIABLE FOR NO GREATER PROPORTION OF JOINT LOSS THAN THE LIMIT OF ITS LIABILITY FOR SUCH LOSS BEARS TO THE SUM OF ALL SUCH LIMITS. THE LIABILITY OF THIS COMPANY (UNDER THIS POLICY) FOR SUCH JOINT LOSS SHALL BE LIMITED TO ITS PROPORTIONATE PART OF THE AGGREGATE LIMIT OF THIS AND ALL OTHER INSURANCE OF THE SAME TYPE. THE WORDS "JOINT LOSS", AS USED IN THE FOREGOING, MEAN THAT PORTION OF THE LOSS IN EXCESS OF THE HIGHEST DEDUCTIBLE, IF ANY, TO WHICH THIS POLICY AND OTHER TYPES OF INSURANCE ABOVE REFERRED TO BOTH APPLY.

**6. PROVISIONS APPLICABLE ONLY WHEN THIS POLICY COVERS BUSINESS INTERRUPTION, TUITION FEES, EXTRA EXPENSE, ADDITIONAL LIVING EXPENSE, RENT OR RENTAL VALUE, LEASEHOLD INTEREST OR OTHER CONSEQUENTIAL LOSS:** THE TERM "DIRECT", AS APPLIED TO LOSS, MEANS LOSS, AS LIMITED AND CONDITIONED IN THIS POLICY, RESULTING FROM DIRECT LOSS TO DESCRIBED PROPERTY FROM THE PERIL(S) INSURED AGAINST. IF THE BUSINESS OF THE OWNER OR TENANT(S) OF THE DESCRIBED BUILDING(S) IS INTERRUPTED BY A STRIKE AT THE DESCRIBED LOCATION, THIS COMPANY SHALL NOT BE LIABLE FOR ANY LOSS DUE TO INTERFERENCE BY ANY PERSON(S) WITH REBUILDING, REPAIRING OR REPLACING THE PROPERTY DAMAGED OR DESTROYED OR WITH THE RESUMPTION OR CONTINUATION OF BUSINESS.

## CAUTION

WHEN THIS ENDORSEMENT IS ATTACHED TO ONE FIRE POLICY, THE INSURED SHOULD SECURE LIKE COVERAGE ON ALL FIRE POLICIES COVERING THE SAME PROPERTY.

This Endorsement must be attached to Change Endorsement when issued after the Policy is written.

 **VANDALISM OR MALICIOUS MISCHIEF ENDORSEMENT**     **CF 10 21**
(Ed. 04 77)

This policy is extended to insure against direct loss by Vandalism or Malicious Mischief as hereinafter provided, ONLY WHEN PREMIUM FOR EXTENDED COVERAGE AND FOR VANDALISM AND MALICIOUS MISCHIEF ARE SHOWN ON THE FIRST PAGE OF THIS POLICY OR BY ENDORSEMENT.

**VANDALISM OR MALICIOUS MISCHIEF** means only the willful and malicious damage to or destruction of the property covered.

THIS COMPANY SHALL NOT BE LIABLE FOR LOSS—

A. TO GLASS (OTHER THAN GLASS BUILDING BLOCKS) CONSTITUTING PART OF A BUILDING, STRUCTURE OR AN OUTSIDE SIGN;

B. BY PILFERAGE, THEFT, BURGLARY OR LARCENY, EXCEPT THAT THIS COMPANY SHALL BE LIABLE FOR WILLFUL DAMAGE TO THE BUILDING(S) COVERED CAUSED BY BURGLARS IN GAINING ENTRANCE TO OR EXIT FROM THE BUILDING(S) OR ANY PART OF THE BUILDING(S);

C. BY EXPLOSION OF STEAM BOILERS, STEAM PIPES, STEAM TURBINES OR STEAM ENGINES, IF OWNED BY, LEASED BY, OR OPERATED UNDER THE CONTROL OF THE NAMED INSURED; OR BY RUPTURE OR BURSTING OF ROTATING OR MOVING PARTS OF MACHINERY CAUSED BY CENTRIFUGAL FORCE OR MECHANICAL BREAKDOWN;

D. FROM DEPRECIATION OR DETERIORATION;

E. RESULTING FROM CHANGE IN TEMPERATURE OR HUMIDITY;

F. IF THE DESCRIBED BUILDING(S) HAD BEEN VACANT OR UNOCCUPIED BEYOND A PERIOD OF 30 CONSECUTIVE DAYS IMMEDIATELY PRECEDING THE LOSS, WHETHER OR NOT SUCH PERIOD COMMENCED PRIOR TO THE INCEPTION DATE OF INSURANCE AGAINST THESE PERILS; BUT A BUILDING IN PROCESS OF CONSTRUCTION SHALL NOT BE DEEMED VACANT OR UNOCCUPIED, NOR SHALL THE UNOCCUPANCY PROVISION BE APPLICABLE TO PRIVATE DWELLING PROPERTY. ("VACANT" OR "VACANCY" MEANS CONTAINING NO CONTENTS PERTAINING TO OPERATIONS OR ACTIVITIES CUSTOMARY TO OCCUPANCY OF THE BUILDING. "UNOCCUPIED" OR "UNOCCUPANCY" MEANS CONTAINING CONTENTS PERTAINING TO OCCUPANCY OF THE BUILDING WHILE OPERATIONS OR OTHER CUSTOMARY ACTIVITIES ARE SUSPENDED.)

**NUCLEAR EXCLUSION (NOT APPLICABLE IN NEW YORK):** LOSS BY NUCLEAR REACTION OR NUCLEAR RADIATION OR RADIOACTIVE CONTAMINATION, ALL WHETHER CONTROLLED OR UNCONTROLLED, OR DUE TO ANY ACT OR CONDITION INCIDENT TO ANY OF THE FOREGOING, IS NOT INSURED AGAINST BY THIS ENDORSEMENT, WHETHER SUCH LOSS BE DIRECT OR INDIRECT, PROXIMATE OR REMOTE, OR BE IN WHOLE OR IN PART CAUSED BY, CONTRIBUTED TO, OR AGGRAVATED BY VANDALISM OR MALICIOUS MISCHIEF.

**CAUTION**

WHEN THIS ENDORSEMENT IS ATTACHED TO ONE FIRE POLICY, THE INSURED SHOULD SECURE LIKE COVERAGE ON ALL FIRE POLICIES COVERING THE SAME PROPERTY.

This Endorsement must be attached to Change Endorsement when issued after the Policy is written.

**CF 10 21**  (Ed. 04 77)

## Section II
## GENERAL LIABILITY

ROYAL-GLOBE INSURANCE COMPANIES

| POLICY SYMBOL & NUMBER | These DECLARATIONS when combined with the GENERAL PROVISIONS and the coverage PART(S) and endorsements designated herein, complete the contract of insurance. |
|---|---|
| PYA 15 45 15 | |

### DECLARATIONS

The insurance afforded is only with respect to such of the following coverage Part(s) as are indicated by entry of an "X" below.

[X] **Part 201**—Comprehensive General Liability Insurance

[ ] **Part 202**—Manufacturers' & Contractors' Liability Insurance

[ ] **Part 203**—Owners', Landlords' and Tenants' Liability Insurance

[ ] **Part 204**—Completed Operations and Products Liability Insurance

[ ] **Part 205**—Premises Medical Payments Insurance

[ ] **Part 206**—Comprehensive Personal Insurance

[ ] **Part 207**—Owners' & Contractors' Protective Liability Insurance

[ ] **Part 208**—Contractual Liability Insurance

[X] **Part 209**—Personal Injury Liability Insurance

[ ] **Part 210**—Farmer's Comprehensive Personal Insurance

[ ] **Part 211**—Storekeeper's Insurance

[ ] Other (specify Part No. & Title)

The limit of the company's liability against each such coverage shall be stated herein, subject to all the terms of the policy having reference hereto.

| APPLICABLE TO PARTS | COVERAGES | EACH PERSON | LIMITS OF LIABILITY EACH OCCURRENCE* | AGGREGATE |
|---|---|---|---|---|
| 201 | Bodily Injury Liability | X X X X | 500,000. | 500,000. |
| THROUGH | Property Damage Liability | X X X X | 500,000. | 500,000. |
| 205 | Premises Medical Payments | NIL | NIL | X X X X |
| OTHER | See Applicable Coverage Part | | | |

*"EACH ACCIDENT" AS RESPECTS "PREMISES MEDICAL PAYMENTS"

FORM NUMBERS OF ENDORSEMENTS ATTACHED AT ISSUE

**81021, 81029, CL67903, CL68314, CL68524, G109, G209**

### LOCATION OF PREMISES

The location of all premises owned by, rented to or controlled by the named insured is the same as declared for Section 1 — Property Insurance, except as noted below.

81020A

THE FOLLOWING IS FURNISHED FOR INFORMATION ONLY.

## DESCRIPTION OF TERMS USED AS PREMIUM BASES:

When used as a premium basis

1. **"admissions"** means the total number of persons, other than employees of the named insured, admitted to the event insured or to events conducted on the premises whether on paid admission tickets, complimentary tickets or passes; (Comprehensive General; Owners', Landlords' and Tenants')

2. **"cost"** means the total cost to the named insured with respect to operations performed for the named insured during the policy period by independent contractors of all work let or sub-let in connection with each specific project, including the cost of all labor, materials and equipment furnished, used or delivered for use in the execution of such work, whether furnished by the owner, contractor or subcontractor, including all fees, allowances, bonuses or commissions made, paid or due;
   (Comprehensive General; Manufacturers' and Contractors'; Owners', Landlords' and Tenants'; Owners' and Contractors' Protective)

3. **"receipts"** means the gross amount of money charged by the named insured for such operations by the named insured or by others during the policy period as are rated on a receipts basis other than receipts from telecasting, broadcasting or motion pictures, and includes taxes, other than taxes which the named insured collects as a separate item and remit directly to a governmental division;
   (Comprehensive General; Manufacturers' and Contractors'; Owners', Landlords' and Tenants'; Completed Operations and Products)

4. **"remuneration"** means the entire remuneration earned during the policy period by proprietors and by all employees of the named insured, other than chauffeurs (except operators of mobile equipment) and aircraft pilots and co-pilots, subject to any overtime earnings or limitation of remuneration rule applicable in accordance with the manuals in use by the company;
   (Comprehensive General; Manufacturers' and Contractors'; Owners', Landlords' and Tenants' which includes coverage for structural alterations, new construction and demolition operations)

5. **"sales"** means the gross amount of money charged by the named insured or by others trading under his name for all goods and products sold or distributed during the policy period and charged during the policy period for installation, servicing or repair, and includes taxes, other than taxes which the named insured and such others collect as a separate item and remit directly to a governmental division;
   (Comprehensive General; Completed Operations and Products)

6. **"cost"** means the total cost to any indemnitee with respect to any contract which is insured of all work let or sub-let in connection with each specific project, including the cost of all labor, materials and equipment furnished, used or delivered for use in the execution of such work, whether furnished by the owner, contractor or the subcontractor, including all fees, allowances, bonuses or commissions made, paid or due.
   (Contractual Liability Insurance (Designated Contracts Only))

81020A

BCP/BGP

Section II  Part

# COMPREHENSIVE GENERAL LIABILITY INSURANCE

ROYAL-GLOBE INSURANCE COMPANIES

This coverage PART, the DECLARATIONS and other coverage PART(S), or endorsements referred to herein, and the GENERAL PROVISIONS complete the contract of insurance.

## I. COVERAGE A—BODILY INJURY LIABILITY
## COVERAGE B—PROPERTY DAMAGE LIABILITY

The company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as damages because of

### A. **bodily injury** or
### B. **property damage**

to which this insurance applies, caused by an **occurrence**, and the company shall have the right and duty to defend any suit against the **insured** seeking damages on account of such **bodily injury** or **property damage**, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

### Exclusions

This insurance does not apply:

(a) to liability assumed by the **insured** under any contract or agreement except an **incidental contract**; but this exclusion does not apply to a warranty of fitness or quality of the **named insured's products** or a warranty that work performed by or on behalf of the **named insured** will be done in a workmanlike manner;

(b) to **bodily injury** or **property damage** arising out of the ownership, maintenance, operation, use, loading or unloading of

  (1) any **automobile** or aircraft owned or operated by or rented or loaned to any **insured**, or

  (2) any other **automobile** or aircraft operated by any person in the course of his employment by any **insured**;

but this exclusion does not apply to the parking of an **automobile** on premises owned by, rented to or controlled by the **named insured** or the ways immediately adjoining, if such **automobile** is not owned by or rented or loaned to any **insured**;

(c) to **bodily injury** or **property damage** arising out of (1) the ownership, maintenance, operation, use, loading or unloading of any **mobile equipment** while being used in any prearranged or organized racing, speed or demolition contest or in any stunting activity or in practice or preparation for any such contest or activity or (2) the operation or use of any snowmobile or trailer designed for use therewith;

(d) to **bodily injury** or **property damage** arising out of and in the course of the transportation of **mobile equipment** by an **automobile** owned or operated by or rented or loaned to any **insured**;

(e) to **bodily injury** or **property damage** arising out of the ownership, maintenance, operation, use, loading or unloading of

  (1) any watercraft owned or operated by or rented or loaned to any **insured**, or

  (2) any other watercraft operated by any person in the course of his employment by any **insured**;

but this exclusion does not apply to watercraft while ashore on premises owned by, rented to or controlled by the **named insured**;

(f) to **bodily injury** or **property damage** arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental;

(g) to **bodily injury** or **property damage** due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any act or condition incident to any of the foregoing, with respect to

  (1) liability assumed by the **insured** under an **incidental contract**, or

  (2) expenses for first aid under the Supplementary Payments provision;

(h) to **bodily injury** or **property damage** for which the **insured** or his indemnitee may be held liable

  (1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or

  (2) if not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed

  (i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or

  (ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;

but part (ii) of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above;

(i) to any obligation for which the **insured** or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(j) to **bodily injury** to any employee of the **insured** arising out of and in the course of his employment by the **insured** or to any obligation of the **insured** to indemnify another because of damages arising out of such injury; but this exclusion does not apply to liability assumed by the **insured** under an **incidental contract**;

(k) to **property damage** to

  (1) property owned or occupied by or rented to the **insured**,

  (2) property used by the **insured**, or

  (3) property in the care, custody or control of the **insured** or as to which the **insured** is for any purpose exercising physical control;

but parts (2) and (3) of this exclusion do not apply with respect to liability under a written sidetrack agreement and part (3) of this exclusion does not apply with respect to **property damage** (other than to **elevators**) arising out of the use of an **elevator** at premises owned by, rented to or controlled by the **named insured**;

(l) to **property damage** to premises alienated by the **named insured** arising out of such premises or any part thereof;

(m) to loss of use of tangible property which has not been physically injured or destroyed resulting from

  (1) a delay in or lack of performance by or on behalf of the **named insured** of any contract or agreement, or

  (2) the failure of the **named insured's products** or work performed by or on behalf of the **named insured** to meet the level of performance, quality, fitness or durability warranted or represented by the **named insured**;

but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the **named insured's products** or work performed by or on behalf of the **named insured** after such products or work have been put to use by any person or organization other than an **insured**;

(n) to **property damage** to the **named insured's products** arising out of such products or any part of such products;

(o) to **property damage** to work performed by or on behalf of the **named insured** arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

(p) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the **named insured's products** or work completed by or for the **named insured** or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

## II. PERSONS INSURED

Each of the following is an **insured** under this insurance to the extent set forth below:

(a) if the **named insured** is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the **named insured** with respect to the conduct of such a business;

(b) if the **named insured** is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) if the **named insured** is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;

(d) any person (other than an employee of the **named insured**) or organization while acting as real estate manager for the **named insured**; and

(e) with respect to the operation, for the purpose of locomotion upon a public highway, of **mobile equipment** registered under any motor vehicle registration law,

  (i) an employee of the **named insured** while operating any such equipment in the course of his employment, and

81021

BCP

(ii) any other person while operating with the permission of the named insured any such equipment registered in the name of the named insured and any person or organization legally responsible for such operation, but only if there is no other valid and collectible insurance available, either on a primary or excess basis, to such person or organization;

provided that no person or organization shall be an insured under this paragraph (e) with respect to:

(1) bodily injury to any fellow employee of such person injured in the course of his employment, or

(2) property damage to property owned by, rented to, in charge of or occupied by the named insured or the employer of any person described in subparagraph (ii).

This insurance does not apply to bodily injury or property damage arising out of the conduct of any partnership or joint venture of which the insured is a partner or member and which is not designated in this policy as a named insured.

### III. LIMITS OF LIABILITY

Regardless of the number of (1) insureds under this policy, (2) persons or organizations who sustain bodily injury or property damage, or (3) claims made or suits brought on account of bodily injury or property damage, the company's liability is limited as follows:

Coverage A—The total liability of the company for all damages, including damages for care and loss of services, because of bodily injury sustained by one or more persons as the result of any one occurrence shall not exceed the limit of bodily injury liability stated in the declarations as applicable to "each occurrence".

Subject to the above provision respecting "each occurrence", the total liability of the company for all damages because of (1) all bodily injury included within the completed operations hazard and (2) all bodily injury included within the products hazard shall not exceed the limit of bodily injury liability stated in the declarations as "aggregate".

Coverage B—The total liability of the company for all damages because of all property damage sustained by one or more persons or organizations as the result of any one occurrence shall not exceed the limit of property damage liability stated in the declarations as applicable to "each occurrence".

Subject to the above provision respecting "each occurrence", the total liability of the company for all damages because of all property damage to which this coverage applies and described in any of the numbered subparagraphs below shall not exceed the limit of property damage liability stated in the declarations as "aggregate":

(1) all property damage arising out of premises or operations rated on a remuneration basis or contractor's equipment rated on a receipts basis, including property damage for which liability is assumed under any incidental contract relating to such premises or operations, but excluding property damage included in subparagraph (2) below;

(2) all property damage arising out of and occurring in the course of operations performed for the named insured by independent contractors and general supervision thereof by the named insured, including any such property damage for which liability is assumed under any incidental contract relating to such operations, but this subparagraph (2) does not include property damage arising out of maintenance or repairs at premises owned by or rented to the named insured or structural alterations at such premises which do not involve changing the size of or moving buildings or other structures;

(3) all property damage included within the products hazard and all property damage included within the completed operations hazard.

Such aggregate limit shall apply separately to the property damage described in subparagraphs (1), (2) and (3) above, and under subparagraphs (1) and (2), separately with respect to each project away from premises owned by or rented to the named insured.

Coverages A and B—For the purpose of determining the limit of the company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

### IV. POLICY TERRITORY

This insurance applies only to bodily injury or property damage which occurs within the policy territory.

# GENERAL LIABILITY WORKSHEET/SCHEDULE

## ROYAL-GLOBE INSURANCE COMPANIES

| NAMED INSURED | EFFECTIVE DATE | POLICY SYMBOL & NUMBER |
|---|---|---|
| | | PYA 15 45 15 |

## HAZARDS

1. PREMISES-OPERATIONS
   a) Area—per 100 square feet
   b) Frontage—per linear foot
   c) Remuneration—per $100.
   d) Receipts—per $100.
   e) Admissions—per 100 admissions
   f) Units—per unit

2. ESCALATORS
   g) Number insured—per landing

3. INDEPENDENT CONTRACTORS
   h) Cost—per $100.

4. STRUCTURAL ALTERATIONS
   k) Remuneration—per $100.
   m) Cost—per $100.

5. PRODUCTS-COMPLETED OPERATIONS
   n) Sales—per $1000.
   p) Receipts—per $1000.

6. CONTRACTUAL
   q) Number insured—per contract
   r) Cost—per $100.

| HAZ-ARD NO. | DESCRIPTION OF HAZARD & CODE | | PREMIUM BASES* | RATES | | ADVANCE PREMIUMS | |
|---|---|---|---|---|---|---|---|
| | | | | BI | PD | BI | PD |
| I | ELECTROPLATING | 34702 | C) 1,324,000 | INCL. | | | INCL. |
| I | WAREHOUSE (NEVADA) | 42250 | C) 23,200 | INCL. | | | INCL. |
| 5 | ELECTROPLATING | 34702 | P) 3,029,000 | INCL. | | | INCL. |
| 6 | PURCHASE ORDER AGREEMENT | 17985 | 10% OF PROD. | | | | INCL. |
| | PERSONAL INJURY | 99980 | 15% | | | INCL. | |
| | BFPD | 99982 | 20% | | | | INCL. |
| | FIRE LEGAL | 73800 | 25,000 | | INCL. | | INCL. |
| | ADD'L. INSURED | | 90% OF 65198 | | | | INCL. |

* CODE & NUMBER OF UNITS, E.G. 100,000 SQ. FT. OF AREA = a-100,000

| | Totals | $ INCL. | $ INCL. |
|---|---|---|---|

| If policy period is more than one year, premium is payable as follows: | EFFECTIVE DATE $ | 1st ANNIVERSARY $ | 2nd ANNIVERSARY $ | Total Advance Premium | $ INCL. |
|---|---|---|---|---|---|

CL 67903A

Section II    Part 20
## PERSONAL INJURY LIABILITY INSURANCE

ROYAL-GLOBE INSURANCE COMPANIES

| POLICY SYMBOL & NUMBER | This coverage PART, the DECLARATIONS and other coverage PART(S), or endorsements referred to herein, and the GENERAL PROVISIONS complete the contract of insurance. |
|---|---|
| PYA 15 45 15 | |

### SCHEDULE

| COVERAGE | INSURED'S PARTICIPATION | LIMIT OF LIABILITY | |
|---|---|---|---|
| P. Personal Injury Liability | 0 % | AGGREGATE $ 500,000. | [X] Enter an X if exclusion (c) does not apply |

### GROUPS OF OFFENSES

The insurance afforded is only with respect to **personal injury** arising out of an offense included within such of the following groups of offenses as are indicated by entry of an "X" below.

[X] A. False Arrest, Detention or Imprisonment, or Malicious Prosecution
[X] B. Libel, Slander, Defamation or Violation of Right of Privacy
[X] C. Wrongful Entry or Eviction or Other Invasion of Right or Private Occupancy

### I. COVERAGE P—PERSONAL INJURY LIABILITY

The company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as **damages** because of injury (herein called "**personal injury**") sustained by any person or organization and arising out of one or more of the following offenses committed in the conduct of the **named insured's** business:

Group A—false arrest, detention or imprisonment, or malicious prosecution;

Group B—the publication or utterance of a libel or slander or of other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy; except publications or utterances in the course of or related to advertising, broadcasting or telecasting activities conducted by or on behalf of the **named insured**;

Group C—wrongful entry or eviction, or other invasion of the right of private occupancy;

if such offense is committed during the policy period within the United States of America, its territories or possessions, or Canada, and the company shall have the right and duty to defend any suit against the **insured** seeking **damages** on account of such **personal injury** even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

### Exclusions

This insurance does not apply:

(a) to liability assumed by the **insured** under any contract or agreement;

(b) to **personal injury** arising out of the wilful violation of a penal statute or ordinance committed by or with the knowledge or consent of any insured;

(c) to **personal injury** sustained by any person as a result of an offense directly or indirectly related to the employment of such person by the **named insured**;

(d) to **personal injury** arising out of any publication or utterance described in Group B, if the first injurious publication or utterance of the same or similar material by or on behalf of the **named insured** was made prior to the effective date of this insurance;

(e) to **personal injury** arising out of a publication or utterance described in Group B concerning any organization or business enterprise, or its products or services, made by or at the direction of any **insured** with knowledge of the falsity thereof.

### II. PERSONS INSURED

Each of the following is an **insured** under this insurance to the extent set forth below:

(a) if the **named insured** is designated in the declarations as an individual, the person so designated and his spouse;

(b) if the **named insured** is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) if the **named insured** is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

This insurance does not apply to **personal injury** arising out of the conduct of any partnership or joint venture of which the **insured** is a partner or member and which is not designated in this policy as a **named insured**.

### III. LIMIT OF LIABILITY; INSURED'S PARTICIPATION

Regardless of the number of (1) **insureds** under this policy, (2) persons or organizations who sustain **personal injury**, or (3) claims made or suits brought on account of **personal injury**, the total limit of the company's liability under this coverage for all **damages** shall not exceed the limit of **personal injury** liability stated in the schedule as "aggregate".

If a participation percentage is stated in the schedule for the **insured**, the company shall not be liable for a greater proportion of any loss than the difference between such percentage and one hundred percent and the balance of the loss shall be borne by the **insured**; provided, the company may pay the **insured's** portion of a loss to effect settlement of the loss, and, upon notification of the action taken, the **named insured** shall promptly reimburse the company therefor.

### IV. ADDITIONAL DEFINITION

When used in reference to this insurance:

"**damages**" means only those damages which are payable because of **personal injury** arising out of an offense to which this insurance applies.

BCP

# CONTRACTUAL LIABILITY   URANCE (Blanket Coverage)

Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.

Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, providing such attachment is stated in the policy declarations. Otherwise this endorsement is issued for attachment to and forms a part of the below numbered policy, effective on the date indicated, at 12:01A.M. Standard Time as stated in the policy.

ROYAL-GLOBE INSURANCE COMPANY

SIGNED BY... FIELD BRANCH CENTER OF NORTHERN CALIFORNIA INSURANCE BROKERS

By Henry ................

AUTHORIZED REPRESENTATIVE

| ADDITIONAL PREMIUM | END. EFF. DATE (MO., DAY, YR.) | POLICY NUMBER |
|---|---|---|
| $ | | PYA 15 45 15 |

Named Insured (and address when necessary for mailing)

Producer (and address for mailing)

## Schedule

— The insurance afforded for **contractual liability** is only with respect to such of the following Coverages as are indicated by entry of limits of liability below. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| COVERAGES | LIMITS OF LIABILITY | |
|---|---|---|
| | EACH OCCURRENCE | |
| Contractual Bodily Injury Liability | 500,000. | |
| | EACH OCCURRENCE | AGGREGATE |
| Contractual Property Damage Liability | 500,000. | 500,000. |

The following exclusions do not apply with respect to any "construction agreement":

| DESIGNATION OF CONTRACTS COVERED | CODE | PREMIUM BASES | RATES | | ADVANCE PREMIUM | |
|---|---|---|---|---|---|---|
| | | | BI | PD | BI | PD |
| All written agreements except labor union agreements, **incidental contracts**, agreements with railroads | | (R) COST-PER $100. (S) SALES-PER $1000. | | | | |
| **PURCHASE ORDER AGREEMENT** | 17985 | 10% OF PRODUCTS | | | INCL. | |
| | | | | Total | INCL. | |

The company, in consideration of the payment of the premium and subject to all of the provisions of the policy not expressly modified herein, agrees with the named insured as follows:

## I. COVERAGES—CONTRACTUAL BODILY INJURY LIABILITY CONTRACTUAL PROPERTY DAMAGE LIABILITY

The company will pay on behalf of the insured all sums which the insured, by reason of **contractual liability** assumed by him under any written contract of the type designated in the schedule for this insurance, shall become legally obligated to pay as damages because of

**bodily injury** or

**property damage**

to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such **bodily injury** or **property damage**, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend

(1) any arbitration proceeding wherein the company is not entitled to exercise the **insured's** rights in the choice of arbitrators and in the conduct of such proceedings, or

(2) any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

**xclusions**

This insurance does not apply:

(a) to liability of the indemnitee resulting from his sole negligence;

(b) (1) if the **insured** is an architect, engineer or surveyor, to **bodily injury** or **property damage** arising out of professional services performed by such **insured**, including

(i) the preparation or approval of maps, contracts, drawings, plans, opinions, reports, tests, surveys, change orders, designs or specifications, and

(ii) supervisory, inspection or engineering services;

(2) if the indemnitee of the insured is an architect, engineer or surveyor, to the liability of the indemnitee, his agents or employees, arising out of

(i) the preparation or approval of contracts, maps, plans, drawings, opinions, reports, tests, surveys, change orders, designs or specifications, or

(ii) the giving of or the failure to give directions or instructions by the indemnitee, his agents or employees, provided such giving or failure to give is the primary cause of the **bodily injury** or **property damage**;

(c) to **bodily injury** or **property damage** due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any action or condition incident to any of the foregoing;

(d) to **bodily injury** or **property damage** for which the indemnitee may be held liable

(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or

(2) as an owner or lessor of premises used for such purposes if such liability is imposed

B Ed. 1-1-73                                                    (Over)

Case 2:11-cv-00307-WS Document 1-1 Filed 06/03/11 Page 1 of 1

(i) by, or because of the violation of any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage or

(ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;

but part (ii) of this exclusion does not apply with respect to liability of the indemnitee as an owner or lessor described in (2) above;

(e) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(f) to any obligation for which the insured may be held liable in an action on a contract by a third party beneficiary for **bodily injury** or **property damage** arising out of a project for a public authority; but this exclusion does not apply to an action by the public authority or any other person or organization engaged in the project;

(g) to **property damage** to

(1) property owned or occupied by or rented to the **insured**,

(2) property used by the **insured**, or

(3) property in the care, custody or control of the **insured** or as to which the **insured** is for any purpose exercising physical control;

(h) to **property damage** to premises alienated by the **named insured** arising out of such premises or any part thereof;

(i) to loss of use of tangible property which has not been physically injured or destroyed resulting from

(1) a delay in or lack of performance by or on behalf of the **named insured** of any contract or agreement, or

(2) the failure of the **named insured's products** or work performed by or on behalf of the **named insured** to meet the level of performance, quality, fitness or durability warranted or represented by the **named insured**;

but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the **named insured's products** or work performed by or on behalf of the **named insured** after such products or work have been put to use by any person or organization other than an insured;

(j) to **property damage** to the **named insured's products** arising out of such products or any part of such products;

(k) to **property damage** to work performed by or on behalf of the **named insured** arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

(l) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the **named insured's products** or work completed by or for the **named insured** or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

(m)to **bodily injury** or **property damage** arising out of the ownership, maintenance, operation, use, loading or unloading of any **mobile equipment** while being used in any prearranged or organized racing, speed or demolition contest or in any stunting activity or in practice or preparation for any such contest or activity;

(n) to **bodily injury** or **property damage** arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental;

Unless stated in the schedule above as not applicable, the following exclusions also apply to **contractual liability** assumed by the insured under any agreement relating to construction operations.

This insurance does not apply:

(o) to **bodily injury** or **property damage** arising out of construction, ownership, repair, maintenance, operation, use, loading or unloading of any watercraft;

(p) to **bodily injury** or **property damage** arising out of operations, within fifty feet of any railroad property, affecting any railroad bridge or trestle, tracks, road beds, tunnel, underpass or crossing;

(q) to **bodily injury** or **property damage** included within the **completed operations hazard** or the **products hazard**;

(r) to **property damage** included within

(1) the **explosion hazard**,

(2) the **collapse hazard**, or

(3) the **underground property damage hazard**.

## II. PERSONS INSURED

Each of the following is an **insured** under this insurance to the extent set forth below:

(a) if the **named insured** is designated in the declarations as an individual, the person so designated and his spouse, but only with respect to the conduct of a business of which he is the sole proprietor;

(b) if the **named insured** is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) if the **named insured** is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

This insurance does not apply to **bodily injury** or **property damage** arising out of the conduct of any partnership or joint venture of which the **insured** is a partner or member and which is not designated in this policy as a **named insured**.

## III. LIMITS OF LIABILITY

Regardless of the number of (1) **insureds** under this policy, (2) persons or organizations who sustain **bodily injury** or **property damage** or (3) claims made or suits brought on account of **bodily injury** or **property damage**, the company's liability is limited as follows:

### CONTRACTUAL BODILY INJURY LIABILITY

The total liability of the company for all damages, including damages for care and loss of services, because of **bodily injury** sustained by one or more persons as the result of any **one occurrence** shall not exceed the limit of **bodily injury** liability stated in the schedule as applicable to "each occurrence".

### CONTRACTUAL PROPERTY DAMAGE LIABILITY

The total liability of the company for all damages because of all **property damage** sustained by one or more persons or organizations as the result of any one **occurrence** shall not exceed the limit of **property damage** liability stated in the schedule as applicable to "each occurrence".

Subject to the above provision respecting "each occurrence", the total liability of the company for all damages because of all **property damage** to which this coverage applies shall not exceed the limit of **property damage** liability stated in the schedule as "aggregate". Such aggregate limit of liability applies separately with respect to each project away from premises owned by or rented to the **named insured**.

### CONTRACTUAL BODILY INJURY AND PROPERTY DAMAGE LIABILITY

For the purpose of determining the limit of the company's liability, all **bodily injury** and **property damage** arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one **occurrence**.

## IV. ENDORSEMENT TERRITORY

This insurance applies only to **bodily injury** or **property damage** which occurs within the **policy territory**.

## V. ADDITIONAL DEFINITIONS

When used in reference to this insurance (including endorsements forming a part of the policy):

"**contractual liability**" means liability expressly assumed under a written contract or agreement; provided, however, that **contractual liability** shall not be construed as including liability under a warranty of the fitness or quality of the **named insured's products** or a warranty that work performed by or on behalf of the **named insured** will be done in a workmanlike manner;

"**suit**" includes an arbitration proceeding to which the **insured** is required to submit or to which the **insured** has submitted with the company's consent.

## VI. ADDITIONAL CONDITION

### Arbitration

The company shall be entitled to exercise all of the **insured's** rights in the choice of arbitrators and in the conduct of any arbitration proceeding.

### Premium

The advance premium stated in the schedule is the estimated premium on account of such written contracts as are on file with or known to the company. The **named insured** shall notify the company of all other written contracts entered into during the policy period to which this insurance applies.

When used as a premium basis:

1. the word "**cost**" means the total cost of all work in connection with all contracts of the type designated in the schedule for this insurance with respect to which "cost" is the basis of premium, regardless of whether any liability is assumed under such contracts by the insured. It includes the cost of all labor, materials and equipment furnished, used or delivered for use in the execution of such work, whether furnished by the insured, or others including all fees, allowances, bonuses or commissions made, paid or due. It shall not include the cost of any operations to which exclusions (o) or (p) apply, unless such exclusions are voided in the schedule.

2. the word "**sales**" means the gross amount of money charged by the **named insured** or by others trading under his name for all goods and products sold or distributed during the policy period and charged during the policy period for installation, servicing or repair, and includes taxes, other than taxes which the **named insured** and such others collect as a separate item and remit directly to a governmental division.

BROAD FORM PROPERTY DAMAGE COVERAGE (Including Completed Operations)

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.*

| | |
|---|---|
| Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective. | COUNTERSIGNED BY: FOLLIUS BURDICK HUNTER OF NORTHERN CALIFORNIA INSURANCE BROKERS By *Harry Schubert* AUTHORIZED REPRESENTATIVE |

COMPANY

| PRODUCER CODE | | ENDORSEMENT EFFECTIVE DATE | (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
|---|---|---|---|---|
| | | | | |

| Named Insured (and address, zip code when necessary for mailing) | Producer (and address, zip code, for mailing) |
|---|---|
| | |

*This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:*

### COMPREHENSIVE GENERAL LIABILITY INSURANCE
### CONTRACTUAL LIABILITY INSURANCE

It is agreed that the insurance for **property damage** liability applies, subject to the following additional provisions:

A. The exclusions relating to **property damage** to (1) property owned, occupied or used by or rented to the **insured** or in the care, custody or control of the **insured** or as to which the **insured** is for any purpose exercising physical control and (2) work performed by or on behalf of the **named insured** arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith, are replaced by the following exclusions (y) and (z):

   (y) to **property damage**

   (1) to property owned or occupied by or rented to the **insured**, or, except with respect to the use of **elevators**, to property held by the **insured** for sale or entrusted to the **insured** for storage or safekeeping,

   (2) except with respect to liability under a written sidetrack agreement or the use of **elevators** to

   (a) property while on premises owned by or rented to the **insured** for the purpose of having operations performed on such property by or on behalf of the **insured**,

   (b) tools or equipment while being used by the **insured** in performing his operations,

   (c) property in the custody of the **insured** which is to be installed, erected or used in construction by the **insured**,

   (d) that particular part of any property, not on premises owned by or rented to the **insured**,

   (i) upon which operations are being performed by or on behalf of the **insured** at the time of the **property damage** arising out of such operations, or

   (ii) out of which any **property damage** arises, or

   (iii) the restoration, repair or replacement of which has been made or is necessary by reason of faulty workmanship thereon by or on behalf of the **insured**;

   (z) with respect to the **completed operations hazard** and with respect to any classification stated below as "including completed operations", to **property damage** to work performed by the **named insured** arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith.

B. The insurance afforded by this endorsement shall be excess insurance over any valid and collectible property insurance (including any deductible portion thereof) available to the **insured**, such as but not limited to Fire and Extended Coverage, Builder's Risk Coverage or Installation Risk Coverage, and the "Other Insurance" Condition is amended accordingly.

**Classifications**

Adv. 3006 Ed. 1-1-73



**G109**
(Ed. 7-66)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.

**(The following information is required only when this endorsement is issued subsequent to preparation of policy.)**

Endorsement effective _____   Policy No. **PYA 15 45 15**   Endorsement No. _____

Named Insured _____

Additional Premium $ _____

ROLLINS BURDICK HUNTER OF NORTHERN CALIFORNIA INSURANCE BROK

By _____

Countersigned by _____
(Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**COMPREHENSIVE GENERAL LIABILITY INSURANCE**
**MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE**
**OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE**
**SMP LIABILITY INSURANCE**
**STOREKEEPERS INSURANCE**

---

### ADDITIONAL INSURED
**(Premises Leased to the Named Insured)**

It is agreed that the "Persons Insured" provision is amended to include as an **insured** the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the **named insured,** and subject to the following additional exclusions:

The insurance does not apply:

1. to any **occurrence** which takes place after the **named insured** ceases to be a tenant in said premises;

2. to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

### SCHEDULE

| Designation of Premises (Part Leased to Named Insured) | Name of Person or Organization (Additional Insured) | Annual Premiums Bodily Injury Liability | Property Damage Liability |
|---|---|---|---|
| 319 - 3RD STREET BRODERICK, CALIFORNIA | JOHN REUTER C/O LEO GRANUCCI 1318 C STREET SACRAMENTO, CALIF. | INCL. | INCL. |

**G109** (Ed. 7-66)



**G209**
(Ed. 11-69)

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.

**(The following information is required only when this endorsement is issued subsequent to preparation of policy.)**

Endorsement effective _____   Policy No. **PYA 15 45 15**   Endorsement No. _____

Named Insured _____

Additional Premium $ _____

ROLLINS BURDICK HUNTER OF NORTHERN CALIFORNIA INSURANCE BROKER

By _____

Countersigned by _____
(Authorized Representative)

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

## COMPREHENSIVE GENERAL LIABILITY INSURANCE
## MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE
## OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE
## SMP LIABILITY INSURANCE
## STOREKEEPERS INSURANCE

---

### REAL PROPERTY—LIABILITY—FIRE

It is agreed that the Property Damage Liability Coverage applies to **property damage** to structures or portions thereof rented to or occupied by the **named insured** and described in this endorsement, including fixtures permanently attached thereto, if such **property damage** arises out of fire, subject to the following additional provisions:

1. With respect to the insurance provided by this endorsement, all of the exclusions of the policy, other than the Nuclear Energy Liability Exclusion (Broad Form), are deleted and replaced by the following:

   This insurance does not apply to liability assumed by the **insured** under any contract or agreement.

2. The limit of liability stated in this endorsement applies separately to the insurance under this endorsement and is in lieu of any other limit of liability stated in the policy.

| Description of Property | Limit of Liability | Rate (per $100 of Limit) | Annual Premium |
|---|---|---|---|
| 319 - 3RD STREET BRODERICK, CALIF. | $ 25,000. each occurrence | INCL. | INCL. |

**G209** (Ed. 11-69)

**INLAND MARINE**
**SCHEDULED PROPERTY FLOATER**                    ROYAL-GLOBE INSURANCE COMPANIES

This coverage PART, the DECLARATIONS and other coverage PART(S), or endorsements referred to herein, and the GENERAL PROVISIONS complete the contract of insurance.

| POLICY SYMBOL & NUMBER | AMOUNT |
|---|---|
| PYA 15 45 15 | $ VARIOUS |

In reliance upon the statements in the Declarations made a part hereof, and in consideration of the stipulations herein named, and the payment of premium, this Company agrees with the Named Insured, subject to the limits of liability, exclusions, conditions and other terms of this insurance.

SUBJECT TO FORM NO.

X68630A, CN67518A

Paste Attachments Below This Line

This insurance shall not be valid unless ENDORSEMENT ISSUED BY THIS COMPANY IS ATTACHED HERETO, AND IS MADE AND ACCEPTED SUBJECT TO THE FOREGOING STIPULATIONS AND CONDITIONS AND TO THE CONDITIONS PRINTED ON THE BACK HEREOF, WHICH ARE HEREBY SPECIALLY REFERRED TO AND MADE A PART OF THIS POLICY, together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto. Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the Company from asserting any right under the terms of this policy, nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy.

81085                                                                                          BCP

CONDITIONS

1. **Misrepresentation and Fraud.** This entire policy shall be void if, whether before or after a loss, the Insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the Insured therein, or in case of any fraud or false swearing by the Insured relating thereto.

2. **Notice of Loss.** The Insured shall as soon as practicable report in writing to the Company or its agent every loss, damage or occurrence which may give rise to a claim under this policy and shall also file with the Company or its agent within ninety (90) days from date of discovery of such loss, damage or occurrence, a detailed sworn proof of loss.

3. **Examination Under Oath.** The Insured, as often as may be reasonably re- required, shall exhibit to any person designated by the Company all that remains of any property herein described, and shall submit, and in so far as is within his or their power cause his or their employees, members of the household and others to submit to examinations under oath by any person named by the Com- pany and subscribe the same; and, as often as may be reasonably required, shall produce for examination all writings, books of account, bills, invoices and other vouchers, or certified copies thereof if originals be lost, at such reasonable time and place as may be designated by the Company or its representative, and shall permit extracts and copies thereof to be made. No such examination under oath or examination of books or documents, nor any other act of the Company or any of its employees or representatives in connection with the investigation of any loss or claim hereunder, shall be deemed a waiver of any defense which the Company might otherwise have with respect to any loss or claim, but all such examinations and acts shall be deemed to have been made or done without prejudice to the Company's liability.

4. **Valuation.** The Company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs and the loss or damage shall be ascertained or estimated according to such actual cash value with proper deduc- tion for depreciation, however caused, and shall in no event exceed what it would then cost to repair or replace the same with material of like kind and quality.

5. **Settlement of Loss.** All adjusted claims shall be paid or made good to the Insured within sixty (60) days after presentation and acceptance of satisfactory proof of interest and loss at the office of the Company. No loss shall be paid or made good if the Insured has collected the same from others.

6. **No Benefit to Bailee.** This insurance shall in nowise inure directly or indirectly to the benefit of any carrier or other bailee.

7. **Subrogation or Loan.** If in the event of loss or damage the Insured shall acquire any right of action against any individual, firm or corporation for loss of, or damage to, property covered hereunder, the Insured will, if requested by the Company, assign and transfer such claim or right of action to the Company or, at the Company's option, execute and deliver to the Company the customary form of loan receipt upon receiving an advance of funds in respect of the loss or damage; and will subrogate the Company to, or will hold in trust for the Company, all such rights of action to the extent of the amount paid or advanced,
and will permit suit to be brought in the Insured's name under the direction of and at the expense of the Company.

8. **Loss.** Any loss hereunder shall not reduce the amount of this policy, except in the event of payment of claim for total loss of an item specifically scheduled hereon. If claim is paid for total loss of one or more scheduled items, the unearned premium applicable to such items will be refunded to the Insured or applied to the premium due on item(s) replacing those on which the claim was paid.

9. **Pair, Set or Parts.** In the event of loss or of damage to:

   (a) any article or articles which are a part of a pair or set, the measure of loss of or damage to such article or articles shall be a reasonable and fair pro- portion of the total value of the pair or set, giving consideration to the im- portance of said article or articles, but in no event shall such loss or damage be construed to mean total loss of the pair or set; or

   (b) any part of property covered consisting, when complete for use, of several parts, the Company shall only be liable for the value of the part lost or damaged.

10. **Protection of Property.** In case of loss, it shall be lawful and necessary for the Insured, his or their factors, servants and assigns, to sue, labor, and travel for, in and about the defense, safeguard and recovery of the property insured hereunder, or any part thereof, without prejudice to this insurance, nor shall the acts of the Insured or the Company, in recovering, saving and preserving the property insured in case of loss be considered a waiver or an acceptance of abandonment. The expenses so incurred shall be borne by the Insured and the Company proportionately to the extent of their respective interests.

11. **Suit.** No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Insured of the occurrence which gives rise to the claim, provided however, that if by the laws of the State within which this policy is issued such limitation is invalid, then any such claims shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such State.

12. **Appraisal.** If the Insured and the Company fail to agree as to the amount of loss, each shall, on the written demand of either, made within sixty (60) days after receipt of proof of loss by the Company, select a competent and disinter- ested appraiser, and the appraisal shall be made at a reasonable time and place. The appraisers shall first select a competent and disinterested umpire, and failing for fifteen (15) days to agree upon such umpire, then, on the request of the Insured or the Company, such umpire shall be selected by a judge of a court of record in the State in which such appraisal is pending. The appraisers shall then appraise the loss, stating separately the actual cash value at the time of loss and the amount of loss, and failing to agree shall submit their differences to the umpire. An award in writing of any two shall determine the amount of loss. The Insured and the Company shall each pay his or its chosen appraiser and shall bear equally the other expenses of the appraisal and umpire. The Company shall not be held to have waived any of its rights by any act relating to appraisal.

KANSAS AND NEBRASKA EXCEPTION: Suit Clause — If this policy is issued in the State of Kansas or Nebraska, the words "five (5) years" are substituted for the words "twelve (12) months" in Condition 11.

NEBRASKA EXCEPTION: Misrepresentation and Fraud Clause — If this policy is issued in the State of Nebraska, the following endorsement will apply: Anything in the policy to the contrary notwithstanding it is understood and agreed that no oral or written misrepresentation or warranty made in negotiation for this policy by the insured, or in his behalf, shall be deemed material or defeat or avoid the policy unless such misrepresentation or warranty deceived the company to its injury. The breach of a war- ranty or condition of this policy shall not avoid the policy nor avail the company to avoid liability unless such breach shall exist at the time of the loss and contribute to the loss.

**TRANSPORTATION ENDORSEMENT**
**("ALL RISKS" FORM)**

For Attachment to SMP Policies

| NAMED INSURED | | | POLICY SYMBOL & NO. |
|---|---|---|---|
| | | | PYA 15 45 15 |

| LIMITS OF LIABILITY | RATE | | PREMIUM |
|---|---|---|---|
| AS PER FORM | $ INCL. | | $ INCL. |

1. The provisions and stipulations of this endorsement shall apply only to the property covered hereunder and none of the provisions and stipulations otherwise applicable to Section I of this policy, including any other endorsement made a part thereof except the Cancellation provision, shall apply to the insurance hereunder:

2. **THIS ENDORSEMENT COVERS:**
   Goods and merchandise, (including packages) consisting of

   ## ELECTROPLATING MATERIALS

   being property of the Insured, their own or held by them in trust, or on commission, or on consignment, or on which they have made advances, or sold but not delivered. Loss, if any, payable to Insured or order.

3. **THIS INSURANCE COVERS ONLY WHILE THE PROPERTY INSURED IS IN THE CUSTODY OF:**
   (a) Any railroad, railway express and/or railroad express company (including the risk while on ferries and/or in cars on transfers or lighters);
   (b) Public truckmen, land transfer and/or land transportation companies.
   (c) The Insured while in or on vehicles owned, leased or hired by the Insured.
   (d) Scheduled Airlines for Air Express or Air Cargo.
   This endorsement also covers while on docks, wharves, piers, bulkheads, in depots, stations and/or on platforms, but only while in the custody of a common carrier incidental to transportation.
   This insurance attaches from the time the goods leave the factory, store or warehouse at initial point of shipment, and covers thereafter continuously, in due course of transportation, until same are delivered at store or warehouse at destination.

4. **LIMITS OF LIABILITY:** The liability of this Company shall in no event exceed the individual limits of liability set forth in the following schedule of limits.
   (1) By carriers specified in (a) above - - - - - - - - - - - $ 2,500.
   (2) By conveyances specified in (b) above - - - - - - - - - $ 2,500.
   (3) By conveyances specified in (c) above - - - - - - - - - $ 2,500.
   (4) By carriers specified in (d) above - - - - - - - - - - - $ 2,500.
   Nor shall this Company be liable for more than $ 2,500. in any one casualty, either in case of partial or total loss, or salvage charges, or any other charges, or expenses, or all combined.

5. **THIS ENDORSEMENT INSURES AGAINST:**
   ALL RISKS OF DIRECT PHYSICAL LOSS OF OR DAMAGE TO THE INSURED PROPERTY FROM ANY EXTERNAL CAUSE EXCEPT AS HEREINAFTER EXCLUDED.

6. **THIS ENDORSEMENT DOES NOT INSURE AGAINST DIRECT LOSS OR DAMAGE CAUSED BY OR RESULTING FROM:**
   (a) Delay, loss of market, indirect or consequential loss of any kind;
   (b) Unexplained loss, mysterious disappearance; nor loss or shortage disclosed upon taking inventory;
   (c) Strikes, Lockouts, labor disturbances, riots, civil commotions or the acts of any person or persons taking part in any such occurrence or disorder;
   (d) Wear, tear, gradual deterioration, inherent vice, insects and/or vermin, contamination;
   (e) Neglect of the insured to use all reasonable means to save and preserve the property at and after any disaster insured against;
   (f) Misappropriation, secretion, conversion, infidelity or any dishonest act on part of the insured or other party of interest, his or their employees or agents, or others to whom the property may be entrusted (carriers for hire excepted);
   (g) Leakage, breakage, marring, scratching, wet or dry rot; or by being spotted, discolored, moulded, rusted, frosted, soured, steamed or changed in flavor unless any such loss or damage is directly caused by fire, lightning, cyclone, tornado, windstorm, flood, earthquake, or by collision, derailment or overturning of conveyance, collapse of bridges, burning, stranding, sinking or collision of a vessel;
   (h) Loss or damage to accounts, bills, currency, bullion, jewelry, watches, precious stones, furs, deeds, evidence of debt, money, notes, securities, and salesmen's samples;
   (i) Loss or damage to shipments that have been either refused or are returned by the receiver thereof;
   (j) Loss or damage to export or import shipments, or to risks by mail;
   (k) Loss or damage caused by or resulting from: (1) hostile or warlike action in time of peace or war, including action in hindering, combating or defending against an actual, impending or expected attack, (a) by any government or sovereign power (de jure or de facto), or by any authority maintaining or using military, naval or air forces; or (b) by military, naval or air forces; or (c) by an agent of any such government, power, authority or forces; (2) any weapon of war employing atomic fission or radio-active force whether in time of peace or war; (3) insurrection, rebellion, revolution, civil war, usurped power, or action taken by governmental authority in hindering, combating or defending against such an occurrence, seizure or destruction under quarantine or customs regulations, confiscation by order of any government or public authority; or risks of contraband or illegal transportation or trade.
   (l) Loss by nuclear reaction or nuclear radiation or radioactive contamination, all whether controlled or uncontrolled, and whether such loss be direct or indirect, proximate or remote or be in whole or in part caused by, contributed to, or aggravated by the peril(s) insured against in this policy; however, subject to the foregoing and all provisions of this policy, direct loss by fire resulting from nuclear reaction or nuclear radiation or radio-active contamination is insured against by this endorsement;

7. **REPORT AND PREMIUM ADJUSTMENT PROVISIONS**
   **PREMIUM READJUSTMENT AND REPORT OF SHIPMENTS**
   The premium charged under this endorsement is based on an estimate of $_____ worth of shipments made during the period insured, and the Insured warrants that at the end of_____ will report to this Company the actual value of all shipments covered hereunder during the period for which such report is required, and upon the total of all reported shipments exceeding in the aggregate the said estimate of $_____ the Insured agrees to pay this Company additional premium at the rate of_____ per $100 of value in excess of said estimate of $_____ such additional premium to become due and payable to this Company immediately upon the furnishing of the aforesaid report or reports; but in the event of the actual shipments falling short of the said estimate of $_____, then this Company will return premium at the same rate on the deficiency, but no return premium shall become due or payable until the expiration of this endorsement; it being understood that by the acceptance of this readjustment clause, the reinstatement clause No. 16, in the conditions of this endorsement is waived.

8. **RECORD OF SHIPMENT**
   The Insured also agrees to keep a true record of all shipments insured hereunder, and agrees to keep such records open to the inspection of representatives of this Insurance Company at all times during business hours.

## THIS ENDORSEMENT IS SUBJECT TO ADDITIONAL STIPULATIONS PRINTED ON THE BACK HEREOF.

K68630A

## CONDITIONS

1. The valuation of the property covered hereunder shall be the actual invoice cost, including prepaid freights, together with such costs and charges since shipment as may have accrued and become legally due thereon, and all premiums under this endorsement shall be paid on this basis. If there is no invoice, the valuation of the property insured hereunder shall be the actual cash market value of the property insured at point of destination on the date of the disaster.

2. **TERRITORIAL LIMITS.** This endorsement covers within and between the forty-eight contiguous states of the United States of America, the District of Columbia and the Dominion of Canada.

3. **OTHER INSURANCE.** If at the time of loss or damage there is available to a named or unnamed insured or any other interested party any other insurance which would apply in the absence of this policy, the insurance under this endorsement shall apply only as excess insurance over such other insurance.

4. **MISREPRESENTATION AND FRAUD.** This entire endorsement shall be void if, whether before or after a loss, the Insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the Insured therein, or in case of any fraud or false swearing by the Insured relating thereto.

5. **MACHINERY.** In the event of loss of or damage to machinery consisting, when complete for sale or use, of several parts, the Company shall only be liable for the value of the parts lost or damaged.

6. **LABELS.** In the event of loss of or damage to labels, capsules or wrappers, the loss shall be adjusted on the basis of an amount sufficient to pay the cost of new labels, capsules or wrappers.

7. **NO BENEFIT TO BAILEE:** This insurance shall in no wise inure directly or indirectly to the benefit of any carrier or other bailee.

8. **NOTICE OF LOSS.** The Insured shall as soon as practicable report in writing to the Company or its agent every loss, damage or occurrence which may give rise to a claim under this endorsement and shall also file with the Company or its agent within ninety (90) days from date of discovery of such loss, damage or occurrence, a detailed sworn proof of loss.

9. **SETTLEMENT OF LOSS.** All adjusted claims shall be paid or made good to the Insured within sixty (60) days after presentation and acceptance of satisfactory proof of interest and loss at the office of the Company. No loss shall be paid or made good if the Insured has collected the same from others.

10. **APPRAISAL.** If the Insured and the Company fail to agree as to the amount of loss, each shall, on the written demand of either, made within sixty (60) days after receipt of proof of loss by the Company, select a competent and disinterested appraiser, and the appraisal shall be made at a reasonable time and place. The appraisers shall first select a competent and disinterested umpire, and failing for fifteen (15) days to agree upon such umpire, then, on the request of the Insured or the Company, such umpire shall be selected by a judge of a court of record in the State in which such appraisal is pending. The appraisers shall then appraise the loss, stating separately the actual cash value at the time of loss and the amount of loss, and failing to agree shall submit their differences to the umpire. An award in writing of any two shall determine the amount of loss. The Insured and the Company shall each pay his or its chosen appraiser and shall bear equally the other expenses of the appraisal and umpire. The Company shall not be held to have waived any of its rights by any act relating to appraisal.

11. **PROTECTION OF PROPERTY.** In case of loss, it shall be lawful and necessary for the Insured, his or their factors, servants and assigns, to sue, labor, and travel for, in and about the defense, safeguard and recovery of the property insured hereunder, or any part thereof, without prejudice to this insurance, nor shall the acts of the Insured or the Company, in recovering, saving and preserving the property insured in case of loss be considered a waiver or an acceptance of abandonment. The expenses so incurred shall be borne by the Insured and the Company proportionately to the extent of their respective interests.

12. **SUBROGATION OR LOAN.** If in the event of loss or damage the Insured shall acquire any right of action against any individual, firm or corporation for loss of, or damage to, property covered hereunder, the Insured will, if requested by the Company, assign and transfer such claim or right of action to the Company or, at the Company's option, execute and deliver to the Company the customary form of loan receipt upon receiving an advance of funds in respect of the loss or damage; and will subrogate the Company to, or will hold in trust for the Company, all such rights of action to the extent of the amount paid or advanced, and will permit suit to be brought in the Insured's name under the direction of and at the expense of the Company.

13. **IMPAIRMENT OF RECOVERY RIGHTS.** Any act or agreement by the Insured before or after loss or damage whereby any right of the Insured to recover in whole or in part for loss or damage to property covered hereunder against any carrier, bailee or other party liable therefor, is released, impaired or lost, shall render this policy null and void, but the Insurer's right to retain or recover the premium shall not be affected. The Company is not liable for any loss or damage which, without its written consent, has been settled or compromised by the Insured.

14. **CLAIMS AGAINST THIRD PARTIES.** In the event of any loss of or damage to the property covered hereunder the Insured shall immediately make claim in writing against the carrier(s), bailee(s) or others involved.

15. **EXAMINATION UNDER OATH.** The Insured, as often as may be reasonably required, shall exhibit to any person designated by the Company all that remains of any property herein described, and shall submit, and in so far as is within his or their power cause his or their employees, members of the household and others to submit to examinations under oath by any person named by the Company and subscribe the same; and, as often as may be reasonably required, shall produce for examination all writings, books of account, bills, invoices and other vouchers, or certified copies thereof if originals be lost, at such reasonable time and place as may be designated by the Company or its representative, and shall permit extracts and copies thereof to be made. No such examination under oath or examination of books or documents, nor any other act of the Company or any of its employees or representatives in connection with the investigation of any loss or claim hereunder, shall be deemed a waiver of any defense which the Company might otherwise have with respect to any loss or claim, but all such examinations and acts shall be deemed to have been made or done without prejudice to the Company's liability.

16. **AUTOMATIC REINSTATEMENT.** Each claim paid hereunder reduces the amount of insurance by the sum paid, but the amount of such loss shall be reinstated automatically and a pro rata additional premium shall be payable from the date of the occurrence when the amount of such loss is determined.

17. **SUIT.** No suit, action or proceeding for the recovery of any claim under this endorsement shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Insured of the occurrence which gives rise to the claim, provided however, that if by the laws of the State within which this policy is issued such limitation is invalid, then any such claims shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such State.

18. **ASSIGNMENT.** This endorsement shall be void if assigned or transferred without the written consent of this Company.

19. **AGENT OF INSURED.** If any party or parties other than the Insured have procured this Policy, or any renewal thereof, or any endorsement thereon, they shall be deemed to be the Agents of the Insured and not of this Company in any and all transactions and representations relating to this insurance.

20. **CONFORMITY TO STATUTE.** Terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes.

**THIS ENDORSEMENT MUST BE ATTACHED TO CHANGE ENDORSEMENT MLB-20 WHEN ISSUED AFTER THE POLICY IS WRITTEN.**

## EXCESS OF LOSS OVER DEDUCTIBLE AMOUNT

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment state in policy declarations.*

| | |
|---|---|
| Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective. | SIGNED BY: ROLLINS BURDICK HUNTER OF NORTHERN CALIFORNIA INSURANCE BROKERS<br>By _Harry J Hubschild_<br>AUTHORIZED REPRESENTATIVE |

**COMPANY**

| END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
|---|---|
| | PYA 15 45 15 |

Named insured (and address, zip code when necessary for mailing)      Producer (and address, zip code, for mailing)

It is agreed that the policy applies, subject to the following provisions:

The company shall not be liable under ———— **TRANSPORTATION X68630A**
(DESIGNATION OF THE APPROPRIATE COVERAGE)

on account of any loss, except to the extent such loss is in excess of $_____**100.00**_____, with the insurance then applying to such excess only, subject otherwise to the applicable limit of the company's liability.

CN67518A

Section VI    Par. __J3
**BURGLARY INSURANCE**

ROYAL-GLOBE INSURANCE COMPANIES

| POLICY SYMBOL & NUMBER | This coverage PART, the DECLARATIONS and other coverage PART(S), or endorsements referred to herein, and the GENERAL PROVISIONS complete the contract of insurance. |
|---|---|
| PYA 15 45 15 | |

**DECLARATIONS**

| ITEM 1 | TOTAL LIMITS OF LIABILITY | COVERAGES | |
|---|---|---|---|
| | AS PER SCHEDULE IN ITEM 8 | | |
| | $    NIL | Insuring Agreement    I | Loss Inside the Premises Coverage |
| | AS PER SCHEDULE IN ITEM 8 | | |
| | $    NIL | Insuring Agreement    II | Loss Outside the Premises Coverage |
| | AS PER SCHEDULE ON ENDORSEMENT | | |
| | $    NIL | Insuring Agreement    III | Burglary Coverage on Merchandise |
| | AS PER SCHEDULE ON ENDORSEMENT | | |
| | $    NIL | Insuring Agreement    IV | Burglary and Theft Coverage on Merchandise |
| | AS PER SCHEDULE ON ENDORSEMENT | | |
| | $    1,000. | Insuring Agreement    V | Robbery and Safe Burglary |

| ITEM 2 | THE LIABILITY OF THE COMPANY IS SUBJECT TO THE TERMS OF THE FOLLOWING ENDORSEMENTS ATTACHED HERETO |
|---|---|
| | **PART 606** |

| ITEM 3 | THE EFFECTIVE DATE OF THIS ENDORSEMENT IS THE INCEPTION DATE OF THE POLICY, AS SHOWN ON PAGE 1, UNLESS OTHERWISE STATED. |
|---|---|
| ITEM 4 | NOT MORE THAN ONE MESSENGER WILL HAVE CUSTODY OF THE INSURED PROPERTY OUTSIDE THE PREMISES AT ANY ONE TIME, UNLESS OTHERWISE STATED HEREIN. |
| ITEM 5 | EACH MESSENGER WHILE OUTSIDE THE PREMISES WILL BE ACCOMPANIED BY AT LEAST                              Guards |
| ITEM 6 | THE INSURED PROPERTY WHILE OUTSIDE THE PREMISES IN THE CUSTODY OF A MESSENGER WILL BE CONVEYED IN                    employed for the exclusive use of the messenger and his guard, if any, throughout the entire trip. |
| ITEM 7 | THE INSURED PROPERTY WILL NOT BE CONVEYED OUTSIDE THE PREMISES BY ANY ARMORED MOTOR VEHICLE, UNLESS STATED HEREIN.                  ← (enter maximum number of such vehicles as of any one time). |

| ITEM 8 | SCHEDULE | | |
|---|---|---|---|
| | LOCATIONS | LIMITS OF INSURANCE $ | |
| | | INSURING AGREEMENT I | INSURING AGREEMENT II |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

The Insuring Agreements, General Agreements, Conditions and Limitations and other terms of this endorsement shall apply only as specified herein and none of the provisions, stipulations and other terms of the policy to which this endorsement is attached shall apply to insurance hereunder except as expressly provided in this endorsement.

The Company, in consideration of the payment of premium, and subject to all applicable Declarations, Conditions and Limitations of the policy herein, and to all other terms and provisions of this Part including endorsements thereof, if any, agrees with the Insured named on page 1 of this policy in accordance with each of the Insuring Agreements hereof as are specifically designated by the insertion of an amount of insurance in the Table of Limits of Liability of this part, to pay the Insured for coverages in accordance with the Insuring Agreements separately provided in the forms and endorsements attached hereto:

## INSURING AGREEMENTS

### LOSS INSIDE THE PREMISES COVERAGE

I. Loss of Money and Securities by the actual destruction, disappearance or wrongful abstraction thereof within the Premises or within any Banking Premises or similar recognized places of safe deposit.

Loss of (a) other property by Safe Burglary or Robbery within the Premises or attempt thereat, and (b) a locked cash drawer, cash box or cash register by felonious entry into such container within the Premises or attempt thereat or by felonious abstraction of such container from within the Premises or attempt thereat.

Damage to the Premises by such Safe Burglary, Robbery or felonious abstraction, or by or following burglarious entry into the Premises or attempt thereat, provided with respect to damage to the Premises the Insured is the owner thereof or is liable for such damage.

### LOSS OUTSIDE THE PREMISES COVERAGE

II. Loss of Money and Securities by the actual destruction, disappearance or wrongful abstraction thereof outside the Premises while being conveyed by a Messenger or any armored motor vehicle company, or while within the living quarters in the home of any Messenger.

Loss of other property by Robbery or attempt thereat outside the Premises while being conveyed by a Messenger or any armored motor vehicle company, or by theft while within the living quarters in the home of any Messenger.

### GENERAL AGREEMENTS

### JOINT INSURED

A. If more than one Insured is covered under this endorsement, the Insured first named shall act for itself and for every other Insured for all purposes of this endorsement. Knowledge possessed or discovery made by any Insured or by any partner or officer thereof shall, for the purposes of Section 6, constitute knowledge possessed or discovery made by every Insured. If, prior to the cancellation or termination of this endorsement, this endorsement or any Insuring Agreement hereof is canceled or terminated as to any Insured, there shall be no liability for any loss sustained by such Insured unless discovered within one year from the date of such cancellation or termination. Payment by the Company to the Insured first named of any loss under this endorsement shall fully release the Company on account of such loss. If the Insured first named ceases for any reason to be covered under this endorsement, then the Insured next named shall thereafter be considered as the Insured first named for all purposes of this endorsement.

### LOSS UNDER PRIOR POLICY

B. If the coverage of an Insuring Agreement of this endorsement is substituted for any prior policy of insurance carried by the Insured or by any predecessor in interest of the Insured, which prior policy if terminated, canceled or allowed to expire as of the time of such substitution, the Company agrees that such Insuring Agreement applies to loss which is discovered as provided in Section I of the Conditions and Limitations and which would have been recoverable by the Insured or such predecessor under such prior policy except for the fact that the time within which to discover loss thereunder had expired; provided:

(1) the insurance under this General Agreement B shall be a part of and not in addition to the amount of insurance afforded by the applicable Insuring Agreement of this endorsement;

(2) such loss would have been covered under such Insuring Agreement had such Insuring Agreement with its agreements, conditions and limitations as of the time of such substitution been in force when the acts or events causing such loss were committed or occurred; and

(3) recovery under such Insuring Agreement on Account of such loss shall in no event exceed the amount which would have been recoverable under such Insuring Agreement in the amount for which it is written as of the time of such substitution, had such Insuring Agreement been in force when such acts or events were committed or occurred, or the amount which would have been recoverable under such prior bond or policy continued in force until the discovery of such loss, if the latter amount be smaller.

### THE FOREGOING INSURING AGREEMENTS AND GENERAL AGREEMENTS ARE SUBJECT TO THE FOLLOWING CONDITIONS AND LIMITATIONS

### EFFECTIVE PERIOD, TERRITORY, DISCOVERY

"EFFECTIVE PERIOD" means the period from noon on the inception date to noon on the expiration date, both as shown on page 1 of the policy of which this endorsement forms a part, unless otherwise stated, standard time as to both dates at the Insured's mailing address shown on said page.

Section 1. As respects Insuring Agreements I and II, loss is covered under this endorsement only if discovered not later than one year from the end of such Effective Period.

Subject to General Agreement B:

(a) this endorsement applies only to loss which occurs during the Effective Period of this endorsement within any of the States of the United States of America, the District of Columbia, Virgin Islands, Puerto Rico, Canal Zone or Canada.

### EXCLUSIONS

Section 2. This endorsement does not apply:

(a) to loss due to any fraudulent, dishonest or criminal act by any Insured, a partner therein, or by an officer, employee, director trustee or authorized representative thereof, while working or otherwise and whether acting alone or in collusion with others; except that as respects insurance provided under Insuring Agreements I. II and V this exclusion does not apply to safe burglary or robbery or attempt thereat by other than an insured or partner.

(b) to loss due to war, whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or condition incident to any of the foregoing;

(c) To loss (1) due to the giving or surrendering of Money or Securities in any exchange or purchase; (2) due to accounting or arithmetical errors or omissions; or (3) of manuscripts, books of accounts or records;

(d) under Insuring Agreement I, to loss of Money contained in coin operated amusement devices or vending machines, unless the amount of Money deposited within the device or machine is recorded by a continuous recording instrument therein;

(e) under Insuring Agreement II, to loss of insured property while in the custody of any armored motor vehicle company, unless such loss is in excess of the amount recovered or received by the Insured under (1) the Insured's contract with said armored motor vehicle company, (2) insurance carried by said armored motor vehicle company for the benefit of users of its service, and (3) all other insurance and indemnity in force in whatsoever form carried by or for the benefit of users of said armored motor vehicle company's service, and then this endorsement shall cover only such excess;

(f) To loss due to nuclear reaction, nuclear radiation or radioactive contamination, or to any act or condition incident to any of the foregoing;

(g) To loss, other than to money, securities, a safe or vault, by fire whether or not such fire is caused by, contributed to by or arises out of the occurrence of a hazard insured against.

### DEFINITIONS

Section 3. The following terms, as used in this endorsement shall have the respective meanings stated in this Section:

"Money" means currency, coins, bank notes and bullion; and travelers checks, register checks and money orders held for sale to the public.

"Securities" means all negotiable and non-negotiable instruments or contracts representing either Money or other property and includes revenue and other stamps in current use, tokens and tickets, but does not include Money.

"Premises" means the interior of that portion of any building with respect to which insurance is afforded as shown by an amount of insurance opposite the description thereof on the schedule of insurance of the policy of which this endorsement forms a part and which is occupied by the Insured in conducting its business.

"Banking Premises" means the interior of that portion of any building which is occupied by a banking institution in conducting its business.

"Messenger" means the Insured or a partner of the Insured or any Employee who is duly authorized by the Insured to have the care and custody of the insured property outside the Premises.

"Custodian" means the Insured or a partner of the Insured or any Employee who is duly authorized by the Insured to have care and custody of the insured property within the Premises, excluding any person while acting as a watchman, porter or janitor.

"Guard" means any male person not less than seventeen nor more than sixty-five years of age who accompanies a messenger by direction of the insured, but who is not a driver of a public conveyance.

"Robbery" means the taking of insured property (1) by violence inflicted upon a Messenger or a Custodian; (2) by putting him in fear of violence; (3) by any other overt felonious act committed in his presence and of which he was actually cognizant, provided such other act is not committed by a partner or Employee of the Insured; (4) from the person or direct care and custody of a Messenger or Custodian who had been killed or rendered unconscious; or (5) (a) from within the Premises by means of compelling a Messenger or Custodian by violence or threat of violence while outside the Premises to admit a person into the Premises or to furnish him with means of ingress into the Premises, or (b) from a showcase or show window within the Premises while regularly open for business, by a person who has broken the glass thereof from outside the Premises.

"Safe Burglary" means (1) the felonious abstraction of insured property from within a vault or safe, the door of which is equipped with a combination lock, located within the Premises by a person making a felonious entry into such vault or such safe and any vault containing the safe, when all doors thereof are duly closed and locked by all combination locks thereon, provided such entry shall be made by actual force and violence, of which force and violence there are visible marks made by tools, explosives, electricity or chemicals upon the exterior of (a) all of said doors of such vault or such safe and any vault containing the safe, if entry is made through

Continued on Following Page

such doors, or (b) the top, bottom or walls of such vault or such safe and any vault containing the safe through which entry is made, if not made through such doors, or (2) the felonious abstraction of such safe from within the Premises.

"Loss" includes damage.

## OWNERSHIP OF PROPERTY; INTERESTS COVERED

Section 4.   The insured property may be owned by the Insured, or held by the Insured in any capacity whether or not the Insured is liable for the loss thereof, or may be property as respects which the Insured is legally liable; provided, the insurance applies only to the interest of the Insured in such property, including the Insured's liability to others, and does not apply to the interest of any other person or organization in any of said property unless included in the Insured's proof of loss, in which event the second paragraph of Section 6 is applicable to them.

## BOOKS AND RECORDS

Section 5.   The Insured shall keep records of all the insured property in such manner that the Company can accurately determine therefrom the amount of loss.

## LOSS: NOTICE; PROOF; ACTION AGAINST COMPANY

Section 6.   Upon knowledge or discovery of loss or of an occurrence which may give rise to a claim for loss, the Insured shall: (a) give notice thereof as soon as practicable to the Company or any of its authorized agents and also to the police if the loss is due to a violation of law; (b) file detailed proof of loss, duly sworn to, with the Company within four months after the discovery of loss.

Upon the Company's request, the Insured shall submit to examination by the Company, subscribe the same, under oath if required, and produce for the Company's examination all pertinent records, all at such reasonable times and places as the Company shall designate, and shall cooperate with the Company in all matters pertaining to loss or claims with respect thereto.

No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this endorsement nor until ninety days after the required proofs of loss have been filed with the Company, nor at all unless commenced within two years from the date when the Insured discovers the loss. If any limitation of time for notice of loss or any legal proceeding herein contained is shorter than that permitted to be fixed by agreement under any statute controlling the construction of this endorsement the shortest permissible statutory limitation of time shall govern and supersede the time limitation herein stated.

## VALUATION — PAYMENT — REPLACEMENT

Section 7.   In no event shall the Company be liable as respects Securities for more than the actual cash value thereof at the close of business on the business day next preceding the day on which the loss was discovered, nor as respects other property, for more than the actual cash value thereof at the time of loss; provided, however, the actual cash value of such other property held by the Insured as a pledge, or as collateral for an advance or a loan, shall be deemed not to exceed the value of the property as determined and recorded by the Insured when making the advance or loan, nor, in the absence of such record, the unpaid portion of the advance or loan plus accrued interest thereon at legal rates.

The Company may, with the consent of the Insured, settle any claim for loss of property with the owner thereof. Any property for which the Company has made indemnification shall become the property of the Company.

In case of damage to the Premises or loss of property other than Securities, the Company shall not be liable for more than the actual cash value of such property, or for more than the actual cost of repairing such Premises or property or of replacing same with property or material of like quality and value. The Company may,

at its election, pay such actual cash value, or make such repairs or replacements. If the Company and the Insured cannot agree upon such cash value or such cost of repairs or replacements, such cash value or such cost shall be determined by arbitration.

## RECOVERIES

Section 8.   If the Insured shall sustain any loss covered by this endorsement which exceeds the applicable amount of insurance hereunder, the Insured shall be entitled to all recoveries (except from suretyship, insurance, reinsurance, security or indemnity taken by or for the benefit of the Company) by whomsoever made, on account of such loss under this endorsement until fully reimbursed, less the actual cost of effecting the same; and any remainder shall be applied to the reimbursement of the Company. The insured or the company, upon recovery of any such property, shall give notice thereof as soon as practicable to the other.

## LIMITS OF LIABILITY

Section 9.   The liability of the Company for loss sustained by any or all of the Insured shall not exceed the amount for which the Company would be liable had all such loss been sustained by any one of the Insured.

The applicable limit of liability stated in the Table of Limits of Liability of this endorsement is the total limit of the Company's liability with respect to all loss of property of one or more persons or organizations arising out of any one occurrence. All loss incidental to an actual or attempted fraudulent, dishonest or criminal act or series of related acts at the Premises, whether committed by one or more persons, shall be deemed to arise out of one occurrence.

Regardless of the number of years this endorsement shall continue in force and the number of premiums which shall be payable or paid, the limit of the Company's liability as specified in the Table of Limits of Liability of this endorsement shall not be cumulative from year to year or period to period.

## OTHER INSURANCE

Section 10.   If there is any other valid and collectible insurance which would apply in the absence of this insurance, the insurance under this endorsement shall apply only as excess insurance over such other insurance; provided, the insurance shall not apply (a) to property which is separately described and enumerated and specifically insured in whole or in part by any other insurance; or (b) to property otherwise insured unless such property is owned by the Insured.

## SUBROGATION

Section 11.   In the event of any payment under this endorsement the Company shall be subrogated to all the Insured's rights of recovery therefor against any person or organization and the Insured shall execute and deliver instruments and papers and do whatsoever else is necessary to secure such rights. The Insured shall do nothing after loss to prejudice such rights.

## CANCELATION OF POLICY OR INSURING AGREEMENT

Section 12.   This endorsement or any Insuring Agreement thereof may be canceled in accordance with lines 56 to 67 on page 2 of the Policy of which it forms a part.

## NO BENEFIT TO BAILEE

Section 13.   The insurance afforded by this endorsement shall not inure directly or indirectly to the benefit of any carrier or other bailee for hire.

## ASSIGNMENT

Section 14.   Assignment of interest under this endorsement shall not bind the Company until its consent is endorsed hereon; if, however, the Insured shall die, this endorsement shall cover the Insured's legal representative as Insured.

Section VI    Part f
## BURGLARY ENDORSEMENT INSURING AGREEMENT V
(Robbery & Safe Burglary)

**ROYAL-GLOBE INSURANCE COMPANIES**

| POLICY SYMBOL & NUMBER | This coverage PART, the DECLARATIONS and other coverage PART(S), or endorsements referred to herein, and the GENERAL PROVISIONS complete the contract of insurance. |
|---|---|
| PYA 15 45 15 | |

It is agreed that the policy is amended by adding to the Table of Limits of Liability the following:
The insurance afforded is only with respect to such of the following coverages as are indicated by a specific limit of insurance applicable thereto.

| LOC. NO. | LOCATION OF PREMISES | LIMITS OF INSURANCE $ | | |
|---|---|---|---|---|
| | | COVERAGE A ROBBERY INSIDE | COVERAGE B ROBBERY OUTSIDE | COVERAGE C SAFE BURGLARY |
| 1. | 632 SO EL DORADO ST. STOCKTON, CALIFORNIA | 500. | 500. | |
| 2. | | | | |
| 3. | | | | |
| | TOTALS | 500. | 500. | |

2. Custodian and _____**O**_____ other persons shall be on duty at all times when the premises are open for business.

3. Not more than one messenger shall have custody of the insured property outside the premises at any one time, unless otherwise stated herein.

4. Each messenger while outside the premises shall be accompanied by at least _____**O**_____ guard(s).

5. The insured property while outside the premises in the custody of a messenger shall be conveyed in _____**N/A**_____ employed for the exclusive use of the messenger and his guard, if any, throughout the entire trip.

6. DESCRIPTION OF SAFE

| LOC. NO. | (a) MAKER'S NAME | (b) NUMBER STYLE OR LETTER | (c) MANUAL CLASS | DOOR | (d) Type door & thickness of steel in each door exclusive of bolt work in inches ROUND  SCREW  SQUARE | (e) Each door is equipped with a combination lock unless otherwise stated below |
|---|---|---|---|---|---|---|
| 1. | | | | Outer | | |
| | | | | Inner | | |
| | | | | Chest | | |
| 2. | | | | Outer | | |
| | | | | Inner | | |
| | | | | Chest | | |
| 3. | | | | Outer | | |
| | | | | Inner | | |
| | | | | Chest | | |

7. During the policy period, the burglar alarm system described below shall be maintained in proper working order and connected at all times when the premises are not open for business.

| LOC. NO. | NAME OF ALARM COMPANY | CLASSIFIED BY UNDERWRITERS' LABORATORIES, INC. | | | CONNECTED WITH OUTSIDE CENTRAL STATION | | CONNECTED WITH GONG OUTSIDE OF PREMISES | | KEYS TO PREMISES IN POSSESSION OF ALARM COMPANY | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | CLASS | INSTALLATION | CERTIFICATE | Yes | No | Yes | No | Yes | No |
| 1. | | | | NUMBER | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | | | | EFFECTIVE        EXPIRES | | | | | | |
| 2. | | | | NUMBER | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | | | | EFFECTIVE        EXPIRES | | | | | | |
| 3. | | | | NUMBER | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | | | | EFFECTIVE        EXPIRES | | | | | | |

81095

BCP

It is agreed that the policy is amended by adding the following:

## INSURING AGREEMENTS

### Coverage A—Robbery Inside the Premises

To pay for loss of money, securities and other property by robbery or attempt thereat within the premises.

To pay for damage to the premises by such robbery or attempt thereat, provided the insured is the owner thereof or is liable for such damage.

### Coverage B—Robbery Outside the Premises

To pay for loss of money, securities and other property by robbery or attempt thereat outside the premises while being conveyed by a messenger.

### Coverage C—Safe Burglary

To pay for loss of money, securities and other property from within the vault or safe described in the declarations herein, by safe burglary or attempt thereat.

To pay for damage to property, other than money and securities, and to the premises by such safe burglary or attempt thereat, provided with respect to damage to the premises the insured is the owner thereof or is liable for such damage.

## SPECIAL PROVISIONS
### applicable to this insurance

1. Exclusion (a), Section 2, is amended to read as follows:

(a) to loss due to any fraudulent, dishonest or criminal act by any insured or a partner therein, whether acting alone or in collusion with others.

2. The following paragraph is added to Section 9, "Limits of Liability,":
Subject to the other provisions of this condition, any payment made by the company because of loss under Coverage C shall reduce the applicable limit of insurance, provided the amount of such reduction shall be reinstated upon approval of the vault or safe by the company.

3. The following conditions are made a part of this endorsement:

a) If for reasons beyond the insured's control:

(a) the insured fails to maintain the alarm system stated in the declarations but, until such alarm system has been fully restored to proper working condition, the insured provides at least one watchman within the premises at all times when the premises are not open for business and such watchman is in addition to any number of watchmen specified herein, or

(b) the insured fails to maintain any other service stated in this endorsement.

the insurance provided by the policy shall apply only in the reduced amount which the premium for this insurance would have purchased, in accordance with the company's manual as of the commencement of such failure, in the absence of any agreement of the insured to maintain such service.

b) **Declarations.** By acceptance of this endorsement the insured agrees that the statements in the declarations are the agreements and representations of the insured, that this endorsement is issued in reliance upon the truth of such representations and that this endorsement and the policy to which it is attached embodies all agreements existing between the insured and the company or any of its agents relating to this insurance.

81095

BCP