UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| ARROWOOD INDEMNITY COMPANY, a Delaware corporation, formerly known as ROYAL INSURNACE COMPANY, and successor to ROYAL GLOBE INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF WEST SACRAMENTO; and ROES 1-50, inclusive,<br><br>　　　　Defendant. | No. 2:21-cv-00397 WBS JDP<br><br>ORDER |
|---|---|

----oo0oo----

　　　　The parties have filed cross motions for summary judgment, (Docket Nos. 41, 48), currently set for oral argument on December 13, 2021.  Defendant City of West Sacramento concurrently filed a "Motion in Limine" to exclude testimony of plaintiff's expert witness, Thomas Delfino, to be heard the same day.  (Docket No. 47).

　　　　A motion in limine is typically a motion regarding

1

preliminary matters related to the trial.  See City of Pomona v. SQM N. Am. Corp., 886 F.3d 1060, 1070 (9th Cir. 2017).  However, defendant states that the motion "can't wait for a pre-trial hearing."  (Mot. in Limine at 2 (Docket No. 47-1).)  Accordingly, given the current stage of this litigation, the court construes defendant's Motion in Limine as a motion to strike Delfino's testimony from consideration as the court decides the parties' cross motions for summary judgment.  Therefore, the court cannot properly consider the cross motions for summary judgment until it considers the preliminary matter of the admissibility of Delfino's testimony.

        Plaintiff Arrowood Indemnity Company requests that the court, in considering defendant's Motion in Limine, hold a Daubert hearing to evaluate the admissibility of Delfino's testimony.  (Opp. at 31 (Docket No. 50).)  A Daubert hearing is properly requested at the summary judgment stage.  See Nixon-Egli Equipment Co. v. John A. Alexander Co., 949 F. Supp. 1435, 1447 (C.D. Cal. 1996) ("As the Ninth Circuit has . . . made clear, the Daubert standard can be invoked at the summary judgment stage as well as at trial or in motions in limine.  In the Court's experience, a well-reasoned Daubert motion can be dispositive in cases such as the one at bar; at the very least, such motions can limit the issues for trial.") (citing Lust v. Merrell Dow Pharm., Inc., 89 F. 3d 594 (9th Cir. 1996)).

        Accordingly, the hearing on the parties' cross motions for summary judgment is vacated, and the court will hear argument on defendant's Motion in Limine on December 13, 2021 at 1:30 p.m. via videoconference.  Counsel for plaintiff is directed to have

Thomas Delfino present via Zoom for questioning on the Daubert issue at that time. The hearing on the cross motions for summary judgment will be reset after the court's ruling on the motion in limine.

        IT IS SO ORDERED.

Dated: December 3, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE